Martin C. Fliesler (SBN 073768) mcf@fdml.com
Rex Hwang (SBN 221079) rhwang@fdml.com
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone:    (415) 362-3800
Facsimile:    (415) 362-2928

Joshue L. Raskin (Pro Hac Vice) jraskin@wolfblock.com
Kenneth G. Roberts (SBN 106945) kroberts@wolfblock.com
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
250 Park Avenue, 10th Floor
New York, NY 10177
Telephone:    (212) 986-1116
Facsimile:    (212) 986-0604

Attorneys for Defendants
Bel Fuse, Inc.

# UNITED STATE DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC., a Nevada Corporation,<br><br>            Plaintiffs<br>    vs.<br>BEL FUSE, INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., and XFMRS, INC.,<br><br>            Defendants | Action No. 07-6222 -JCS<br><br>**DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR TRANSFER**<br><br>Date:     February 8, 2008<br>Time:     9:30 a.m.<br>Location: Courtroom A, 15$^h$ Floor |

Please take notice that, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Civil L.R. 7-2, and 28 U.S.C. § 1404(a), Defendant Bel Fuse, Inc. ("Bel Fuse") moves to dismiss the complaint in this action or, in the alternative, to transfer venue to the United States District

Fliesler Meyer LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER   Action No. 07-06222-JCS         -1-

1  Court for the District of New Jersey to be consolidated with a previously pending action between
2  Bel Fuse and plaintiff Halo Electronics, Inc. ("Halo").
3      This motion will be and is based on the following memorandum of points and authorities,
4  the accompanying Declaration of Joshua L. Raskin, the exhibits thereto, and all papers and
5  proceedings herein.

8  Dated: December 31, 2007                    Respectfully Submitted,

                                               By: /s/ Martin Fliesler
                                               FLIESLER MEYER LLP
                                               Martin C. Fliesler (SBN 073768)
                                               Rex Hwang (SBN 221079)
                                               650 California Street, 14th Floor
                                               San Francisco, CA 94108
                                               Telephone:  (415) 362-3800
                                               Facsimile:  (415) 362-2928

                                               WOLF, BLOCK, SCHORR AND
                                                  SOLIS-COHEN LLP
                                               Joshua L. Raskin (*Pro Hac Vice*)
                                               Kenneth G. Roberts (SBN 106945)
                                               250 Park Avenue, 10th Floor
                                               New York, NY 10177
                                               Telephone:  (212) 986-1116
                                               Facsimile:  (212) 986-0604

                                               Attorneys for Defendant
                                               Bel Fuse, Inc.

# Table of Contents

Table of Contents ........................................................................................................................... 3

Table of Authorities ..................................................................................................................... 4

I.   Introduction ........................................................................................................................ 5

II.  Facts ................................................................................................................................... 6

III. Arguments and Authorities ................................................................................................ 9

     A.  The New Jersey Action Was Filed Seven Months Before The Present Action ........ 9

     B.  Even If The Present Action Is Considered First-Filed, It Should Be Dismissed
         Or Transferred ......................................................................................................... 10

         1.  Anticipatory Suits Are Disfavored ............................................................... 10

         2.  Issues of Judicial Economy Weigh Heavily in Favor of Dismissal or
             Transfer ........................................................................................................ 12

         3.  The Balance of Convenience Weighs Heavily in Favor of Dismissal or
             Transfer ........................................................................................................ 13

IV.  Conclusion ....................................................................................................................... 15

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER - Action No. 07-06222-JCS              -3-

# Table of Authorities

CASES

*A.J. Industries v. United States District Court*
    503 F.2d 384 (9th Cir. 1974) .................................................................................... 9

*Alere Med., Inc. v. Health Hero Network, Inc.*
    2007 WL 4351019 (N.D. Cal. Dec. 12, 2007) .......................................................... 9

*Alltrade, Inc. v. Uniweld Products, Inc.*
    946 F.2d. 622 (9th Cir. 1991) ................................................................................ 7, 9

*Bel Fuse, Inc. v. Halo Electronics, Inc.*
    District of New Jersey Civil Action No. 2:07-cv-2168-HAA-ES
    (the "New Jersey Action") ....................................................................................... 2

*China Healthways Institute, Inc. v. Hsin Ten Enterprise USA, Inc.*
    67 U.S.P.Q.2d 1561, 2003 WL 21982477 (C.D. Cal. Mar. 12, 2003) ....................... 7

