Limin Zheng (zheng@fr.com) (CA #226875)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Juanita Brooks (brooks@fr.com) (CA#75934)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff
Halo Electronics, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| HALO ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELEKTRONIK MIDCOM, INC., and XFMRS, INC., <br><br> Defendants. | Civil Case No. CV-07-6222-JCS <br><br> **HALO ELECTRONIC'S MOTION TO DECLARE THIS ACTION THE FIRST-FILED AND TO ENJOIN DEFENDANT BEL FUSE FROM PROCEEDING WITH DUPLICATIVE LITIGATION IN THE DISTRICT OF NEW JERSEY** <br><br> Date: February 8, 2008 <br> Time: 9:30 a.m. <br> Place: Courtroom A, 15th Floor <br> Judge: Hon. Joseph C. Spero |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that at 9:30 a.m. on February 8, 2008, or as soon thereafter as it may be heard, the Court will hear Plaintiff Halo Electronics, Inc.'s motion to declare this action the first-filed and to enjoin Defendant Bel Fuse Inc. from proceeding with duplicative litigation in the District of New Jersey in the Courtroom of the Honorable Joseph C. Spero, Courtroom A, 15th Floor of the United States District Court, Northern District of California, located at 450 Golden Gate Ave., San Francisco, California 94102. Halo Electronics relies on the Memorandum in Support of this motion, the Declaration of Limin Zheng submitted in support of this motion, as well as the pleadings and papers on file and any further evidence or argument submitted to the Court.

## I.   INTRODUCTION

The Northern District of California is the first-filed Court with respect to Halo's patent infringement claims against Defendant Bel Fuse. Halo filed this action seeking relief for the infringement of six patents covering its leading product. Three days after Halo filed suit, Bel Fuse moved to amend a complaint it had filed against Halo in an unrelated patent matter in the District of New Jersey to add declaratory judgment claims on the same six patents at issue here. The fact that Halo's patent infringement claims and the claims currently pending in New Jersey are unrelated is not disputed—Bel Fuse's moving papers in New Jersey expressly state as much.

As the court of first filing, this Court has jurisdiction over Halo's patent infringement claims and the power to decide where they should proceed. Because the well-established rule in these circumstances is that first-filed claims should proceed in that first-filed forum, and this case presents no exceptions to depart from that rule, Halo respectfully requests that the Court order that Halo's patent infringement claims against Bel Fuse will be heard here. In addition, to prevent unnecessary, duplicative litigation of Halo's patent infringement claims, Halo also requests that the Court enjoin Bel Fuse from proceeding with litigation on these same claims in the District of New Jersey.

## II.   BACKGROUND

On March 15, 2007, Halo filed an action for patent infringement against Bel Fuse and two other companies in the District of Nevada. (Ex. A.)[1] Halo sought relief for the infringement of the same six patents at issue here, which all relate to surface-mount packages for electronic devices.[2]

In May 2007, Bel Fuse moved to dismiss Halo's patent infringement claims in Nevada for lack of personal jurisdiction.[3] At the same time, Bel Fuse filed an unrelated patent infringement action in the District of New Jersey alleging that Halo infringed a patent concerning modular jack connectors.[4] (Ex. B.) Notably, the New Jersey complaint did not include any claims relating to the

---

[1]  All exhibits cited herein are to the Declaration of Limin Zheng.
[2]  The six patents at issue in the Nevada action are United States Patents Nos. 5,656,985; 6,297,720; 6,297,721; 6,320,489; 6,344,785; and 6,662,431.
[3]  Bel Fuse's motion to dismiss for lack of personal jurisdiction was re-filed in August 2007 after Bel Fuse amended its initial complaint.
[4]  The patent at issue in the New Jersey action is United States Patent No. 5,736,910.

3   HALO'S MOTION TO DECLARE THIS ACTION FIRST –FILED &
ENJOIN BEL FUSE FROM PROCEEDING WITH DUPLICATIVE
LITIGATION IN D. NEW JERSEY
Civil Case No. CV-07-6222 JCS

Halo patents. A month later, Bel Fuse amended its New Jersey complaint, but again did not include any claims relating to the six Halo patents asserted in the Nevada action. (Ex. C.)

