1 | Limin Zheng (zheng@fr.com) (CA #226875)
2 | FISH & RICHARDSON P.C.
  | 500 Arguello Street, Suite 500
3 | Redwood City, CA 94063
  | Telephone: (650) 839-5070
  | Facsimile: (650) 839-5071
4 |
5 | Juanita Brooks (brooks@fr.com) (CA#75934)
  | FISH & RICHARDSON P.C.
6 | 12390 El Camino Real
  | San Diego, CA 92130
7 | Telephone:  (858) 678-5070
  | Facsimile:  (858) 678-5099
8 |
  | Attorneys for Plaintiff
9 | Halo Electronics, Inc.

10 |                    UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF CALIFORNIA
11 |                     (SAN FRANCISCO DIVISION)

12

13 | HALO ELECTRONICS, INC.,                Civil Action No. CV-07-6222-JCS

14 |                 Plaintiff,             **DECLARATION OF LIMIN ZHENG IN**
                                           **SUPPORT OF HALO ELECTRONIC'S**
15 |           v.                           **MOTION TO DECLARE THIS ACTION**
                                           **THE FIRST-FILED AND TO ENJOIN**
16 | BEL FUSE INC.,                         **DEFENDANT BEL FUSE FROM**
    | ELEC & ELTEK (USA) CORPORATION,      **PROCEEDING WITH DUPLICATIVE**
17 | WURTH ELEKTRONIK MIDCOM, INC.,        **LITIGATION IN THE DISTRICT OF**
    | and XFMRS, INC.,                      **NEW JERSEY**
18 |                 Defendants.

19 |                                        Date:  February 8, 2008
                                           Time:  9:30 a.m.
20 |                                        Place:  Courtroom A, 15th Floor
                                           Judge:  Hon. Joseph C. Spero
21

22

23 |           I, Limin Zheng, declare as follows:

24 |           1.      I am an attorney in the law firm of Fish & Richardson P.C. and I am counsel for

25 | Plaintiff Halo Electronics, Inc. in this matter.

26 |           2.      Attached as Exhibit A is a true and correct copy of the complaint filed by Halo

27 | Electronics, Inc., in the District of Nevada on March 15, 2007.

28

1

3.     Attached as Exhibit B is a true and correct copy of the complaint filed by Bel Fuse, Inc., in the District of New Jersey on May 8, 2007.

4.     Attached as Exhibit C is a true and correct copy of the first amended complaint filed by Bel Fuse, Inc., in the District of New Jersey on June 5, 2007.

5.     Attached as Exhibit D is a true and correct copy of an Order by Judge Pro of the District of Nevada granting a motion to dismiss the complaint filed by Halo Electronics, Inc., in the District of Nevada, dated December 5, 2007 and filed December 7, 2007.

6.     Attached as Exhibit E is a true and correct copy of Bel Fuse's motion for leave to file a second amended complaint, filed in the District of New Jersey on December 10, 2007.

7.     Attached as Exhibit F is a true and correct copy of Halo's briefing in response to Bel Fuse's motion for leave to file a second amended complaint and in support of a cross-motion for a stay of the decision regarding Bel Fuse's motion for leave to file a second amended complaint.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed this 4th day of January 2008, at Redwood City, California

/s/ Limin Zheng
_____
LIMIN ZHENG

60475357 final dec.doc

2

Joshua L. Harmon, Esq. (jharmon@h-dlaw.com)
Nevada Bar No. 7004
HARMON & DAVIES, P.C.
1428 S. Jones Blvd.
Las Vegas, NV 89146
Telephone: (702) 733-0036
Facsimile: (702) 733-1774

Juanita Brooks (brooks@fr.com) (CA#75934)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Michael J. Kane (kane@fr.com) (MN#247625)
William R. Woodford (woodford@fr.com) (MN#322593)
Joshua H. Bleet (bleet@fr.com) (MN#351830)
FISH & RICHARDSON P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HALO ELECTRONICS, INC., | |
| Plaintiff, | |
| v. | Civ. Action No. _____ |
| BEL FUSE INC., PULSE ENGINEERING, INC., and TECHNITROL, INC. | COMPLAINT FOR PATENT INFRINGEMENT |
| Defendants. | **JURY TRIAL DEMANDED** |

///

///

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Halo Electronics, Inc. files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendants. Halo Electronics, Inc. states and alleges the following:

**JURISDICTION AND VENUE**

1.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.  This Court has personal jurisdiction over each of the Defendants because each Defendant has substantial and continuous contacts within this judicial district and/or because each Defendant has committed acts of patent infringement within this judicial district, including placing infringing products into the stream of commerce under circumstances such that each Defendant reasonably should have anticipated being subject to suit in this judicial district. The Court also has personal jurisdiction over each of the Defendants because the acts of patent infringement are aimed at this judicial district and/or have effect in this judicial district.

3.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**THE PARTIES**

4.  Plaintiff Halo Electronics, Inc. ("Halo") is a corporation organized and existing under the laws of the state of Nevada, and having its principal place of business at 3005 East Post Road Front, Las Vegas, Nevada.

5.  Defendant Bel Fuse Inc. is a corporation organized and existing under the laws of the state of New Jersey. Bel Fuse Inc.'s headquarters is located at 206 Van Vorst Street, Jersey City, New Jersey.

2

6. Defendant Pulse Engineering, Inc. is a corporation organized and existing under the laws of the state of Delaware. Pulse Engineering, Inc.'s worldwide headquarters is located at 12220 World Trade Drive, San Diego, California.

7. Defendant Technitrol, Inc. is a corporation organized and existing under the laws of the state of Pennsylvania. Technitrol, Inc.'s corporate headquarters are located at 1210 Northbrook Drive, Suite 470, Trevose, Pennsylvania.

