Martin C. Fliesler (SBN 073768) mcf@fdml.com
Rex Hwang (SBN 221079) rhwang@fdml.com
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone:    (415) 362-3800
Facsimile:    (415) 362-2928

Joshue L. Raskin (Pro Hac Vice) jraskin@wolfblock.com
Kenneth G. Roberts (SBN 106945) kroberts@wolfblock.com
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
250 Park Avenue, 10th Floor
New York, NY 10177
Telephone:    (212) 986-1116
Facsimile:    (212) 986-0604

Attorneys for Defendants
Bel Fuse, Inc.

**UNITED STATE DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HALO ELECTRONICS, INC., a Nevada Corporation, | ) Action No. 07-6222 -RMW ) ) |
| Plaintiffs | ) **DEFENDANT BEL FUSE'S** |
| vs. | ) **RENOTICED MOTION AND** ) **MOTION TO DISMISS OR** |
| BEL FUSE, INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., and XFMRS, INC., | ) **TRANSFER; MEMORANDUM OF** ) **POINTS AND AUTHORITIES IN** ) **SUPPORT OF DEFENDANT BEL** ) **FUSE'S MOTION TO DISMISS OR** |
| Defendants | ) **TRANSFER** ) |
| | ) **Date:      February 15, 2008** ) **Time:          9:00 a.m.** ) **Location:  Courtroom 6, 4h Floor** |

Please take notice that, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure,

Civil L.R. 7-2, and 28 U.S.C. § 1404(a), Defendant Bel Fuse, Inc. ("Bel Fuse") moves to dismiss

the complaint in this action or, in the alternative, to transfer venue to the United States District

Fliesler Meyer LLP

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER   **Action No. 07-06222 RMW**                                    -1-

1  Court for the District of New Jersey to be consolidated with a previously pending action between

2  Bel Fuse and plaintiff Halo Electronics, Inc. ("Halo").

3     This motion will be and is based on the following memorandum of points and authorities,

4  the accompanying Declaration of Joshua L. Raskin, the exhibits thereto, and all papers and

5  proceedings herein.

6

7

8  Dated: January 10, 2007         Respectfully Submitted,

9

10               By:   /s/ Martin C. Fliesler
                   FLIESLER MEYER LLP
11                 Martin C. Fliesler (SBN 073768)
                   Rex Hwang (SBN 221079)
12                 650 California Street, 14th Floor
                   San Francisco, CA 94108
13                 Telephone:  (415) 362-3800
                   Facsimile:  (415) 362-2928
14
                   WOLF, BLOCK, SCHORR AND
15                  SOLIS-COHEN  LLP
                   Joshua L. Raskin (*Pro Hac Vice)*
16                 Kenneth G. Roberts (SBN 106945)
                   250 Park Avenue, 10th Floor
17                 New York, NY 10177
                   Telephone:  (212) 986-1116
18                 Facsimile:  (212) 986-0604

19                 Attorneys for Defendant
                   Bel Fuse, Inc.
20

21

22

23

24

25

26

27

28

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER - **Action No. 07-06222  RMW**     -2-

1

**Table of Contents**

2    Table of Contents .................................................................................................................. 3

3    Table of Authorities ............................................................................................................. 4

4    I.    Introduction ................................................................................................................ 5

5    II.    Facts .......................................................................................................................... 6
6
7    III.    Arguments and Authorities.......................................................................................... 9

8        A.    The New Jersey Action Was Filed Seven Months Before The Present Action........ 9

9        B.    Even If The Present Action Is Considered First-Filed, It Should Be Dismissed
              Or Transferred ................................................................................................. 10
10
11            1.    Anticipatory Suits Are Disfavored............................................................ 10

12            2.    Issues of Judicial Economy Weigh Heavily in Favor of Dismissal or
                    Transfer ................................................................................................ 12

13            3.    The Balance of Convenience Weighs Heavily in Favor of Dismissal or
                    Transfer ................................................................................................ 13
14
      IV.    Conclusion............................................................................................................... 15
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**liesler Meyer, LLP**

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER.  **Action No. 07-06222, RMW**          -3-

**Table of Authorities**

CASES

*A.J. Industries v. United States District Court*
    503 F.2d 384 (9th Cir. 1974) ........................................................................................ 9

