Juanita Brooks (CSB No. 75934 / brooks@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Michael J. Kane (Admission *pro hac vice* pending / kane@fr.com)
William R. Woodford (Admission *pro hac vice* pending / woodford@fr.com)
FISH & RICHARDSON P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Limin Zheng (CSB No. 226875 / zheng@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
Halo Electronics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| HALO ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELEKTRONIK MIDCOM, INC., and XFMRS, INC., <br><br> Defendants. | Civil Case No. 07-6222 RMW <br><br> **HALO'S OPPOSITION TO DEFENDANT BEL FUSE'S MOTION TO DISMISS OR TRANSFER** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................ 1

II. BACKGROUND .............................................................................................................. 1

III. ARGUMENT .................................................................................................................... 3

    A. Bel Fuse's Motion to Dismiss Under Rule 12(b)(3) Is Entirely Unsupported. .......................................................................................................... 3

    B. Halo's Infringement Claims in this Court Are the First-Filed. ............................. 3

    C. Bel Fuse Presents No Legitimate Basis to Depart from the General Rule that this Action Should Proceed in the First-Filed Court. ........................... 5

    D. All Relevant Factors Weigh Heavily Against a Transfer or Dismissal. ................................................................................................................ 8

        1. The Interests of Justice, and Judicial Economy in Particular, Weigh Heavily Against Transfer. ............................................ 8

        2. Halo's Choice of Forum Weighs Against Transfer. ................................. 9

        3. The Convenience of Witnesses and Access to Evidence Weigh Against a Transfer to New Jersey. ................................................ 11

IV. CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

*Affinity Memory & Micro, Inc. v. K & Q Enter., Inc.*,
20 F.Supp.2d 948 (E.D. Va. 1998) ............................................................................... 6

*Alere Med., Inc. v. Health Hero Network, Inc.*,
2007 WL 4351019 (N.D. Cal. Dec.12, 2007) ............................................................. 9

*Alltrade, Inc. v. Uniweld Products, Inc.*,
946 F.2d 622 (9th Cir. 1991) .................................................................................. 4, 6

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
2006 WL 4568798 (C.D. Cal. 2006) ......................................................................... 11

*Cardiovascular Imaging Sys. v. Boston Scientific Corp.*,
1994 U.S.Dist. LEXIS 6722 (N.D. Cal. April 26, 1994) ........................................... 4

*China Healthways Inst., Inc. v. Hsin Ten Enter. USA, Inc.*,
67 U.S.P.Q.2d 1561 (C.D. Cal. Mar. 12, 2003) ........................................................ 7

*Cont. Grain Co. v. Barge F.B.L.*,
364 U.S. 19 (1960) ..................................................................................................... 9

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir. 1986) ..................................................................................... 8

*EEOC v. Univ. of Penn.*,
850 F.2d 969 (3d Cir. 1988) ...................................................................................... 4

*Flores v. Zale Delaware, Inc.*,
2007 WL 4662992 (N.D. Cal. Dec. 17, 2007) .......................................................... 10

*Genentech, Inc. v. Eli Lilly & Co.*,
998 F.2d 931 (Fed. Cir. 1993) ................................................................................ 4, 5

*Glaxosmithkline Consumer Healthcare, L.P. v. Merix Pharma. Corp.*,
2005 WL 1116318 (D.N.J. May 10, 2005) ............................................................... 11

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947) .................................................................................................. 10

*Kahn v. Gen. Motors Corp.*,
889 F.2d 1078 (Fed. Cir. 1989) ................................................................................ 11

*Koh v. Microtek International, Inc.*,
250 F.Supp.2d 627 (E.D. Va. 2003) ......................................................................... 10

*Lab. Corp. of Am. Holdings v. Chiron Corp.*,
384 F.3d 1326 (Fed. Cir. 2004) ................................................................................. 5

**TABLE OF AUTHORITIES (cont'd.)**

**Page(s)**

*Mann Design Ltd. v. Bounce, Inc.*,
138 F.Supp.2d 1174 (D. Minn. 1991) .................................................................................. 4, 5

*Mayer v. Development Corp. of Am.*,
396 F.Supp. 917 (D. Del. 1975) ............................................................................................. 10

