1  C. Todd Norris, SBN 181337
   Bullivant Houser Bailey PC
2  601 California Street, Suite 1800
   San Francisco, California 94108-2823
3  Telephone:  415.352.2700
4  Facsimile:   415.352.2701
   Email: todd.norris@bullivant.com
5
   Attorneys for Defendant and Counterclaimant
6  XFMRS, INC.
7
8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10             SAN JOSE DIVISION
11 HALO ELECTRONICS, INC.,                    | Case No.: CV 07-06222 RMW
12                 Plaintiff,                 | **ANSWER AND COUNTERCLAIM**
         vs.
13                                            | **DEMAND FOR JURY TRIAL**
   BEL FUSE INC., ELEC & ELTEK (USA)
14 CORPORATION, WURTH
   ELEKTRONIK MIDCOM, INC., and
15 XFMRS, INC.
16                 Defendants.
17
18       Defendant and Counterclaimant XFMRS, Inc. (hereinafter "XFMRS") hereby responds
19 to the allegations of Plaintiff Halo Electronics, Inc. (hereinafter "Halo") contained in its
20 complaint against XFMRS, and states as follows to the correspondingly numbered paragraphs of
21 said complaint.
22                              **ANSWER**
23       1.    Defendant XFMRS denies that any patent infringement has occurred or will
24 occur, but otherwise admits the allegation.
25       2.    Defendant XFMRS admits that this Court has personal jurisdiction over
26 Defendant XFMRS. Defendant XFMRS is without knowledge or information sufficient to form
27 a belief as to the truth of the allegation, and as such, denies same.
28

3.    Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

4.    Admitted.

5.    Admitted.

6.    Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

7.    Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

8.    Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

9.    Admitted.

10.    Defendant restates the admissions and denials of the preceding paragraphs.

11.    Defendant XFRMS denies that the U.S. Patent 5,656,985 ("the '985 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '985 patent, and as such, denies same. The remaining allegations of paragraph 11 are admitted.

12.    Defendant XFRMS denies that the U.S. Patent 6,297,720 ("the '720 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '720 patent and as such, denies same. The remaining allegations of paragraph 12 are admitted.

13.    Defendant XFRMS denies that the U.S. Patent 6,297,721 ("the '721 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '721 patent and as such, denies same. The remaining allegations of paragraph 13 are admitted.

14.    Defendant XFRMS denies that the U.S. Patent 6,320,489 ("the '489 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '489 patent and as such, denies same. The remaining allegations of paragraph 14 are admitted.

15. Defendant XFRMS denies that the U.S. Patent 6,344,785 ("the '785 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '785 patent and as such, denies same. The remaining allegations of paragraph 15 are admitted.

16. Defendant XFRMS denies that the U.S. Patent 6,662,431 ("the '431 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '431 patent and as such, denies same. The remaining allegations of paragraph 16 are admitted.

17. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

18. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

19. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

20. Denied.

21. Defendant XFMRS denies that Halo provided any notice of infringement to XFMRS of any patents. Defendant XFMRS admits that it has been made aware of the existence of the '985, '720, '721, '489, '785 and '431 in July, 2002.

22. Denied.

23. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

24. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

25. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

26. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

27.	Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

28.	Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

29.	Denied.

30.	Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31.	On information and belief, each of the '985, '720, '721, '489, '785 and '431 patents is void, unenforceable and invalid for failure to comply with one or more provisions of one or more of 35 U.S.C. § 102, 35 U.S.C. § 103, and 35 U.S.C. § 112.

### Second Affirmative Defense

32.	On information and belief, Plaintiff Halo is barred by the doctrine of equitable estoppel from obtaining relief or recovery on its complaint in this action.

### Third Affirmative Defense

33.	On information and belief, Plaintiff Halo is barred by the doctrine of laches from obtaining relief or recovery on its complaint in this action.

### Fourth Affirmative Defense

34.	On information and belief, the '985, '720, '721, '489, '785 and '431 patents are unenforceable because the applicants or their assigns, or those acting on their behalf, failed to exercise that degree of candor and disclosure that is required of those seeking a patent monopoly before the United States Patent and Trademark Office.

## COUNTERCLAIM

35.	Jurisdiction of this counterclaim arises under 28 U.S.C. § 2201 and under 28 U.S.C. § 1338(a).

36.	Defendant and Counterclaimant XFMRS alleges that the '985, '720, '721, '489, '785 and '431 patents are each invalid, void, unenforceable and not infringed for reasons

including those set forth in foregoing paragraphs 31-34, which are realleged as if fully set forth again.

      37.    This case is exceptional as defined in 35 U.S.C. § 285.

WHEREFORE, Defendant and Counterclaimant XFMRS prays:

      A.    For dismissal of the complaint herein, with prejudice.

      B.    For a declaration that each of the patents in suit is invalid, unenforceable and not infringed by XFMRS.

      C.    For costs of this action, reasonable attorney fees, and other such relief as the court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Defendant and Counterclaimant XFMRS demands a jury on all issues triable in this action.

Dated: February 1, 2008

BULLIVANT HOUSER BAILEY PC

By: _____
C. Todd Norris, (SBN #181337)

Attorneys for Defendant and Counterclaimant
XFMRS, INC.

6092646.1

*****