Martin C. Fliesler (SBN 073768) mcf@fdml.com
Rex Hwang (SBN 221079) rhwang@fdml.com
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone:    (415) 362-3800
Facsimile:    (415) 362-2928

Joshua L. Raskin (Pro Hac Vice) jraskin@wolfblock.com
Kenneth G. Roberts (SBN 106945) kroberts@wolfblock.com
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
250 Park Avenue, 10th Floor
New York, NY 10177
Telephone:    (212) 986-1116
Facsimile:    (212) 986-0604

Attorneys for Defendants
Bel Fuse, Inc.

# UNITED STATE DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC., a Nevada Corporation,<br><br>Plaintiffs<br>vs.<br>BEL FUSE, INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., and XFMRS, INC.,<br><br>Defendants | Action No. 07-6222 - RMW<br><br>**DEFENDANT BEL FUSE INC.'S *EX PARTE* MOTION FOR LEAVE TO FILE LATE AN OPPOSITION TO HALO'S MOTION TO DECLARE THIS ACTION THE FIRST-FILED AND A REPLY IN FURTHER SUPPORT OF BEL FUSE'S MOTION TO DISMISS OR TRANSFER**<br><br>Date:    March 14, 2008<br>Time:    9:00 a.m.<br>Location: Courtroom 6, 4th Floor<br>Judge:   Honorable Ronald M. Whyte |

Defendant Bel Fuse, Inc. (hereinafter "Bel Fuse") respectfully submits this *Ex Parte* Motion for Leave to File Late an Opposition to Halo's Motion to Declare this Action the First-Filed and a Reply in Further Support of Bel Fuse's Motion to Dismiss or Transfer. This *Ex Parte* Motion is based on L.R. 7-10, FRCP 6(b), L.R. 6-3 and/or on the District Court's inherent power

Fliesler Meyer LLP

Defendant's *Ex Parte* Motion for Leave to File Late an
Opposition to Halo's Motion and a Reply in Support of its
Motion to Dismiss or Transfer
Case No. 07-6222 RMW                                    -1-

1  to control its docket and to impose sanctions, including dismissal, in the exercise of that
2  discretion.  Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992).
3       Good cause exists to grant this Motion because the proposed Opposition and Reply briefs
4  are being filed late as a result of an innocent docketing error, the briefs are being filed shortly after
5  the discovery of the docketing error[1], and Halo Electronics, Inc. (hereinafter "Halo") will not
6  suffer any harm or prejudice should this Motion be granted.  Bel Fuse, on the other hand, would be
7  greatly prejudiced if Halo's Motion to Declare as First Filed and Bel Fuse's Motion to Dismiss or
8  Transfer were decided as a result of an innocent docketing error as opposed to on their merits.
9       The Declarations of Cathy Akins Elledge and Joshua L. Raskin (hereinafter "Elledge
10 Decl." and "Raskin Decl.", respectively) are being filed concurrently in support of this Motion.
11 Bel Fuse has not sought or obtained any previous extensions of time.  See Raskin Decl., ¶ 10.
12 This Motion is being filed as an *ex parte* motion since, pursuant to L.R. 7-2 as well as this Court's
13 civil calendar, the earliest hearing date that this Motion could be heard is March 14, 2008, which
14 corresponds to the hearing date of the associated Motion to Declare as First Filed and Motion to
15 Dismiss or Transfer.  Having a hearing for this *Ex Parte* Motion on that date would defeat the
16 purpose this Motion.  The hearing dates for Halo's Motion to Declare as First Filed and Bel Fuse's
17 Motion to Dismiss or Transfer will not be affected should this Motion be granted.  See Raskin
18 Decl., ¶ 10.  Additionally, counsel for Bel Fuse contacted counsel for Halo to obtain a stipulation
19 as to the relief sought in this Motion, however, counsel for Halo declined to enter into any such
20 stipulation.  See Raskin Decl., ¶ 8.

