C. Todd Norris, SBN 181337
Bullivant Houser Bailey PC
601 California Street, Suite 1800
San Francisco, California 94108-2823
Telephone: 415.352.2700
Facsimile: 415.352.2701
Email: todd.norris@bullivant.com

Attorneys for Defendant and Counterclaimant
XFMRS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC., <br><br> Plaintiff, <br> vs. <br><br> BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELEKTRONIK MIDCOM, INC., and XFMRS, INC. <br><br> Defendants. | Case No.: CV 07-06222 RMW <br><br> **FIRST AMENDED ANSWER AND COUNTERCLAIM** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant and Counterclaimant XFMRS, Inc. (hereinafter "XFMRS") hereby responds to the allegations of Plaintiff Halo Electronics, Inc. (hereinafter "Halo") contained in its complaint against XFMRs, and states as follows to the correspondingly numbered paragraphs of said complaint.

## ANSWER

1. Defendant XFMRS denies that any patent infringement has occurred or will occur, but otherwise admits the allegation.

2. Defendant XFMRS admits that this Court has personal jurisdiction over Defendant XFMRS. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

3. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

4. Admitted

5. Admitted.

6. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

7. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

8. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

9. Admitted

10. Defendant restates the admissions and denials of the preceding paragraphs.

11. Defendant XFRMS denies that the U.S. Patent 5,656,985 ("the '985 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '985 patent, and as such, denies same. The remaining allegations of paragraph 11 are admitted.

12. Defendant XFRMS denies that the U.S. Patent 6,297,720 ("the '720 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '720 patent and as such, denies same. The remaining allegations of paragraph 12 are admitted.

13. Defendant XFRMS denies that the U.S. Patent 6,297,721 ("the '721 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '721 patent and as such, denies same. The remaining allegations of paragraph 13 are admitted.

14. Defendant XFRMS denies that the U.S. Patent 6,320,489 ("the '489 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '489 patent and as such, denies same. The remaining allegations of paragraph 14 are admitted.

15. Defendant XFRMS denies that the U.S. Patent 6,344,785 ("the '785 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '785 patent and as such, denies same. The remaining allegations of paragraph 15 are admitted.

16. Defendant XFRMS denies that the U.S. Patent 6,662,431 ("the '431 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '431 patent and as such, denies same. The remaining allegations of paragraph 16 are admitted.

17. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

18. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

19. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

20. Denied.

21. Defendant XFMRS denies that Halo provided any notice of infringement to XFMRS of any patents. Defendant XFMRS admits that it has been made aware of the existence of the '985, '720, '721, '489, '785 and '431 in July, 2002.

22. Denied.

23. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

24. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

25. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

26. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

27. Defendant XFMRS is without knowledge or information sufficient to form a

1 belief as to the truth of the allegation, and as such, denies same.

28. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

29. Denied

30. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31. On information and belief, each of the '985, '720, '721, '489, '785 and '431 patents is void, unenforceable and invalid for failure to comply with one or more provisions of one or more of 35 U.S.C. § 102, 35 U.S.C. § 103, and 35 U.S.C. § 112.

### Second Affirmative Defense

32. On information and belief, Plaintiff Halo is barred by the doctrine of equitable estoppel from obtaining relief or recovery on its complaint in this action.

### Third Affirmative Defense

33. On information and belief, Plaintiff Halo is barred by the doctrine of laches from obtaining relief or recovery on its complaint in this action.

### Fourth Affirmative Defense

34. On information and belief, to the extent that Plaintiff Halo asserts that any claim of the '785 patent is broad enough to cover the accused products, the applicants of the patent application that resulted in the '785 patent or their assigns, including Plaintiff Halo, or those acting on their behalf (hereinafter "the '785 applicants"), engaged in inequitable conduct by intentionally omitting material information from, or submitting false and misleading information to, the USPTO in the course of prosecuting and ultimately obtaining the '785 patent.

35. On information and belief, the '785 applicants intended to mislead and materially misled the '785 Patent Examiner by intentionally withholding material information from the Examiner, including information regarding U.S. Patent No. 4,205,291 to Flemtee and Japanese Patent Publication No. 5-275253 to Takasago. On information and belief, had the '785 Patent

Examiner been advised of the withheld material information, the Examiner would have rejected claims of the '785 patent on that basis.

36. On information and belief, the '785 applicants knowingly failed to disclose to the USPTO information, including information regarding U.S. Patent No. 4,205,291 to Flemtee and Japanese Patent Publication No. 5-275253 to Takasago, which the '785 applicants were aware were material to the examination of the application that matured into the '785 patent. The information was withheld with the intent to deceive the USPTO into issuing the '785 patent.

37. In view of the inequitable conduct of the '785 applicants and Plaintiff Halo in prosecuting the '785 patent and/or the assertion by Plaintiff Halo of the validity and infringement of the '785 patent with knowledge of the inequitable conduct by which the patent was obtained, all claims of the '785 patent are unenforceable.

38. In view of the inequitable conduct of the '785 applicants and Plaintiff Halo and its agents before the USPTO in prosecuting the '785 patent and the relationship between the '985, '720, '721, '489, '785 and '431 patents and the inequitable conduct, the '985, '720, '721, '489, '785 and '431 patents are all unenforceable.

## COUNTERCLAIM

39. Jurisdiction of this counterclaim arises under 28 U.S.C. §2201 and under 28 U.S.C. §1338(a).

40. Defendant XFMRS alleges that the '985, '720, '721, '489, '785 and '431 patents are each invalid, void, unenforceable and not infringed for reasons including those set forth in foregoing paragraphs 31-38, which are realleged as if fully set forth again.

41. This case is exceptional as defined in 35 U.S.C. § 285.

WHEREFORE, Defendant XFMRS prays:

A. For dismissal of the complaint herein, with prejudice;

B. For a declaration that each of the patents in suit is invalid, unenforceable and not infringed by XFMRS.

\\

C.    For costs of this action, reasonable attorney fees, and other such relief as the court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Defendant and Counterclaimant XFMRS demands a jury on all issues triable in this action.

Dated: February 8, 2008

BULLIVANT HOUSER BAILEY PC

By: *[signature]*
C. Todd Norris, (SBN #181337)

Attorneys for Defendant and Counterclaimant
XFMRS, INC.

6092982.1

\*\*\*\*\*

---