Martin C. Fliesler (SBN 073768) mcf@fdml.com
Rex Hwang (SBN 221079) rhwang@fdml.com
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone:   (415) 362-3800
Facsimile:    (415) 362-2928

Joshue L. Raskin (Pro Hac Vice) jraskin@wolfblock.com
Kenneth G. Roberts (SBN 106945) kroberts@wolfblock.com
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
250 Park Avenue, 10th Floor
New York, NY 10177
Telephone:   (212) 986-1116
Facsimile:    (212) 986-0604

Attorneys for Defendants
Bel Fuse, Inc.

# UNITED STATE DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC., a Nevada Corporation,<br><br>Plaintiffs<br><br>vs.<br><br>BEL FUSE, INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., and XFMRS, INC.,<br><br>Defendants | Action No. 07-6222 -JCS<br><br>**DEFENDANT BEL FUSE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER**<br><br>**Date:       March 14, 2008**<br>**Time:        9:00 a.m.**<br>**Location: Courtroom 6, 4th Floor**<br>**Judge:    Honorable Ronald M. Whyte** |

I. **INTRODUCTION.**

As explained in the Declaration of Joshua L. Raskin dated December 31, 2007 ("Raskin Decl."), submitted by Bel Fuse, Inc. ("Bel Fuse") in support of this motion, since at least as early as May 2007, Halo Electronics, Inc. ("Halo") has been aware of Bel Fuse's understanding that, if

1  and when the Nevada Action was dismissed, the Nevada claims would be consolidated with the

2  New Jersey Action. See Dkt. #13, Raskin Decl. at ¶ 10.[1]  **Halo has not disputed that fact in any**

3  **of its briefs and declarations submitted in this action or in the New Jersey Action**.  Nor has

4  Halo disputed that Judge Pro in Nevada suggested that, once dismissed, the Nevada claims should

5  be consolidated with the New Jersey Action.

6       Consistent with both its understanding and Judge Pro's suggestion, immediately after

7  receiving Judge Pro's order dismissing Halo's claims against Bel Fuse in Nevada, Bel Fuse asked

8  Halo in an email if Halo would oppose Bel Fuse's motion to consolidate the Nevada claims with

9  the New Jersey Action.  Halo ignored that email and instead filed this action, in one of the few

10 jurisdictions located farther from Bel Fuse's headquarters in New Jersey than Nevada.  That is,

11 rather than agree to consolidate all of their patent claims into one case – a case which was already

12 pending and in which discovery had yet to commence – Halo chose instead to sue Bel Fuse in a

13 Court located on the opposite side of the country.

14      The undisputed facts therefore demonstrate that Halo knowingly commenced this action in

15 an intentional attempt to preempt the anticipated and logical litigation of the claims in the pre-

16 existing New Jersey Action.  For that reason, and because, as discussed below, the New Jersey

17 Action has priority over the California Action for purposes of the "first-filed rule," and because the

18 interests of justice, fairness and judicial economy will be served by hearing all of the claims

---

[1]  Halo suggests in its opposition brief that Bel Fuse's decision to refrain from adding its declaratory judgment claims to the New Jersey Action at the outset might have been fatal to its present motion to transfer. See Halo's Br. at 3.  However, Bel Fuse decided to refrain from adding those claims at that time in order to avoid duplicative actions.  Bel Fuse's decision constitutes evidence, not of a procedural gaffe as suggested by Halo, but of its judicial responsibility.

Fliesler Meyer, LLP

DEFENDANT BEL FUSE'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR TRANSFER
**Action No. 07-06222 RMW**                -2-

between Bel Fuse and Halo in one Court, Bel Fuse's motion to dismiss or transfer should be granted.[2]

II. **ARGUMENT**

    A. **The New Jersey Action Was The First Filed Action Between The Parties**

Halo bases its opposition almost exclusively on its position that this California Action is the "first-filed" action vis-à-vis Bel Fuse's motion for leave to amend in the New Jersey Action.[3] However, Halo is incorrect since, in patent cases, "the forum with priority is the one where the parties initially sued each other, even if the parties raise a different claim in a subsequently filed suit in a different forum." *SAES Getters S.p.A v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1090 (S.D. Cal. 2002) (citing *Mattel, Inc. v. Louis Marx & Co*, 353 F.2d 421, 424 (2d Cir. 1965)); 8 Donald S. Chisum, *Chisum on Patents*, § 21.02[4][b] n. 11 (2006) ("The [first filed] priority rule relates to the date of the filing of the action between the parties, not the date when the issues were added by amendment to the pleadings or otherwise.")).

In *SAES Getters*, a motion for leave to amend to add a patent infringement counterclaim was opposed on the basis that a declaratory judgment claim on that same patent between the same parties was pending in another jurisdiction. In finding that the counterclaim sought to be added by amendment had priority over the separately pending declaratory judgment action for purposes of the first-filed rule, the Court stated as follows:

> [A] number of courts have concluded that the first-filed forum is the one in which the parties originally were brought, not the one in which the precise issue was first raised. In other words, the forum with priority is the one where the parties initially

---

[2] In light of the procedural posture between the parties, the Court may, in its discretion, transfer the claims against Bel Fuse in this California Action to New Jersey or, if Bel Fuse's motion for leave to amend its New Jersey Complaint is granted, dismiss the claims altogether.

