Juanita Brooks (CA#75934 / brooks@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Limin Zheng (CA #226875 / zheng@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Michael J. Kane (Admitted pro hac vice / kane@fr.com)
William R. Woodford (Admitted pro hac vice / woodford@fr.com)
FISH & RICHARDSON P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Attorneys for Plaintiff
HALO ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| HALO ELECTRONICS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELEKTRONIK MIDCOM, INC., and XFMRS, INC.,<br><br>        Defendants, | Civil Case No. 07-6222 RMW<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF HALO'S MOTION TO DECLARE THIS ACTION FIRST-FILED AND TO ENJOIN DUPLICATIVE PROCEEDINGS IN THE DISTRICT OF NEW JERSEY**<br><br>DATE:    March 14, 2008<br>TIME:    9:00 a.m.<br>PLACE:   Courtroom 6, 4th Floor<br>JUDGE:   Ronald M. Whyte |

## INTRODUCTION

Given the strength of the authority that claims should almost always proceed in the first-filed court, Bel Fuse is forced to fabricate an argument that the New Jersey court is somehow the first-filed court. But it is indisputable that Halo filed its infringement claims in this Court before Bel Fuse filed its yet-to-be-granted motion to add declaratory judgment counts to the New Jersey actions. It is really very simple—Halo filed first so Halo's patent infringement claims before this Court are the first-filed. Faced with these facts, Bel Fuse, having already filed a completely unsupportable Rule 12 motion, mischaracterizes two cases in a desperate attempt to support its position. As explained below, neither case supports Bel Fuse's argument that this is not the first-filed court and that the infringement claims should not proceed here. Moreover, Bel Fuse does not even bother to respond to the cases cited by Halo, including a case from this district, that plainly say that an amendment cannot relate back to an earlier filing date under Rule 15(c) unless it arises out of the same conduct, transaction, or occurrence. Having already admitted that the New Jersey action and the infringement claims here are unrelated, Bel Fuse cannot show that its motion to amend satisfies the requirements of Rule 15(c). There is simply no support for the argument that the New Jersey court is the first-filed court.

Unable to show that New Jersey is the first-filed court, Bel Fuse next argues that the "forum shopping" exception to the first-filed rule should apply. But Bel Fuse's claim that Halo is "forum shopping" has no merit. Halo first brought suit in Nevada where its headquarters are located. When the Nevada court dismissed Bel Fuse for lack of personal jurisdiction, Halo immediately refiled its claims against Bel Fuse in this Court—the district where its only other office is located and the only district, to its knowledge, that it could obtain jurisdiction over all of the named defendants. Bel Fuse does not and cannot dispute any of this. This is not forum shopping.

As its last gasp, Bel Fuse turns to judicial economy. However, judicial economy and efficiency would not be furthered by sending a portion of this case to another court that is dealing with what Bel Fuse admits is an unrelated patent action on unrelated products. In fact, Bel Fuse

2

1  acknowledges that this lawsuit over the scope, infringement, and validity of Halo's patents is
2  going to continue here against the other defendants even if its motion is granted.
3      Despite all the protestations to the contrary, this is the first-filed court. The well-
4  established rule is that the claims should be litigated in the first-filed court and nothing here
5  supports a departure from the rule. Indeed, Halo's choice of forum cannot be lightly disregarded.
6  Accordingly, the Court should rule that it is the first-filed court and enjoin Bel Fuse from pursuing
7  duplicative litigation in New Jersey.

## BACKGROUND AND FACTS

9      Relevant background and factual information was set forth in detail in Halo's Motion to
10 Declare this Action First-Filed and Enjoin Bel Fuse from Proceeding with Duplicative Litigation
11 in the District of New Jersey (Docket No. 15), and Memorandum in Opposition to Bel Fuse's
12 Motion to Dismiss or Transfer (Docket No. 29), which are incorporated herein by reference.

