CRANSTON J. WILLIAMS, Bar No. 162714
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:        cwilliams@bakerlaw.com

Attorney for Defendant and Counterclaimant
WURTH ELEKTRONIK MIDCOM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELEKTRONIK MIDCOM, INC., and XFMRS, INC.,<br><br>            Defendants. | Case No. CV 07-06222 JCS<br><br>**ANSWER AND COUNTERCLAIM OF WURTH ELEKTRONIK MIDCOM, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Joseph C. Spero |

Defendant and Counterclaimant Wurth Elektronik Midcom, Inc. (hereinafter "Midcom") hereby responds to the allegation of Plaintiff Halo Electronics, Inc. (hereinafter "Halo"), contained in its complaint against Midcom, and states as follows to the correspondingly numbered paragraphs of said complaint.

## **ANSWER**

1.  Midcom denies that any patent infringement has occurred or will occur, but otherwise admits the allegation.

2.  The allegations in this paragraph are legal conclusions to which no response is required.

3. The allegations in this paragraph are legal conclusions to which no response is required.

4. The allegations in this paragraph are legal conclusions to which no response is required.

5. Midcom is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

6. Midcom is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

7. Midcom is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

8. Admitted.

9. Midcom is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

10. Midcom restates the admissions and denials of the preceding paragraphs.

11. Midcom admits that the United States Patent and Trademark Office issued U.S. Patent 5,656,985 ("the '985 patent") on August 12, 1997, but denies that it was duly and legally issued. Midcom is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

12. Midcom admits that the United States Patent and Trademark Office issued U.S. Patent 6,297,720 ("the '720 patent") on October 2, 2001, but denies that it was duly and legally issued. Midcom is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

13. Midcom admits that the United States Patent and Trademark Office issued U.S. Patent 6,297,721 ("the '721 patent") on October 2, 2001, but denies that it was duly and legally issued. Midcom is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

14. Midcom admits that the United States Patent and Trademark Office issued U.S. Patent 6,320,489 ("the '489 patent") on November 20, 2001, but denies that it was duly and

1  legally issued. Midcom is without sufficient knowledge or information sufficient to form a belief
2  as to the truth of the remaining allegations of this paragraph and therefore denies the same.

3      15.    Midcom admits that the United States Patent and Trademark Office issued U.S.
4  Patent 6,344,785 ("the '785 patent") on February 5, 2002, but denies that it was duly and legally
5  issued. Midcom is without sufficient knowledge or information sufficient to form a belief as to
6  the truth of the remaining allegations of this paragraph and therefore denies the same.

7      16.    Midcom admits that the United States Patent and Trademark Office issued U.S.
8  Patent 6,662,431 ("the '431 patent") on December 16, 2003, but denies that it was duly and
9  legally issued. Midcom is without sufficient knowledge or information sufficient to form a belief
10 as to the truth of the remaining allegations of this paragraph and therefore denies the same.

11     17.    Midcom is without sufficient knowledge or information sufficient to form a belief
12 as to the truth of the allegations of this paragraph and therefore denies the same.

13     18.    Midcom is without sufficient knowledge or information sufficient to form a belief
14 as to the truth of the allegations of this paragraph and therefore denies the same.

15     19.    Midcom is without sufficient knowledge or information sufficient to form a belief
16 as to the truth of the allegations of this paragraph and therefore denies the same.

17     20.    Midcom is without sufficient knowledge or information sufficient to form a belief
18 as to the truth of the allegations of this paragraph and therefore denies the same.

19     21.    Midcom is without sufficient knowledge or information sufficient to form a belief
20 as to the truth of the allegations of this paragraph and therefore denies the same.

21     22.    Midcom is without sufficient knowledge or information sufficient to form a belief
22 as to the truth of the allegations of this paragraph and therefore denies the same.

23     23.    Denied.

24     24.    Midcom admits that it received a letter identifying the existence of the '985, '720,
25 '721, '489, and '785 patents in July 2002. All remaining allegations of this paragraph are denied.

26     25.    Denied.

27     26.    Midcom is without sufficient knowledge or information sufficient to form a belief
28 as to the truth of the allegations of this paragraph and therefore denies the same.

WURTH ELEKTRONIK MIDCOM, INC.'S
ANSWER AND COUNTERCLAIM; CV 07-06222 JCS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

27. Midcom is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

28. Midcom is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

29. Denied.

30. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31. Halo's Complaint fails to state a claim against Midcom upon which relief may be granted.

### Second Affirmative Defense

32. Midcom has not directly or indirectly infringed, and does not directly or indirectly infringe, any valid claims of the '985, '720, '721, '489, '785, and '431 patents.

### Third Affirmative Defense

33. The '985, '720, '721, '489, '785, and '431 patents are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq.

### Fourth Affirmative Defense

34. The Court lacks subject matter jurisdiction over Halo's claims.

### Fifth Affirmative Defense

35. Any defenses set forth in 35 U.S.C. §282 that are presently unknown to Midcom but which – when ascertained – Midcom prays leave to assert.

### Sixth Affirmative Defense

36. On information and belief, Halo is barred by the doctrine of equitable estoppel from obtaining relief or recovery on its complaint in this action.

### Seventh Affirmative Defense

37. On information and belief, Halo is barred by the doctrine of laches from obtaining relief or recovery on its complaint in this action.

**COUNTERCLAIM**

38. Jurisdiction of this counterclaim arises under 28 U.S.C. § 2201 and under 28 U.S.C. § 1338(a).

39. Midcom alleges that the '985, '720, '721, '489, '785 and '431 patents are each invalid, void, unenforceable and not infringed for reasons including those set forth in foregoing paragraphs 31-37, which are realleged as if fully set forth again.

40. This case is exceptional as defined in 35 U.S.C. § 285.

WHEREFORE, Midcom prays that the Court:

A. Dismiss Halo's Complaint with prejudice;

B. Deny all relief requested by Halo;

C. Declare that each of the patents in suit is invalid, unenforceable, and not infringed by Midcom;

D. Hold that this action is exceptional under 35 U.S.C. § 285 and award Midcom its attorneys' fees and costs in defending this matter; and

E. Grant such other relief as the court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Midcom demands a jury on all issues triable in this action.

Dated: February 27, 2008    Baker & Hostetler LLP
CRANSTON J. WILLIAMS

_____
Cranston J. Williams

Attorney for Defendant and Counterclaimant
Wurth Elektronik Midcom, Inc.