Harold C. Moore, (Admitted Pro Hac Vice,
hcmoore@maginot.com)
David M. Lockman, (Admitted Pro Hac Vice,
dmlockman@maginot.com)
David R. Moorman, (Admitted Pro Hac Vice,
drmoorman@maginot.com)
Maginot, Moore & Beck, LLP
111 Monument Circle, Suite 3250
Indianapolis, IN 46204
Telephone: 317-638-2922
Facsimile: 317-638-2139

Attorneys for Defendant, XFMRS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC., Plaintiff, vs. BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELEKTRONIK MIDCOM, INC., and XFMRS, INC. Defendants. | Case No.: CV 07-06222 JCS **SECOND AMENDED ANSWER AND COUNTERCLAIM** |

Defendant, XFMRS, Inc. (hereinafter "XFMRS") hereby respectfully submits this Second Amended Answer and Counterclaim in response to the allegations of Plaintiff Halo Electronics, Inc. (hereinafter "Halo") contained in its complaint against XFMRs, and states as follows to the correspondingly numbered paragraphs of said complaint.

## ANSWER

1. Defendant XFMRS denies that any patent infringement has occurred or will occur, but otherwise admits the allegation.

2. Defendant XFMRS admits that this Court has personal jurisdiction over Defendant XFMRS. Defendant XFMRS is without knowledge or information sufficient

to form a belief as to the truth of the allegation, and as such, denies same.

3. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

4. Admitted

5. Admitted.

6. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

7. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

8. Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

9. Admitted

10. Defendant restates the admissions and denials of the preceding paragraphs.

11. Defendant XFRMS denies that the U.S. Patent 5,656,985 ("the '985 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '985 patent, and as such, denies same. The remaining allegations of paragraph 11 are admitted.

12. Defendant XFRMS denies that the U.S. Patent 6,297,720 ("the '720 patent") was legally issued. Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '720 patent and as such, denies same. The remaining allegations of paragraph 12 are admitted.

13.     Defendant XFRMS denies that the U.S. Patent 6,297,721 ("the '721 patent") was legally issued.  Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '721 patent and as such, denies same.  The remaining allegations of paragraph 13 are admitted.

14.     Defendant XFRMS denies that the U.S. Patent 6,320,489 ("the '489 patent") was legally issued.  Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '489 patent and as such, denies same.  The remaining allegations of paragraph 14 are admitted.

15.     Defendant XFRMS denies that the U.S. Patent 6,344,785 ("the '785 patent") was legally issued.  Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '785 patent and as such, denies same.  The remaining allegations of paragraph 15 are admitted.

16.     Defendant XFRMS denies that the U.S. Patent 6,662,431 ("the '431 patent") was legally issued.  Defendant is without information sufficient to form a belief as to whether Plaintiff Halo Electronics, Inc. owns the '431 patent and as such, denies same.  The remaining allegations of paragraph 16 are admitted.

17.     Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

18.     Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

19.     Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

20.     Denied.

21.   Defendant XFMRS denies that Halo provided any notice of infringement to XFMRS of any patents. Defendant XFMRS admits that it has been made aware of the the existence of the '985, '720, '721, '489, '785 and '431 in July, 2002.

22.   Denied.

23.   Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

24.   Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

25.   Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

26.   Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

27.   Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

28.   Defendant XFMRS is without knowledge or information sufficient to form a belief as to the truth of the allegation, and as such, denies same.

29.   Denied

30.   Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31. On information and belief, each of the '985, '720, '721, '489, '785 and '431 patents is void, unenforceable and invalid for failure to comply with one or more provisions of one or more of 35 U.S.C. § 102, 35 U.S.C. § 103, and 35 U.S.C. § 112.

### Second Affirmative Defense

32. On information and belief, Plaintiff Halo is barred by the doctrine of equitable estoppel from obtaining relief or recovery on its complaint in this action.

### Third Affirmative Defense

33. On information and belief, Plaintiff Halo is barred by the doctrine of laches from obtaining relief or recovery on its complaint in this action.

## COUNTERCLAIM

34. Jurisdiction of this counterclaim arises under 28 U.S.C. §2201 and under 28 U.S.C. §1338(a).

35. Defendant XFMRS alleges that the '985, '720, '721, '489, '785 and '431 patents are each invalid, void, unenforceable and not infringed for reasons including those set forth in foregoing paragraphs 31-34, which are realleged as if fully set forth again.

36. This case is exceptional as defined in 35 U.S.C. § 285.

WHEREFORE, Defendant XFMRS prays:

A.	For dismissal of the complaint herein, with prejudice;

B.  For a declaration that each of the patents in suit is invalid, unenforceable and not infringed by XFMRS.

C.  For costs of this action, reasonable attorney fees, and other such relief as the court may deem just and proper under the circumstances.


Dated: March 5, 2008                             By:___/s/_____
                                                 Harold C. Moore,
                                                 (Indiana State Bar 19004-49)

                                                 Attorneys for Defendant,
                                                     XFMRS, INC.