1  SHANE BRUN (CA SBN 179079)
   E-mail: sbrun@mofo.com
2  J. RYAN GILFOIL (CA SBN 246493)
   E-mail: jgilfoil@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: (415) 268-7000
5  Facsimile: (415) 268-7522

6  Attorneys for Defendant
   ELEC & ELTEK (USA) CORP.
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

| | |
|---|---|
| HALO ELECTRONICS, INC., | Case No.   5:07-CV-06222-RMW |
| Plaintiff, | **ELEC & ELTEK (USA) CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS FOR DECLARATORY RELIEF** |
| v. | |
| BEL FUSE INC., ELEC & ELTEK (USA) CORP., WURTH ELECTRONICS MIDCOM, INC., and XFMRS, INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendant Elec & Eltek (USA) Corp. ("E&E") hereby answers Plaintiff Halo Electronics, Inc.'s ("Halo") Complaint for Patent Infringement.

**JURISDICTION AND VENUE**

1.  E&E admits the allegations of paragraph 1.

2.  E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and on that basis denies them.  E&E denies that it has committed any acts of patent infringement.  E&E does not contest personal jurisdiction in this case.

3.  E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis denies them.

**INTRADISTRICT ASSIGNMENT**

4. E&E admits the allegations of paragraph 4.

**THE PARTIES**

5. E&E is informed and believes that Halo is a corporation organized and existing under the laws of the state of Nevada, and that Halo's headquarters is located at 3005 East Post Road Front, Las Vegas, Nevada. E&E is informed and believes that Halo maintains a place of business at 1861 Landings Drive, Mountain View, California.

6. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis denies them.

7. E&E admits the allegations of paragraph 7.

8. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis denies them.

9. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies them.

**COUNT I (PATENT INFRINGEMENT)**

10. E&E incorporates by reference the answers set forth in the preceding paragraphs of this Answer.

11. E&E admits that U.S. Patent No. 5,656,985 ("the '985 patent") entitled "Electronic Surface Mount Package" was issued by the United States Patent and Trademark Office on August 12, 1997, and that Exhibit A is a true and correct copy of the '985 patent. E&E lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and on that basis denies them.

12. E&E admits that U.S. Patent No. 6,297,720 ("the '720 patent") entitled "Electronic Surface Mount Package" was issued by the United States Patent and Trademark Office on October 2, 2001, and that Exhibit B is a true and correct copy of the '720 patent. E&E lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12, and on that basis denies them.

13. E&E admits that U.S. Patent No. 6,297,721 ("the '721 patent") entitled "Electronic Surface Mount Package" was issued by the United States Patent and Trademark Office on October 2, 2001, and that Exhibit C is a true and correct copy of the '721 patent. E&E lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13, and on that basis denies them.

14. E&E admits that U.S. Patent No. 6,320,489 ("the '489 patent") entitled "Electronic Surface Mount Package with Extended Side Retaining Wall" was issued by the United States Patent and Trademark Office on November 20, 2001, and that Exhibit D is a true and correct copy of the '489 patent. E&E lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and on that basis denies them.

15. E&E admits that U.S. Patent No. 6,344,785 ("the '785 patent") entitled "Electronic Surface Mount Package" was issued by the United States Patent and Trademark Office on February 5, 2002, and that Exhibit E is a true and correct copy of the '785 patent. E&E lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and on that basis denies them.

16. E&E admits that U.S. Patent No. 6,662,431 ("the '431 patent") entitled "Electronic Surface Mount Package" was issued by the United States Patent and Trademark Office on December 16, 2003, and that Exhibit F is a true and correct copy of the '431 patent. E&E lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and on that basis denies them.

17. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis denies them.

18. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis denies them.

19. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and on that basis denies them.

20. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and on that basis denies them.

21. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and on that basis denies them.

22. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and on that basis denies them.

23. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and on that basis denies them.

24. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and on that basis denies them.

25. E&E lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis denies them.

26. E&E denies the allegations of paragraph 26.

27. E&E denies the allegations of paragraph 27.

28. E&E denies the allegations of paragraph 28.

29. E&E denies the allegations of paragraph 29.

30. E&E denies the allegations of paragraph 30.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that E&E bears the burden of proof as to any of them, E&E asserts the following separate affirmative defense to Halo's claims. Additionally, E&E reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the Unites States, and any other defense, at law or equity, that may now exist or in the future be available based on discovery and further investigation of this case.

