Limin Zheng (zheng@fr.com) (CA #226875)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Juanita Brooks (brooks@fr.com) (CA #75934)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Michael J. Kane (Kane@fr.com) (*pro hac vice*)
William R. Woodford (woodford@fr.com) (*pro hac vice*)
Sarah J. Bray (Bray@fr.com) (*pro hac vice*)
FISH & RICHARDSON P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Attorneys for Plaintiff
Halo Electronics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| HALO ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., and XFMRS, INC., <br><br> Defendants, | Civil Case No. 07-6222 RMW <br><br> **AMENDED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

1    Plaintiff Halo Electronics, Inc. ("Halo") and Defendants Bel Fuse, Inc. ("Bel Fuse"), Elec
2  & Eltek (USA) Corporation ("E&E"), Wurth Electronics Midcom, Inc. ("Midcom"), and XFMRS,
3  Inc. ("XFMRS") respectfully submit this Amended Joint Case Management Statement and
4  Proposed Order and request the Court adopt it as its Case Management Order in this case.  The
5  parties are amending their previously filed Joint Case Management Statement to reflect changes in
6  filing deadlines in Sections Q and X, based on the Court's recent rescheduling of the Case
7  Management Conference; to state in Section L that the telephonic conference with ADR staff has
8  now taken place; and to add a final paragraph to Defendant E&E's statement in Section D on
9  pages 6-7.

10 **A.    Jurisdiction, Venue, and Service**
11    Subject Matter Jurisdiction:
12 *Plaintiff's Claims:*
13    Halo has asserted patent infringement claims against each defendant, regarding six patents
14 assigned to Halo.  Plaintiff states that the court has subject matter jurisdiction over Plaintiff's
15 claims under 28 U.S.C. §§ 1331 and 1338(a).  Midcom contends that the court lacks subject matter
16 over Plaintiff's claim.  XFMRS and E&E have not contested subject matter jurisdiction over
17 Plaintiff's claim.  Bel Fuse has moved to dismiss or transfer Halo's claim against Bel Fuse
18 pursuant to 28 U.S.C. § 1404(a), which motion has been taken under submission following oral
19 argument on March 14, 2008.  Defendant Bel Fuse reserves its right to contest subject matter
20 jurisdiction if the Court denies its motion.
21 *Defendants' Counterclaims:*
22    Defendants Midcom and XFMRS have asserted counterclaims stating that the Halo patents
23 are invalid, void, unenforceable, and not infringed.  Defendants state that the basis of the court's
24 subject matter jurisdiction over their counterclaims is 28 U.S.C. § 2201 and 28 U.S.C. § 1338(a).
25 Defendant E&E has asserted counterclaims requesting declaratory judgment of noninfringement
26 and invalidity of each of the Halo patents, with subject matter jurisdiction alleged under 28 U.S.C.
27
28

1  §§ 1331 and 1338(a).  Defendant Bel Fuse will file its Answer and Counterclaims if the Court
2  denies its motion to dismiss or transfer.
3  <u>Personal Jurisdiction</u>:  Defendants XFMRS and E&E do not contest personal jurisdiction.
4  Defendant Midcom has not admitted personal jurisdiction.  Defendant Bel Fuse reserves its right
5  to contest personal jurisdiction if the Court denies its motion to dismiss or transfer.
6  <u>Venue</u>:  Bel Fuse has contested venue in connection with its motion to dismiss or transfer.
7  <u>Service</u>:  All parties have been served.

8  **B.    Statement of the Nature of the Case**

9  <u>Halo's Statement</u>:  Halo has asserted United States Patents Nos. 5,656,985, 6,297,720,
10 6,297,721, 6,320,489, 6,344,785, and 6,662,431, which issued between 1997 and 2003, and are all
11 assigned to Halo.  These patents all relate to electronic surface-mount transformer packages.
12 Defendants all make, use, sell, and/or offer to sell electronic surface-mount transformer packages
13 and/or devices that have or contain electronic surface-mount transformer packages that infringe
14 one or more claims of the Halo patents.  In Count I of the complaint, Halo alleges that notice of
15 the patents was given to Bel Fuse, XFMRS, Midcom at least as early as July 2002, and that E&E
16 had knowledge of the Halo patents before the date of the complaint.  In Count I of the complaint,
17 Halo also alleges that by making, using, selling, and/or offering to sell surface-mount transformer
18 packages embodying the patented inventions, each defendant has willfully infringed the Halo
19 patents.

