**United States District Court**
For the Northern District of California

**E-FILED on** 5/5/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HALO ELECTRONICS, INC.,

Plaintiff,

v.

BEL FUSE INC.; ELEC & ELTEK (USA) CORPORATION; WURTH ELEKTRONIK MIDCOM, INC.; and XFMRS, INC.,

Defendants.

No. C-07-06222 RMW

ORDER GRANTING PLAINTIFF'S MOTION TO DECLARE THIS ACTION THE FIRST FILED; DENYING PLAINTIFF'S MOTION TO ENJOIN DUPLICATIVE PROCEEDINGS; DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER
**[Re Docket Nos. 11, 15]**

On January 4, 2008, Halo Electronics, Inc. ("Halo") filed the above captioned complaint against four defendants, Bel Fuse, Inc. ("Bel Fuse"), Elec & Eltec (USA) Corp. ("Elec"), Wurth Elektronik Midcom, Inc. ("Wurth"), and XFMRS, Inc. ("XFMRS"), alleging infringement of six of Halo's patents. Halo moves to have this action declared the first filed and to enjoin Bel Fuse from seeking declaratory relief regarding Halo's patents in the district of New Jersey where Halo and Bel Fuse are already engaged in litigation. Bel Fuse simultaneously moves to dismiss the complaint or to transfer the action to the District of New Jersey. For the reasons set forth below, the court grants

United States District Court
For the Northern District of California

Halo's motion to declare this action the first filed, denies Halo's motion to enjoin duplicative proceedings and denies Bel Fuse's motion to dismiss or transfer.

**I. BACKGROUND**

Halo has filed suit against defendants alleging infringement of six of Halo's patents, all entitled "Electronic Surface Mount Package."[1] Compl. ¶¶ 11-30. Plaintiff Halo is a Nevada corporation with its principal place of business in Las Vegas, Nevada. *Id.* ¶ 5. Halo maintains a place of business in Mountain View, California. *Id.* ¶ 5. Defendant Bel Fuse is a Delaware corporation with its principal place of business in Jersey City, New Jersey. *Id.* ¶ 6. Defendant Elec is a California corporation with its principal place of business in Laguna Hills, California. *Id.* ¶ 7. Defendant Wurth is a South Dakota corporation with its principal place of business in Watertown, South Dakota. *Id.* ¶ 8. Defendant XFMRS is an Indiana corporation with its principal place of business in Camby, Indiana. *Id.* ¶ 8. Wurth, XFMRS, and Elec, have filed answers to Halo's complaint. *See* Docket Nos. 60, 61, 78.

On March 15, 2007, Halo filed suit against defendant Bel Fuse, and two other corporations not involved in the present action, in the District of Nevada ("the Nevada Action"), Case No. 07-00331-PMP-PAL, alleging infringement of the six patents at issue in the present action ("the Halo patents"). *Id.* ¶¶ 11-16. On May 8, 2007, Bel Fuse moved to dismiss Halo's complaint in the Nevada Action for lack of personal jurisdiction, and on the same date, filed suit against Halo in the District of New Jersey, Case No. 07-02168-HAA-ES ("the New Jersey Action"), alleging infringement of U.S. Patent No. 5,736,910 ("the '910 patent") entitled "Modular Jack Connector with a Flexible Laminate Capacitor Mounted on a Circuit Board." Bel Fuse's Mot. to Transfer at 6. The parties do not appear to dispute that the '910 patent is unrelated to the Halo patents because the patents involve different technologies.

---

[1] The six Halo patents in suit are U.S. Patent No. 5,656,985 issued August 12, 1997; U.S. Patent No. 6,297,720 issued October 2, 2001; U.S. Patent No. 6.297,721 issued October 2, 2001; U.S. Patent No. 6,320,489 issued November 20, 2001; U.S. Patent No. 6,344,785 issued February 5, 2002; U.S. Patent No. 6,662,431 issued December 16, 2003.

