1  Cranston J. Williams, Bar No. 162714
   BAKER & HOSTETLER LLP
2  12100 Wilshire Boulevard, 15th Floor
   Los Angeles, CA  90025-7120
3  Telephone:   310.820.8800
   Facsimile:    310.820.8859
4  Email:          cwilliams@bakerlaw.com

5  Kenneth J. Sheehan
   A. Neal Seth
6  BAKER & HOSTETLER LLP
   1050 Connecticut Ave NW, Ste 1100
7  Washington DC, 20036
   Telephone:   202.861-1500
8  Facsimile:    202.861.1783
   Email:          ksheehan@bakerlaw.com
9  Email:          nseth@bakerlaw.com

10 Attorneys for Defendant and Counterclaimant
   WURTH ELECTRONICS MIDCOM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC., | Case No.  CV 07-06222 RMW |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANT AND COUNTERCLAIMANT WURTH ELECTRONICS MIDCOM, INC. TO STAY THIS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., and XFMRS, INC., | |
| Defendants. | (Exhibits in support thereof filed concurrently herewith) |
| | Date:         June 20, 2008<br>Time:         9:00 a.m.<br>Courtroom:  6 (Hon. Ronald M. Whyte) |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 20, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Ronald M. Whyte located at 280 South First Street, San Jose, California 95113, defendant and counterclaimant Wurth Electronics

Midcom, Inc. ("Midcom") will and hereby does move for an order staying this action pending the outcome of the reexamination proceedings, which have been requested for plaintiff's U.S. Patent Numbers 5,656,985, 6,297,720, 6,297,721, 6,320,489, 6,344,785, and 6,662,431 (the "patents in suit").  Midcom's motion is made on the grounds that no discovery has been conducted, the Asserted Patents are currently being reexamined by the United States Patent and Trademark Office ("USPTO")-- Requests for Reexamination of the patents in suit were filed by counsel for Midcom on May 5, 2008, and are presently pending in the USPTO --, and plaintiff will not be able to demonstrate undue prejudice pending a stay.

 Midcom bases this motion on this notice, the attached memorandum of points and authorities, as well as all pleadings, papers and records on file in this action, and such other oral argument and documentary evidence as may be presented at or before the time of hearing this motion.

Dated:   May 6, 2008

BAKER & HOSTETLER LLP
CRANSTON J. WILLIAMS

BAKER & HOSTETLER LLP
KENNETH J. SHEEHAN
A. NEAL SETH

_____
Cranston J. Williams

Attorneys for Defendant and Counterclaimant
WURTH ELECTRONICS MIDCOM, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Counsel for defendant Wurth Electronics Midcom (hereinafter "Midcom") filed Requests for *Ex Parte* Reexamination of plaintiff Halo Electronics, Inc.'s (hereinafter "Halo") U.S. Patent Numbers 5,656,985, 6,297,720, 6,297,721, 6,320,489, 6,344,785, and 6,662,431 ("Asserted Patents") in the United States Patent and Trademark Office ("USPTO") on May 5, 2008. A copy of the Requests are being filed concurrently herewith as Exhibits ("Exs.") A-F.[1] The Asserted Patents are the patents in suit in this patent infringement action. Thus, a stay is appropriate since no discovery has been conducted, the Asserted Patents are currently being reexamined by the USPTO, and Halo will not be able to demonstrate undue prejudice pending a stay.

### I.     INTRODUCTION

It is likely that the requested reexaminations will result in changes or cancellations in the claims. USPTO statistics strongly suggest that the reexaminations will be granted and that Halo's claims will be amended. (Ex. G, *Ex Parte* Reexamination Filing Data – September 30, 2007). Indeed, the USPTO has granted 92% of all reexamination requests, and when the reexaminations are requested by a third party, as is the case here, the claims are amended 59% of the time. The strength of the prior art cited in the reexamination requests further reinforces this high probability.

Congress intended for trial courts to stay pending patent suits for USPTO reexaminations of the patents-in-suit. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994). Consistent with Congress's intent, this Court should exercise its discretion and stay this lawsuit pending the USPTO's resolution of the requested reexaminations. If the statistics hold true and the USPTO requires the claims to be amended, proceeding with the present litigation would waste this Court's and the parties' resources because those amended claims, not the present

---

[1] Midcom has not included the attachments to the requests for reexamination. If the Court desires, however, Midcom will submit complete copies.

NOTICE OF MOTION AND MOTION OF WURTH
ELECTRONICS MIDCOM, INC. TO STAY ACTION;
MEM. OF P&AS; CV 07-06222 RMW

claims, will need to be litigated. Proceeding with this case on the wrong claims is obviously a waste of time and needless expense. Finally, even if the asserted claims survive, the USPTO's determination will greatly narrow the invalidity issues that this Court and the parties will need to address. A reexamination is a cost-effective proceeding in which the USPTO reconsiders the patentability of the claims of an already issued patent. In this way, Midcom hopes to eliminate the need for duplicative and expensive court proceedings.

Midcom thus respectfully requests a stay of this litigation to save the parties and this Court from committing resources that will be wasted if the USPTO invalidates or changes the claims.

## II.   STAYING THIS ACTION IS WITHIN THE COURT'S DISCRETION

It is well within a district court's discretion to stay judicial proceedings pending re-examination of a patent. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination."); *Telemac Corp. v. Teledigital, Inc.,* 450 F.Supp.2d 1107, 1110 (N.D. Cal. 2006). There is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of reexamination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. *ASCII,* 844 F. Supp. at 1381; *see also Robert H. Harris Co. v. Metal Mfg. Co.,* 19 U.S.P.Q.2d 1786, 1788 (E.D. Ark. 1991) ("[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays").