*Continental Grain Co. v. Barge F.B.L.*
    364 U.S. 19 (1960) .................................................................................................. 10

*CoxCom, Inc. v. Hybrid Patents Inc.*
    2007 WL 2500982 (N.D. Cal Aug. 30, 2007) ..................................................... 10, 11

*Halo Electronics, Inc. v. Bel Fuse et al.*
    District of Nevada Civil Action No. 2:07-cv-331-PMP-PAL (the "Nevada Action") ......... 2

*Jarvis v. Marietta Corp.*
    1999 WL 638231 (N.D. Cal. Aug. 12, 1999) .......................................................... 11

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*
    342 U.S. 180 (1952) ................................................................................................. 7

*Mediostream, Inc. v. Priddis Music, Inc.*
    2007 WL 2790688 (N.D. Cal. Sept. 24, 2007) ................................................ 8, 9, 11

*Pacesetter Sys., Inc. v. Medtronic, Inc.*
    678 F.2d 93 (9th Cir. 1982) ...................................................................................... 7

*Pacific Coast Federation v. Gutierrez*
    2006 WL 194507 (N.D. Cal. Jan. 24, 2006) ..................................................... 10, 12

*Regents of University of California v. Eli Lilly & Co.*
    119 F.3d 1559 (Fed. Cir. 1997) ................................................................................ 9

*Wiley v. Trendwest Resorts, Inc.*
    2005 WL 1910934 (N.D. Cal. Aug. 10, 2005) ........................................................ 10

*Williams v. Bowman*
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) .................................................................. 11

*Z-Line Designs, Inc. v. Bell'O Intern, LLC*
    218 F.R.D. 663 (N.D. Cal. 2003) .............................................................................. 8

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER, Action No. 07-06222-JCS      -4-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. <u>INTRODUCTION</u>

Halo – incorporated in Nevada, and with its headquarters and principal place of business also in Nevada – wrongfully sued Bel Fuse in the District of Nevada notwithstanding the Court's lack of personal jurisdiction over Bel Fuse in Nevada. When that case was dismissed, consistent with prior conversations among counsel, Bel Fuse emailed Halo that it intended to add these claims to the existing action between the parties that had been pending in the District of New Jersey for the prior seven months, since May 2007. In response, Halo raced to this Court and filed this anticipatory suit in an attempt to preempt and inconvenience Bel Fuse.

The claims in this patent infringement action are identical to the claims Halo had asserted in *Halo Electronics, Inc. v. Bel Fuse et al.*, District of Nevada Civil Action No. 2:07-cv-331-PMP-PAL (the "Nevada Action"), dismissed for lack of personal jurisdiction by Order of the Honorable Philip M. Pro, entered December 7, 2007. Before the Nevada action was dismissed, Judge Pro had asked counsel whether these claims could be litigated in the patent infringement action between the parties in the District of New Jersey, *Bel Fuse, Inc. v. Halo Electronics, Inc.*, District of New Jersey Civil Action No. 2:07-cv-2168-HAA-ES (the "New Jersey Action"). Halo's counsel admitted to Judge Pro that these claims could in fact be litigated in the New Jersey Action.

On the next business day after Judge Pro's dismissal of the Nevada action, Bel Fuse promptly filed its proposed amended complaint and motion for leave to amend the New Jersey Action to include the claims asserted in the Nevada action – unaware that Halo had already rushed to file the same claims in this Court.

Because Halo knowingly commenced the present suit in a jurisdiction foreign to both corporations in an intentional attempt to preempt the logical litigation of the claims in the pre-existing New Jersey Action, and because the interests of justice, fairness and judicial economy will be served by dismissal or transfer, the present action should be dismissed or, in the alternative, transferred to the District of New Jersey so that it may be consolidated with the New Jersey Action.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER – Action No. 07-06222 JCS                    -5-

## II. FACTS

Halo is a corporation organized under the laws of Nevada with its principal place of business and headquarters in Las Vegas, Nevada. *See* Declaration of Joshua L. Raskin In Support of Defendant Bel Fuse's Motion to Dismiss or Transfer (hereinafter "Raskin Decl."), ¶ 2 (Exhibit F). Bel Fuse is a corporation organized under the laws of New Jersey with its principal place of business and headquarters in Jersey City, New Jersey. *See* Raskin Decl., ¶ 1 (Exhibit D).

On March 15, 2007, Halo filed the Nevada Action, alleging infringement of several patents, each entitled "Electronic Surface Mount Package." *See* Raskin Decl., Exhibit A. Bel Fuse responded with a motion to dismiss for lack of personal jurisdiction, which was granted by Order entered December 7, 2007. *See* Raskin Decl., Exhibit B.

On May 8, 2007, Bel Fuse filed the New Jersey Action, alleging infringement of a patent entitled "Modular Jack Connector with a Flexible Laminate Capacitor Mounted on a Circuit Board." *See* Raskin Decl., Exhibit D. Issue was joined on July 27, 2007. Halo has not challenged and cannot challenge the court's jurisdiction or the venue of the New Jersey Action.

On November 30, 2007, Judge Pro conducted a hearing on Bel Fuse's motion to dismiss the Nevada Action. During that hearing, the Court questioned both counsel whether the claims in the Nevada Action could be litigated in the New Jersey Action. The following colloquy occurred between Judge Pro and Bel Fuse's counsel:

> THE COURT: If you were to prevail, can Halo bring its claims that it asserts here, the patent infringement, in the New Jersey action?
>
> MR. RASKIN: Yes. They could bring it as a counterclaim.
>
> THE COURT: They're actively in the New Jersey action currently?
>
> MR. RASKIN: Yes, they've answered the complaint, and we're just waiting to hear from the Court to set a Rule 16 conference in that case.
>
> THE COURT: But would it be in the form of a counterclaim, a viable counterclaim?
>
> MR. RASKIN: Yes, it could be in the form of -- It's the same parties. They would counterclaim for patent infringement in that

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER – Action No. 07-06222, JCS                    -6-

> case. And in that case, no discovery has been taken, and the case hasn't begun yet.

See Raskin Decl., Exhibit C (Tr. at 14-15).

Judge Pro subsequently had the following colloquy with Halo's counsel:

> THE COURT: All right. All right. I asked counsel for Bel Fuse about the New Jersey action. Is he correct that in the event the motion to dismiss in this forum were granted, is there any barrier to Halo bringing the claims that are now present in Nevada in the New Jersey action as a counterclaim? Is that an option?
>
> MR. WOODFORD: I don't think there's any legal barrier, meaning that's where their headquarters is. We –
>
> * * *
>
> THE COURT: Okay.
>
> MR. WOODFORD: And just another word on the New Jersey action. We filed this complaint here [Nevada] because our client's headquarters is here.

Id. at 38-39.

Even prior to the November hearing before Judge Pro, Bel Fuse had communicated to Halo that, if and when the Nevada Action was dismissed, the Nevada Action claims would be consolidated with the New Jersey Action. For example, after the Complaint in the New Jersey Action was filed, Halo's counsel asked Bel Fuse's counsel whether Bel Fuse would agree to an extension of time for Halo to respond to the New Jersey Complaint. See Raskin Decl., ¶ 10. In response, counsel for Bel Fuse agreed to an extension of time under which the deadline for Halo to respond to the Complaint in the New Jersey Action would be the same as the deadline for Halo to oppose Bel Fuse's motion to dismiss in the Nevada Action, i.e., July 27, 2007. See Raskin Decl. ¶ 10, Exhibit H. Bel Fuse's counsel told Halo's counsel that the reason for linking the two deadlines together was so that, if Halo decided not to oppose the motion to dismiss the Nevada Action after taking its jurisdictional discovery, Halo could agree to dismiss the Nevada Action, and the parties could include those claims in the New Jersey Action. Id; see also Raskin Decl., Exhibit I.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER  Action No. 07-06222 JCS                    -7-

On December 7, 2007, consistent with the colloquy with Judge Pro, immediately upon receipt of Judge Pro's Order dismissing the Nevada Action, Bel Fuse's counsel emailed Halo's counsel that Bel Fuse intended to amend its complaint in the New Jersey Action to include claims for declaratory judgment that Bel Fuse does not infringe the patents asserted in the dismissed Nevada Action. *See* Raskin Decl., Exhibit K. The December 7 email stated:

> As you may already be aware, Judge Pro has entered an Order today dismissing Halo's First Amended Complaint against Bel Fuse for lack of personal jurisdiction. A copy of the Order is attached.
>
> Assuming Halo still considers Bel Fuse to be infringing Halo's patents asserted in the dismissed Nevada action, as intimated by Judge Pro during the hearing on Bel Fuse's motion to dismiss, **any new action on those patents should be filed in New Jersey as part of the patent infringement case pending there between the same parties**. Accordingly, **Bel Fuse intends to bring a motion for leave to amend its Complaint in the pending New Jersey action to include a claim for a declaratory judgment that Bel Fuse does not infringe Halo's patents**. Please let us know as soon as possible whether Halo will oppose Bel Fuse's motion.
>
> Do not hesitate to call me if you wish to discuss.

*Id.* (emphasis added).

Halo's counsel did not give the courtesy of a response to the December 7 email. Instead, unbeknownst to Bel Fuse, Halo secretly scrambled and raced to this Court to file the present action before Bel Fuse could file its motion to amend the New Jersey complaint.

On the next business day, December 10, 2007, unaware that Halo had raced to file in this Court, and consistent with the colloquy with Judge Pro and the December 7 email, Bel Fuse filed its proposed amended complaint and its motion for leave to file the amended complaint in the New Jersey Action. *See* Raskin Decl., Exhibits E and L.

Bel Fuse's motion to amend in the New Jersey Action is scheduled to be submitted to the court on the papers without argument on January 14, 2008.

Many of Bel Fuse's witnesses and documents relevant to the claims asserted in the complaint in the present action are located in New Jersey, and Halo's witnesses and documents

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER   Action No. 07-06222 JCS                    -8-

presumably are outside of California, given that its headquarters are in Nevada. *See* Raskin Decl., ¶ 15  At least three non-party witnesses possessing relevant information concerning the claims asserted in the present action reside within the 100-mile subpoena power of the New Jersey District Court : (1) a design engineer, Robert King, who has personal knowledge of the design and application of the accused products; (2) a former Bel Fuse sales and marketing employee, Arnold Sutta, who has personal knowledge of past sales and marketing of the accused products; and (3) a former Bel Fuse quality control manager, Sandy Axelrad, who has personal knowledge of the early development of the accused products. *See* Raskin Decl., ¶ 16.

### III. ARGUMENTS AND AUTHORITIES

**A. The New Jersey Action Was Filed Seven Months Before The Present Action**

The New Jersey Action was filed on May 8, 2007. The present action was filed seven months later, on December 7, 2007. Even though the Nevada Action had been filed prior to the New Jersey Action, there was a period of time on December 7, 2007 – after the Nevada Action was dismissed but before the present action was filed – that the New Jersey Action was the only action pending between the parties.

Moreover, Bel Fuse's motion to amend the complaint in the New Jersey Action will likely be granted because Fed. R. Civ. P. 15(a)(2) mandates that the court shall "freely give leave when justice so requires." If, as is likely, the amended complaint is allowed, then the New Jersey Action will be the first-filed action to address the claims at issue in the case at bar -- which would present an additional reason to dismiss or transfer the present action in favor of the New Jersey Action.[1] Therefore, as between the present action and the New Jersey Action, the New Jersey Action should be given precedence.

///
///
///

---

[1] If the motion to amend has not been decided by the time the present motion is ready to be heard by this Court, this Court may want to postpone the present motion until the motion to amend is decided in the New Jersey Action.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER  Action No. 07-06222 JCS                -9-

### B. Even If The Present Action Is Considered First-Filed, It Should Be Dismissed Or Transferred

Even if the Court considers the present action to be the "first-filed" action vis a vis the amended claims in the New Jersey Action, this action should not be given precedence in the circumstances herein. The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Addressing the first-to-file rule, in *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d. 622, 627-28 (9th Cir. 1991), the Court of Appeals explained: "We recognize that '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).

#### i. Anticipatory Suits Are Disfavored

It is well established that anticipatory suits are disfavored and will not be given precedence, even if first-filed. *Alltrade*, 946 F.2d. at 628. In a case similar to the present action, *China Healthways Institute, Inc. v. Hsin Ten Enterprise USA, Inc.*, 67 U.S.P.Q.2d 1561, 2003 WL 21982477 (C.D. Cal. Mar. 12, 2003), the Court found that the Defendant's filing was an anticipatory suit was not only improper, but also sanctionable.

> An "improper anticipatory filing is one made under the apparent threat of a presumed adversary filing the mirror image of that suit in another court." An "apparent threat" is an "overt statement" by the other side that it intends to commence litigation. "To put a party on notice of a forthcoming lawsuit, a letter to a party must state the intention to file suit, a filing date, and/or a specific forum for the filing of the suit." Where an improper anticipatory filing has been launched by one party, the court should transfer the first-filed case to the forum of the second-filed case.

*Id.* at 1567 (internal citations omitted).

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER   Action No. 07-06222 JCS                      -10-

In the *China Healthways* case, like this one, the first-filed action was brought after an overt statement by the other side that it intended to commence a litigation. The Court therefore held that "Defendant's purpose in filing its suit was to avoid the forum that it knew from Plaintiff's correspondence that Plaintiff would select…. This purpose was improper, and … because Defendant's purpose in filing suit was improper, this action by Defendant is a proper ground for Rule 11 sanctions." *Id.* at 1567.

Decisions in this District have also found that first-filed anticipatory suits should not be given precedence. *See, e.g.*, *Mediostream, Inc. v. Priddis Music, Inc.*, 2007 WL 2790688 at *2 (N.D. Cal. Sept. 24, 2007) ("District Courts can exercise their discretion and dispense with the [first-to-file] rule for equitable reasons, which include bad faith, anticipatory suit, and forum shopping"); *Z-Line Designs, Inc. v. Bell'O Intern, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ("Circumstances under which the first to file rule will not be applied include bad faith, anticipatory suit, and forum shopping").

The decision in *Z-Line* is particularly pertinent because there, as here, a Nevada corporation brought suit in this District; and there, as here, the other party, a New Jersey corporation, had signaled its intent to file in the District of New Jersey; and there, as here, the California action was filed only two days prior to the New Jersey complaint. The first-filed California suit was dismissed in favor of the second-filed New Jersey action. *Id*. at 667.

"Anticipatory suits are disfavored because they are aspects of forum-shopping." *Alltrade*, 946 F.2d. at 628 (internal quotation and citation omitted). Here, the present suit plainly constitutes an anticipatory suit and forum shopping. It was filed in direct response to Bel Fuse's expressed intent to add these claims to the New Jersey Action. Allowing the present action to be maintained here would not only reward Halo for its sharp practice and secret filing, but would also penalize Bel Fuse's counsel for its open communication with Halo's counsel in the hope of avoiding unnecessary motion practice in the New Jersey Action.

Halo's race to the courthouse is precisely the type of anticipatory forum shopping that courts seek to discourage. So that Halo's sharp practice is not rewarded, this action should be dismissed or transferred in favor of the New Jersey Action.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER, Action No. 07-06222, JCS                    -11-

### ii. Issues of Judicial Economy Weigh Heavily in Favor of Dismissal or Transfer

In addition, even if the Court considers the present action to be the "first-filed" action vis a vis the amended claims in the New Jersey Action, issues of judicial economy and convenience weigh in favor of dismissal or transfer. *Mediostream*, 2007 WL 2790688 at *2.

The interest of justice, which includes judicial economy, is an extremely important consideration on the present motion. *Alere Med., Inc. v. Health Hero Network, Inc.*, 2007 WL 4351019 (N.D. Cal. Dec. 12, 2007). "'Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Id.* at *1 (quoting *Regents of University of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)).

In the case at bar, the interest of justice and considerations of judicial economy strongly favor transfer because the Court in the New Jersey Action can govern all the discovery and hear all the claims between Halo and Bel Fuse at the same time. The "feasibility of consolidation" in New Jersey is a "significant factor in a transfer decision." *A.J. Industries v. United States District Court*, 503 F.2d 384, 389 (9th Cir. 1974). Pertinent to the case at bar, the Court of Appeals noted in *A.J. Industries* that "even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *Id.*

As explained in *Continental Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26 (1960): "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different district courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Judges of this Court have often recognized this principle. *See, e.g.*, *CoxCom, Inc. v. Hybrid Patents Inc.*, 2007 WL 2500982 at *2 (N.D. Cal Aug. 30, 2007) (the feasibility of consolidation in the transferee court "weighs heavily in favor of transfer and, given the circumstances present herein, outweighs the deference due plaintiffs' choice of forum"); *Pacific Coast Federation v. Gutierrez*, 2006 WL 194507 at *2 (N.D. Cal. Jan. 24, 2006) ("the pendency of a similar action in the transferee court is a universally recognized reason for granting

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER   Action No. 07-06222 JCS          -12-

a change of venue") (internal quotation and citation omitted); *Wiley v. Trendwest Resorts, Inc.*, 2005 WL 1910934 at *3 (N.D. Cal. Aug. 10, 2005) ("the pendency of related actions in the proposed transferee forum is a highly persuasive factor" in determining whether a transfer is in the interest of justice).

If the Court does not dismiss or transfer this action, it is likely that similar claims will be pending before the District Court of New Jersey. Halo has not moved to transfer the New Jersey Action and it is unlikely that the District Court of New Jersey will do so in the future. If this case is not dismissed or transferred, it is very likely that similar claims will be pending in two different jurisdictions. Dismissal or transfer of this action is the only manner in which to ensure that these similar claims are not decided in two different forums.

Accordingly, in the interest of justice and judicial economy, this action should be dismissed or transferred in favor of the New Jersey Action.

### iii. The Balance of Convenience Weighs Heavily in Favor of Dismissal or Transfer

Any deference that might have flowed from Halo's filing of the complaint in this action one business day before Bel Fuse filed its motion to amend in the New Jersey Action is eliminated by the balance of convenience weighing heavily in favor of the New Jersey Action. Courts "refuse to apply the first-to-file rule if the balance of convenience weighs in favor of the later-filed action." *Mediostream*, 2007 WL 2790688 at *2.

First, both Halo and Bel Fuse are foreign corporations in California.[2] Because Halo chose a forum in which it is foreign, the Court should not give any weight to its choice of forum. *CoxCom,* 2007 WL 2500982 at * 2 (foreign plaintiff's choice of California "forum is … not entitled to significant weight"); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue" or where "there is any indication that the plaintiff's choice of forum is the result of forum shopping").

---

[2] Halo and Bel Fuse both have offices in California. However, neither is headquartered in California nor organized under the laws of California.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER   **Action No. 07-06222. JCS**                     -13-

Second, many of Bel Fuse's witnesses are located in New Jersey, and even Halo's witnesses presumably are outside of California given that its headquarters are in Nevada. *See* Raskin, Decl. ¶ 15. "One of the most important factors in determining whether to grant a motion to transfer is the convenience of the witnesses." *Jarvis v. Marietta Corp.*, 1999 WL 638231 at *4 (N.D. Cal. Aug. 12, 1999). Courts look to ensure that "witnesses [will] not be required to engage in duplicative litigation or travel to two different forums to attend court proceedings." *CoxCom*, 2007 WL 2500982 at * 2.

Further, the convenience and availability of non-party witnesses is a paramount factor. *Id*. As noted by the *CoxCom* court: "It is the convenience of non-party witnesses ... that is the more important factor and is accorded greater weight than the convenience of party witnesses." *Id*. (internal quotation and citation omitted). Here, at least three non-party witnesses residing within the 100-mile subpoena power of the New Jersey District Court have relevant information concerning the accused products on which Halo sued in the Nevada Action and here: (1) a design engineer, Robert King, who has personal knowledge of the design and application of the accused products; (2) a sales and marketing employee for Bel Fuse, Arnold Sutta, who has personal knowledge of past sales and marketing of the accused products; and (3) a former Bel Fuse quality control manager, Sandy Axelrad, who has personal knowledge of the early development of the accused products. The location of these non-party witnesses should be given great weight.

Third, courts consider the location of evidence in determining a forum's relative convenience. *Pacific Coast Federation*, 2006 WL 194507 at *3 (considering "the ease of access to sources of proof" as a factor in determining the balance of convenience). Here, many of Bel Fuse's documents are located in its headquarters in New Jersey. *See* Raskin Decl., ¶ 15. Again, even Halo's documents presumably are located outside of California in its headquarters in Nevada.

In short, the feasibility of consolidation in New Jersey, and the fact that the parties' headquarters and many witnesses and documents are located outside of California, all weigh in favor of this action being resolved in the District of New Jersey.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION
TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT
OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR
TRANSFER   Action No. 07-06222  JCS                    -14-

## IV. CONCLUSION

For all the foregoing reasons, this action should be dismissed or, in the alternative, transferred to the District of New Jersey.

Dated: December 31, 2007

Respectfully Submitted,

FLIESLER MEYER LLP

By: _____
Martin C. Fliesler (SBN 073768)
Rex Hwang (SBN 221079)
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone:   (415) 362-3800
Facsimile:   (415) 362-2928

Joshua L. Raskin (*Pro Hac Vice*)
Kenneth G. Roberts (SBN 106945)
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
250 Park Avenue, 10th Floor
New York, NY 10177
Telephone:   (212) 986-1116
Facsimile:   (212) 986-0604

Attorneys for Defendant Bel Fuse, Inc.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS OR TRANSFER   Action No. 07-06222 JCS

-15-