On November 30, 2007, the Nevada court held a hearing on Bel Fuse's motion to dismiss for lack of personal jurisdiction. At the end of the hearing, the court indicated that it would issue an order on the motion the following week. On December 7, 2007, the Nevada court concluded that it did not have personal jurisdiction over Bel Fuse and granted the motion dismissing Bel Fuse from the case. (Ex. D.) On the same day it received the order, Halo promptly re-filed its claims against Bel Fuse in this Court for infringement of the Halo patents. (Docket No. 1.) Halo's complaint also asserted infringement claims on the same patents against three companies that have no relation to Bel Fuse—Elec & Eltek (USA) Corporation, Wurth Electronics Midcom, Inc., and XFMRS, Inc. (*Id.*) Halo selected this jurisdiction because its primary sales office is located here[5] and its is the only known location where the Court has personal jurisdiction over all four defendants.

On December 10, 2007, after Halo initiated the present action, Bel Fuse filed a motion seeking leave to amend its New Jersey complaint to add declaratory judgment claims on the six Halo patents. (Ex. E.) In the New Jersey filing, Bel Fuse concedes that the new claims concerning Halo's patents and the claims it had previously filed on its own patent are "unrelated," but nevertheless seeks to mix them into the litigation before that court. (*Id*. at 3.) Halo has since opposed Bel Fuse's motion and moved for a stay in the New Jersey court so that this Court, the first-filed Court, has the opportunity to determine where the claims concerning Halo's patents should proceed.[6]

**III. ARGUMENT**

The Federal Circuit has recognized the "first-filed rule," holding that "the forum of the first-filed case is favored." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (*abrogated on other grounds in Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). The circuits in

---

[5] Halo's other primary place of business in the United States is its headquarters, which is located in Las Vegas, Nevada.

[6] On December 31, 2007, Bel Fuse filed a motion in this Court to dismiss Halo's infringement claims or, alternatively, to transfer them to the District of New Jersey. (Docket No. 11.) Halo will respond to Bel Fuse's motion to dismiss or transfer in a separate filing.

which the New Jersey and California Actions are pending likewise recognize the rule. The Third Circuit adopted the "first-filed" rule over sixty years ago. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). According to the Third Circuit, "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988). The Ninth Circuit has also recognized the rule, holding that it "should not be disregarded lightly." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (quoting *Church of Scientology of California v. United States Dept. of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). The rule's primary purpose is to avoid burdening the federal judicial system with excessive litigation and to prevent inconsistent or conflicting judgments. *EEOC*, 850 F.2d at 971, 977. The rule also serves to promote comity among federal courts and to promote efficiency. *Id.* at 971; *Pacesetter Systems*, 678 F.2d at 95.

**A.     The Patent Infringement Claims Filed by Halo In this Court are the First-Filed.**

The determination of which action is first-filed here is very straightforward and is an issue of timing. The Court can determine which action is "first filed" by simply examining the filing dates of the two complaints. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (comparing filing dates of complaints and noting that a prerequisite for applying the first-filing rule is chronological order of the filings). Here, Halo filed its complaint on December 7, 2007 asserting the infringement of the six Halo patents. Bel Fuse did not move for leave from the New Jersey court to file an amended complaint until December 10, 2007, and the Court has not ruled on Bel Fuse's motion. Thus, under any circumstance, Halo's claims are first in time and thus the first filed.

The existence of Bel Fuse's unrelated infringement claims in New Jersey relating to its own patent does not provide any basis for Bel Fuse to assert an earlier filing date. An amended complaint may only relate back to the original complaint if the added claim or defense "arose out of the conduct, transaction, or occurrence" set forth in the original complaint. Fed. R. Civ. P. 15(c). Courts have uniformly interpreted this rule to require that the pleadings share a common core of operative facts—a requirement that is not met when the claims involve different and unrelated patents. *E.g.*, *Mann Design Ltd. v. Bounce, Inc.*, 138 F. Supp. 2d 1174, 1179 (D. Minn. 2001)

(finding the patent at issue in the second-filed claim did not relate back, even though it was a continuation of the patent in the first-filed claim); *Cardiovascular Imaging Sys. v. Boston Scientific Corp.*, 1994 U.S. Dist. LEXIS 6722, *6-7 (N.D. Cal. Apr. 26, 1994) (finding that new claims regarding unrelated patents do not relate back to the date of filing of the original complaint because they do not "arise out of the [same] conduct, transaction, or occurrence" as required for relation back under Federal Rule of Civil Procedure 15(c)); *Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 87 F.R.D. 398, 403 (W.D.N.Y. 1980) (finding the patent at issue in the second filing must be "part and parcel" of patent in the first filing to relate back); *Illinois Tool Works, Inc. v. Foster Grant Co., Inc.*, 395 F. Supp. 234, 250-251 (N.D. Ill. 1974) ("An alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent.").

Here, even assuming that the motion to amend the New Jersey complaint is granted, Bel Fuse admits that its original claims in New Jersey concerning the Bel Fuse patent and the claims concerning the six Halo patents are unrelated. In its filing with the New Jersey court seeking leave to file an amended complaint, Bel Fuse characterized the Nevada action as "an unrelated infringement action . . . between the same parties concerning different patents . . . ." (Ex. E at 3.) Indeed, the patents relate to different types of products and technology, and the evidence offered to support the claims concerning Bel Fuse's patents will be very different from the evidence offered to support claims relating to Halo's patents. *See Mann Design Ltd. v. Bounce, Inc.*, 138 F.Supp.2d 1174, 1179 (D. Minn. 2001) (considering whether a party would rely on the same kind of evidence offered in support of the original claim to prove a new claim when deciding whether the claims were related).

In sum, because Bel Fuse's motion for leave to file declaratory judgment claims regarding the six Halo patents was filed after the Halo filed an action on the same claims in this Court, and these claims cannot relate back to any of the claims in Bel Fuse's New Jersey complaint, this Court is the court of first-filing for Halo's patent infringement claims.

### B. No Basis Exists For Dismissing This First-Filed Action In Favor of Bel Fuse's Proposed Declaratory Judgment Action In New Jersey.

This Court is the first-filed court and therefore should decide where Halo's infringement claims will proceed. *E.g.*, *Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc.*, 20 F. Supp. 2d 948, 954 (E.D. Va. 1998); *Ontel Prod. Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n. 9 (S.D.N.Y. 1995) ("Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies."); *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County*, 542 F. Supp. 1317, 1321 (S.D.N.Y. 1982) ("the district court hearing the first-filed action should [be the court that] determine[s] whether special circumstances dictate that the first action be dismissed in favor of a later-filed action").

There is no exception nor any special circumstances in this case that warrant a departure from the general rule that Halo's claims should proceed in this Court. "Departures from the first-filed rule are 'rare' and the second action should proceed only in unusual or exceptional circumstances." *Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*, 2003 WL 22358439, *4 (E.D. Pa. Sept. 10, 2003). Exceptions include bad faith, forum shopping, anticipatory suit, and further development of the second-filed case than of the first-filed case. *EEOC*, 850 F.2d at 976. None of these exceptions apply here. There is no basis to find bad faith, given that Halo merely filed claims that it has been attempting to litigate since March, and filed them immediately after the Nevada court dismissed the claims for lack of personal jurisdiction. There is also no evidence of forum shopping. Halo has a place of business in the forum and is not aware of any other jurisdictions where it could obtain personal jurisdiction over all four defendants in this case. In addition, the suit cannot be described as anticipating Bel Fuse's declaratory judgment claims since these claims were originally set forth by Halo, not Bel Fuse, in the earlier Nevada Action, and needed to be re-filed in a new forum after they were dismissed. Finally, Bel Fuse has not been granted leave to even file its amended complaint in New Jersey, and therefore the second-filed case cannot be considered further developed than the action in this forum.

The first-filed rule's goals of promoting efficiency and avoiding inconsistent verdicts would be best served by allowing the litigation on Halo's six patents to proceed before this Court.

### C. The Court Should Enjoin Bel Fuse from Proceeding With Its Declaratory Judgment Claims in New Jersey.

The Court should exercise its power and prevent Bel Fuse from initiating unnecessary, duplicative litigation in New Jersey. Because the claims concerning Halo's patents were first-filed in the Northern District of California, this Court has the power to enjoin Bel Fuse from litigating claims relating to the Halo patents in another forum. *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1271 (Fed. Cir. 1991) (Newman, J., concurring) (finding the district court's decision to enjoin prosecution of a second-filed suit "in full accord with the policy disfavoring duplicative litigation . . . and generally favoring the first-filed suit") (internal citations omitted); *EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) ("The first-filed rule . . . gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court."). If Bel Fuse's declaratory judgment action goes forward, it will result in duplicative litigation and may also result in inconsistent verdicts. Accordingly, Halo respectfully requests that the Court enjoin Bel Fuse from proceeding with its declaratory judgment claims in New Jersey.

## IV. CONCLUSION

For the reasons set forth above, Halo respectfully requests that the Court declare the Northern District of California the court of first-filing and enjoin Bel Fuse from engaging in duplicative proceedings before the District Court for the District of New Jersey.

Dated: January 4, 2008                                                   FISH & RICHARDSON P.C.

By: /s/ Limin Zheng
Limin Zheng

Attorneys for Plaintiff
HALO ELECTRONICS, INC.

60472808 final motion (2).doc

```
1  Limin Zheng (zheng@fr.com) (CA #226875)
   FISH & RICHARDSON P.C.
2  500 Arguello Street, Suite 500
   Redwood City, CA 94063
3  Telephone: (650) 839-5070
   Facsimile: (650) 839-5071
4
   Juanita Brooks (brooks@fr.com) (CA#75934)
5  FISH & RICHARDSON P.C.
   12390 El Camino Real
6  San Diego, CA 92130
   Telephone:  (858) 678-5070
7  Facsimile:  (858) 678-5099

8  Attorneys for Plaintiff
   Halo Electronics, Inc.
9
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| HALO ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEL FUSE INC., <br> ELEC & ELTEK (USA) CORPORATION, <br> WURTH ELEKTRONIK MIDCOM, INC., <br> and XFMRS, INC., <br><br> Defendants. | Civil Action No. CV-07-6222-JCS <br><br> **[PROPOSED] ORDER GRANTING HALO ELECTRONIC'S MOTION TO DECLARE THIS ACTION THE FIRST-FILED AND TO ENJOIN DEFENDANT BEL FUSE FROM PROCEEDING WITH DUPLICATIVE LITIGATION IN THE DISTRICT OF NEW JERSEY** |

Before this Court is Plaintiff Halo Inc.'s Motion to Motion to Declare this Action the First-Filed and to Enjoin Defendant Bel Fuse From Proceeding with Duplicative Litigation in the District of New Jersey.  After considering all the relevant filings before this Court and the arguments of Counsel, the Court hereby GRANTS Plaintiff's motion, declares this Court the court of first-filing with respect to the claims asserted by Plaintiff Halo, and enjoins Defendant Bel Fuse from proceeding with litigation in the District of New Jersey regarding the patents at issue before this Court.

1
2   IT IS SO ORDERED, this _____ day of _____, 2008.
3
4
5
6                                          _____
                                           HONORABLE JOSEPH C. SPERO
7                                          UNITED STATES MAGISTRATE JUDGE

    60472809 final proposed order.doc
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                    2
                                        [PROPOSED] ORDER GRANTING HALO'S MOTION TO DECLARE
                                        THIS ACTION THE FIRST-FILED & TO ENJOIN BEL FUSE FROM
                                        PROCEEDING WITH DUPLICATIVE LITIGATION
                                        Civil Action No. CV-07-6222-JCS