8. Defendant Pulse Engineering, Inc. is a subsidiary of Technitrol, Inc.

<u>**COUNT I**</u>
**(Patent Infringement)**

9. Halo restates and realleges the preceding paragraphs of this Complaint.

10. On August 12, 1997, United States Patent No. 5,656,985 ("the '985 patent") entitled "Electronic Surface Mount Package" was duly and legally issued by the United States Patent and Trademark Office. Halo owns the '985 patent by assignment. A true and correct copy of the '985 patent is attached as Exhibit A.

11. On October 2, 2001, United States Patent No. 6,297,720 ("the '720 patent") entitled "Electronic Surface Mount Package" was duly and legally issued by the United States Patent and Trademark Office. Halo owns the '720 patent by assignment. A true and correct copy of the '720 patent is attached as Exhibit B.

12. On October 2, 2001, United States Patent No. 6,297,721 ("the '721 patent") entitled "Electronic Surface Mount Package" was duly and legally issued by the United States Patent and Trademark Office. Halo owns the '721 patent by assignment. A true and correct copy of the '721 patent is attached as Exhibit C to this Complaint.

13. On November 20, 2001, United States Patent No. 6,320,489 ("the '489 patent"), entitled "Electronic Surface Mount Package With Extended Side Retaining Wall," was duly and

legally issued by the United States Patent and Trademark Office. Halo owns the '489 patent by assignment. A true and correct copy of the '489 patent is attached as Exhibit D.

14. On February 5, 2002, United States Patent No. 6,344,785 ("the '785 patent"), entitled "Electronic Surface Mount Package," was duly and legally issued by the United States Patent and Trademark Office. Halo owns the '785 patent by assignment. A true and correct copy of the '785 patent is attached as Exhibit E.

15. On December 16, 2003, United States Patent No. 6,662,431 ("the '431 patent"), entitled "Electronic Surface Mount Package," was duly and legally issued by the United States Patent and Trademark Office. Halo owns the '431 patent by assignment. A true and correct copy of the '431 patent is attached as Exhibit F.

16. Defendants have been and are infringing, actively inducing others to infringe, and/or contributing to the infringement of the '985, '720, '721, '489, '785, and '431 patents.

17. Upon information and belief, Defendants have been and are infringing the '985, '720, '721, '489, '785, and '431 patents with knowledge of one or more of the patents, and thus Defendants' infringement is willful.

18. Upon information and belief, Defendants will continue to infringe the '985, '720, '721, '489, '785, and '431 patents unless and until they are enjoined by this Court.

19. The Defendants have caused and will continue to cause Halo irreparable injury and damage by infringing the '985, '720, '721, '489, '785, and '431 patents. Halo will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until the Defendants are enjoined from infringing the '985, '720, '721, '489, '785, and '431 patents.

///

///

4

1

**PRAYER FOR RELIEF**

2
    WHEREFORE, Halo respectfully requests that this Court:

3
    (1)    Enter judgment that Defendants have infringed the '985, '720, '721, '489, '785,

4
and '431 patents;

5
    (2)    Enter an order permanently enjoining Defendants and their officers, agents,

6

7
employees, attorneys, and all persons in active concert or participation with any of them, from

8
infringing the '985, '720, '721, '489, '785, and '431 patents;

9
    (3)    Award Halo damages in an amount sufficient to compensate it for Defendants'

10
infringement of the '985, '720, '721, '489, '785, and '431 patents, together with prejudgment and

11
post-judgment interest and costs under 35 U.S.C. § 284;

12
    (4)    Treble the damages awarded to Halo under 35 U.S.C. § 284 by reason of

13
Defendants' willful infringement of the '985, '720, '721, '489, '785, and '431 patents;

14
    (5)    Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Halo its

15
attorney fees, expenses, and costs incurred in this action; and

16

17
    (6)    Award Halo such other and further relief as this Court deems just and proper.

18
**JURY TRIAL DEMAND**

19
    Halo demands a trial by trial on all issues appropriately triable by a jury.

20
Dated: March 15, 2007             HARMON & DAVIES

21

22
                        By:    __/s/ Joshua L. Harmon, Esq._____

23
                            Joshua L. Harmon, Esq.

24
                            Nevada Bar No. 7004
                            HARMON & DAVIES, P.C.

25
                            1428 S. Jones Blvd.
                            Las Vegas, NV 89146

26
                            Telephone: (702) 733-0036
                      Attorney for Plaintiff

27

28

HARMON & DAVIES, P.C.
ATTORNEYS AT LAW

Gary L. Koenigsberg
**WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP**
A Pennsylvania Limited Liability Partnership
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
Attorneys for Plaintiff,
Bel Fuse, Inc.

Joshua L. Raskin
**WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP**
A Pennsylvania Limited Liability Partnership
250 Park Avenue
New York, NY 10017
(212) 986-1116
Attorneys for Plaintiff,
Bel Fuse, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEL FUSE, INC. | CIVIL ACTION NO. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| HALO ELECTRONICS, INC. | |
| Defendant. | |

Plaintiff, Bel Fuse, Inc., by and through its undersigned counsel, for its Complaint against

defendant, Halo Electronics Inc., alleges the following upon information and belief, except as to

those allegations concerning Bel Fuse, Inc., which are alleged upon knowledge.

## THE PARTIES

1.     Plaintiff Bel Fuse, Inc. ("plaintiff" or "Bel Fuse") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 206 Van Vorst Street, Jersey City, New Jersey.

2.     Defendant Halo Electronics, Inc. ("defendant" or "Halo") is a corporation organized and existing under the laws of the state of Nevada with its principal place of business at 1861 Landings Drive, Mountain View, California.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*.  This Court has jurisdiction over the subject matter of the claim asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338.

4.     This Court has personal jurisdiction over Halo because Halo is doing business within this State and judicial district, transacts business within this State and judicial district, has sold and is selling allegedly infringing products into this State and judicial district, derives substantial revenue from intra-state commerce and is otherwise within the jurisdiction of this Court.

5.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district, Halo may be found in this judicial district, and Halo is subject to personal jurisdiction in this judicial district.  Venue is also proper in this judicial district under 28 U.S.C. § 1400(b).

## COUNT I
### (Patent Infringement)

6.     Bel Fuse restates and realleges the preceding paragraphs of this Complaint.

7.     This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*, including 35 U.S.C. § 271, and is for willful patent infringement.

8.     On April 7, 1998, U.S. Patent No. 5,736,910 ("the '910 patent") was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '910 patent is attached hereto as Exhibit A.

9.     Bel Fuse is the assignee of all rights, title, and interest in and to the '910 patent and possesses all rights of recovery under the '910 patent.

10.    Halo has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '910 patent.

11.    As a direct and proximate result of Halo's acts of infringement, Bel Fuse has suffered damages and is entitled to recover an amount adequate to compensate for the infringement under 35 U.S.C. § 284, which amount is to be determined at trial.

12.    Halo has had, at all relevant times, actual and constructive notice that its conduct infringed on the claims of the '910 patent but nevertheless continued its infringing conduct. Halo's infringement has been, and continues to be, willful and, therefore, Bel Fuse is entitled to treble damages under 35 U.S.C. § 284.

13.    This is an exceptional case under 35 U.S.C. § 285 which entitles Bel Fuse  to an award of reasonable attorneys' fees.

14.    Halo will continue infringing the '910 patent unless enjoined from further infringement by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Bel Fuse prays for judgment and relief as follows:

A.      A judgment that Halo has infringed and continues to infringe claims of the '910 patent;

B.      An order, pursuant to 35 U.S.C. § 283, permanently enjoining and restraining Halo and its officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with each of the foregoing, from infringing – and from contributing to and/or inducing the infringement of – any claims of the '910 patent;

C.      An order, pursuant to 35 U.S.C. § 284, that Halo account to Bel Fuse for an amount adequate to compensate Bel Fuse for damages sustained from Halo's infringing acts, which amount is to be determined, and that said amount be trebled pursuant to 35 U.S.C. § 284;

D.      An order, pursuant to 35 U.S.C. § 285, that Halo pay Bel Fuse its reasonable attorneys' fees in connection with this action;

E.      A judgment that costs of this action be awarded to Bel Fuse;

F.      An order that Halo pay Bel Fuse prejudgment and post-judgment interest at the highest statutory rate on Bel Fuse's damages, costs and attorneys' fees; and

G.      An order awarding Bel Fuse such other and further relief as may be deemed by this Court to be just and proper.

## JURY DEMAND

Bel Fuse hereby demands trial by jury on all issues so triable.

WOLF BLOCK SCHORR AND
SOLIS-COHEN, LLP

By:

Gary L. Koenigsberg
101 Eisenhower Parkway
Roseland, NJ  07068

Joshua L. Raskin
250 Park Avenue
New York, NY 10017

Attorneys for Plaintiff
Bel Fuse, Inc.

Dated: May 8, 2007

Gary L. Koenigsberg
**WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP**
A Pennsylvania Limited Liability Partnership
101 Eisenhower Parkway
Roseland, NJ  07068
(973) 228-5700
Attorneys for Plaintiff,
Bel Fuse, Inc.

Joshua L. Raskin
**WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP**
A Pennsylvania Limited Liability Partnership
250 Park Avenue
New York, NY 10017
(212) 986-1116
Attorneys for Plaintiff,
Bel Fuse, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BEL FUSE, INC. | : | CIVIL ACTION NO. |
| Plaintiff, | : | 2:07-cv-02168-HAA-ES |
| v. | : | **FIRST AMENDED COMPLAINT** |
| HALO ELECTRONICS, INC. | : | |
| Defendant. | : | |

Plaintiff, Bel Fuse, Inc., by and through its undersigned counsel, for its First Amended

Complaint against defendant, Halo Electronics Inc., alleges the following upon information and

belief, except as to those allegations concerning Bel Fuse, Inc., which are alleged upon

knowledge.

## THE PARTIES

1.    Plaintiff Bel Fuse, Inc. ("plaintiff" or "Bel Fuse") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 206 Van Vorst Street, Jersey City, New Jersey.

2.    Defendant Halo Electronics, Inc. ("defendant" or "Halo") is a corporation organized and existing under the laws of the state of Nevada with its principal place of business at 1861 Landings Drive, Mountain View, California.

## JURISDICTION AND VENUE

3.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*.  This Court has jurisdiction over the subject matter of the claim asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338.

4.    This Court has personal jurisdiction over Halo because Halo is doing business within this State and judicial district, transacts business within this State and judicial district, has sold and is selling allegedly infringing products into this State and judicial district, derives substantial revenue from intra-state commerce and is otherwise within the jurisdiction of this Court.

5.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district, Halo may be found in this judicial district, and Halo is subject to personal jurisdiction in this judicial district.  Venue is also proper in this judicial district under 28 U.S.C. § 1400(b).

## COUNT I
### (Patent Infringement)

6.    Bel Fuse restates and realleges the preceding paragraphs of this Complaint.

7.      This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*, including 35 U.S.C. § 271, and is for willful patent infringement.

8.      On April 7, 1998, U.S. Patent No. 5,736,910 ("the '910 patent") entitled, "Modular Jack Connector With A Flexible Laminate Capacitor Mounted On A Circuit Board," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '910 patent is attached hereto as Exhibit A.

9.      Bel Fuse is the assignee of all rights, title, and interest in and to the '910 patent and possesses all rights of recovery under the '910 patent.

10.     Halo has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '910 patent by, directly and/or through intermediaries, making, using, selling, offering for sale and/or importing products in the United States and this judicial district that are covered by one or more claims of the '910 patent, including but not limited to, Halo's FastJacks Integrated RJ-45 Connectors.

11.     As a direct and proximate result of Halo's acts of infringement, Bel Fuse has suffered damages and is entitled to recover an amount adequate to compensate for the infringement under 35 U.S.C. § 284, which amount is to be determined at trial.

12.     Halo has had, at all relevant times, actual and constructive notice that its conduct infringed on the claims of the '910 patent but nevertheless continued its infringing conduct. Halo's infringement has been, and continues to be, willful and, therefore, Bel Fuse is entitled to treble damages under 35 U.S.C. § 284.

13.     This is an exceptional case under 35 U.S.C. § 285 which entitles Bel Fuse to an award of reasonable attorneys' fees.

14.    Halo will continue infringing the '910 patent unless enjoined from further infringement by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Bel Fuse prays for judgment and relief as follows:

A.    A judgment that Halo has infringed and continues to infringe claims of the '910 patent;

B.    An order, pursuant to 35 U.S.C. § 283, permanently enjoining and restraining Halo and its officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with each of the foregoing, from infringing, and from contributing to and/or inducing the infringement of, any claims of the '910 patent;

C.    An order, pursuant to 35 U.S.C. § 284, that Halo account to Bel Fuse for an amount adequate to compensate Bel Fuse for damages sustained from Halo's infringing acts, which amount is to be determined, and that said amount be trebled pursuant to 35 U.S.C. § 284;

D.    An order, pursuant to 35 U.S.C. § 285, that Halo pay Bel Fuse its reasonable attorneys' fees in connection with this action;

E.    A judgment that costs of this action be awarded to Bel Fuse;

F.    An order that Halo pay Bel Fuse prejudgment and post-judgment interest at the highest statutory rate on Bel Fuse's damages, costs and attorneys' fees; and

G.    An order awarding Bel Fuse such other and further relief as may be deemed by this Court to be just and proper.

## JURY DEMAND

Bel Fuse hereby demands trial by jury on all issues so triable.


WOLF BLOCK SCHORR AND
SOLIS-COHEN, LLP



By: ___ */s/ Gary Koenigsberg, Esq.* _____

Gary L. Koenigsberg
101 Eisenhower Parkway
Roseland, NJ  07068

Joshua L. Raskin (JR4613)
250 Park Avenue
New York, NY 10017

Attorneys for Plaintiff
Bel Fuse, Inc.

Dated: June 5, 2007

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

HALO ELECTRONICS, INC.,                )
                                                       )          2:07–CV–00331-PMP-PAL
              Plaintiff,                        )
                                                       )          **ORDER**
       vs.                                       )
                                                       )
BEL FUSE, INC., PULSE                  )
ENGINEERING, INC., and            )
TECHNITROL, INC.,                      )
                                                       )
              Defendants.                    )
_____)

       Before the Court for consideration is Defendant Bel Fuse, Inc.'s Motion to
Dismiss Halo Electronics' First Amended Complaint for Lack of Personal Jurisdiction
(Doc. #54), filed August 13, 2007.  On November 30, 2007, the Court conducted a
hearing regarding Bel Fuse's fully briefed motion.

       Plaintiff Halo's first amended complaint asserts a claim for patent infringement
against Defendant Bel Fuse and Co-defendants' Pulse Engineering and Technitrol.
Bel Fuse contends that notwithstanding the opportunity to conduct jurisdictional
discovery, Halo's amended complaint fails to allege facts sufficient to support personal
jurisdiction over Bel Fuse in the State of Nevada.  Halo responds that Bel Fuse
maintains continuous and systematic contacts with Nevada which make it subject to
general personal jurisdiction in this Court.  Halo further argues that this Court has
specific jurisdiction over Bel Fuse because Bel Fuse has purposefully directed its

activities at Nevada customers, Halo's infringement claim relates to Bel Fuse's Nevada activities, and the exercise of jurisdiction over Bel Fuse is reasonable and fair considering all of Bel Fuse contacts with Nevada.

In assessing Bel Fuse's motion to dismiss for lack of personal jurisdiction, this Court applies the legal standard articulated in <u>Huffy Corp. v. Overlord Indus</u>., 246 F. Supp. 2d 1093, 1095-1096 (D. Nev. 2003). Under the foregoing standard, the Court finds that Halo has failed to meet its burden of demonstrating that general personal jurisdiction exist over Bel Fuse in Nevada or that Halo's infringement claim arises out of or relates to Bel Fuse's activities in Nevada so as to confer specific personal jurisdiction.

IT IS THEREFORE ORDERED that Defendant Bel Fuse, Inc.'s Motion to Dismiss Halo Electronics' First Amended Complaint for Lack of Personal Jurisdiction (Doc. #54) is GRANTED, and that Plaintiff's first amended complaint against Defendant Bel Fuse, Inc., is hereby DISMISSED.

DATED: December 5, 2007.

_____
PHILIP M. PRO
United States District Judge

Page 2 of 2

Gary L. Koenigsberg
**WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP**
A Pennsylvania Limited Liability Partnership
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
Attorneys for Plaintiff,
Bel Fuse, Inc.

Joshua L. Raskin
**WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP**
A Pennsylvania Limited Liability Partnership
250 Park Avenue
New York, NY 10017
(212) 986-1116
Attorneys for Plaintiff,
Bel Fuse, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BEL FUSE, INC. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 2:07-cv-02168-HAA-ES |
| v. | : | |
| | : | **BRIEF IN SUPPORT OF BEL** |
| HALO ELECTRONICS, INC. | : | **FUSE'S MOTION FOR LEAVE TO** |
| | : | **FILE SECOND AMENDED** |
| Defendant. | : | **COMPLAINT** |
| | : | |
| | : | |
| | : | |

# TABLE OF CONTENTS

Page

STATEMENT OF FACTS ..................................................................................................................3

ARGUMENT .......................................................................................................................................6

CONCLUSION ....................................................................................................................................8

## STATEMENT OF FACTS

Plaintiff Bel Fuse, Inc. ("Bel Fuse") filed its Complaint against Defendant Halo Electronics, Inc. ("Halo") in this action on May 8, 2007 ("the New Jersey Action") alleging infringement by Halo of Bel Fuse's U.S. Patent No. 5,736,910. Bel Fuse filed a First Amended Complaint on June 5, 2007 and, on July 27, 2007, Halo filed its Answer to Bel Fuse's First Amended Complaint. The Court has not yet scheduled a Rule 16 conference and the parties have not yet commenced discovery.

Concurrently with the foregoing, an unrelated patent infringement action was pending in the U.S. District Court for the District of Nevada between the same parties concerning different patents ("the Nevada Action"). That action was commenced on March 15, 2007, when Halo filed a Complaint for patent infringement against Bel Fuse and two unrelated parties. On July 27, 2007, Halo filed a First Amended Complaint in the Nevada Action.

On August 13, 2007, Bel Fuse filed a motion to dismiss Halo's First Amended Complaint in the Nevada Action for lack of personal jurisdiction and, on November 30, 2007, the Court in the Nevada Action conducted a hearing on Bel Fuse's motion. During that hearing, the Court intimated that the Nevada Action should be consolidated with the New Jersey Action and counsel for Halo admitted that "no legal barriers" preclude the consolidation of the cases.[1]

On December 7, 2007, the Court in the Nevada action entered an Order dismissing Halo's First Amended Complaint as against Bel Fuse. Exh. 1 to the Declaration of Joshua L. Raskin ("Raskin Decl."). On that same day, in an email dated December 7, 2007, counsel for Bel Fuse informed counsel for Halo that Bel Fuse intended to bring a motion for leave to amend its Complaint in the New Jersey Action to include claims for declaratory judgment that Bel Fuse

---

[1]  Bel Fuse is still in the process of obtaining a transcript of the Nevada Court's November 30, 2007 hearing. Bel Fuse will supplement its submission with relevant portions of the transcript after it is obtained.

does not infringe the patents asserted in the dismissed Nevada Action. Exh. 2 to the Raskin Decl. In that email, counsel for Bel Fuse asked counsel for Halo if Halo would oppose the motion. To date, Bel Fuse has not received a response from Halo to the December 7, 2007 email.

As discussed further below, in light of the liberal standards for granting leave to amend and the fact that Halo will not be prejudiced by such leave to amend, and because there has been no undue delay, bad faith or dilatory motive in moving for leave to amend, it is respectfully submitted that the Court should grant Bel Fuse's motion for leave to amend.

## ARGUMENT

According to Rule 15(a), after the time to amend as of right has passed, a party may amend by leave of the Court and such leave "shall be freely given when justice so requires." F.R.C.P. 15(a). The rules regarding the amendment of pleadings should be construed liberally, *C.I.R. v. Finley*, 265 F.2d 885 (1959), and, unless there is some justification for refusal, such as estoppel or prejudice, amendments are generally permitted. *Hess v. Gray*, 85 F.R.D. 15, 20 (1979); *Gambelli v. U.S.*, 904 F. Supp. 494, 497 (1995) (motions to amend are to be granted in absence of declared reasons such as undue delay, bad faith, dilatory motive or futility of amendment).

Denying leave to amend may be appropriate when the opposing party will be prejudiced by the amendment. *Dunham v. Innerst*, 50 F.R.D. 372, 373 (1970). However, if the opposing party receives proper notice and is not prejudiced, then the liberal construction of F.R.C.P. 15(a) should permit amendment of the pleadings. *See id.*

In the present case, there is no justification for refusing Bel Fuse's motion for leave to amend its Complaint to include causes of action relating to the patents asserted against Bel Fuse in the dismissed Nevada Action. Since discovery has not yet commenced in this case (indeed, the Court has not yet scheduled a Rule 16 conference), and since Halo brought the Nevada

Action against Bel Fuse so that any information pertaining to the causes of action Bel Fuse seeks to add to the present action is fully within Halo's possession, Halo cannot be prejudiced by the proposed amendment.

In addition, Bel Fuse has neither unduly delayed in seeking leave to amend its Complaint nor does Bel Fuse seek leave with a dilatory motive. The Nevada Action was dismissed as to Bel Fuse only three days ago and, on the same day that the action was dismissed, Bel Fuse's counsel emailed Halo's counsel indicating Bel Fuse's intention to seek leave to amend and asking for Halo's consent. Nor does Bel Fuse seek leave to amend in bad faith. Now that the Nevada Action has been dismissed as against Bel Fuse, Bel Fuse wishes to remove the cloud hovering over its head caused by Halo's allegations of patent infringement that were included in the Nevada Action. Justice requires that Bel Fuse be permitted to seek declaratory judgments on the patents that were at issue in the Nevada Action and the most logical venue to do that is here, where a patent infringement action in its nascent stages is already pending between the same two parties

## **CONCLUSION**

For the reasons stated above, Plaintiff's motion for leave to amend the Complaint should be granted.

WOLF BLOCK SCHORR AND
SOLIS-COHEN, LLP

By: _____
Joshua L. Raskin (JR4613)
250 Park Avenue
New York, NY 10017

Attorneys for Plaintiff
Bel Fuse, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BEL FUSE, INC.

v.

HALO ELECTRONICS, INC.

07-cv-02168-HAA-ES

## HALO'S COMBINED BRIEF IN SUPPORT OF ITS CROSS-MOTION TO STAY & IN OPPOSITION TO BEL FUSE'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Lanny S. Kurzweil
Irene M. Hurtado
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Attorneys for Defendant
HALO ELECTRONICS, INC.


Of Counsel:

Michael J. Kane
William R. Woodford
Sarah J. Bray
Fish & Richardson P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................... 1

BACKGROUND .................................................... 2

ARGUMENT ...................................................... 5

     A.    Under the "First-Filed Rule," the Claims
         Concerning Halo's Patents Were First Filed
         in the California court. .......................... 5

     B.    The "First-Filed" Issue  is Already Before
         the California Court, and Thus a Stay
         Should Be Issued Here to Allow the
         California Court to Decide the Matter. .............. 9

     C.    In the Alternative, Bel Fuse's Motion for
         Leave to File a Second Amended Complaint
         Should be Denied on the Grounds of
         Futility. ......................................... 11

CONCLUSION .................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc.,*
20 F.Supp.2d 948 (E.D. Va. 1998) ........................ 9

*Alltrade, Inc. v. Uniweld Products, Inc.,*
946 F.2d 622 (9th Cir. 1991) ............................ 6

*Cardiovascular Imaging Systems v. Boston Scientific Corp.,*
1994 U.S.Dist. LEXIS 6722 (N.D. Cal. Apr. 26, 1994) ..... 7

*Church of Scientology of California v. United States Department of the Army,*
611 F.2d 738 (9th Cir. 1979) ............................ 5

*Crosley Corp. v. Hazeltine Corp.,*
122 F.2d 925 (3d Cir. 1941) ............................. 5

*Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County,*
542 F.Supp. 1317 (S.D.N.Y. 1982) ........................ 9

*EEOC v. University of Pennsylvania,*
850 F.2d 969 (3d Cir. 1988) .............. 5, 6, 9, 10, 12

*Exxon Chemical Patents, Inc. v. Lubrizol Corp.,*
935 F.2d 1263 (Fed. Cir. 1991) ......................... 10

*Genentech, Inc. v. Eli Lilly & Co.,*
998 F.2d 931 (Fed. Cir. 1993) ......................... 5, 9

*Grayson v. Mayview State Hospital,*
293 F.3d 103 (3d Cir. 2002) ............................ 11

*Hooker Chemicals & Plastics Corp. v. Diamond Shamrock Corp.,*
87 F.R.D. 398 (W.D.N.Y. 1980) ........................... 7

*Illinois Tool Works, Inc. v. Foster Grant Co., Inc.,*
395 F.Supp. 234 (N.D.Ill. 1974) ......................... 7

*Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.,*
342 U.S. 180 (1952) ..................................... 9

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Mann Design Ltd. v. Bounce, Inc.*,
  138 F.Supp.2d 1174 (D. Minn. 2001)................... 7, 8

*Nature's Benefit, Inc. v. NFI*,
  2007 WL 2462625 (D.N.J. Aug. 27, 2007)................ 10

*Ontel Prod. Inc. v. Project Strategies Corp.*,
  899 F.Supp. 1144 (S.D.N.Y. 1995)...................... 9

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) ...................... 5, 6, 9

*Professional Cleaning and Innovative Bldg. Services,
  Inc. v. Kennedy Funding, Inc.*,
  2007 WL 2249064 (3d Cir. 2007)....................... 11

*Southampton Sports Zone, Inc. v. ProBatter Sports,
  LLC*,
  2003 WL 22358439 (E.D.Pa. Sept. 10, 2003).......... 11, 12

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995).................................. 5

### FEDERAL RULES

Fed. R. Civ. P. 15 ...................................... 7

## INTRODUCTION

The patent infringement claims concerning Halo's six patents that Bel Fuse seeks to bring into this litigation through its proposed second amended complaint were previously asserted by Halo in an action filed against Bel Fuse and three other defendants in the Northern District of California. As Bel Fuse admits in its brief, the claims concerning Halo's patents are "unrelated" to claims that are presently before the Court. Thus, there can be no real dispute that Halo's California action is the first-filed and that the patent infringement claims relating to Halo's patents should proceed in California. Granting Bel Fuse's motion would not only give rise to unnecessary, duplicative litigation between the parties, but it will also force this Court to duplicate the efforts of the California court, which will need to resolve the issues surrounding Halo's six patents with respect to the other three defendants in that action.

Because the claims relating to Halo's six patents were first filed in the Northern District of California, the California court has primary jurisdiction over these claims and, in accordance with well-settled case law, should decide where Halo's patent infringement claims should be litigated. The issue is now before the California court, and therefore, Halo respectfully moves this Court to stay its decision regarding Bel

Fuse's Motion to Amend to allow the California court to decide where Halo's patent infringement claims should proceed.  Should, however, the Court be inclined to rule on Bel Fuse's motion, Halo respectfully requests that it be denied on the grounds of futility, as the new claims would be immediately subject to dismissal if they are asserted in this case.  Ultimately, the interests of efficiency, comity, and avoidance of inconsistent verdicts will be best served by leaving Halo's infringement claims where they were first filed—the Northern District of California.

## BACKGROUND

On March 15, 2007, Halo filed suit against Bel Fuse, Pulse Engineering, Inc., and Technitrol, Inc. in the District of Nevada ("the Nevada Action").  (Ex. A.)[1]  Halo sought relief for the willful infringement of six patents relating to surface-mount packages for electronic devices ("the Halo patents").[2]

Two months after Halo filed its Nevada Complaint, Bel Fuse moved to dismiss the action for lack of personal jurisdiction.[3] At the same time, Bel Fuse filed an action before this Court alleging that Halo infringed a Bel Fuse patent concerning

---

[1]  All exhibits referred to herein are attached to the declaration of Irene Hurtado.

[2]  The six patents at issue in the Nevada action were United States Patents Nos. 5,656,985; 6,297,720; 6,297,721; 6,320,489; 6,344,785; and 6,662,431.

2

modular jack connectors.[4]   (Docket No. 1.)   As Bel Fuse admits in
its brief, the claims currently pending before this Court are
"unrelated" to Halo's patent infringement claims.   (Bel Fuse Br.
at 3.)   Notably, Bel Fuse's original complaint did not include
any claims relating to the Halo patents.   A month later, Bel
Fuse amended its Complaint here, but again did not include any
claims relating to the six Halo patents asserted in the Nevada
action.   (Docket No. 7.)

On November 30, 2007, the Nevada court held a hearing on
Bel Fuse's motion to dismiss for lack of personal jurisdiction.
At the hearing, the Nevada court indicated that it would issue
an order on the motion the following week.   Consistent with this
guidance, on December 7, 2007, the Nevada court concluded that
it did not have personal jurisdiction over Bel Fuse and granted
the motion.   (Ex. B.)   Later that same day, Halo re-filed its
claims against Bel Fuse for infringement of the six Halo patents
in the Northern District of California ("the California
Action").   (Ex. C.)   The California complaint also included
patent infringement claims concerning these same patents against
three other companies that have no relation to Bel Fuse—Elec &

---

[3]   Bel Fuse's motion to dismiss for lack of personal jurisdiction
was re-filed in August 2007 after Halo amended its initial
complaint.
[4]   The patent at issue in this action is United States Patent No.
5,736,910.

3

Eltek (USA) Corporation, Wurth Electronics Midcom, Inc., and XFMRS, Inc. (*Id.*)

On December 10, 2007, after Halo had already filed infringement claims on its patents in the Northern District of California, Bel Fuse filed a motion for leave to amend its complaint for a second time to introduce declaratory judgment claims on the Halo patents—claims that are compulsory counterclaims in the California Action. (Docket No. 17.) In its filing, Bel Fuse concedes that the new claims concerning Halo's patents and the claims it had previously filed on its own patent are "unrelated," but nevertheless seeks to mix them into the litigation before this Court. (Bel Fuse Br. at 3.)

On December 31, 2007, Bel Fuse moved to dismiss or transfer Halo's patent infringement claims pending in the Northern District of California, arguing that the claims before the California court should be consolidated with the litigation before this Court. (Ex. D.) As a result of Bel Fuse's motion, the issue of where the litigation on Halo's patents should proceed is now before the California court. Concurrent with this filing, Halo is filing a motion in the California court to declare the Northern District of California the court of first-filing and to enjoin Bel Fuse from engaging in duplicative proceedings before the District of New Jersey.

**ARGUMENT**

**A.    Under the "First-Filed Rule," the Claims Concerning Halo's Patents Were First Filed in the California court.**

The Federal Circuit has recognized the "first-filed rule," holding that "the forum of the first-filed case is favored." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (*abrogated on other grounds in Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).  The circuits in which the New Jersey and California Actions are pending likewise recognize the rule.  The Third Circuit adopted the "first-filed" rule over sixty years ago.  *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941).  According to the Third Circuit, "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988).  The Ninth Circuit has also recognized the rule, holding that it "should not be disregarded lightly." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (quoting *Church of Scientology of California v. United States Dept. of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)).

The rule's primary purpose is to avoid burdening the federal judicial system with excessive litigation and to prevent inconsistent or conflicting judgments. *EEOC*, 850 F.2d at 971, 977.  The rule also serves to promote comity among federal

5

courts and to promote efficiency. *Id.* at 971; *Pacesetter Systems*, 678 F.2d at 95.

The determination of which action is first-filed here is very straightforward and is simply a matter of timing. The Court can determine which action is "first filed" by simply examining the filing dates of the two complaints. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (comparing filing dates of complaints and noting that a prerequisite for applying the first-filing rule is chronological order of the filings). Here, Halo filed its complaint in the Northern District of California on December 7, 2007 asserting the infringement of the six Halo patents. Because Bel Fuse did not seek leave from the New Jersey court to file an amended complaint until December 10, 2007, Halo's claims regarding the Halo patents were first in time and thus are considered first-filed.

The existence of Bel Fuse's unrelated infringement claims relating to its own patent does not change the result of the first-filed rule here. An amended complaint may only relate back to the original complaint if the added claim or defense "arose out of the conduct, transaction, or occurrence" set forth in the original complaint. Fed. R. Civ. P. 15(c); R.C.F.C. 15(c). Courts have uniformly interpreted this rule to require that the pleadings share a common core of operative facts.

6

*E.g.*, *Mann Design Ltd. v. Bounce, Inc.*, 138 F.Supp.2d 1174, 1179
(D. Minn. 2001) (even though the patent at issue in the second-
filed claim was a continuation of the patent in the first-filed
claim, the claim did not relate back because the court lacked
sufficient information to determine "whether the claims added by
amendment and the original claim . . . involve a common core of
operative facts, or whether the same underlying evidence offered
in support of the original claim will prove the new claim.");
*Cardiovascular Imaging Systems v. Boston Scientific Corp.*, 1994
U.S. Dist. LEXIS 6722, *6-7 (N.D. Cal. Apr. 26, 1994) (new
claims regarding unrelated patents do not relate back to the
date of filing of the original complaint because they do not
"arise out of the [same] conduct, transaction, or occurrence" as
required for relation back under Federal Rule of Civil
Procedure15(c)); *Hooker Chems. & Plastics Corp. v. Diamond
Shamrock Corp.*, 87 F.R.D. 398, 403 (W.D.N.Y. 1980) (patent at
issue in second filing must be "part and parcel" of patent in
first in order to relate back); *Illinois Tool Works, Inc. v.
Foster Grant Co., Inc.*, 395 F.Supp. 234, 250-251 (N.D.Ill. 1974)
("An alleged infringement of one patent is not the 'same
conduct, transaction or occurrence' as the alleged infringement
of another patent.").

Here, Bel Fuse admits that the original claims in New
Jersey concerning the Bel Fuse patent and the claims concerning

7

the six Halo patents are unrelated.  In its filing with the New Jersey court seeking leave to file an amended complaint, Bel Fuse characterized the Nevada action as "an unrelated infringement action . . . between the same parties concerning different patents . . . ."  (Docket No. 18 at 3.)  Indeed, the patents relate to different types of products and technology, and the evidence offered to support the claims concerning Bel Fuse's patents will be very different from the evidence offered to support claims relating to Halo's patents.  *See Mann Design Ltd.*, 138 F.Supp.2d at 1179 (considering whether a party would rely on the same kind of evidence offered in support of the original claim to prove a new claim when deciding whether the claims were related).

In sum, because Bel Fuse's motion for leave to file declaratory judgment claims regarding the six Halo patents was filed after the California Action was initiated and the claims are unrelated to the Bel Fuse patent claim presently before the New Jersey court, the California Court is the court of first-filing for these claims.  These circumstances call for application of the rule that the court that first has possession of the subject matter should adjudicate the claims.  *E.g.* *Genentech, Inc.*, 998 F.2d at 937; *EEOC*, 850 F.2d at 971; *Pacesetter*, 678 F.2d at 95.

8

**B.** **The "First-Filed" Issue is Already Before the California Court, and Thus a Stay Should Be Issued Here to Allow the California Court to Decide the Matter.**

Under prevailing case law, the first-filed court is the court of primary jurisdiction and therefore should decide how the cases will proceed. *Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc.*, 20 F.Supp.2d 948, 954 (E.D.Va. 1998); *accord Ontel Prod. Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150 n. 9 (S.D.N.Y. 1995) ("Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies."); *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County*, 542 F.Supp. 1317, 1321 (S.D.N.Y. 1982) ("the district court hearing the first-filed action should [be the court that] determine[s] whether special circumstances dictate that the first action be dismissed in favor of a later-filed action").

A stay of this Court's decision regarding Plaintiff's Motion to Amend until the California court decides how to approach the matter is an appropriate way to defer to that court's jurisdiction. *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952) (upholding decision to issue stay in second-filed action pending decision by court of first-filing); *Nature's Benefit, Inc. v. NFI*, 2007 WL 2462625, *3 (D.N.J. Aug. 27, 2007) ("[A] court may properly dismiss, stay or

transfer the second-filed action to avoid duplicative litigation under its 'inherent power.'").

If the California court wishes to retain jurisdiction over Halo's patent infringement claims, that court will have the power to enjoin Bel Fuse from litigating issues regarding the Halo patents in this forum. *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1271 (Fed. Cir. 1991) (Newman, J., concurring) (finding that district court's decision to issue an injunction against prosecution of second-filed suit "is in full accord with the policy disfavoring duplicative litigation . . . and generally favoring the first-filed suit") (internal citations omitted); *EEOC*, 850 F.2d at 971 ("The first-filed rule . . . gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court.").

Under this reasoning, Halo is filing a motion in the California Action requesting that the California court declare the California Action to be the first-filed action and enjoin Bel Fuse from proceeding in duplicative litigation in the District of New Jersey. Halo respectfully requests that this Court issue a stay to allow the California court to rule on that motion.

**C.    In the Alternative, Bel Fuse's Motion for Leave to File a Second Amended Complaint Should be Denied on the Grounds of Futility.**

A motion to amend should be denied when amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). An amendment is futile if the added claims would be clearly subject to dismissal. *Professional Cleaning and Innovative Bldg. Services, Inc. v. Kennedy Funding, Inc.*, 2007 WL 2249064, *3 (3d Cir. 2007). This is an appropriate remedy in situations involving the first-filed rule. *Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*, 2003 WL 22358439, *4 (E.D.Pa. Sept. 10, 2003) (finding the court may dispose of second-filed action by dismissing or transferring the second action). Because Halo will be able to demonstrate to the California court that Halo's patent infringement claims should proceed in the Northern District of California, even if Bel Fuse is permitted to file its Second Amended Complaint, those claims would immediately be subject to dismissal or transfer. Consequently, Bel Fuse's proposed amendment is futile.

The California court is the court of first filing, and thus the litigation of Halo's patent infringement claims should be allowed to proceed in that forum unless compelling circumstances exist to warrant departure from the first-filed rule. "Departures from the first-filed rule are 'rare' and the second action should proceed only in unusual or exceptional

circumstances." *Southampton Sports Zone*, 2003 WL 22358439, *4; *accord EEOC*, 850 F.2d at 976. Exceptions include bad faith, forum shopping, anticipatory suit, and further development of the second-filed case than of the first-filed case. *EEOC*, 850 F.2d at 976.

None of these exceptions apply here. There is no basis to find bad faith, given that Halo has merely filed claims that it has been attempting to litigate since March, and filed them immediately upon learning that the Nevada court dismissed the claims for lack of personal jurisdiction. There is also no evidence of forum shopping, since Halo has a place of business in the forum[5] and is not aware of any other jurisdictions where it could obtain personal jurisdiction over all four defendants in the California action. Similarly, the suit cannot be described as anticipating Bel Fuse's declaratory judgment claims since these claims were originally set forth by Halo, not Bel Fuse, in the earlier Nevada Action, and needed to be re-filed in a new forum after they were dismissed in the Nevada Action.

The first-filed rule's goals of promoting efficiency and avoiding inconsistent verdicts would be best served by allowing the litigation on Halo's six patents to proceed before the California court. Halo's patent infringement claims will

---

[5]  Halo's other place of business is its headquarters, which is located in Las Vegas, Nevada.

12

proceed in California against the three other defendants in any event. Hearing the claims in this Court would only cause an unnecessary duplication of the efforts in the California court. Accordingly, should the Court decide to rule on Bel Fuse's motion, Halo respectfully requests that it be denied.

## CONCLUSION

For the reasons stated above, Halo respectfully requests that the Court stay its decision regarding Bel Fuse's Motion for Leave to File a Second Amended Complaint pending a decision by the Northern District of California regarding Halo's Motion to Declare the Northern District of California the Court of First-Filing and to Enjoin Duplicative Proceedings in the District of New Jersey being filed concurrently with this response. In the alternative, Halo requests that the Court deny Bel Fuse's Motion on the grounds of futility in that the newly added claims would immediately be subject to dismissal or transfer.

Dated:    January 3, 2008          **MCCARTER & ENGLISH, LLP**
                                   Attorneys for Defendant
                                   HALO ELECTRONICS, INC.


                               By: s/ Lanny S. Kurzweil
                                   Lanny S. Kurzweil

13

Of Counsel:
Michael J. Kane
William R. Woodford
Sarah J. Bray
Fish & Richardson P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402

7026509_1.DOC

MEI 7026509v.1