*Alere Med., Inc. v. Health Hero Network, Inc.*
    2007 WL 4351019 (N.D. Cal. Dec. 12, 2007) ............................................................... 9

*Alltrade, Inc. v. Uniweld Products, Inc.*
    946 F.2d. 622 (9th Cir. 1991) .................................................................................... 7, 9

*Bel Fuse, Inc. v. Halo Electronics, Inc.*
    District of New Jersey Civil Action No. 2:07-cv-2168-HAA-ES
    (the "New Jersey Action") ........................................................................................... 2

*China Healthways Institute, Inc. v. Hsin Ten Enterprise USA, Inc.*
    67 U.S.P.Q.2d 1561, 2003 WL 21982477 (C.D. Cal. Mar. 12, 2003) ............................. 7

*Continental Grain Co. v. Barge F.B.L.*
    364 U.S. 19 (1960) ...................................................................................................... 10

*CoxCom, Inc. v. Hybrid Patents Inc.*
    2007 WL 2500982 (N.D. Cal Aug. 30, 2007) ........................................................ 10, 11

*Halo Electronics, Inc. v. Bel Fuse et al.*
    District of Nevada Civil Action No. 2:07-cv-331-PMP-PAL (the "Nevada Action") ......... 2

*Jarvis v. Marietta Corp.*
    1999 WL 638231 (N.D. Cal. Aug. 12, 1999) ............................................................... 11

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*
    342 U.S. 180 (1952) ...................................................................................................... 7

*Mediostream, Inc. v. Priddis Music, Inc.*
    2007 WL 2790688 (N.D. Cal. Sept. 24, 2007) ...................................................... 8, 9, 11

*Pacesetter Sys., Inc. v. Medtronic, Inc.*
    678 F.2d 93 (9th Cir. 1982) .......................................................................................... 7

*Pacific Coast Federation v. Gutierrez*
    2006 WL 194507 (N.D. Cal. Jan. 24, 2006) .......................................................... 10, 12

*Regents of University of California v. Eli Lilly & Co.*
    119 F.3d 1559 (Fed. Cir. 1997) .................................................................................... 9

*Wiley v. Trendwest Resorts, Inc.*
    2005 WL 1910934 (N.D. Cal. Aug. 10, 2005) ............................................................. 10

*Williams v. Bowman*
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) ....................................................................... 11

*Z-Line Designs, Inc. v. Bell'O Intern, LLC*
    218 F.R.D. 663 (N.D. Cal. 2003) .................................................................................. 8

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER    Action No. 07-06222 RMW                    -4-

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    <u>INTRODUCTION</u>

3      Halo – incorporated in Nevada, and with its headquarters and principal place of business

4   also in Nevada – wrongfully sued Bel Fuse in the District of Nevada notwithstanding the Court's

5   lack of personal jurisdiction over Bel Fuse in Nevada.  When that case was dismissed, consistent

6   with prior conversations among counsel, Bel Fuse emailed Halo that it intended to add these

7   claims to the existing action between the parties that had been pending in the District of New

8   Jersey for the prior seven months, since May 2007.  In response, Halo raced to this Court and filed

9   this anticipatory suit in an attempt to preempt and inconvenience Bel Fuse.

10      The claims in this patent infringement action are identical to the claims Halo had asserted

11  in *Halo Electronics, Inc. v. Bel Fuse et al.*, District of Nevada Civil Action No. 2:07-cv-331-PMP-

12  PAL (the "Nevada Action"), dismissed for lack of personal jurisdiction by Order of the Honorable

13  Philip M. Pro, entered December 7, 2007.  Before the Nevada action was dismissed, Judge Pro had

14  asked counsel whether these claims could be litigated in the patent infringement action between

15  the parties in the District of New Jersey, *Bel Fuse, Inc. v. Halo Electronics, Inc.*, District of New

16  Jersey Civil Action No. 2:07-cv-2168-HAA-ES (the "New Jersey Action").  Halo's counsel

17  admitted to Judge Pro that these claims could in fact be litigated in the New Jersey Action.

18      On the next business day after Judge Pro's dismissal of the Nevada action, Bel Fuse

19  promptly filed its proposed amended complaint and motion for leave to amend the New Jersey

20  Action to include the claims asserted in the Nevada action – unaware that Halo had already rushed

21  to file the same claims in this Court.

22      Because Halo knowingly commenced the present suit in a jurisdiction foreign to both

23  corporations in an intentional attempt to preempt the logical litigation of the claims in the pre-

24  existing New Jersey Action, and because the interests of justice, fairness and judicial economy

25  will be served by dismissal or transfer, the present action should be dismissed or, in the

26  alternative, transferred to the District of New Jersey so that it may be consolidated with the New

27  Jersey Action.

28

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER    Action No. 07-06222  RMW                        -5-

1

## II. FACTS

2   Halo is a corporation organized under the laws of Nevada with its principal place of

3 business and headquarters in Las Vegas, Nevada. *See* Declaration of Joshua L. Raskin In Support

4 of Defendant Bel Fuse's Motion to Dismiss or Transfer (hereinafter "Raskin Decl."), ¶ 2 (Exhibit

5 F). Bel Fuse is a corporation organized under the laws of New Jersey with its principal place of

6 business and headquarters in Jersey City, New Jersey. *See* Raskin Decl., ¶ 1 (Exhibit D).

7   On March 15, 2007, Halo filed the Nevada Action, alleging infringement of several

8 patents, each entitled "Electronic Surface Mount Package." *See* Raskin Decl., Exhibit A. Bel

9 Fuse responded with a motion to dismiss for lack of personal jurisdiction, which was granted by

10 Order entered December 7, 2007. *See* Raskin Decl., Exhibit B.

11   On May 8, 2007, Bel Fuse filed the New Jersey Action, alleging infringement of a patent

12 entitled "Modular Jack Connector with a Flexible Laminate Capacitor Mounted on a Circuit

13 Board." *See* Raskin Decl., Exhibit D. Issue was joined on July 27, 2007. Halo has not challenged

14 and cannot challenge the court's jurisdiction or the venue of the New Jersey Action.

15   On November 30, 2007, Judge Pro conducted a hearing on Bel Fuse's motion to dismiss

16 the Nevada Action. During that hearing, the Court questioned both counsel whether the claims in

17 the Nevada Action could be litigated in the New Jersey Action. The following colloquy occurred

18 between Judge Pro and Bel Fuse's counsel:

19

20    THE COURT: If you were to prevail, can Halo bring its claims that
it asserts here, the patent infringement, in the New Jersey action?

21    MR. RASKIN: Yes. They could bring it as a counterclaim.

22    THE COURT: They're actively in the New Jersey action currently?

23    MR. RASKIN: Yes, they've answered the complaint, and we're just

24    waiting to hear from the Court to set a Rule 16 conference in that
case.

25

26    THE COURT: But would it be in the form of a counterclaim, a
viable counterclaim?

27    MR. RASKIN: Yes, it could be in the form of -- It's the same

28    parties. They would counterclaim for patent infringement in that

**iesler Meyer, LLP**

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER    **Action No. 07-06222, RMW**                    -6-

1    case.  And in that case, no discovery has been taken, and the case
      hasn't begun yet.

2  See Raskin Decl., Exhibit C (Tr. at 14-15).

3
      Judge Pro subsequently had the following colloquy with Halo's counsel:

4
5         THE COURT:  All right.  All right.  I asked counsel for Bel Fuse
          about the New Jersey action.  Is he correct that in the event the
6         motion to dismiss in this forum were granted, is there any barrier to
          Halo bringing the claims that are now present in Nevada in the New
7         Jersey action as a counterclaim?  Is that an option?

8         MR. WOODFORD:  I don't think there's any legal barrier, meaning
          that's where their headquarters is.  We –
9
                                    * * *
10
11        THE COURT: Okay.

          MR. WOODFORD:   And just another word on the New Jersey
12        action. We filed this complaint here [Nevada] because our client's
13        headquarters is here.

14  *Id*. at 38-39.

15
      Even prior to the November hearing before Judge Pro, Bel Fuse had communicated to Halo
16
   that, if and when the Nevada Action was dismissed, the Nevada Action claims would be
17
   consolidated with the New Jersey Action.   For example, after the Complaint in the New Jersey
18
   Action was filed, Halo's counsel asked Bel Fuse's counsel whether Bel Fuse would agree to an
19
   extension of time for Halo to respond to the New Jersey Complaint.  *See* Raskin Decl., ¶ 10.  In
20
   response, counsel for Bel Fuse agreed to an extension of time under which the deadline for Halo to
21
   respond to the Complaint in the New Jersey Action would be the same as the deadline for Halo to
22
   oppose Bel Fuse's motion to dismiss in the Nevada Action, *i.e.*, July 27, 2007.  *See* Raskin Decl.
23
   ¶ 10, Exhibit H.  Bel Fuse's counsel told Halo's counsel that the reason for linking the two
24
   deadlines together was so that, if Halo decided not to oppose the motion to dismiss the Nevada
25
   Action after taking its jurisdictional discovery, Halo could agree to dismiss the Nevada Action,
26
   and the parties could include those claims in the New Jersey Action.  *Id*; *see also* Raskin Decl.,
27
   Exhibit I.

28

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER  **Action No. 07-06222  RMW**                    -7-

1        On December 7, 2007, consistent with the colloquy with Judge Pro, immediately upon

2   receipt of Judge Pro's Order dismissing the Nevada Action, Bel Fuse's counsel emailed Halo's

3   counsel that Bel Fuse intended to amend its complaint in the New Jersey Action to include claims

4   for declaratory judgment that Bel Fuse does not infringe the patents asserted in the dismissed

5   Nevada Action.  *See* Raskin Decl., Exhibit  K.  The December 7 email stated:

6

7            As you may already be aware, Judge Pro has entered an Order today
             dismissing Halo's First Amended Complaint against Bel Fuse for
8            lack of personal jurisdiction.  A copy of the Order is attached.

9            Assuming Halo still considers Bel Fuse to be infringing Halo's
             patents asserted in the dismissed Nevada action, as intimated by
10           Judge Pro during the hearing on Bel Fuse's motion to dismiss, **any
             new action on those patents should be filed in New Jersey as
11           part of the patent infringement case pending there between the
             same parties**.  Accordingly, **Bel Fuse intends to bring a motion
12           for leave to amend its Complaint in the pending New Jersey
             action to include a claim for a declaratory judgment that Bel
13           Fuse does not infringe Halo's patents**.  Please let us know as soon
             as possible whether Halo will oppose Bel Fuse's motion.
14

15           Do not hesitate to call me if you wish to discuss.

16
 *Id.* (emphasis added).
17
         Halo's counsel did not give the courtesy of a response to the December 7 email.  Instead,
18
    unbeknownst to Bel Fuse, Halo secretly scrambled and raced to this Court to file the present action
19
    before Bel Fuse could file its motion to amend the New Jersey complaint.
20
         On the next business day, December 10, 2007, unaware that Halo had raced to file in this
21
    Court, and consistent with the colloquy with Judge Pro and the December 7 email, Bel Fuse filed
22
    its proposed amended complaint and its motion for leave to file the amended complaint in the New
23
    Jersey Action.  *See* Raskin Decl., Exhibits E and L.
24
         Bel Fuse's motion to amend in the New Jersey Action is scheduled to be submitted to the
25
    court on the papers without argument on January 14, 2008.
26
         Many of Bel Fuse's witnesses and documents relevant to the claims asserted in the
27
    complaint in the present action are located in New Jersey, and Halo's witnesses and documents
28

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER  **Action No. 07-06222  RMW**          -8-

1    presumably are outside of California, given that its headquarters are in Nevada. *See* Raskin Decl.,

2    ¶ 15  At least three non-party witnesses possessing relevant information concerning the claims

3    asserted in the present action reside within the 100-mile subpoena power of the New Jersey

4    District Court :  (1) a design engineer, Robert King, who has personal knowledge of the design

5    and application of the accused products; (2) a former Bel Fuse sales and marketing employee,

6    Arnold Sutta, who has personal knowledge of past sales and marketing of the accused products;

7    and (3) a former Bel Fuse quality control manager, Sandy Axelrad, who has personal knowledge

8    of the early development of the accused products. *See* Raskin Decl., ¶ 16.

9                              **III.  ARGUMENTS AND AUTHORITIES**

10           **A. The New Jersey Action Was Filed Seven Months Before The Present Action**

11           The New Jersey Action was filed on May 8, 2007.  The present action was filed seven

12    months later, on December 7, 2007.  Even though the Nevada Action had been filed prior to the

13    New Jersey Action, there was a period of time on December 7, 2007 – after the Nevada Action

14    was dismissed but before the present action was filed – that the New Jersey Action was the <u>only</u>

15    action pending between the parties.

16           Moreover, Bel Fuse's motion to amend the complaint in the New Jersey Action will likely

17    be granted because Fed. R. Civ. P. 15(a)(2) mandates that the court shall "freely give leave when

18    justice so requires."  If, as is likely, the amended complaint is allowed, then the New Jersey Action

19    will be the first-filed action to address the claims at issue in the case at bar -- which would present

20    an additional reason to dismiss or transfer the present action in favor of the New Jersey Action.[1]

21    Therefore, as between the present action and the New Jersey Action, the New Jersey Action

22    should be given precedence.

23    ///

24    ///

25    ///

26    

27    [1] If the motion to amend has not been decided by the time the present motion is ready to be heard
by this Court, this Court may want to postpone the present motion until the motion to amend is
decided in the New Jersey Action.

28    

**Fliesler Meyer, LLP**

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER   **Action No. 07-06222  RMW**                        -9-

**B. Even If The Present Action Is Considered First-Filed, It Should**

   **Be Dismissed Or Transferred**

Even if the Court considers the present action to be the "first-filed" action vis a vis the amended claims in the New Jersey Action, this action should not be given precedence in the circumstances herein. The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Addressing the first-to-file rule, in *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d. 622, 627-28 (9th Cir. 1991), the Court of Appeals explained: "We recognize that '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).

### i. Anticipatory Suits Are Disfavored

It is well established that anticipatory suits are disfavored and will not be given precedence, even if first-filed. *Alltrade*, 946 F.2d. at 628. In a case similar to the present action, *China Healthways Institute, Inc. v. Hsin Ten Enterprise USA, Inc.*, 67 U.S.P.Q.2d 1561, 2003 WL 21982477 (C.D. Cal. Mar. 12, 2003), the Court found that the Defendant's filing was an anticipatory suit was not only improper, but also sanctionable.

> An "improper anticipatory filing is one made under the apparent threat of a presumed adversary filing the mirror image of that suit in another court." An "apparent threat" is an "overt statement" by the other side that it intends to commence litigation. "To put a party on notice of a forthcoming lawsuit, a letter to a party must state the intention to file suit, a filing date, and/or a specific forum for the filing of the suit." Where an improper anticipatory filing has been launched by one party, the court should transfer the first-filed case to the forum of the second-filed case.

*Id.* at 1567 (internal citations omitted).

**Fliesler Meyer, LLP**

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER - Action No. 07-06222 RMW                    -10-

1      In the *China Healthways* case, like this one, the first-filed action was brought after an overt

2  statement by the other side that it intended to commence a litigation.  The Court therefore held that

3  "Defendant's purpose in filing its suit was to avoid the forum that it knew from Plaintiff's

4  correspondence that Plaintiff would select…. This purpose was improper, and … because

5  Defendant's purpose in filing suit was improper, this action by Defendant is a proper ground for

6  Rule 11 sanctions."  *Id.* at 1567.

7      Decisions in this District have also found that first-filed anticipatory suits should not be

8  given precedence.  *See, e.g.*, *Mediostream, Inc. v. Priddis Music, Inc.*, 2007 WL 2790688  at *2

9  (N.D. Cal. Sept. 24, 2007) ("District Courts can exercise their discretion and dispense with the

10  [first-to-file] rule for equitable reasons, which include bad faith, anticipatory suit, and forum

11  shopping"); *Z-Line Designs, Inc. v. Bell'O Intern, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003)

12  ("Circumstances under which the first to file rule will not be applied include bad faith, anticipatory

13  suit, and forum shopping").

14      The decision in *Z-Line* is particularly pertinent because there, as here, a Nevada

15  corporation brought suit in this District; and there, as here, the other party, a New Jersey

16  corporation, had signaled its intent to file in the District of New Jersey; and there, as here, the

17  California action was filed only two days prior to the New Jersey complaint.  The first-filed

18  California suit was dismissed in favor of the second-filed New Jersey action.  *Id*. at 667.

19      "Anticipatory suits are disfavored because they are aspects of forum-shopping."  *Alltrade*,

20  946 F.2d. at 628 (internal quotation and citation omitted).  Here, the present suit plainly constitutes

21  an anticipatory suit and forum shopping.  It was filed in direct response to Bel Fuse's expressed

22  intent to add these claims to the New Jersey Action.  Allowing the present action to be maintained

23  here would not only reward Halo for its sharp practice and secret filing, but would also penalize

24  Bel Fuse's counsel for its open communication with Halo's counsel in the hope of avoiding

25  unnecessary motion practice in the New Jersey Action.

26      Halo's race to the courthouse is precisely the type of anticipatory forum shopping that

27  courts seek to discourage.  So that Halo's sharp practice is not rewarded, this action should be

28  dismissed or transferred in favor of the New Jersey Action.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER   Action No. 07-06222  RMW                    -11-

1

**ii. Issues of Judicial Economy Weigh Heavily in Favor of Dismissal or**

2

**Transfer**

3       In addition, even if the Court considers the present action to be the "first-filed" action vis a

4   vis the amended claims in the New Jersey Action, issues of judicial economy and convenience

5   weigh in favor of dismissal or transfer. *Mediostream*, 2007 WL 2790688 at \*2.

6       The interest of justice, which includes judicial economy, is an extremely important

7   consideration on the present motion. *Alere Med., Inc. v. Health Hero Network, Inc.*, 2007 WL

8   4351019 (N.D. Cal. Dec. 12, 2007). "'Consideration of the interest of justice, which includes

9   judicial economy, may be determinative to a particular transfer motion, even if the convenience of

10  the parties and witnesses might call for a different result.'" *Id.* at \*1 (quoting *Regents of*

11  *University of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)).

12      In the case at bar, the interest of justice and considerations of judicial economy strongly

13  favor transfer because the Court in the New Jersey Action can govern all the discovery and hear

14  all the claims between Halo and Bel Fuse at the same time. The "feasibility of consolidation" in

15  New Jersey is a "significant factor in a transfer decision." *A.J. Industries v. United States District*

16  *Court*, 503 F.2d 384, 389 (9th Cir. 1974). Pertinent to the case at bar, the Court of Appeals noted

17  in *A.J. Industries* that "even the pendency of an action in another district is important because of

18  the positive effects it might have in possible consolidation of discovery and convenience to

19  witnesses and parties." *Id.*

20      As explained in *Continental Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26 (1960): "To

21  permit a situation in which two cases involving precisely the same issues are simultaneously

22  pending in different district courts leads to the wastefulness of time, energy and money that §

23  1404(a) was designed to prevent." Judges of this Court have often recognized this principle. *See,*

24  *e.g.*, *CoxCom, Inc. v. Hybrid Patents Inc.*, 2007 WL 2500982 at \*2 (N.D. Cal Aug. 30, 2007) (the

25  feasibility of consolidation in the transferee court "weighs heavily in favor of transfer and, given

26  the circumstances present herein, outweighs the deference due plaintiffs' choice of forum");

27  *Pacific Coast Federation v. Gutierrez*, 2006 WL 194507 at \*2 (N.D. Cal. Jan. 24, 2006) ("the

28  pendency of a similar action in the transferee court is a universally recognized reason for granting

1   a change of venue") (internal quotation and citation omitted); *Wiley v. Trendwest Resorts, Inc.*,

2   2005 WL 1910934 at \*3 (N.D. Cal. Aug. 10, 2005) ("the pendency of related actions in the

3   proposed transferee forum is a highly persuasive factor" in determining whether a transfer is in the

4   interest of justice).

5        If the Court does not dismiss or transfer this action, it is likely that similar claims will be

6   pending before the District Court of New Jersey.  Halo has not moved to transfer the New Jersey

7   Action and it is unlikely that the District Court of New Jersey will do so in the future.  If this case

8   is not dismissed or transferred, it is very likely that similar claims will be pending in two different

9   jurisdictions.  Dismissal or transfer of this action is the only manner in which to ensure that these

10  similar claims are not decided in two different forums.

11       Accordingly, in the interest of justice and judicial economy, this action should be

12  dismissed or transferred in favor of the New Jersey Action.

13       **iii.  The Balance of Convenience Weighs Heavily in Favor of**

14       **Dismissal or Transfer**

15       Any deference that might have flowed from Halo's filing of the complaint in this action

16  one business day before Bel Fuse filed its motion to amend in the New Jersey Action is eliminated

17  by the balance of convenience weighing heavily in favor of the New Jersey Action.  Courts

18  "refuse to apply the first-to-file rule if the balance of convenience weighs in favor of the later-filed

19  action." *Mediostream*, 2007 WL 2790688  at \*2.

20       First, both Halo and Bel Fuse are foreign corporations in California.[2]  Because Halo chose

21  a forum in which it is foreign, the Court should not give any weight to its choice of forum.

22  *CoxCom,* 2007 WL 2500982 at \* 2 (foreign plaintiff's choice of California "forum is … not

23  entitled to significant weight"); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal.

24  2001) ("degree to which courts defer to the plaintiff's chosen venue is substantially reduced where

25  the plaintiff does not reside in the venue" or where "there is any indication that the plaintiff's

26  choice of forum is the result of forum shopping").

27  [2] Halo and Bel Fuse both have offices in California.  However, neither is headquartered in

28  California nor organized under the laws of California.

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER  **Action No. 07-06222  RMW**                    -13-

1    Second, many of Bel Fuse's witnesses are located in New Jersey, and even Halo's

2  witnesses presumably are outside of California given that its headquarters are in Nevada. *See*

3  Raskin, Decl. ¶ 15. "One of the most important factors in determining whether to grant a motion

4  to transfer is the convenience of the witnesses." *Jarvis v. Marietta Corp.*, 1999 WL 638231 at *4

5  (N.D. Cal. Aug. 12, 1999). Courts look to ensure that "witnesses [will] not be required to engage

6  in duplicative litigation or travel to two different forums to attend court proceedings." *CoxCom*,

7  2007 WL 2500982 at * 2.

8    Further, the convenience and availability of non-party witnesses is a paramount factor. *Id*.

9  As noted by the *CoxCom* court: "It is the convenience of non-party witnesses ... that is the more

10  important factor and is accorded greater weight than the convenience of party witnesses." *Id*.

11  (internal quotation and citation omitted). Here, at least three non-party witnesses residing within

12  the 100-mile subpoena power of the New Jersey District Court have relevant information

13  concerning the accused products on which Halo sued in the Nevada Action and here: (1) a design

14  engineer, Robert King, who has personal knowledge of the design and application of the accused

15  products; (2) a sales and marketing employee for Bel Fuse, Arnold Sutta, who has personal

16  knowledge of past sales and marketing of the accused products; and (3) a former Bel Fuse quality

17  control manager, Sandy Axelrad, who has personal knowledge of the early development of the

18  accused products. The location of these non-party witnesses should be given great weight.

19    Third, courts consider the location of evidence in determining a forum's relative

20  convenience. *Pacific Coast Federation*, 2006 WL 194507 at *3 (considering "the ease of access

21  to sources of proof" as a factor in determining the balance of convenience). Here, many of Bel

22  Fuse's documents are located in its headquarters in New Jersey. *See* Raskin Decl., ¶ 15. Again,

23  even Halo's documents presumably are located outside of California in its headquarters in Nevada.

24    In short, the feasibility of consolidation in New Jersey, and the fact that the parties'

25  headquarters and many witnesses and documents are located outside of California, all weigh in

26  favor of this action being resolved in the District of New Jersey.

27

28

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER   **Action No. 07-06222  RMW**                      -14-

**IV.    CONCLUSION**

For all the foregoing reasons, this action should be dismissed or, in the alternative,

transferred to the District of New Jersey.


Dated:  January 10, 2007                    Respectfully Submitted,

FLIESLER MEYER LLP


By:___/s/ Martin C. Fliesler_____
Martin C. Fliesler (SBN 073768)
Rex Hwang (SBN 221079)
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone:    (415) 362-3800
Facsimile:    (415) 362-2928

Joshua L. Raskin (*Pro Hac Vice*)
Kenneth G. Roberts (SBN 106945)
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
250 Park Avenue, 10th Floor
New York, NY 10177
Telephone:    (212) 986-1116
Facsimile:    (212) 986-0604

Attorneys for Defendant Bel Fuse, Inc.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S RENOTICED MOTION AND
MOTION TO DISMISS OR TRANSFER; MEMORANDUM IN
SUPPORT OF DEFENDANT BEL FUSE'S MOTION TO DISMISS
OR TRANSFER   Action No. 07-06222  RMW                    -15-