*Mediostream, Inc. v. Priddis Music, Inc.*,
2007 WL 2790686 (N.D. Cal. Sept. 24, 2007) ....................................................................... 7

*Ontel Prods. Inc. v. Project Strategies Corp.*,
899 F.Supp. 1144 (S.D.N.Y. 1995) ......................................................................................... 6

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) ................................................................................................. 4, 5

*Prentice-Hall Corp. Sys., Inc. v. Ins. Co. of N. Am.*,
81 F.R.D. 477 (S.D.N.Y. 1979) ......................................................................................... 10, 11

*Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv., L.L.C.*,
2006 WL 3290416 (N.D. Cal. Nov. 13, 2006) ....................................................................... 10

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
119 F.3d 1559 (Fed. Cir. 1997) ............................................................................................... 8

*Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*,
2003 WL 22358439 (E.D. Pa. Sept. 10, 2003) .................................................................... 6, 9

*Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*,
2006 WL 1749399 (D. Del. June 21, 2006) ........................................................................... 4

*Thill v. Edward D. Jones & Co., L.P.*,
2006 WL 2669004 (N.D. Cal. 2006) ....................................................................................... 8

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) ................................................................................................................. 4

*Z-Line Designs, Inc. v. Bell'O International, LLC*,
218 F.R.D. 663 (N.D. Cal. 2003) ............................................................................................ 7

**FEDERAL STATUTES**

28 U.S.C. § 1391 ......................................................................................................................... 3

28 U.S.C. § 1400 ......................................................................................................................... 3

28 U.S.C. § 1404 ......................................................................................................................... 9

Fed. R. Civ. P. 15 ........................................................................................................................ 4

## I. INTRODUCTION

Halo's patent claims against Bel Fuse were first filed in this Court days before Bel Fuse moved to add anticipatory declaratory judgment claims on the Halo patents to an unrelated case in its home forum of New Jersey. Faced with the fact that Halo's claims in this Court are the first-filed and should proceed in this judicial district, Bel Fuse submits a baseless Rule 12 motion to dismiss Halo's claims—one that it does not even attempt to support in its brief—and then asks the Court to apply the "anticipatory suit" exception to the first-filed rule based on an email sent to Halo's counsel about an hour before this action was filed. But the "anticipatory suit" exception is designed to prevent defendants like Bel Fuse from filing declaratory judgment claims to prevent plaintiffs like Halo from filing their claim in their forum of choice, not the other way around. Moreover, Halo's patent claims had nothing to do with the email from Bel Fuse's counsel. The lone Halo attorney that received the email was not even in the office that day, and did not see the communication until well after Halo filed its complaint. Bel Fuse's assertion that Halo put together a complaint against four defendants and filed it within an hour of receiving an email is not only wrong, but irrational.

Bel Fuse's alternative request for a transfer is also baseless. None of the relevant transfer factors support moving Halo's patent claims, particularly when this Court will address many of the same issues in connection with the claims against the other three defendants in this case. A transfer would only create a duplication of effort. And because the claims in the New Jersey case are unrelated to Halo's patent claims, a transfer would generate no judicial or evidentiary efficiencies. Bel Fuse's motion should be denied in its entirety and Halo's infringement claims should proceed in this Court.

## II. BACKGROUND

On March 15, 2007, Halo filed an action for patent infringement against Bel Fuse and two other companies in the District of Nevada. (Woodford Decl. Ex. A.) In the Nevada case, Halo sought relief for the infringement of the same six patents at issue here, which all relate to surface-

mount packages for electronic devices.[1]

In May 2007, Bel Fuse moved to dismiss Halo's patent infringement claims in Nevada for lack of personal jurisdiction.[2] At the same time, Bel Fuse filed an unrelated patent infringement action in the District of New Jersey alleging that Halo infringed a patent allegedly owned by Bel Fuse relating to modular jack connectors.[3] (*Id.* Ex. B.) There is no dispute that Bel Fuse's New Jersey claims are unrelated to Halo's patent infringement claims, as explained below. Notably missing from Bel Fuse's New Jersey complaint were any claims relating to the Halo patents. A month later, Bel Fuse amended its New Jersey complaint, but again did not include any claims relating to the six Halo patents asserted in the Nevada action. (*Id.* Ex. C.)

On November 30, 2007, the Nevada court conducted a hearing on Bel Fuse's motion to dismiss for lack of personal jurisdiction. At the end of the hearing, the court indicated that it would issue an order on the motion the following week. On December 7, 2007, the Nevada court concluded that it did not have personal jurisdiction over Bel Fuse and granted the motion dismissing Bel Fuse from the case. (*Id.* Ex. D.) After receiving the dismissal order from the Nevada court, Halo promptly re-filed its claims against Bel Fuse in this Court for infringement of the Halo patents. Halo's complaint also asserted infringement claims on the same patents against three other companies: Elec & Eltek (USA) Corporation, Wurth Electronics Midcom, Inc., and XFMRS, Inc. (Docket No. 1) Halo selected this jurisdiction because its primary sales office is located here,[4] and it is the only known location where a court has personal jurisdiction over all four defendants.

On December 10, 2007, three days after Halo filed the present action, Bel Fuse submitted a motion in the New Jersey case seeking leave to amend its complaint for a second time to add declaratory judgment claims on the six Halo patents. (Woodford Decl. Ex. E.) In the New Jersey filing, Bel Fuse conceded that the new claims concerning Halo's patents and the claims it had previously filed on its own patent are "unrelated." (*Id.* at 3.)

---

[1] The six patents at issue in the Nevada action are United States Patents Nos. 5,656,985; 6,297,720; 6,297,721; 6,320,489; 6,344,785; and 6,662,431.
[2] Bel Fuse's motion to dismiss for lack of personal jurisdiction was re-filed in August 2007 after Bel Fuse amended its initial complaint.
[3] The patent at issue in the New Jersey action is United States Patent No. 5,736,910.

Halo has since opposed Bel Fuse's motion and moved for a stay in the New Jersey court so that this Court, the first-filed Court, will have the opportunity to determine where the claims concerning Halo's patents should proceed. Halo has also moved this Court to issue an order declaring this action the "first-filed" and to enjoin Bel Fuse from proceeding with the duplicative litigation in New Jersey.

## III.   ARGUMENT

### A.   Bel Fuse's Motion to Dismiss Under Rule 12(b)(3) Is Entirely Unsupported.

Bel Fuse's answer to Halo's complaint was due on December 31, 2007. To avoid answering Halo's complaint, Bel Fuse instead filed the instant motion seeking dismissal of the case under Rule 12(b)(3). But the Court would not know that from the memorandum Bel Fuse filed in support of its motion. The memorandum does not even mention Rule 12(b)(3) or make any attempt to support dismissal under the rule. The reason for Bel Fuse's failure is simple—there is no legal or factual basis for a dismissal under Rule 12(b)(3) in this case.

Rule 12(b)(3) provides a defense to a claim based on "improper venue." In patent cases, venue is governed by 28 U.S.C. § 1400(b), which states that a claim may be brought in any judicial district where the defendant has committed acts of infringement and has a regular and established place of business, or where the defendant "resides." Residence, in turn, is defined by 28 U.S.C. § 1391(c), which states that a corporation resides in a district in which it is subject to personal jurisdiction. In its complaint, Halo alleges that Bel Fuse is subject to personal jurisdiction in the Northern District of California. Bel Fuse does not dispute that it is subject to personal jurisdiction in this Court, much less mention 28 U.S.C. § 1400(b) or 28 U.S.C. § 1391(c), which governs its motion. Accordingly, Bel Fuse's motion to dismiss is baseless and should be denied.

### B.   Halo's Infringement Claims in this Court Are the First-Filed.

Although Bel Fuse claims that its motion to dismiss is based on Rule 12, the arguments regarding dismissal in its accompanying brief all relate in some way to the first-filed rule. Where proceedings involving the same parties and issues are pending in two different federal courts, the

---

[4] Halo's other primary place of business in the United States is its headquarters, which is located in Las Vegas, Nevada.

3

1  first-filed rule requires the dismissal of the second-filed suit absent exceptional circumstances. *E.g.*,
2  *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (*abrogated on other grounds*
3  *in Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)); *EEOC v. Univ. of Penn.*, 850 F.2d 969, 971 (3d
4  Cir. 1988); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Courts
5  determine which claims are "first filed" by examining the respective filing dates of the claims. *E.g.*,
6  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (comparing filing dates of
7  complaints and noting that a prerequisite for applying the first-filing rule is the chronological order
8  of the filings).

9      In this case, the determination of the first-filed action is straightforward. Halo filed its
10 complaint on December 7, 2007 asserting the infringement of the six Halo patents. Bel Fuse did not
11 move for leave from the New Jersey court to amend its complaint and include declaratory judgment
12 claims on the Halo patents until December 10, 2007. As noted previously, the New Jersey court
13 has not yet ruled on Bel Fuse's motion, which means that Bel Fuse's declaratory judgment
14 counterclaims are not even part of the New Jersey case. But in the event that the New Jersey court
15 grants Bel Fuse's motion and Bel Fuse is given the benefit of its motion to amend as its effective
16 "filing date," Halo's claims in this Court would still be first in time and thus first-filed.

17     In its brief, Bel Fuse wrongly claims that its amended complaint in New Jersey, if allowed,
18 would be the first-filed complaint. Bel Fuse provides no legal basis for this assertion (*see* Bel Fuse
19 Br. at 9), because none exists. A claim in an amended complaint may only relate back to the
20 original complaint if the added claim "arose out of the conduct, transaction, or occurrence" set forth
21 in the original complaint. Fed. R. Civ. P. 15(c). Courts have interpreted this rule to require that the
22 pleadings share a common core of operative facts—a requirement that is not met when the claims
23 involve different and unrelated patents. *E.g.*, *Mann Design Ltd. v. Bounce, Inc.*, 138 F. Supp. 2d
24 1174, 1179 (D. Minn. 2001) (patent at issue in the second-filed claim did not relate back, even
25 though it was a continuation of the patent in the first-filed claim); *Cardiovascular Imaging Sys. v.*
26 *Boston Scientific Corp.*, No. C 93-20902 (RMW), 1994 U.S. Dist. LEXIS 6722, at *6-*7 (N.D. Cal.
27 Apr. 26, 1994) (finding that new claims regarding unrelated patents do not relate back to the date of
28 filing of the original complaint because they do not "arise out of the [same] conduct, transaction, or

occurrence" as required under Rule 15(c)).  Indeed, only where the second-filed claims relate back can the original complaint be considered the filing date for the "first-filed" analysis.  *E.g.*, *Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*, No. Civ. 05-853-SLR, 2006 WL 1749399, at *4 (D. Del. Jun. 21, 2006) (refusing to consider the filing date of the original complaint in the first-filed analysis where the claims added by amendment involved different patents); *see also Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1328 (Fed. Cir. 2004) (stating that the first-filing rule applies only to claims "involving the same patents and same parties").

Here, Bel Fuse admits that its original claims in that case concerning the Bel Fuse patent are ***unrelated*** to the claims concerning the six Halo patents it seeks to add to the New Jersey case.  In its motion for leave to amend its complaint in that court, Bel Fuse characterized Halo's patent claims in the Nevada action as "an unrelated infringement action . . . between the same parties concerning different patents . . . ."  (Woodford Decl. Ex. E at 3.)  The figures on the face of the patents demonstrate this fact.  The Halo patents relate to electronic surface-mount transformers (left) and Bel Fuse's patent concerns modular jack connectors (right):




Because the Halo and Bel Fuse patents relate to different products and the evidence required to support each party's claims will be significantly different, there is no question that the claims are unrelated.  *See Mann Design*, 138 F. Supp. 2d at 1179 (considering whether a party would rely on the same kind of evidence offered in support of the original claim to prove a new claim when deciding whether the claims were related).  Therefore, Halo's patent infringement claims in this action are first-filed.

### C. Bel Fuse Presents No Legitimate Basis to Depart from the General Rule that this Action Should Proceed in the First-Filed Court.

As the first-filed court, this Court has primary jurisdiction over Halo's patent infringement claims.  *E.g.*, *Genentech*, 998 F.2d at 937; *Pacesetter Sys., Inc.*, 678 F.2d at 95.  Therefore, this

Court should decide whether Halo's patent infringement claims will proceed in the first-filed court, or whether special circumstances warrant an exception to the general rule in this case. *E.g., Affinity Memory & Micro, Inc. v. K & Q Enter., Inc.*, 20 F. Supp. 2d 948, 954 (E.D. Va. 1998); *Ontel Prods. Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995) ("Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first filed rule, applies.").

"Departures from the first-filed rule are 'rare' and the second action should proceed only in unusual or exceptional circumstances." *Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*, No. Civ.A. 03-3185, 2003 WL 22358439, at *4 (E.D. Pa. Sept. 10, 2003). Exceptions include bad faith, forum shopping, anticipatory suit, and further development of the second-filed case than of the first-filed case. *Alltrade*, 946 F.2d at 627. None of these exceptions apply here. There is no basis to find bad faith, given that Halo merely filed claims that it has been attempting to litigate since March 2007, and filed them immediately after the Nevada court dismissed the claims for lack of personal jurisdiction. There is also no evidence of forum shopping since Halo's primary sales office is located in this forum and Halo is unaware of any other venue where it could obtain personal jurisdiction over all four defendants. In addition, the suit cannot be described as anticipating Bel Fuse's declaratory judgment claims since these claims were originally set forth by Halo, not Bel Fuse, in the earlier Nevada Action, and needed to be re-filed in a new forum after they were dismissed. Finally, Bel Fuse has not been granted leave to even file its amended complaint in New Jersey, and therefore the second-filed case cannot be considered further developed than the action in this forum.

Bel Fuse wrongly argues that the Halo's patent infringement claims were anticipatory and therefore the first-filed rule should not apply. At the outset, this argument fails because it is Bel Fuse's declaratory judgment claims that are anticipatory, not Halo's patent infringement claims in this Court. Halo originally filed its patent claims in March 2007, well before the action in New Jersey ever existed. In the event that Bel Fuse's motion to dismiss in Nevada was successful, Halo had every intention to re-file the claims in the Northern District of California—a logical venue because Halo's primary sales office and an inventor on its patents are located there. Bel Fuse's

1  declaratory judgment claims in New Jersey, which were filed for the sole purpose of trying to
2  prevent Halo from choosing the forum to enforce its patents, are the very type of forum shopping
3  that the "anticipatory suit" rule is designed to prevent.

4        The cases cited by Bel Fuse in its motion only confirm that Bel Fuse's attempt to file
5  declaratory judgment claims in its home forum of New Jersey amounts to an improper anticipatory
6  suit.  For example, in *China Healthways*, the court found that the defendant filed declaratory
7  judgment claims of noninfringement in its home forum for the improper purpose of preventing the
8  plaintiff from filing its affirmative infringement claims in its chosen forum.[5]  *China Healthways*
9  *Inst., Inc. v. Hsin Ten Enter. USA, Inc.*, 67 U.S.P.Q. 2d 1561, 1567-68 (C.D. Cal. Mar. 12, 2003).
10  Similarly, in *Mediostream*, this Court found a declaratory action filed by a defendant in its home
11  forum to be an improper anticipatory suit, noting that the Declaratory Judgment Act "should not be
12  invoked to deprive a plaintiff the choice of forum and timing."  *Mediostream, Inc. v. Priddis Music,*
13  *Inc.*, No. C 07-2127 PJH, 2007 WL 2790686, at *2-3 (N.D. Cal. Sept. 24, 2007).  Likewise, in *Z-*
14  *Line Designs*, this Court dismissed a declaratory judgment action filed by a party accused of
15  copyright infringement to secure its choice of forum in anticipation of a suit by the copyright
16  holder.  *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 666-67 (N.D. Cal. 2003).
17  Nothing in these cases provides a basis to dismiss Halo's patent infringement claims in favor of Bel
18  Fuse's second-filed declaratory judgment claims in New Jersey.

19        Bel Fuse's argument also fails because Halo filed this patent infringement action in response
20  to the Nevada court's dismissal, not any action or statement by Bel Fuse.  Halo's complaint alleges
21  patent infringement by three companies other than Bel Fuse—a fact that Bel Fuse does not
22  acknowledge in its brief.  In anticipation of the Nevada court's decision on the jurisdictional issues
23  in Nevada, Halo held off filing its complaint against these three other companies in the event that
24  the claims against Bel Fuse in Nevada were dismissed.  By doing so, Halo could file a single
25  complaint against all defendants in this case and be assured its claims would all proceed in this
26  Court in an orderly manner.  To suggest, as Bel Fuse does here, that Halo simply threw together its

---

[5]  The Defendant found to have improperly filed anticipatory claims in the *China Healthways* case was represented by Mr. Joshua Raskin, the same attorney representing Bel Fuse here.

7

complaint against four defendants and filed it an hour after receiving an email from Bel Fuse's counsel is entirely irrational and wrong. In fact, such a feat was not even possible. The only Halo attorney that received the email from Bel Fuse's counsel was not in the office that day, and did not see the email until well after Halo's complaint was filed. (Woodford Decl. ¶ 2.)

Although its relevance is unclear, Bel Fuse attaches significance to an exchange between Halo's attorney and Judge Pro in Nevada during the hearing on Bel Fuse's motion to dismiss for lack of personal jurisdiction. As a review of the entire exchange reveals, Judge Pro sought to understand the "jurisdictional activity" in the case from Halo's attorney. (Raskin Decl. Ex. C at 39-40.) It was in this context that Judge Pro asked if there were any barriers to bringing the Nevada claims as counterclaims in New Jersey. (*Id.* at 38.) In response, Halo's attorney stated that he did not think there was a legal barrier, "meaning that's where their headquarters is." (*Id.*) As with its other arguments, the fact that Bel Fuse's headquarters is located in New Jersey fails to establish special circumstances that would justify a deviation from the first-filed rule.

### D. All Relevant Factors Weigh Heavily Against a Transfer or Dismissal.

As an alternative to its motion to dismiss, Bel Fuse seeks to transfer Halo's patent infringement claims to New Jersey. A defendant "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). When deciding a motion to transfer, a court must balance case-specific considerations including the interests of justice, a plaintiff's choice of forum, convenience of the parties and witnesses, and access to evidence. *E.g.*, *Thill v. Edward D. Jones & Co., L.P.*, No. C-05-4893 JCS, 2006 WL 2669004, at *4 (N.D. Cal. 2006). All of these factors weigh heavily against transfer and in favor of keeping Halo's claims before this Court, where they were first filed.

#### 1. The interests of justice, and judicial economy in particular, weigh heavily against transfer.

The interest of justice, which includes judicial economy, is a key factor in deciding a motion to transfer, and "may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). In this case, Halo asserts identical claims of patent

8

1  infringement against four different defendants. Judicial economy will be served by keeping all of
2  these claims in this Court as opposed to creating two cases that will involve the same issues,
3  particularly with respect to *Markman* proceedings that may be necessary to construe disputed terms
4  in the Halo patents.
5      Bel Fuse ignores entirely the three other defendants in this action in its discussion of judicial
6  economy. Instead, Bel Fuse wrongly argues that a consolidation of the Halo patent claims with the
7  Bel Fuse patent claims will somehow be efficient. (Br. at 12.) By Bel Fuse's own admission,
8  however, these claims are "unrelated" because they involve different patents. A transfer of Halo's
9  patent claims to New Jersey would require that court to deal with the same issues raised by the three
10 other Defendants in this case. Moreover, because the two cases involve different technologies and
11 products, there will be very little overlap, if any, in discovery. On the other hand, much of the
12 discovery concerning Halo's patents and products in this case and the New Jersey case would be
13 duplicative in the event of a transfer.
14     The purpose of 28 U.S.C. § 1404(a) is to *prevent* the very type of waste and inefficiency Bel
15 Fuse seeks to create here, not foster it. *E.g.*, *Cont. Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26
16 (1960) ("To permit a situation in which two cases involving precisely the same issues are
17 simultaneously pending in different district courts leads to the wastefulness of time, energy and
18 money that §1404(a) was designed to prevent."); *Alere Med., Inc. v. Health Hero Network*, *Inc*., No.
19 C 07-05054, 2007 WL 4351019, at *1 (N.D. Cal. Dec. 12, 2007) (stating that the purpose of section
20 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and
21 the public against unnecessary inconvenience and expense") (internal quotations omitted);
22 *Southampton Sports Zone*, 2003 WL 22358439, at *4 (finding the interests of justice is "ill-served
23 when federal cases arising out of the same circumstances and dealing with the same issues are
24 allowed to proceed separately"). Simply put, no efficiency or economy gains will be realized by
25 consolidating these unrelated cases.
26          **2.     Halo's choice of forum weighs against transfer.**
27     The importance of the plaintiff's right to choose where its dispute will be heard is well-
28 recognized. According to the Supreme Court, "unless the balance is strongly in favor of the

1  defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*,
2  330 U.S. 501, 508 (1947); *see also Flores v. Zale Delaware, Inc.*, No. C07-0539, 2007 WL
3  4462992, *2 (N.D. Cal. Dec. 17, 2007). As explained previously, Halo chose to file this action in
4  the Northern District of California for a number of reasons, including the fact that its primary sales
5  office in the United States is located in this district and this was the only known location where it
6  could obtain personal jurisdiction over all four Defendants.

7  Bel Fuse argues that Halo's choice of forum should receive no deference because California
8  is a "foreign" jurisdiction. (Br. at 13.) But Bel Fuse is well aware of Halo's presence in this
9  jurisdiction—its complaint in the New Jersey court identifies Halo's Mountain View, California
10 office as Halo's principal place of business. (Woodford Decl. Ex. B ¶ 2.) Thus, any concerns of
11 forum-shopping when there is no connection between the plaintiff and forum do not apply in this
12 case. *See Mayer v. Dev. Corp. of Am.*, 396 F. Supp. 917, 932 n.26 (D. Del. 1975).

13 To the extent Bel Fuse contends Halo's Nevada headquarters prevents it from having a
14 presence in any other judicial district, this argument must fail. Courts have given deference to a
15 plaintiff's choice of forum in situations where the connection to the forum is far less than what is
16 present here. *E.g. Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv., L.L.C.*, No. C-06-4693,
17 2006 WL 3290416, at *7 (N.D. Cal. Nov. 13, 2006) (giving some deference to plaintiff's choice of
18 forum even though plaintiff did not reside in the forum, but had a connection to it); *Koh v. Microtek*
19 *Int'l, Inc.*, 250 F. Supp. 2d 627, 635 (E.D. Va. 2003) ("Given that Section 1404(a) focuses on
20 convenience, rather than residence, it would be imprudent to eliminate all deference to a plaintiff's
21 choice of a foreign forum where, as here, the choice made is the closest forum to the plaintiff's
22 residence in which venue is proper."); *Prentice-Hall Corp. Sys., Inc. v. Ins. Co. of N. Am.*, 81 F.R.D.
23 477, 480 (S.D.N.Y. 1979) ("While it is true that the deference ordinarily accorded plaintiff's choice
24 of forum is somewhat reduced when the action is filed outside of the district of plaintiff's residence
25 . . . even where a plaintiff only resides near the forum, it may be appropriate to require a convincing
26 showing before a motion to transfer will be granted."). Bel Fuse's argument is particularly
27 unavailing given that Halo attempted to litigate these patent claims in its home forum and Bel Fuse
28

10
HALO'S OPPOSITION TO DEFENDANT BEL FUSE'S MOTION TO
DISMISS OR TRANSFER
Civil Action No. 3:07-cv-06222-RMW

successfully moved to dismiss that action. Halo's choice of forum deserves deference and weighs heavily against a transfer.

### 3. The convenience of witnesses and access to evidence weigh against a transfer to New Jersey.

The convenience of the witnesses in this case also weighs against a transfer. For example, one of the inventors on the Halo patents, Mr. Jeff Heaton, resides in this jurisdiction. (Woodford Decl. ¶ 3.) Another inventor, Mr. James Heaton, resides in Nevada and thus this district is far more convenient than New Jersey. (*Id.*) Three other inventors on the Halo patents—who are not Halo employees—reside in Hong Kong, but travel to California occasionally on business. (*Id.*) Consequently, this judicial district will be far more convenient for these non-party witnesses than New Jersey. Since Halo's offices are located in Nevada and California, any other potential Halo witnesses would likely be located either in or near this district as well.

Bel Fuse identifies an employee and two non-party witnesses and speculates that these individuals will serve as witnesses regarding the claims relating to the Halo patents. (Bel Fuse Br. at 14.) To the extent these individuals have knowledge of discoverable information, depositions taken by Halo will occur at the location of the witness and will cause no hardship. At best, Bel Fuse merely seeks to shift inconvenience between the parties, which is an impermissible basis for transfer. *E.g.*, *B & B Hardware, Inc. v. Hargis Indus., Inc*., No. CV 06-4871, 2006 WL 4568798, at *2 (C.D. Cal. 2006) ("transfer is inappropriate when it merely serves to shift inconveniences from one party to the other") (*quoting Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1083 (Fed. Cir. 1989)).

Bel Fuse also argues that the location of documents favor transfer. But courts generally give little weight to this factor because of the relative ease through which documents may be produced through electronic discovery. *E.g.*, *Glaxosmithkline Consumer Healthcare, L.P. v. Merix Pharma. Corp.*, No. Civ. 05-898 (DRD), 2005 WL 1116318, at *8 (D.N.J. May 10, 2005). In any event, Halo's documents are located in California and Nevada, and thus the location of documentary evidence provides no basis to transfer Halo's patent claims.

## IV. CONCLUSION

For the reasons stated above, Halo respectfully requests that the Court deny Bel Fuse's Motion to Dismiss or Transfer.

Dated: January 25, 2008               FISH & RICHARDSON P.C.


                                      By:  /s/ Limin Zheng
                                           Limin Zheng

                                      Attorneys for Plaintiff
                                      HALO ELECTRONICS, INC.

60474932.doc

# PROOF OF SERVICE

I am employed in the County of San Mateo. My business address is Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, California 94063. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On January 25, 2008, I caused a copy of the following document(s):

HALO'S OPPOSITION TO DEFENDANT BEL FUSE'S MOTION TO DISMISS OR TRANSFER and the DECLARATION OF WILLIAM WOODFORD IN SUPPORT OF HALO'S OPPOSITION TO DEFENDANT BEL FUSE'S MOTION TO DISMISS OR TRANSFER

to be filed and served using the Court's ECF system. Additionally, I caused copies of the documents to be served on the following interested parties who have not yet registered to use the Court's ECF system by placing true and correct copies of the same in a sealed envelope and addressing it as follows:

| | |
|---|---|
| Elec & Eltek (USA) Corporation<br>25255 Cabot Road, Suite 201<br>Laguna Hills, CA 92653 | Defendant<br><br>Served by U.S. Mail |
| Shane Brun<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California 94105-2482 | Attorneys for Defendant<br>ELEC & ELTEK (USA) CORP.<br><br>Served by U.S. Mail |
| Cranston J. Williams<br>Baker & Hostetler LLP<br>12100 Wilshire Blvd, 15th Floor<br>Los Angeles, CA 90025-7120<br>cwilliams@bakerlaw.com | Attorneys for Defendant<br>WURTH ELECTRONIK MIDCOM, INC.<br><br>(Served by ECF) |
| Anthony E. Imburgia<br>Registered Agent<br>XFMRS, Inc.<br>13821 N Layton Mills Court<br>Camby, IN 46113 | Defendant<br><br>Served by U.S. Mail |
| Joshua L. Raskin<br>Wolf Block Schorr and Solis-Cohen LLP<br>250 Park Avenue, 10th Floor<br>New York, NY 10177<br>212/986-1116<br>jraskin@wolfblock.com | Attorneys for Defendant BEL FUSE INC.<br><br>(Served by ECF) |

HALO'S OPPOSITION TO DEFENDANT BEL FUSE'S MOTION TO DISMISS OR TRANSFER
Civil Action No. 3:07-cv-06222-RMW

|   |   |
|---|---|
| Martin C. Fliesler<br>Fliesler Meyer LLP<br>650 California St., 14th Floor<br>San Francisco, CA 94108<br>415/362-3800<br>mcf@fdml.com | Attorneys for Defendant BEL FUSE INC.<br><br>(Served by ECF) |

[XX]  **MAIL:**  The envelope was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

I declare under penalty of perjury that the above is true and correct. Executed on January 25, 2008, at Redwood City, California.

/s/ Limin Zheng<br>Limin Zheng