---

[1] A proposed Opposition to Halo's Motion is attached to this Ex Parte Motion as Exhibit A.  A proposed Reply in Further Support of Bel Fuse's Motion to Dismiss or Transfer will be filed on or before February 12, 2008.  See Raskin Decl., ¶ 9.

**Fliesler Meyer, LLP**

Defendant's *Ex Parte* Motion for Leave to File Late an
Opposition to Halo's Motion and a Reply in Support of its
Motion to Dismiss or Transfer
Case No. 07-6222  RMW                    -2-

## MEMORANDUM OF POINTS AND AUTHORITIES

On December 31, 2007, Bel Fuse filed a Motion to Dismiss or Transfer wherein it was argued that this case should be dismissed and/or transferred and consolidated with a New Jersey Action filed on May 8, 2007 by Bel Fuse against Halo. See Dkt., #11.

On January 4, 2008, Halo filed a Motion to Declare this Action the First-Filed and to Enjoin Defendant Bel Fuse from Proceeding with Duplicative Litigation in the District of New Jersey (hereinafter "Halo's Motion"). See Dkt., #15. The hearing dates for both motions were originally set for February 8, 2008. On January 9, 2008, Halo renoticed its Motion to be heard on March 14, 2008. See Dkt. # 20. Then, on January 10, 2008, Halo again renoticed its Motion to be heard on February 15, 2008. See Dkt. #22.

On January 15, 2008, this Court issued a Clerk's Notice of Continuance, continuing the hearing date for both motions to March 14, 2008. See Dkt., #23. The Notice also indicated that all briefs should be filed in accordance with the originally noticed hearing date and the Local Rules of this Court absent a court order setting a new briefing schedule. However, upon receiving the Clerk's Notice of Continuance, local counsel for Bel Fuse mistakenly re-docketed the due dates for the Opposition to Halo's Motion and the Reply in Further Support of its Motion to Dismiss or Transfer to be due 21 days and 14 days preceding the new hearing date of March 14, 2008, respectively. See Elledge Decl., ¶ 5; see Raskin Decl. ¶ 4.

On January 25, 2008, Halo filed an Opposition to Defendant Bel Fuse's Motion to Dismiss or Transfer. See Dkt., #29.

Late on Friday, February 1, 2008, Bel Fuse received Halo's Reply in Further Support of its Motion which stated that Bel Fuse did not file an opposition to Halo's Motion on or before the January 25th deadline. This is the first time that the docketing error was discovered. See Elledge Decl., ¶ 7; see Raskin Decl., ¶ 5.

Bel Fuse comes now before this Court seeking leave to file late an Opposition to Halo's Motion and a Reply in Further Support of Bel Fuse's Motion to Dismiss or Transfer. It was always the intent of Bel Fuse to file an Opposition to Halo's Motion and a Reply in Further Support of Bel Fuse's Motion to Dismiss or Transfer, and the briefs would have been filed in a

**Fliesler Meyer, LLP**

Defendant's *Ex Parte* Motion for Leave to File Late an
Opposition to Halo's Motion and a Reply in Support of its
Motion to Dismiss or Transfer
Case No. 07-6222 RMW                -3-

timely manner absent the docketing error. See Raskin Decl., ¶ 6. Good cause exists to grant this Motion given the facts that the mistake was innocent and the proposed Opposition and Reply are being filed shortly after the discovery of the error.[2]

Good cause also exists to grant the instant *Ex Parte* Motion because Halo will not suffer any prejudice should it be granted. With the hearing date having been continued to March 14, 2008, there is still plenty of time for Halo to submit a substantive Reply to Bel Fuse's Opposition before the hearing date and even before the deadline set forth in N.D. Local Rule 7-7(d). In fact, if N.D. Local Rule 7-7(d) is followed, Halo will have more than the customary 7 days after receiving Bel Fuse's proposed Opposition brief (attached hereto as Exhibit A) to draft a substantive Reply.

Allowing Bel Fuse to file late a Reply in Further Support of Bel Fuse's Motion to Dismiss or Transfer will also not prejudice Halo given the March 14, 2008 hearing date. For example, if N.D. Local Rule 7-7(d) is followed, the Reply would be due on February 29, 2008. Bel Fuse intends to file a proposed copy of the Reply with this Court on or before February 12, 2008. See Raskin Decl., ¶ 9. That will give Halo over a month to review the Reply before the hearing date on March 14, 2008.

It is also noted that Halo is well aware of Bel Fuse's positions regarding the issues presented in Halo's Motion given the fact that Bel Fuse filed a motion on the same subject matter on December 31, 2007 as well as in the New Jersey action. This further supports Bel Fuse's position that Halo will suffer no prejudice if this Court grants the instant Motion. Granting this Motion will ensure that both motions are decided on their merits rather than because of an innocent docketing error.

In view of the foregoing, Bel Fuse respectfully requests that this Court grant this *Ex Parte* Motion for Leave to File Late both an Opposition to Bel Fuse's Motion and a Reply in Further

---

[2] It is worth noting that, between January 25, 2008 and February 1, 2008, Halo did not contact Bel Fuse's lead attorney regarding Bel Fuse's failure to file an Opposition by January 25, 2008, which would have reduced the time required for Bel Fuse to file this *Ex Parte* Motion as well as the attached Opposition. Raskin Decl., at ¶ 7. Given the previously filed Motion by Bel Fuse, it should have been obvious to Halo that Bel Fuse would oppose its motion.

**Fliesler Meyer, LLP**

Defendant's *Ex Parte* Motion for Leave to File Late an
Opposition to Halo's Motion and a Reply in Support of its
Motion to Dismiss or Transfer
Case No. 07-6222 RMW                    -4-

1  Support of Bel Fuse's Motion to Dismiss or Transfer and that both briefs be considered in
2  deciding the respective motions on their merits.
3
4  Dated:  February 7, 2007            Respectfully Submitted,
5                                      FLIESLER MEYER LLP
6
7                                      By:___/s/ Rex Hwang_____
                                        Martin C. Fliesler
                                        Rex Hwang
8                                       FLIESLER MEYER LLP
                                        650 California Street, 14th Floor
9                                       San Francisco, CA 94108
                                        Telephone:    (415) 362-3800
10                                      Facsimile:    (415) 362-2928
11                                      Joshua L. Raskin
                                        Kenneth G. Roberts
12                                      WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
                                        250 Park Avenue, 10th Floor
13                                      New York, NY 10177
                                        Telephone:    (212) 986-1116
14                                      Facsimile:    (212) 986-0604
15                                      Attorneys for Defendant
                                        Bel Fuse, Inc.
16
17
18
19
20
21
22
23
24
25
26
27
28

**Fliesler Meyer, LLP**

Defendant's *Ex Parte* Motion for Leave to File Late an
Opposition to Halo's Motion and a Reply in Support of its
Motion to Dismiss or Transfer
Case No. 07-6222  RMW                                -5-

EXHIBIT A

1  Martin C. Fliesler (SBN 073768) mcf@fdml.com
   Rex Hwang (SBN 221079) rhwang@fdml.com
   FLIESLER MEYER LLP
2  650 California Street, 14th Floor
   San Francisco, CA 94108
3  Telephone:   (415) 362-3800
   Facsimile:    (415) 362-2928
4

5  Joshue L. Raskin (Pro Hac Vice) jraskin@wolfblock.com
   Kenneth G. Roberts (SBN 106945) kroberts@wolfblock.com
   WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
6  250 Park Avenue, 10th Floor
   New York, NY 10177
7  Telephone:   (212) 986-1116
   Facsimile:    (212) 986-0604
8

9  Attorneys for Defendants
   Bel Fuse, Inc.

**UNITED STATE DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HALO ELECTRONICS, INC., a Nevada Corporation, <br><br> Plaintiffs <br><br> vs. <br><br> BEL FUSE, INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., and XFMRS, INC., <br><br> Defendants | Action No. 07-6222 - RMW <br><br> **DEFENDANT BEL FUSE'S OPPOSITION TO PLAINTIFF HALO ELECTRONICS MOTION TO DECLARE THIS ACTION THE FIRST FILED AND TO ENJOIN DEFENDANT BEL FUSE FROM PROCEEDING WITH DUPLICATIVE LITIGATION IN THE DISTRICT OF NEW JERSEY** <br><br> Date:      **March 14, 2008** <br> Time:       **9:00 a.m.** <br> Location: **Courtroom 6, 4th Floor** <br> Judge:     **Honorable Ronald M. Whyte** |

Fliesler Meyer LLP

DEFENDANT BEL FUSE'S OPPSOTION TO PLAINTIFF'S
MOTION TO DECLARE THIS ACTION THE FIRST FILED
**Action No. 07-06222 RMW**                                    -1-

## I. INTRODUCTION

In support of its motion for an injunction, Halo Electronics, Inc. ("Halo") argues that, because Halo raced to the courthouse in California and filed an anticipatory lawsuit ("the California Action") less than one business day before Bel Fuse, Inc. ("Bel Fuse") moved for leave to amend its complaint in its previously pending action in New Jersey ("the New Jersey Action"), this Court should enjoin Bel Fuse from asserting or litigating a claim for declaratory relief in the New Jersey Action. Halo's argument, based almost exclusively on its improper forum shopping and its erroneous assertion that the California Action is the "first-filed" action, should be rejected.

Because (a) the New Jersey Action has priority over this California Action for purposes of the "first-filed rule," (b) Halo knowingly commenced this California Action in a jurisdiction foreign to both corporations in an intentional attempt to preempt the anticipated and logical litigation of the claims in the pre-existing New Jersey Action, and (c) the interests of justice, fairness and judicial economy will be served by hearing all of the claims between Bel Fuse and Halo in the New Jersey Court, Bel Fuse's motion for injunctive relief should be denied.

## II. FACTS.

Bel Fuse has already fully set forth the facts relevant to the present motion in papers submitted in support of Bel Fuse's pending motion to transfer, (Dkt. #11), and those facts are incorporated herein by reference.

## III. ARGUMENT AND AUTHORITIES.

### A. The New Jersey Action Was The First Filed Action Between The Parties.

Halo bases its opposition and cross-motion almost exclusively on its position that this California Action is the "first-filed" action vis-à-vis Bel Fuse's motion for leave to amend in the

**Fliesler Meyer, LLP**

DEFENDANT BEL FUSE'S OPPSOTION TO PLAINTIFF'S
MOTION TO DECLARE THIS ACTION THE FIRST FILED
**Action No. 07-06222 RMW**                -2-

1  New Jersey Action.[1]  However, Halo is incorrect since, in patent cases, "the forum with priority is
2  the one where the parties initially sued each other, even if the parties raise a different claim in a
3  subsequently filed suit in a different forum." *SAES Getters S.p.A v. Aeronex, Inc.*, 219 F.Supp.2d
4  1081, 1090 (S.D. Cal. 2002) (citing *Mattel, Inc. v. Louis Marx & Co*, 353 F.2d 421, 424 (2d Cir.
5  1965); 8 Donald S. Chisum, *Chisum on Patents*, § 21.02[4][b] n. 11 (2006) ("The [first filed]
6  priority rule relates to the date of the filing of the action between the parties, not the date when the
7  issues were added by amendment to the pleadings or otherwise.")).
8
9         In *SAES Getters*, a motion for leave to amend to add a patent infringement counterclaim
10 was opposed on the basis that a declaratory judgment claim on that same patent between the same
11 parties was pending in another jurisdiction.  In finding that the counterclaim sought to be added by
12 amendment had priority over the separately pending declaratory judgment action for purposes of
13 the first-filed rule, the Court stated as follows:
14
15         [A] number of courts have concluded that the first-filed forum is the one in which
               the parties originally were brought, not the one in which the precise issue was first
16             raised.  In other words, the forum with priority is the one where the parties initially
               sued each other, even if the parties raise a different claim in a subsequently filed
17             suit in a different forum.
18 219 F. Supp. 2d at 1090 (internal citations omitted).[2]  Under that reasoning, the Court found that
19 "this action is the first filed simply because it was the first to bring [the parties] into court, and
20 because, *as amended*, this action will address all the parties and issues raised in the [separately
21 pending] action." *Id.* (emphasis added).
22
23

---

24 [1]    Notably, Halo does not cite any authority for the proposition that a party's *second* choice
25 of forum following dismissal for lack of personal jurisdiction is entitled to any weight, nor does it
   cite any authority applying the first-filed rule under such circumstances.
26
   [2]    Because the first-filed rule is one that affects national uniformity in patent practice, the
27 Court's application of the rule in *SAES Getters* was governed by Federal Circuit law. 219 F. Supp.
   2d at 1089.
28

**Fliesler Meyer, LLP**

DEFENDANT BEL FUSE'S OPPSOTION TO PLAINTIFF'S
MOTION TO DECLARE THIS ACTION THE FIRST FILED
**Action No. 07-06222  RMW**                              -3-

1  The same conclusion was reached by the Court of Appeals for the Second Circuit in the *Mattel* case. In *Mattel*, the sequence of events was as follows: 1) in the District of New Jersey, Marx sued Mattel for a declaratory judgment of non-infringement and invalidity of a trademark; 2) in the Southern District of New York, Mattel sued Marx for trademark infringement *and patent infringement*; 3) in the District of New Jersey action, Marx amended its complaint as of right to add a count for declaratory relief of non-infringement of the patent. *Id.* at 422- 423. The court held that the New Jersey suit was the prior action even as to the patent infringement claim, because it "was the first to bring both parties into court, and the Marx complaint, as amended ..., included identical issues...." *Id.* at 424.

Accordingly, even though Halo raced to the courthouse and filed this action one business day before Bel Fuse moved for leave to amend its complaint in the New Jersey Action, the New Jersey Action has priority for purposes of the first-filed rule. Therefore, Halo's request that this Court enjoin Bel Fuse from proceeding with a declaratory judgment claim in the New Jersey Action, which request is based exclusively on Halo's erroneous position that this California Action was first-filed, should be denied.

Furthermore, the very cases cited by Halo at page 7 of its brief demonstrate that the court in which the first-filed case was brought, *the New Jersey Court*, should be the court that determines whether the first action should be stayed in favor of a later-filed action.

B.  **Even If This California Action Is Deemed First-Filed, Equitable And Practical Considerations Favor Deference To The New Jersey Action.**

Even if this California Action is deemed first-filed, equitable and practical considerations favor deference to the New Jersey Action. This issue was fully briefed by Bel Fuse in its brief in support of its pending motion to dismiss/transfer this California Action (Dkt. #11), incorporated herein by reference. For the reasons stated therein, this Court should deny Halo's application for an injunction and should defer to the New Jersey Action.

IV. **CONCLUSION**

For the reasons stated above, Bel Fuse respectfully requests that this Court deny Halo's Motion to Declare this Action the First Filed and to Enjoin Defendant Be Fuse From Proceeding with Duplicative Litigation in the District of New Jersey.

Dated: February 7, 2008

Respectfully Submitted,

FLIESLER MEYER LLP

By: ___/s/ Rex Hwang_____
Martin C. Fliesler (SBN 073768)
Rex Hwang (SBN 221079)
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone:     (415) 362-3800
Facsimile:      (415) 362-2928

Joshua L. Raskin (*Pro Hac Vice*)
Kenneth G. Roberts (SBN 106945)
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
250 Park Avenue, 10th Floor
New York, NY 10177
Telephone:     (212) 986-1116
Facsimile:      (212) 986-0604

Attorneys for Defendant Bel Fuse, Inc.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S OPPSOTION TO PLAINTIFF'S
MOTION TO DECLARE THIS ACTION THE FIRST FILED
**Action No. 07-06222  RMW**                            -5-