[3] Notably, Halo does not cite any authority for the proposition that a party's **second** choice of forum following dismissal for lack of personal jurisdiction is entitled to any weight, nor does it cite any authority applying the first-filed rule under such circumstances.

> sued each other, even if the parties raise a different claim in a subsequently filed suit in a different forum.

219 F. Supp. 2d at 1090 (internal citations omitted).[4]  Under that reasoning, the Court found that "this action is the first filed simply because it was the first to bring [the parties] into court, and because, *as amended*, this action will address all the parties and issues raised in the [separately pending] action." *Id.* (emphasis added).

The same conclusion was reached by the Court of Appeals for the Second Circuit in the *Mattel* case.  In *Mattel*, the sequence of events was as follows: 1) in the District of New Jersey, Marx sued Mattel for a declaratory judgment of non-infringement and invalidity of a trademark; 2) in the Southern District of New York, Mattel sued Marx for trademark infringement *and patent infringement*; 3) in the District of New Jersey action, Marx amended its complaint as of right to add a count for declaratory relief of non-infringement of the patent.  *Id.* at 422- 423.   The court held that the New Jersey suit was the prior action even as to the patent infringement claim, because it "was the first to bring both parties into court, and the Marx complaint, as amended ..., included identical issues...." *Id.* at 424.

Accordingly, even though Halo raced to the courthouse and filed this action one business day before Bel Fuse moved for leave to amend its complaint in the New Jersey Action, the New Jersey Action has priority for purposes of the first-filed rule.

### B. **Issues of Judicial Economy Weigh in Favor of Dismissal or Transfer**

The interest of justice and considerations of judicial economy strongly favor granting Bel Fuse's motion because the New Jersey court could then govern all the discovery and hear all the claims between Halo and Bel Fuse at the same time. *See A.J. Industries v. United States District Court*, 503 F.2d 384, 389 (9th Cir. 1974) ("the pendency of an action in another district is

---

[4]   Because the first-filed rule is one that affects national uniformity in patent practice, the Court's application of the rule in *SAES Getters* was governed by Federal Circuit law. 219 F. Supp. 2d at 1089.

important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties.") (citing *van Dusen v. Barrack*, 376 U.S. 612 (1964)).

In its opposition, Halo argues that the presence of other defendants in this action should weigh against a dismissal or transfer of Halo's claims against Bel Fuse. However, the presence of the other defendants is irrelevant to Halo's infringement claims against Bel Fuse since Halo's Complaint does not allege that Bel Fuse acted in concert with these other defendants, but instead accuses each defendant of independently infringing Halo's patents. None of these co-defendants even submitted papers on the pending venue motions, and one co-defendant, Elec & Eltek, has yet to appear in the action.[5] In addition, Halo's claims against these other defendants should be given little weight since Halo pursued a litigation strategy for nearly a year in Nevada that did not involve them. Moreover, it is highly unlikely that these defendants will seek discovery from each other, and any discovery sought from these defendants by Halo would need to be sought from each separately, whether or not the defendants are part of the same case.

Halo's arguments concerning judicial economy also ring hollow. Halo's own forum shopping has already led to the inescapable result of having at least two different courts — the District of Nevada and either this or the New Jersey Court — oversee litigation concerning the same Halo patents. As discussed above, the existence of multiple actions involving multiple defendants will not substantially increase litigation costs for Halo as Halo will need to conduct discovery as to each defendant separately, whether or not the actions are separate or consolidated. Moreover, with regard to construing the claims of the Halo patents, if it is determined that the claims can only be construed by one court, that can be accomplished pursuant to 28 U.S.C. § 1407. *See In re Cruciferous Sprout Litigation*, 301 F.3d 1343 (Fed. Cir. 2002); *In re Manchuk Patent Litigation*, 320 F. Supp. 2d 178 (D. Del. 2002).

---

[5] Another co-defendant, Wurth Electronics Midcom, Inc., entered an appearance but has not filed an Answer.

**Fliesler Meyer, LLP**

DEFENDANT BEL FUSE'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR TRANSFER
**Action No. 07-06222 RMW**                    -5-

On the other hand, if the Court denies Bel Fuse's motion, patent infringement claims between the same two parties will be pending before district courts on opposite coasts. Under that scenario, it is likely that some of the same documents will be produced in the two separate cases and some of the same witnesses will give depositions in the two separate cases. Granting Bel Fuse's motion is the only way to prevent such a waste of resources of both the parties and the Courts.

### III. CONCLUSION

For the foregoing reasons, as well as those set forth in its opening brief, Bel Fuse respectfully requests that this Court grant Bel Fuse's Motion To Dismiss or Transfer.

Dated: February 12, 2008

Respectfully Submitted,

FLIESLER MEYER LLP

By: /s/ Rex Hwang
Martin C. Fliesler (SBN 073768)
Rex Hwang (SBN 221079)
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, CA 94108
Telephone:    (415) 362-3800
Facsimile:     (415) 362-2928

Joshua L. Raskin (*Pro Hac Vice*)
Kenneth G. Roberts (SBN 106945)
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
250 Park Avenue, 10th Floor
New York, NY 10177
Telephone:    (212) 986-1116
Facsimile:     (212) 986-0604

Attorneys for Defendant Bel Fuse, Inc.