## ARGUMENT

**1. This Court is the Court of First-Filing and Should Decide Where These Claims Will Be Heard.**

16     Courts determine which claims are "first-filed" by examining the respective filing dates of
17 the claims. *E.g., Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)
18 (comparing filing dates of complaints and noting that a prerequisite for applying the first-filing
19 rule is the chronological order of the filings). Halo filed its patent infringement claims in this
20 Court on December 7th, three days before Bel Fuse moved to add declaratory claims on the Halo
21 patents in the New Jersey court. Accordingly, the claims filed by Halo in the California court are
22 first-filed.

**2. Bel Fuse's Argument that this is the First-Filed Court is Incorrect.**

24     Bel Fuse argues that the New Jersey court is the first-filed court, even though its
25 declaratory judgment claims on the Halo patents are unrelated to the claims on its own patent that
26 are the subject of its complaint in New Jersey. To do so, Bel Fuse misrepresents the cases it cites

3

REPLY MEMORANDUM IN FURTHER SUPPORT OF HALO'S
MOTION TO DECLARE THIS ACTION FIRST-FILED AND TO
ENJOIN DUPLICATIVE PROCEEDINGS IN THE DISTRICT OF NEW
JERSEY
**Civil Case No. 07-6222** RMW1

1  in its brief and ignores well-established case law that requires the new claims be related to receive
2  the benefit of an earlier complaint in the first-filed analysis.
3        For example, in *SAES*, the defendant moved to amend its answer to add a patent
4  infringement counterclaim on its own patent. *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp.
5  2d 1081, 1084 (S.D. Cal. 2002). In response to the motion to amend, the plaintiff's wholly-owned
6  subsidiary filed declaratory judgment claims of noninfringement and invalidity in a second court.
7  *Id.* In its first-filed analysis, the court in *SAES* acknowledged the relation-back requirement under
8  Rule 15(c), but concluded that it did not need to reach that issue. *Id.* at 1090. Instead, the court
9  found that the effective filing date for the first-filed analysis was the date of the motion to amend
10 and, therefore, the declaratory judgment claims in the second court were second-filed. *Id.* at 1091.
11 Thus, the *SAES* case does not stand for the proposition that a motion to amend to add unrelated
12 claims automatically receives the benefit of the earlier complaint as Bel Fuse argues in its brief.
13       In *Mattel*, the accused infringer filed a declaratory judgment action for noninfringement
14 and invalidity of a trademark relating to the sale of children's bicycles. *Mattel, Inc. v. Louis Marx*
15 *& Co.*, 353 F.2d 421, 422 (2d Cir. 1965). The trademark and patent owner then filed a suit in a
16 second court alleging both trademark and patent infringement based on the sale of the same
17 children's bicycles at issue in the other suit. *Id.* at 422-23. The accused infringer then moved to
18 amend its complaint in the original suit to add a declaratory judgment count relating to the patent
19 asserted in the second case. *Id.* at 423.
20       The Second Circuit found that all the patent and trademark claims concerning the
21 children's bicycles should have proceeded in the court where the first action involving the bicycles
22 was filed, and required the second-filed court to stay its action in favor of the first-filed court. *Id.*
23 at 424. Because all of the claims in *Mattel* involved the same products, there was no question that
24 the amendment in the first-filed court involved the same subject matter and satisfied the relation-
25 back requirement of the Rules of Civil Procedure. In contrast, here it is undisputed that Bel Fuse's
26 proposed amendment attempts to add claims that are unrelated to the claims brought in the original

4

complaint. As with the *SAES* case, *Mattel* does not stand for the proposition that amendments to add unrelated claims automatically receive the benefit of the earlier complaint.

Moreover, numerous courts have required that the amended claims relate back to the earlier complaint to receive the benefit of the earlier filing date in the first-filed analysis. *Mann Design Ltd. v. Bounce, Inc.*, 138 F. Supp. 2d 1174, 1179 (D. Minn. 2001) (finding the patent at issue in the second-filed claim did not relate back, even though it was a continuation of the patent in the first-filed claim); *Cardiovascular Imaging Sys. v. Boston Scientific Corp.*, 1994 U.S. Dist. LEXIS 6722, *6-7 (N.D. Cal. Apr. 26, 1994) (finding that new claims regarding unrelated patents do not relate back to the date of filing of the original complaint because they do not "arise out of the [same] conduct, transaction, or occurrence" as required for relation back under Federal Rule of Civil Procedure 15(c)); *Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 87 F.R.D. 398, 403 (W.D.N.Y. 1980) (finding the patent at issue in the second filing must be "part and parcel" of patent in the first filing to relate back); *Illinois Tool Works, Inc. v. Foster Grant Co., Inc.*, 395 F. Supp. 234, 250-251 (N.D. Ill. 1974) ("An alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent."); *see also Abbott Labs. v. Johnson & Johnson*, Civ. Nos. 06-613-SLR, 07-259-SLR, 2007 WL 4184349, at *4 (D. Del. Nov. 28, 2007) (refusing to consider an earlier complaint in the first-filed analysis where the claims in the amended complaint involved different patents); *Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*, No. Civ. 05-853-SLR, 2006 WL 1749399, at *4 (D. Del. Jun. 21, 2006) (same); *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 397-98 (D. Del. 2002) (same); *Osteotech, Inc. v. GenSci Regeneration Scis., Inc.*, 6 F. Supp. 2d 349, 357 (D.N.J. 1998) (first-filing rule did not apply where new patents were asserted in second action because actions on different patents are "not the same"). Bel Fuse admits that the claims in the New Jersey action are unrelated to the claims here and does not even attempt to explain why these cases do not defeat its argument.

In this case, there is no dispute that Halo's patent claims in California were filed before Bel Fuse's motion to amend in New Jersey. The case law is clear that Bel Fuse cannot receive the

5

benefit of its earlier complaint for its unrelated declaratory judgment claims. Therefore, Halo's patent claims before this Court are first-filed.

### 3. Equitable and Practical Considerations Favor Retaining the Claims Regarding the Halo Patents before this Court

Defendant Bel Fuse maintains that equitable and practical considerations favor deference to the New Jersey court, despite the fact that this Court will be dealing with Halo's patents in any event, while the New Jersey court will be considering only unrelated issues on a wholly different patent. This issue has been fully briefed by Halo in its opposition to Bel Fuse's motion to dismiss or transfer this action (Docket No. 29), which is incorporated herein by reference and will not be repeated here.

## CONCLUSION

For the reasons stated above, Halo respectfully requests that the Court grant Halo's motion to declare this action the first-filed and enjoin Bel Fuse from proceeding with duplicative litigation in New Jersey.

Dated: February 19, 2008                    FISH & RICHARDSON P.C.


By: /s/ Limin Zheng
    Limin Zheng

Attorneys for Plaintiff
HALO ELECTRONICS, INC.

# **PROOF OF SERVICE**

I am employed in the County of San Mateo. My business address is Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, California 94063. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On February 19, 2008, I caused a copy of the following document(s):

REPLY MEMORANDUM IN FURTHER SUPPORT OF HALO'S MOTION TO DECLARE THE NORTHERN DISTRICT OF CALIFORNIA THE COURT OF FIRST-FILING AND TO ENJOIN DUPLICATIVE PROCEEDINGS

to be filed and served using the Court's ECF system. Additionally, I caused a copy of the document to be served on the following interested parties who have not yet registered to use the Court's ECF system by placing a true and correct copy thereof in a sealed envelope and addressing it as follows:

| | |
|---|---|
| Shane Brun<br>Morrison & Foerster, LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | Attorneys for Defendant<br>Elec & Eltek (USA) Corporation |

[XX]  **MAIL:**   The envelope was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

I declare under penalty of perjury that the above is true and correct. Executed on February 19, 2008, at Redwood City, California.

　　　　　　　　　　　　　　　　　　　　　/s/ Limin Zheng
　　　　　　　　　　　　　　　　　　　　　Limin Zheng

60484080.doc

7

REPLY MEMORANDUM IN FURTHER SUPPORT OF HALO'S MOTION TO DECLARE THIS ACTION FIRST-FILED AND TO ENJOIN DUPLICATIVE PROCEEDINGS IN THE DISTRICT OF NEW JERSEY
**Civil Case No. 07-6222** RMW