### First Affirmative Defense

31. E&E has not infringed and is not now infringing, either directly, contributorily, or through inducement, any claim of the '985, '720, '721, '489, '785, or '431 patents (the "Patents-in-Suit").

### Second Affirmative Defense

32. All or some of the claims of the Patents-in-Suit are invalid or unenforceable for failing to comply with one or more provisions of the patent laws of the United States, Title 35,

1  United States Code, including without limitation Sections 41, 101, 102, 103, 112, 115, and 116 of
2  Title 35, and the rules, regulations, and laws pertaining to those provisions.

### Third Affirmative Defense

4  33.  Upon information and belief, Halo is not entitled to any damages for any period
5  before Halo's actual notice to E&E of its infringement allegations, by reason of the failure
6  properly to mark products embodying the claims of the Patents-in-Suit as required by
7  35 U.S.C. § 287.

### Fourth Affirmative Defense

9  34.  To the extent Halo seeks recovery for any alleged infringement committed more
10 than six years prior to the filing of the Complaint, such recovery is barred by 35 U.S.C. § 286.

### Fifth Affirmative Defense

12 35.  Halo's infringement and damage claims are barred by the equitable doctrines of
13 laches, waiver, equitable estoppel, acquiescence, implied license, unclean hands, or any other
14 equitable doctrine.

### Sixth Affirmative Defense

16 36.  Halo has an adequate remedy at law, and no basis exists for the grant of equitable
17 relief.

### COUNTERCLAIM

### (Declaratory Judgment as to the Patents-in-Suit)

20 37.  E&E incorporates the allegations of the Answer as if set forth herein.
21 38.  By its Complaint, Halo alleges that the Patents-in-Suit are valid and enforceable
22 and that E&E has infringed them.  E&E has denied these allegations.  A justifiable controversy
23 therefore exists between Halo and E&E.
24 39.  A judicial declaration is necessary and appropriate at this time in order that E&E
25 may ascertain its rights and duties with respect to the Patents-in-Suit.
26 40.  These counterclaims arise under federal statutory law, including 35 U.S.C. § 271
27 *et seq.* and 28 U.S.C. § 2201.  Accordingly, this Court has jurisdiction over these counterclaims
28 pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Additionally, because there are now pending before

this Court claims involving substantially related questions of law and fact, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief as to the '985 Patent)**

41. Upon information and belief, E&E is not directly infringing, contributorily infringing, or inducing others to infringe any valid and enforceable claim of the '985 Patent.

42. Upon information and belief, the '985 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief as to the '720 Patent)**

43. Upon information and belief, E&E is not directly infringing, contributorily infringing, or inducing others to infringe any valid and enforceable claim of the '720 Patent.

44. Upon information and belief, the '720 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Relief as to the '721 Patent)**

45. Upon information and belief, E&E is not directly infringing, contributorily infringing, or inducing others to infringe any valid and enforceable claim of the '721 Patent.

46. Upon information and belief, the '721 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Relief as to the '489 Patent)**

47. Upon information and belief, E&E is not directly infringing, contributorily infringing, or inducing others to infringe any valid and enforceable claim of the '489 Patent.

48.     Upon information and belief, the '489 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Relief as to the '785 Patent)

49.     Upon information and belief, E&E is not directly infringing, contributorily infringing, or inducing others to infringe any valid and enforceable claim of the '785 Patent.

50.     Upon information and belief, the '785 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Relief as to the '431 Patent)

51.     Upon information and belief, E&E is not directly infringing, contributorily infringing, or inducing others to infringe any valid and enforceable claim of the '431 Patent.

52.     Upon information and belief, the '431 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, E&E prays:

A.     That Halo take nothing by its claims for relief;

B.     That Halo's claims for relief be dismissed with prejudice;

C.     That the Court enter judgment against Halo and in favor of E&E in all respects;

D.     For a determination that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to E&E; and

///

///

1  E.  For such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

E&E demands a jury on all issues triable in this action.

Dated: April 10, 2008

SHANE BRUN
J. RYAN GILFOIL
MORRISON & FOERSTER LLP

By: ___/s/ Shane Brun___
          Shane Brun

Attorneys for Defendants & Counterclaimants
ELEC & ELTEK (USA) CORP.

ELEC & ELTEK (USA) CORP.'S ANSWER & COUNTERCLAIMS
Case No. 5:07-CV-06222-RMW
sf-2492708

8