20 <u>Defendants' Statement</u>: Defendants each deny that their transformer packages infringe any
21 valid claim of the Halo patent, and assert that each of the patents is invalid and unenforceable.

22 **C.    Factual and Legal Issues in Dispute**

23 The parties agree that the infringement, validity, and enforceability of the Halo patents will
24 be the general subjects of dispute.  The specific areas of dispute are:

25 1.    The proper construction of the claims asserted in the Halo patents.  This will be
26 decided by the Court under *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995).

27
28

2. Whether the products made, used, sold, or offered for sale by defendants infringe the properly construed claims of the Halo patents.

3. Whether the Halo patents are valid. The applicable statutes are 35 U.S.C. §§ 102, 103, and 112.

4. Whether the Halo patents are enforceable.

5. Whether Halo is barred by laches or equitable estoppel from asserting its claims.

6. The damages owed to Halo should it prevail on its claims of infringement.

7. Whether Defendants' alleged infringement of the patents was willful.

### D. **Motions**

The parties anticipate claim construction briefing under the Patent Local Rules and summary judgment motions regarding infringement, validity and/or unenforceability.

<u>Plaintiff Halo, Defendant Bel Fuse</u>: Halo and Bel Fuse have previously filed motions relating to the proper forum to litigate the claims against Bel Fuse, focusing on venue rules and rules of first-filing priority.

<u>Defendant Midcom</u>: Midcom will be filing Requests for Ex Parte Reexamination of each claim of each patent asserted in this action and will be filing a motion to stay this litigation pending the outcome of the reexaminations. Midcom asserts that such a stay would be appropriate at this nascent stage of litigation because no discovery has been conducted, the Patent Office will be able to provide its expertise as to the validity of the claims of the patents-in-suit, and Halo will not be prejudiced as a result of the Patent Office's review. It is Midcom's position that Patent Office statistics strongly suggest that not only will the reexaminations be granted, but Halo will cancel or amend the patent claims. Indeed, 92% of reexamination requests are granted and 59% of these reexaminations result in amended claims. Accordingly, Midcom suggests that a stay will greatly simplify the issues in question and trial of the case, and to the extent that the reexamination proceeding should narrow any of the asserted claims, the scope of this litigation would be significantly simplified. If the Patent Office finds some or all of the claims of the patents-in-suit

1 invalid, this Court will have wasted resources and the parties will have needlessly spent funds
2 addressing invalid claims.
3     <u>Plaintiff's Response to Midcom</u>:  Halo has reviewed the prior art relied on by Midcom and
4 does not believe a stay of this litigation is warranted.
5     <u>Defendant E&E</u>:  With the Court's permission, Defendant E&E intends to file a motion for
6 summary judgment of noninfringement shortly after its receipt of Halo's infringement contentions.
7 E&E will argue that, based on clear and unambiguous disclosures in the specifications and file
8 histories of Halo's patents, every claim of Halo's patents must be construed to require a soft
9 silicone type material to carry the transformers within the claimed packages.  E&E states that it
10 does not use a soft silicone type material in its packages.  E&E is trying to negotiate a resolution
11 of Halo's claims, but in the event that these efforts are unsuccessful, E&E requests the Court's
12 permission to seek an early summary judgment of noninfringement.  E&E's motion will be short,
13 and will focus on a single feature of Halo's patents as discussed briefly below.
14     Consistent with the above-mentioned disclosures, every claim of the '985 patent, which is
15 the parent of the other five asserted patents, expressly requires the use of "a soft silicone material"
16 to carry the transformers within the claimed packages.  But in each of its five continuation
17 applications from the '985 patent, Halo included at least one claim that does not expressly state
18 how the transformers are carried or secured within the packages, and E&E asserts that through
19 these claims, Halo is now attempting to rewrite its invention, including recapturing clearly
20 disclaimed subject matter.  For example, the specification of the '720 patent describes the problem
21 being addressed, and the solution offered, by "the present invention" as follows:

> It is widely known that when the toroidal magnetics are mounted in hard plastic packages, the infra-red soldering processes cause the magnetic components (ferrite) to expand significantly.  <u>When using a hard epoxy type material, it has been found that the magnetic component expansion can often cause cracking of the package or case, which is highly undesirable.  The present invention solves this problem</u> by providing an open design within which is placed <u>a soft silicone material</u> which allows for expansion during the soldering process, rather than contain the components within a closed case or package.  Hence, with the open construction, the present invention has no bottom at all.  <u>In addition, the magnetic components are not mounted on anything but rather are encapsulated or supported ("carried by a soft silicone material")</u> such that when the wires are wound around

   <u>and soldered to the pin-posts, the cracking and expansion problems described above are avoided.</u>

('720 patent, col. 4, line 57 – col. 5, line 6.) (emphasis added.) Every claim, except claim 1, of the '720 patent expressly requires "a plurality of transformers within said package in a soft silicone material." Claim 1 includes the "plurality of transformers within said package" limitation, but does not state how the transformers are carried or secured within the package. Based on the above and other disclosures, however, E&E submits that claim 1 must also be construed to require the use of a soft silicone type material to carry the transformers within the package. E&E further submits that at an absolute minimum, this claim plainly cannot be construed to cover the use of hard epoxy to secure the transformers, which is a direct cause of the problem being addressed by the patent and which has clearly been disclaimed. E&E states that it uses hard epoxy in its packages. Each of Halo's asserted continuation patents contains the same or similar disclosures and presents these same issues.

   Shortly after receiving notice of Halo's complaint, E&E informed Halo that it uses hard epoxy to secure the transformers in its products, and asked Halo to dismiss E&E from this case. Halo responded that its patents also cover the use of hard epoxy, which E&E asserts flies in the face of Halo's own description of its invention.

   E&E believes that Halo's claims against it are baseless, and E&E hopes not to have to incur the expenses of full-scale litigation of six patents under the Patent Local Rules before it can have Halo's claims dismissed. In the event that E&E is unable to reach an agreement with Halo resolving this matter, E&E requests the Court's permission to seek an early summary judgment of non-infringement focusing on E&E's use of hard epoxy in its accused products. E&E would file its motion within one month of receiving Halo's preliminary infringement contentions.

   E&E also asserts that Halo's objections to E&E's early summary judgment motion as stated below are baseless. An early motion is both beneficial and appropriate here because it will resolve Halo's claims against E&E by focusing on one common limitation/feature of each of Halo's patents, and will allow both parties and the Court to avoid months of unnecessary litigation under the Patent Local Rules before reaching claim construction. E&E will also provide Halo

complete discovery on the relevant feature of E&E's accused products, including technical and manufacturing specifications, sample products, and deposition testimony if Halo wants it, well in advance of Halo's opposition to E&E's motion.

<u>Plaintiff's Response to E&E</u>:  Halo believes that E&E's proposed summary judgment motion raises a claim construction issue that will be resolved under the Court's Rules and the proposed *Markman* schedule below.  Additionally, E&E's proposal raises issues of fact and would unfairly prevent Halo from taking discovery to prepare an opposition.  Therefore, Halo does not believe an early summary judgment motion will be beneficial or appropriate.

**E.     Amendments of Pleadings**

Defendant XFMRS intends to file an amended Answer and Counterclaim regarding inequitable conduct, pending further fact investigation.

**F.     Evidence Preservation**

Halo and Defendants have been informed by counsel to take steps necessary to ensure preservation of any documents and electronically stored information relating to Halo's claims against Defendants or to Defendants' counterclaims.

**G.     Disclosures**

The parties met and conferred regarding their Rule 26 disclosures and will be making Rule 26 disclosures on May 9, 2008, with the exception of Bel Fuse which will make its Rule 26 disclosures, if necessary, within seven days after the Court rules on the motion to dismiss or transfer.

**H.     Discovery**

Plaintiff proposes increasing the total number of depositions it may take without obtaining leave of the Court to 40.  Plaintiff believes this proposal is reasonable considering that there are four different defendants in this case.  At this time, the parties do not propose altering any of the other discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules.  The Proposed Docket Control Deadlines, below, contains a proposed schedule for discovery.

**I.    Class Actions**

Not applicable.

**J.    Related Cases**

None.

**K.    Relief**

Relief sought by Plaintiff:  Halo seeks (1) a determination that Defendants have infringed the Halo patents; (2) a determination that this infringement was willful and deliberate; (3) an order permanently enjoining Defendants from infringing the Halo patents; (4) compensatory damages (including prejudgment and post-judgment interest and costs); (5) treble damages based on willful infringement; and (6) attorneys fees, expenses, and costs incurred in this action, as well as any other further relief that the Court deems just.  The amount of damages sought has not yet been determined because information such as Defendants' sales data is not yet available to Plaintiff (with the exception of Midcom's sales information, which was shared with Halo pursuant to a confidentiality agreement).  Damages will be based either on a reasonable royalty calculation or on lost profits attributable to Defendants' infringement of the Halo patents.  In no event will the amount of money damages sought be less than a reasonable royalty.

Relief Sought by Defendants:  Defendants XFMRS and Midcom seek dismissal of the infringement claims; a declaration that the Halo patents are invalid, unenforceable, and not infringed; and costs, attorneys fees, and other relief that the Court deems just.  Defendant E&E seeks dismissal of the infringement claims; declaratory judgment that the Halo patents are invalid and not infringed; and costs, attorneys fees, and other relief that the Court deems just.  Other than dismissal or transfer under 28 U.S.C. § 1404(a), defendant Bel Fuse has not sought any relief in this case.  Bel Fuse will file its Answer and Counterclaims if its motion to dismiss or transfer is denied.

**L.    Settlement and ADR**

The parties have not come to any agreements regarding settlement at this time, but all parties have participated in a telephonic conference with an ADR staff attorney regarding early

1  settlement options.  Plaintiff Halo believes that some discovery will be necessary before ADR will

2  be fruitful, but would be willing to mediate the case at the appropriate time.  Defendant Midcom

3  believes that early mediation would be helpful.  Midcom states that it has had minimal sales of the

4  accused products during the statutory six year damages period and only a small percentage of

5  those sales, if any, were in the United States.  Information regarding Midcom's sales has already

6  been shared with Halo pursuant to a confidentiality agreement.

**M.    Consent to Magistrate Judge For All Purposes**

The parties have not consented to have a magistrate judge conduct further proceedings, except for a telephonic early settlement conference.

**N.    Other References**

Not applicable.

**O.    Narrowing of Issues**

The parties believe that it is premature to narrow the issues for trial.  However, the parties will be providing asserted claims, infringement contentions, and invalidity contentions as required by the Patent Local Rules.

**P.    Expedited Schedule**

The parties do not believe that this case is appropriate for an expedited schedule.

**Q.    Scheduling**

The parties have agreed to follow the Northern District's Patent Local Rules.[1]  The Proposed Docket Control Deadlines agreed to by the parties are as follows:

| PARTY | DEADLINE DESCRIPTION | DATE |
| --- | --- | --- |
| All | Amended Joint Case Management Statement and Proposed Order | May 2, 2008 |
| All | Case Management Conference | May 9, 2008 |
| All[2] | FRCP 26 Initial Disclosures | May 9, 2008 |
| Halo | Disclosure of Asserted Claims & Preliminary Infringement Contentions | May 23, 2008 (PLR 3-1) |

---

[1]    The parties are following the Northern District's Patent Local Rules instituted on January 1, 2001, because this case was filed prior to March 1, 2008.

[2]    With the exception of Defendant Bel Fuse, as explained in Section G above.

| | | |
|---|---|---|
| Halo | Production of Documents Supporting Preliminary Infringement Contentions | May 23, 2008 (PLR 3-2) |
| All Defendants | Preliminary Invalidity Contentions Regarding Halo Patents | July 7, 2008 (PLR 3-3) |
| All Defendants | Production of Documents Supporting Preliminary Invalidity Contentions Regarding Halo Patents | July 7, 2008 (PLR 3-4) |
| All | Exchange of Proposed Terms and Claim Elements for Construction | July 21, 2008 (PLR 4-1) |
| All | Exchange of Preliminary Claim Constructions and Extrinsic Evidence | August 11, 2008 (PLR 4-2) |
| All | Preliminary Identification of Extrinsic Evidence, Including Testimony of Percipient and Expert Witnesses | August 11, 2008 (PLR 4-2) |
| All | Joint Claim Construction and Prehearing Statement | September 5, 2008 (PLR 4-3) |
| All | Claim Construction Prehearing Conference | September 19, 2008 (PLR 2-1) |
| All | Deadline to Complete Claim Construction Discovery, Including Depositions Relating to Claim Construction | October 6, 2008 (PLR 4-4) |
| Halo | Opening Claim Construction (Markman) Brief | October 20, 2008 (PLR 4-5) |
| All Defendants | Responsive Claim Construction (Markman) Briefs | November 3, 2008 (PLR 4-5) |
| Halo | Reply Claim Construction (Markman) Brief | November 12, 2008 (PLR 4-5) |
| All | Claim Construction Hearing (Subject to the Court's Convenience) | November 26, 2008 (PLR 4-6) |
| Halo | Final Infringement Contentions | Claim Construction Ruling + 30 days (PLR 3-6) |
| All Defendants | Final Invalidity Contentions | Claim Construction Ruling + 50 days (PLR 3-6) |
| Any Defendant | Willfulness Opinion and Document Production by Any Defendant Asserting Opinion of Counsel Defense to Willfulness Claim | Claim Construction Ruling + 50 days (PLR 3-8) |
| All | Completion of Fact Discovery | Claim Construction Ruling + 70 days |
| All | Expert Reports | Claim Construction Ruling + 90 days |
| All | Rebuttal Expert Reports | Claim Construction Ruling + 110 days |
| All | Close of Expert Discovery | Claim Construction Ruling + 130 days |
| All | Dispositive Motions | Claim Construction Ruling + 150 days |

**R.     Trial**

Halo has demanded a jury trial. The expected length of the trial is 10-15 days. The parties cannot yet estimate the approximate number of witnesses, experts, or exhibits expected.

**S.     Disclosures of Non-party Interested Entities or Persons**

All parties have filed disclosures of interested entities. Halo's disclosure stated that it has no parent corporation and no publicly-held corporation owns more than 10% of its stock. Defendant XFMRS' Rule disclosure stated, "XFMRS Holdings, Inc." Defendant Bel Fuse's disclosure stated that it has no parent corporation and no publicly-held corporation owns more than 10% of its stock. Defendant Midcom disclosed that it is wholly owned by the Wurth Electronics eiSos Group, and that no other publicly held corporation has a substantial interest in the litigation. Defendant E&E disclosed that it is a wholly-owned subsidiary of E&E Magnetic Products Holdings (BVI) Ltd., which is a 91.5%-owned subsidiary of Elec & Eltek Electronics Components Ltd., which is a wholly-owned subsidiary of Elec & Eltek International Holdings Ltd., which is a wholly-owned subsidiary of Kingboard Chemical Holdings Ltd. Kingboard Chemical Holdings Ltd. is publicly traded on the Hong Kong stock exchange. E&E stated that there is no other publicly-held corporation that owns 10% or more of its stock.

**T.     Proposed Modification of Deadlines and Effects of Such Modifications of Date and Time of Claim Construction Hearing:**

No modifications are proposed.

**U.     Live Testimony in the Claim Construction Hearing**

The parties do not anticipate presenting live testimony in the claim construction hearing.

**V.     Specific Limits on Discovery Relating to Claim Construction, Including Deposition of Witnesses**

At this time no specific limits on discovery are anticipated.

1  **W.    Order of Presentation at the Claim Construction Hearing**

2  The parties propose that Plaintiff make its presentation on a disputed claim term.

3  Defendants will then make their presentations for that term.  This process will continue until all

4  disputed terms have been addressed.

5  **X.    Scheduling of Claim Construction Prehearing Conference**

6  The parties expect to conduct a Claim Construction Prehearing Conference on September

7  19, 2008.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | Dated: May 2, 2008 | FISH & RICHARDSON P.C. |
| 2 | | By: ___*/s/ Michael J. Kane*___ |
| 3 | | Michael J. Kane<br>Attorney for Plaintiff |
| 4 | | HALO, INC. |
| 5 | Dated: May 2, 2008 | WOLF BLOCK LLP |
| 6 | | By: ___*/s/ Joshua L. Raskin*___ |
| 7 | | Joshua L. Raskin<br>Attorneys for Defendant |
| 8 | | BEL FUSE, INC. |
| 9 | Dated: May 2, 2008 | MORRISON & FOERSTER, LLP |
| 10 | | By: ___*/s/ Shane Brun*___ |
| 11 | | Shane Brun<br>Attorneys for Defendant |
| 12 | | ELEC & ELTEK (USA) CORPORATION |
| 13 | Dated: May 2, 2008 | BAKER & HOSTETLER LLP |
| 14 | | By: ___*/s/ Neal Seth*___ |
| 15 | | Kenneth J. Sheehan<br>A. Neal Seth<br>Attorneys for Defendant |
| 16 | | WURTH ELECTRONICS MIDCOM, INC. |
| 17 | | |
| 18 | Dated: May 2, 2008 | MAGINOT MOORE & BECK LLP |
| 19 | | By: ___*/s/ Harold C. Moore*___ |
| 20 | | Harold C. Moore<br>Attorneys for Defendant<br>XMFRS, INC. |
| 21 | | |

22  Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Joshua L. Raskin,
23  Shane Brun, A. Neal Seth, Kenneth Sheehan, and Harold C. Moore.

| | | |
|---|---|---|
| 24 | Dated: May 2, 2008 | FISH & RICHARDSON P.C. |
| 25 | | By: ___*/s/ Michael J. Kane*___ |
| 26 | | Michael J. Kane<br>Attorney for Plaintiff<br>HALO, INC. |
| 27 | | |
| 28 | | |

# [PROPOSED] CASE MANAGEMENT ORDER

The Amended Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

SO ORDERED, this _____ day of _____, 2008.

_____
HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT COURT JUDGE

# CERTIFICATE OF SERVICE

I am employed in the County of Hennepin. My business address is Fish & Richardson P.C., 60 South Sixth Street, Suite 3300, Minneapolis, Minnesota 55402. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

I certify that on May 2, 2008, a true and correct copy of the AMENDED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER was served as specified below:

D. Shane Brun
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482
**sbrun@mofo.com**
Attorneys for Defendant Elec Eltek (USA) Corporation
**(Via ECF and E-mail)**

A. Neal Seth
Kenneth Sheehan
Cranston John Williams
Baker & Hostetler LLP
1050 Connecticut Ave., N.W., Ste 1100
Washington, DC  20036-5304
**nseth@bakerlaw.com**
**ksheehan@baker.com**
**cwilliams@bakerlaw.com**
Attorneys for Defendant Wurth Electronics Midcom, Inc.
**(Via ECF and E-mail)**

Joshua L. Raskin
Kenneth G. Roberts
Wolf Block Schorr & Solis-Cohen LLP
250 Park Avenue, 10th Floor
New York, NY  10177
**jraskin@steinbergraskin.com**
Attorneys for Defendant Bel Fuse, Inc.
**(Via ECF and E-mail)**

Martin C. Fliesler
Rex Hwang
Fliesler Meyer LLP
650 California Street, 14th Floor
San Francisco, CA 94108
**mcf@fdml.com**
**rhwang@fdml.com**
Attorneys for Defendant Bel Fuse, Inc.
**(Via ECF and E-mail)**

| | |
|---|---|
| 1 | Harold C. Moore |
| | Maginot Moore & Beck LLP |
| 2 | Chase Tower |
| | 111 Monument Circle, Ste. 3250 |
| 3 | Indianapolis, IN 46204-5109 |
| | **hcmoore@maginot.com** |
| 4 | Attorneys for Defendant XMFRS, Inc. |
| | **(Via ECF and E-mail)** |
| 5 | |
| | Christopher Todd Norris |
| 6 | Bullivant Houser Bailey PC |
| | 601 California Street |
| 7 | Suite 1800 |
| | San Francisco, CA 94108 |
| 8 | **todd.norris@bullivant.com** |
| | Attorneys for Defendant XMFRS, Inc. |
| 9 | **(Via ECF and E-mail)** |
| 10 | **David Moorman** |
| | 111 Monument Circle |
| 11 | Suite 3250 |
| | Indianapolis, IN 46204 |
| 12 | Attorneys for Defendant XMFRS, Inc. |
| | **drmoorman@maginot.com** |
| 13 | **(Via ECF and E-mail)** |

I declare under penalty of perjury that the above is true and correct. Executed on May 2, 2008, at Minneapolis, MN.

                                              /s/ Michael J. Kane
                                              Michael J. Kane