ORDER GRANTING PLAINTIFF'S MOTION TO DECLARE THIS ACTION THE FIRST FILED; DENYING PLAINTIFF'S MOTION TO ENJOIN DUPLICATIVE PROCEEDINGS; DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER–No. C-07-06222 RMW
EI 2

On Friday, December 7, 2007, the Nevada court granted Bel Fuse's motion to be dismissed from the Nevada Action.[2] Halo's Mot. at 4. On the same day, Halo re-filed its patent infringement claims against Bel Fuse in this court. Halo's complaint also included claims against defendants Elec, Wurth and XFMRS. *Id.* These three defendants were not involved in the prior Nevada Action. Bel Fuse's Reply at 5.

On Monday, December 10, 2007, Bel Fuse filed a motion in the New Jersey Action seeking to amend its answer to add counterclaims for declaratory relief on the Halo patents asserted in the Nevada Action and now the present action. Halo's Mot. at 4. To date, the district court in New Jersey has not ruled on Bel Fuse's motion to amend. *Id.* at 6.

Halo now moves to have this action declared the first filed, and to enjoin Bel Fuse from asserting its declaratory judgment claims in the New Jersey suit. Bel Fuse asks the court dismiss the instant California action or transfer the suit to New Jersey.

## II. ANALYSIS

### A. Motion To Declare This Action The First Filed

"The first-filed rule is a comity rule for resolving conflicts of jurisdiction where parallel actions are filed in different federal district courts. It provides that where substantially identical actions are proceeding in different courts, the court of the later-filed action exists should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *SAES Getters S.p.A v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002). This court's application of the first-filed rule is governed by Federal Circuit authority. *Id.* (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)).

The parties dispute whether the present action or the New Jersey Action is the first filed. Halo contends that the present action is the first filed, since Bel Fuse did not move to amend its complaint in the New Jersey Action to add claims for declaratory relief on the Halo patents until after the filing date of the present action, and the claims for declaratory relief would not relate back to the original complaint in the New Jersey Action. Bel Fuse contends that the New Jersey Action

---

[2] The Nevada action continues as to the other two defendants.

**United States District Court**
For the Northern District of California

was initiated before the complaint in the present action and so is the first filed, notwithstanding that Bel Fuse did not move to add claims for declaratory relief regarding the six Halo patents until after the filing date of the present action.

An action is considered to have been the first filed, even if it was not chronologically first, if the claims relate back to an original complaint that was chronologically filed first. *See Mann Design, Ltd. P'ship v. Bounce, Inc.*, 138 F. Supp. 2d 1174, 1178 (D. Minn. 2001). The New Jersey action was the first to be filed if the proposed claims for declaratory relief would relate back to the original complaint, since the New Jersey action was filed before the present action. Federal Rule of Civil Procedure 15(c) provides that claims can relate back if the claims "arise out of the same conduct, transaction or occurrence." The parties do not appear to dispute that the declaratory judgment claims Bel Fuse seeks to add in the New Jersey Action involve different patents and products than those involved here.

The Federal Circuit has not yet determined whether or under what circumstances the "relation back" doctrine applies to patent infringement claims where the amendment adds claims involving different patents from those at issue in the original filing. The Federal Circuit has held, when considering a separate issue, that an amendment may relate back under Rule 15(c) when the earlier complaint gave adequate notice of the new claim. *Korody-Colyer Corp. v. General Motors Corp.*, 828 F.2d 1572 (Fed. Cir. 1987) (citing *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982)). District courts considering this issue have tended to find that a claim for infringement of one patent is the same "conduct or occurrence" as a claim for infringement of another patent only where the second patent was 'part and parcel' of the controversy surrounding the earlier patent. *Mann Design*, 138 F. Supp. 2d at 1178 (citing *Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 87 F.R.D. 398, 403 (W.D.N.Y. 1980)); *see also Illinois Tool Works v. Foster Grant Co., Inc.*, 395 F. Supp. 234, 250-51 (N.D. Ill. 1974); *Telephonics Corp. v. Lindly & Co.*, 192 F. Supp. 407, 411 (E.D.N.Y. 1960).

The court finds that the patents that are the subject of Bel Fuse's proposed declaratory judgment claims are not 'part or parcel' of the controversy that is the subject of the originally-filed

ORDER GRANTING PLAINTIFF'S MOTION TO DECLARE THIS ACTION THE FIRST FILED; DENYING PLAINTIFF'S MOTION TO ENJOIN DUPLICATIVE PROCEEDINGS; DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER–No. C-07-06222 RMW
EI 4

New Jersey complaint. The six Halo patents at issue in the present action are all entitled "Electronic Surface Mount Package" and are described as an electronic surface mount package or case utilized in applications in which one or more toroid transformers are embodied within the surface mount package. *See e.g.*, U.S. Patent No. 5,656,985. The '910 patent at issue in the New Jersey action, by contrast, is entitled "Modular Jack Connector with a Flexible Laminate Capacitor Mounted on a Circuit Board." Halo contends that the Halo patents involve different technologies and products than the '910 patent. Halo's Opp. to Bel Fuse's Mot. at 5. Bel Fuse does not appear to assert otherwise. The court finds that the claims regarding the Halo patents are not 'part and parcel' of the controversy in the New Jersey Action. Accordingly, an amended answer containing the counterclaims for declaratory relief would not relate back to the original answer and is thus not entitled to the earlier filing date for purposes of determining which action was first filed. As such, Bel Fuse's proposed declaratory judgment claims do not relate back to the original complaint under Rule 15(c).

A number of other courts have held that, notwithstanding whether an amended complaint relates back to the original complaint, that the first-filed forum is the one to which the parties were originally brought, not the one in which the precise issue was first raised. *SAES Getters S.p.A*, 219 F. Supp. 2d at 1090. Bel Fuse argues that under this rule the New Jersey action was filed before the present action and is the first filed forum. Bel Fuse cites *Mattel, Inc. v. Louis Marx & Co.*, wherein the plaintiff amended a trademark infringement claim to add a claim for declaratory relief on a patent, and retained first-filed status notwithstanding the defendant filing a second suit on the patent claims in a different jurisdiction prior to the amendment of the first complaint. 353 F.2d 421, 422 (2d Cir. 1965). However, in *Mattel*, both the originally-filed trademark claim and the subsequently-added patent claim arose out of the same product. By contrast, in the present case there is no indication that the different patents involve the same products. Additionally, Halo has named defendants in the current litigation that are not involved in the New Jersey Action. The court finds that this action is the first filed with regard to the six Halo patents.

**United States District Court**
For the Northern District of California

Courts will make an exception to the first-filed rule where the filing of the first suit was anticipatory. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). "Anticipatory suits are disfavored because they are aspects of forum shopping." *Id.* at 628. Bel Fuse contends that Halo's filing of present action was anticipatory.

Halo points out that litigation between the parties regarding the six Halo patents was originally commenced by Halo filing the Nevada Action. Bel Fuse does not contend that Halo was under apprehension of suit from Bel Fuse at the time it filed the Nevada Action. Thus, it does not appear that the Nevada Action, which Bel Fuse successfully moved to dismiss, was preemptively filed by Halo to avoid a jurisdiction chosen by Bel Fuse. Halo had no obligation to file the original Nevada Action in New Jersey and was free to pick a suitable jurisdiction. Since Halo's claims regarding the six Halo patents were originally asserted by Halo, not Bel Fuse, the instant claims cannot be interpreted as anticipating claims by Bel Fuse.

Bel Fuse also asserts that it communicated to Halo that if the patent claims in the Nevada Action were dismissed then Bel Fuse would move to add the claims to the New Jersey action. Bel Fuse also points to the following discussion between Judge Pro and Bel Fuse's counsel at the hearing on Bel Fuse's motion to dismiss the Nevada Action:

> THE COURT: If you were to prevail, can Halo bring its claims that it asserts here, the patent infringement, in the New Jersey action?
>
> [BEL FUSE COUNSEL]: Yes. They could bring it as a counterclaim.
>
> THE COURT: They're actively in the New Jersey action currently?
>
> [BEL FUSE COUNSEL]: Yes, they've answered the complaint, and we're just waiting to hear fromt eh Court to set a Rule 16 conference in that case.
>
> THE COURT: But would it be in the form of a counterclaim, a viable counterclaim?
>
> [BEL FUSE COUNSEL]: Yes, it could be in the form of – It's the same parties. They would counterclaim for patent infringement in that case. Decl. Joshua Raskin, Ex. C at 14-15.

Later, Judge Pro addressed the matter of Halo's claims with Halo's counsel:

> THE COURT: All right. All right. I asked counsel for Bel Fuse about the New Jersey action. Is he correct that in the event the motion to dismiss in this forum were granted, is there any barrier to Halo bringing the claims that are now present in Nevada in the New Jersey action as a counterclaim? Is that an option?

ORDER GRANTING PLAINTIFF'S MOTION TO DECLARE THIS ACTION THE FIRST FILED; DENYING PLAINTIFF'S MOTION TO ENJOIN DUPLICATIVE PROCEEDINGS; DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER–No. C-07-06222 RMW
EI 6

> [HALO COUNSEL]: I don't think there's any legal barrier, meaning that's where their headquarters is. We –
>
> ***
>
> [HALO COUNSEL]: And just another word on the New Jersey action. We filed this complaint here because our client's headquarters is here.
>
> THE COURT: On, no, I understand why you filed in Nevada.
>
> [HALO COUNSEL]: Right. I mean, in the end – And our client also has a sales office in California as well. So, in the event that the Court should –
>
> THE COURT: I'm just trying to put the entire thing, just as we were talking about, in context in terms of jurisdictional activity. I'm trying to get a grasp overall on the actions that are somewhat related here, although I guess –
>
> MR. WOODFORD: Right.
>
> THE COURT: – only loosely. Okay. All right, thank you very much, Mr. Woodford. Appreciate it.

*Id.* at 38-39. Bel Fuse argues that Halo's suit in the Northern District of California was anticipatory because Halo had notice from the hearing before Judge Pro that Bel Fuse intended to seek to add the declaratory relief claims in the New Jersey Action.

Halo asserts that it was always its intention to re-file its claims against Bel Fuse in this district should the claims against Bel Fuse be dismissed from the Nevada Action. Halo has stated that this is the only known jurisdiction where the court has personal jurisdiction over all four defendants named in this action. Halo maintains a place of business in this jurisdiction. It was logical for Halo to re-file its claims in this jurisdiction after they had been dismissed in the Nevada Action. And while the court was initially under the impression that Halo's counsel may have indicated to Judge Pro that it endorsed the idea that the Halo patent claims could be added to the New Jersey Action by way of a declaratory relief claim by Bel Fuse, further review of the transcript of the hearing indicates that Halo's counsel may have been attempting to explain that it might refile its claims in California rather than wait for Bel Fuse to add the claims to the New Jersey Action. *See id.* at 39 ("And our client also has a sales office in California as well. So, in the event that the Court should –").

United States District Court
For the Northern District of California

The court does not find that Halo's counsel's statements at the hearing in the Nevada Action support Bel Fuse's contention that Halo's complaint in this action was anticipatory. It finds that overall the facts presented do not warrant a conclusion that Halo was engaged in forum shopping to any greater or lesser extent than Bel Fuse itself.

**B. Motion to Transfer**

Bel Fuse asks the court to transfer this action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) so that it may be consolidated with the New Jersey Action. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In addition to the factors stated in the transfer statute, courts have also considered the following factors: plaintiff's choice of forum; the respective parties' contacts with the forum; the contacts relating to the plaintiff's cause of action in the chosen forum; the differences in the costs of litigation in the two forums; and the availability of compulsory process to compel attendance of unwilling non-party witnesses; and the ease of access to sources of proof.[3] *Jones v. GNC Franchising*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Kasey v. Molybdenum*, 408 F.2d 16, 20 (9th Cir. 1969); *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1089 (N.D. Cal. 2002); *see also Carolina Cas. Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) ("Presumably, these factors, to the extent they go beyond the convenience of the parties and witnesses, are relevant to the pursuit of the 'interests of justice.'"). "The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice." *Florens Container*, 245 F. Supp. 2d at 1089 (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

---

[3] The Federal Circuit recently held that the factors analyzed here were also relevant to determining jurisdiction over declaratory judgment claims. *Micron Tech. Inc. v. Mosaid Techs*, __ F.3d __, 2008 U.S. App. LEXIS 4387 at *18 (Fed. Cir. Feb. 29, 2008) ("The trial court weighing jurisdiction additionally must consider the real underlying dispute: the convenience and suitability of competing forums . . . The convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, possibility of consolidation with related litigation, or considerations relating to the interest of justice must be evaluated to ensure the case receives attention in the most appropriate forum.").

ORDER GRANTING PLAINTIFF'S MOTION TO DECLARE THIS ACTION THE FIRST FILED; DENYING PLAINTIFF'S MOTION TO ENJOIN DUPLICATIVE PROCEEDINGS; DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER–No. C-07-06222 RMW
EI 8

**United States District Court**
For the Northern District of California

The Northern District of California is the plaintiff's choice of forum, albeit their second choice. The plaintiff maintains a place of business in this district. An inventor on one of Halo's patents resides within the jurisdiction of this court. Halo's Opp. to Bel Fuse's Mot. at 11. Three other inventors on the Halo patents, who are not Halo employees, reside in Hong Kong but travel to California on business. *Id*. Halo's offices are in Nevada and California, and so this jurisdiction is likely closer to other Halo witnesses than New Jersey is. *Id.*

Bel Fuse states that many of Bel Fuse's witnesses and documents relevant to the claims asserted in the complaint are located in New Jersey. Bel Fuse's Mot. at 14. Specifically, Bel Fuse names a design engineer with knowledge of Bel Fuse's accused products, a sales employee of Bel Fuse who has knowledge of the sales and marketing of Bel Fuse's accused products, and a former Bel Fuse quality control manager who has knowledge of the early development of the accused Bel Fuse products. *Id.*

Both Halo and Bel Fuse have named witnesses for whom their respective choices of forum are more convenient, and so this consideration does not weigh in favor of either party. Bel Fuse's principal place of business is in New Jersey, and so it is more convenient to Bel Fuse to litigate in New Jersey than in California. Halo's principal place of business is in Nevada, so it is more convenient for Halo to litigate in California than in New Jersey.

If the present action is not transferred to New Jersey, there will be two concurrent patent infringement suits involving the same parties, but different patents, in two different jurisdictions. Bel Fuse argues that were this court to transfer the instant action to New Jersey it could be consolidated with the suit currently proceeding there. The same six Halo patents are asserted against all four defendants in the instant action. Halo argues that this is the only known jurisdiction where a court has personal jurisdiction over all of the four defendants named in this action, and, as set forth above, the other three defendants (XFMRS, Wurth and Elec) have now filed an answer, so the claims against all defendants cannot be transferred to New Jersey. Were the court to transfer the claims against Bel Fuse to New Jersey, this court would retain jurisdiction over the claims against any defendants not subject to personal jurisdiction in New Jersey. There would then be

ORDER GRANTING PLAINTIFF'S MOTION TO DECLARE THIS ACTION THE FIRST FILED; DENYING PLAINTIFF'S MOTION TO ENJOIN DUPLICATIVE PROCEEDINGS; DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER–No. C-07-06222 RMW
EI 9

simultaneous litigation over infringement of the Halo patents in three different jurisdictions: (1) here with respect to Wurth, XFMRS and Elec; (2) in New Jersey with respect to Bel Fuse; and (3) in Nevada, as the Nevada Action is ongoing in regards to the defendants that were not dismissed from that action. The court finds it to be more economical to deny the motion to transfer the claims against Bel Fuse to New Jersey and to litigate all claims arising over the six patents asserted in the present action against the four named defendants in this district.

Since both the first-filed rule and consideration of the transfer factors point to this jurisdiction as the most suitable, the court denies Bel Fuse's motion to transfer the instant action to the District of New Jersey.

**III. ORDER**

For the foregoing reasons, Halo's motion to declare this action the first filed is GRANTED. Bel Fuse's motion to dismiss or transfer the action is DENIED. Because Bel Fuse has not yet amended its New Jersey complaint to include claims arising out of the patents at issue in the present action, the court finds enjoining the New Jersey court to be inappropriate. Accordingly, Halo's motion to enjoin duplicative claims is DENIED.

DATED: 5/5/08

Ronald M Whyte
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Juanita Brooks | brooks@fr.com |
| Limin Zheng | zheng@fr.com |
| Michael Kane | kane@fr.com |
| William Woodford | woodford@fr.com |

**Counsel for Defendants:**

| | |
|---|---|
| Joshua Raskin | jraskin@steinbergraskin.com |
| Martin Fliesler | mcf@fdml.com |
| Rex Hwang | rhwang@fdml.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 5/5/08

/s/ MAG
**Chambers of Judge Whyte**