A stay is particularly justified where the outcome of the reexamination would be likely to assist the Court in determining patent validity and, if claims were canceled in the reexamination, would eliminate the need to try, or at least narrow the scope of the infringement issue. *Gould v.*

*Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).").

In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Telemac,* 450 F.Supp.2d at 1111; *ASCII,* 844 F. Supp. at 1380. As discussed below, each of these factors confirms that this Court should follow Congress's approved course of action and stay this action pending the USPTO's resolution of the reexamination requests.

### A.  Discovery Has Not Commenced And No Trial Date Has Been Set

This litigation is still in its nascent stages. Discovery has opened, but has not proceeded in any material way. Apart from the infringement contentions set forth in Halo's complaint, and the service of its first set of interrogatories and document requests, the parties have not advanced discovery in this case at all. Indeed, Halo has not even served its Disclosure of Asserted Claims and Infringement Contentions, as set forth in the Patent Local Rules, or the Initial Disclosures required under Federal Rule of Civil Procedure 26(a), and the parties have not noticed or taken any depositions. The parties also have not exchanged any proposed claim construction terms or supporting materials under the Patent Local Rules. No dispositive motions have been submitted, no briefing on claim construction has been filed, and the litigation timetable will only be set on May 9, 2008.

This factor clearly favors a stay. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.,* 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (granting stay where discovery had commenced,

- 5 -

NOTICE OF MOTION AND MOTION OF WURTH
ELECTRONICS MIDCOM, INC. TO STAY ACTION;
MEM. OF P&AS; CV 07-06222 RMW

but not proceeded significantly); *ASCII,* 844 F.Supp. at 1381 (granting stay where the parties had undertaken little or no discovery).

### B. A Stay Will Simplify The Issues In Question And Trial Of The Case

Should the USPTO find the claims of the Asserted Patents invalid, this action will be rendered moot. *See* 35 U.S.C. § 307(a). Moreover, if the reexamination proceedings should narrow any of the asserted claims of the Asserted Patents, the scope of this litigation may be significantly simplified. Statistically, it is quite likely that the reexamination process will alter the patent claims at issue in some respect. Ninety-two percent of requests for reexaminations are granted, and the USPTO requires amending the claims in approximately fifty-nine percent. (Ex. G filed concurrently herewith.)

There is no cogent argument that staying this proceeding pending the outcome of the reexaminations does not foster efficiency or is unlikely to simplify the issues for trial. Waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims. *Target Therapeutics,* 33 U.S.P.Q 2d at 2023; *Kla-Tencor Corp. v. Nanometrics, Inc.,* No. C 05-03116-JSW, 2006 WL 708661, at *4 (N.D. Cal. Mar. 16, 2006) (benefits of granting a stay pending re-examination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid) (filed concurrently herewith as Ex. H); *Loffland Bros. Co. v. Mid-Western Energy Corp.,* 225 U.S.P.Q. 886, 887 (W.D. Okla. 1985) (technical expertise provided by the reexamination proceeding, including a final determination by the USPTO examiner, is "extremely helpful" to the Court).

Similarly, if the USPTO finds some or all of the claims of the patents invalid, the Court

will have wasted resources and the parties will have spent funds addressing an invalid claim or claims. *Softview Computer Prods. Corp. v. Haworth, Inc.,* 56 U.S.P.Q.2d 1633, 1636 (S.D.N.Y. 2000). On the other hand, if the USPTO upholds the validity of the re-examined patent, this is strong evidence that a district court must consider in assessing whether the Defendants asserting invalidity have met their burden of clear and convincing evidence. *Custom Accessories, Inc. v. Jeffery-Allan Indus., Inc.,* 807 F.2d 955, 961 (Fed. Cir. 1986).

### C.   A Stay Would Not Unduly Prejudice Halo

The reexamination process is a Congressionally created option of which any person or party may avail themselves. "Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art. . . ." 35 U.S.C. § 302. Indeed, "[t]he stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." *Patlex Corp. v. Mossinghoff,* 758 F.2d 594, 606 (Fed. Cir. 1985). The fact that Midcom has employed this statutory option does not in and of itself suggest abuse of it.

Nor has Midcom requested reexamination as a delay tactic. Indeed, given that this litigation has just begun, the requests for reexamination have been made at an ideal time. Moreover, the risk of prejudice to Midcom and the other Defendants if a stay is not issued is substantial. Defendants will be forced to litigate a lengthy patent trial and a potential appeal, and possibly be forced to pay damages for infringing the exact claims that may later be determined to be invalid by the USPTO.

It is a given that few plaintiffs favor having a litigation stayed, and Halo has a right to its day in court. Nonetheless, in light of the respective risk of prejudice to the parties and the speed under which the USPTO will conduct its reexamination of the claims at issue, i.e., with "special dispatch," this factor weighs in favor of staying the action. Halo would not be unduly prejudiced

- 7 -

by a stay of litigation in favor of the USPTO's reexamination of the patents-in-suit.

## III. CONCLUSION

For the foregoing reasons, Midcom's Motion to Stay should be granted.

Dated: May 6, 2008

Respectfully submitted,

BAKER & HOSTETLER LLP
CRANSTON J. WILLIAMS

BAKER & HOSTETLER LLP
KENNETH J. SHEEHAN
A. NEAL SETH

_____
Cranston J. Williams

Attorneys for Defendant and Counterclaimant
WURTH ELECTRONICS MIDCOM, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES