Cranston J. Williams, Bar No. 162714
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: cwilliams@bakerlaw.com

Kenneth J. Sheehan
A. Neal Seth
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Ste 1100
Washington DC, 20036
Telephone: 202.861-1500
Facsimile: 202.861.1783
Email: ksheehan@bakerlaw.com
Email: nseth@bakerlaw.com

Attorneys for Defendant and Counterclaimant
WURTH ELECTRONICS MIDCOM, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HALO ELECTRONICS, INC.,

Plaintiff,

v.

BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., and XFMRS, INC.,

Defendants.

Case No. CV 07-06222 RMW

**EXHIBITS IN SUPPORT OF MOTION OF DEFENDANT AND COUNTERCLAIMANT WURTH ELECTRONICS MIDCOM, INC. TO STAY THIS ACTION**

Date: June 20, 2008
Time: 9:00 a.m.
Courtroom: 6 (Hon. Ronald M. Whyte)

Defendant and Counterclaimant Wurth Electronics Midcom, Inc. submits the following Exhibits, which are attached, in support of its motion to stay this action.

Exhibit A: Request for Ex Parte Reexamination Patent No. 5,656,985;

Exhibit B: Request for Ex Parte Reexamination Patent No. 6,297,720;

Exhibit C: Request for Ex Parte Reexamination Patent No. 6,297,721;

Exhibit D: Request for Ex Parte Reexamination Patent No. 6,320,489;

Exhibit E: Request for Ex Parte Reexamination Patent No. 6,344,785;

Exhibit F: Request for Ex Parte Reexamination Patent No. 6,662,431;

Exhibit G: United States Patent and Trademark Office filing data; and

Exhibit H: KLA-Tencor Corporation v. Nanometrics, Inc., 2006 WL708661 (N.D.Cal.)

Dated: May 6, 2008

Respectfully submitted,

BAKER & HOSTETLER LLP
CRANSTON J. WILLIAMS

BAKER & HOSTETLER LLP
KENNETH J. SHEEHAN
A. NEAL SETH

____________________________
Cranston J. Williams

Attorneys for Defendant and Counterclaimant
WURTH ELECTRONICS MIDCOM, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT E(2)

| | |
|---|---|
| | identified as an "essential structure" that is important to the invention. Moreover, there are no limitations in the claims which cannot be understood without reference to the preamble and thus the preamble is not necessary to give meaning to the claim. |
| a one piece package having an open bottom and a side wall with a bottom end; | ***NPI Isolation Transformers Catalog Page***: The *NPI Isolation Transformers Catalog Page* drawings disclose a package having a side wall. It would have been obvious to those of ordinary skill in the art to utilize a one piece construction package as shown by the *Gongin H-16S Reference,* which illustrates a one piece electronic package with an open top, and reverse the lead bending of the gull-wings to instead configure it with an open bottom. |
| a plurality of toroid transformers each having wires wrapped thereon; | ***NPI Isolation Transformers Catalog Page***: The *NPI Isolation Transformers Catalog Page* describes a plurality of wound toroid transformers carried within a package. (Center Drawing Between Package A and Package B). |
| means for encapsulating the plurality of toroid transformers within the package; | ***NPI Isolation Transformers Catalog Page***: The *NPI Isolation Transformers Catalog Page* discloses a plurality of transformers carried within a package. Furthermore, by the early 1990's, it was known in this art to package a plurality of wire wrapped toroidal transformers in a single device in soft silicone material.<br><br>Numerous examples can be found in the prior art, such as *Renskers*, which discloses four (i.e., a plurality of) wire wrapped toroids in a highly yieldable material (Fig. 2; Col. 3, line 60), *Yuichi* which discloses a wire wrapped toroid carried within a silicone or urethane material (Section 0013), *Tischler*, which discloses mounting "one or several" (i.e., a plurality of) wrapped toroidal transformers in a single package in epoxy (Page 261-2), or *McCormick*, which discloses two (i.e., a plurality of) fully molded and potted toroids in epoxy or similar material (Text and Illustration, Page 27). |
| a plurality of terminal pins molded within and extending from the bottom of the package, each of the pins extending through the side wall and having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon. | ***NPI Isolation Transformers Catalog Page:*** The *NPI Isolation Transformers Catalog Page* discloses a plurality of terminal pins. It was known in this art to have molded in pins extending from the bottom of a side wall. For example, the *Gongin H-16S Reference* discloses molded in terminations that extend through the bottom once the leads are inverted. |

Claim 27

| | |
|---|---|
| 27. The package of claim 26 wherein the standoff is a pair of end walls with the side wall extending on opposing sides therebetween. | ***NPI Isolation Transformers Catalog Page***: The *NPI Isolation Transformers Catalog Page* discloses a standoff in the form of "nubs" extending from the bottom of the package. It would have been obvious to utilize a standoff, consisting of a pair of end walls joined by side walls, in connection with the 5366-30 package disclosed in the *NPI 10BaseT Catalog Page*. The utilization of a standoff was well known in the art prior to August 10, 1994.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses a body member formed with a plurality of downwardly depending feet or support pads which directly engage the surface of a PC board, without the necessity of its resting on (i.e. independent of) the lead terminals (Fig. 3; Col. 3, lines 6-12), *Renskers*, which discloses standoffs 24 as well as prior art that includes stand-off provisions ( Figs. 1–3, 5, 6; Col. 1, lines 4-9), and *Yuichi*, which discloses standoffs 2c for maintaining a distance between the bottom of the pins and the printed circuit board (Fig. 4; Section 0017, 0018). |

Claim 28

| | |
|---|---|
| 28. The package of claim 26 wherein each of the post ends extends beyond the bottom end of the side wall. | ***NPI Isolation Transformer Catalog Page***: The *NPI Isolation Transformer Catalog Page* discloses a construction package with the post ends extending below the bottom end of the side wall. |

Claim 29

| | |
|---|---|
| 29. The package of claim 26 wherein the carrying means includes encapsulating the plurality of toroid transformers within the package by a soft silicone material. | ***NPI Isolation Transformers Catalog Page***: The *NPI Isolation Transformers Catalog Page* discloses a plurality of transformers carried within a package. Furthermore, by the early 1990's, it was known in this art to package a plurality of wire wrapped toroidal transformers in a single device in soft silicone material.<br><br>Numerous examples can be found in the prior art, such as *Renskers*, which discloses four (i.e., a plurality of) wire wrapped toroids in a highly yieldable material (Fig. 2; Col. 3, line 60), *Yuichi* which discloses a wire wrapped toroid carried within a silicone or urethane material (Section 0013), *Tischler*, which discloses mounting "one or several" (i.e., a plurality of) wrapped toroidal transformers in a single package in epoxy (Page 261-2), or *McCormick*, which discloses two (i.e., a plurality of) fully molded and potted toroids in epoxy or similar material (Text and Illustration, Page 27). |

Claim 30

| | |
|---|---|
| 30. The package of claim 26 wherein the construction package is one piece. | ***NPI Isolation Transformer Catalog Page***: The *NPI Isolation Transformer Catalog Page* discloses a construction package, and it would have been obvious to those of ordinary skill in the art to utilize a one piece construction package, as shown, for example, by the *Gongin H-16S Reference*. |

Claim 31

| | |
|---|---|
| 31. The package of claim 26 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "…the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. Thus, the terminal leads disclosed in *NPI Isolation Transformers Catalog Page* are spaced apart by an amount that may be presumed to be sufficient to avoid arcing. |

Claim 32

| | |
|---|---|
| 32. The package of claim 26 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***NPI Isolation Transformer Catalog Page***: The *NPI Isolation Transformer Catalog Page* discloses a construction package that has a sidewall that defines an interior space, where each of the solder post ends extends from the interior space and beyond the bottom of the side wall. |

Claim 33

| | |
|---|---|
| 33. The package of claim 32 wherein each of the post ends extends from within the periphery in a direction | ***NPI Isolation Transformer Catalog Page:*** The *NPI Isolation Transformer Catalog Page* discloses a plurality of terminal pins, as well as the pins to be molded within and extending from the bottom of the package. It would have been obvious to one of ordinary skill in the art, in view of the *Gongin H-16S Reference*, for example, to have |

| | |
|---|---|
| parallel to the side wall. | the solder post ends extend from within the periphery in a direction parallel to the side wall. |

Claim 34

| | |
|---|---|
| 34. The package of claim 26 wherein the package includes a standoff defining a foot seating plane for the surface mount of the package, the side wall having a bottom end with an elevation higher than the standoff so as to be above and beyond the foot seating plane, the post ends extending beyond the bottom end of the side wall to a position above the foot seating plane. | ***NPI Isolation Transformer Catalog Page***: The *NPI Isolation Transformer Catalog Page* discloses a side wall and a standoff in the form of "nubs" extending from the bottom of the package, for the purpose of maintaining a distance between the bottom of the pins and the printed circuit board. The elevation of the bottom end of the side wall is higher than the "nub." |

### 4. Claims 1-34 Are Invalid Under 35 U.S.C § 103 Over *Renskers* in View of the Knowledge of Those of Ordinary Skill in the Art

Claim 1

| | |
|---|---|
| 1. An electronic surface mount package for mounting onto the surface of a printed circuit board comprising: | ***Renskers Patent***: *Renskers* discloses a dual in-line package, for mounting on a circuit board, that has a body with a cavity for housing four toroidal transformers (or other circuit elements) (Figs. 1, 2; Col. 2, line 57 to Col. 3, line 55). It would have been obvious to one skilled in the art prior to August 10, 1994 to configure *Renskers'* device as a surface mount device, as demonstrated by the *Gongin RH-16 and H-16S* references, which depict associated through-hole and surface mount package variations.<br><br>Moreover, language in a preamble is regarded as limiting if it recites essential structure that is important to the invention or necessary to give meaning to the claim. *NTP, Inc. v. Research In Motion, Ltd.*, 418 |

[3] It is noted that the '785 patent recites that "**special design consideration** has been applied to thermal expansion of materials to ensure that the package will stand all normal reflow processes with low cost, easy manufacturing, and high reliability." Column 3, lines 7-11 (emphasis added). No detailed specifications regarding these "special design considerations" have been disclosed in the specification and thus, in addition to the issue regarding compliance with 35 U.S.C § 112, Paragraph 1, there is no support in the specification for distinguishing surface mount technology from other technologies such as through-hole mounting. In fact, twice in the specification the inventors specifically state that the invention is not limited to the disclosed embodiment. See Col. 2, line 1-7 and Col 3, lines 23-30.

| | |
|---|---|
| | F.3d 1282, 1305-06 (Fed. Cir. 2005). Nowhere in the specification or claims of the '785 patent is surface mount technology disclosed or identified as an "essential structure" that is important to the invention. Moreover, there are no limitations in the claims which cannot be understood without reference to the preamble and thus the preamble is not necessary to give meaning to the claim.[3] |
| a side wall with a bottom end, | ***Renskers Patent***: *Renskers* discloses a one piece construction package having a side wall with a bottom end (Figs. 2, 3, 5; Col. 3, lines 63-66). Additionally, the *Gongin H-16S Reference* discloses a side wall with a bottom end. |
| a plurality of toroid transformers within the package, the toroid transformers each having wires wrapped thereon, | ***Renskers Patent***: *Renskers* discloses a plurality (i.e., four) wire-wrapped toroid transformers within his package (Fig. 2; Col. 3, lines 6-15). |
| a plurality of terminal pins molded within the side wall, each of the pins extending through the side wall and having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon, each of the post ends extending beyond the bottom end of the side wall. | ***Renskers Patent***: *Renskers* discloses eight terminal lugs 32 (i.e., pins) that connect the four toroidal transformers 30 to the circuit board (Figs. 1-3, 5, 6). Each terminal lug 30 includes a narrow point 36 adapted for circuit board insertion, a short mounting leg 40, and a lead leg 42 to which the transformer leads are connected (Col. 3, lines 17-23). Lugs 32 extend from, and through, the bottom of the side walls 12 (Col. 3, lines 30-44).<br><br>Although *Renskers* does not explicitly disclose molding the pins into the package, it would have been obvious to one skilled in the art prior to August 10, 1994 to utilize pins molded within the package and extending through the bottom of the side wall, as was widely known. *See*, e.g., *Tischler*, which discloses surface mount platforms with molded-in terminations (Page 261). |

Claim 2

| | |
|---|---|
| 2. The package of claim 1 wherein the plurality of toroid transformers are carried within the package by a soft silicone material. | ***Renskers Patent***: Renskers discloses a plurality (i.e., four) wire-wrapped toroid transformers (Fig. 2; Col. 3, lines 6-15) mounted in the cavity of the box containing a "highly yieldable material." (Figs. 2, 3, 5; Col. 3, line 60) |

Claim 3

| | |
|---|---|
| 3. The package of claim 1 wherein the side wall has an exterior surface which defines the periphery of the | ***Renskers Patent:*** *Renskers* discloses a side wall exterior surface that defines the periphery of package 12, and each terminal lug 32 extends from within package 12 beyond the bottom of the side wall (Figs. 1, |

| | |
|---|---|
| package and each of the solder post ends extends from within the periphery of the package and beyond the bottom of the side wall. | 6). |

Claim 4

| | |
|---|---|
| 4. The package of claim 1 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***Renskers Patent:*** *Renskers* discloses a side wall that defines an inerior space within package 12, and each terminal lug 32 extends from the interior space within package 12 beyond the bottom of the side wall (Fig. 1, 6). |

Claim 5

| | |
|---|---|
| 5. The package of claim 4 wherein each of the solder post ends extends from within the periphery in a direction parallel to the side wall. | ***Renskers Patent:*** *Renskers* discloses solder post ends (e.g., leg 40 or leg 42) that extend from within the periphery in a direction parallel to the side wall (Fig. 5). |

Claim 6

| | |
|---|---|
| 6. The package of claim 1 wherein the construction package is one piece. | ***Renskers Patent***: *Renskers* discloses a one piece construction package. (Figs. 2, 3, 5; Col. 3, lines 63-66) |

Claim 7

| | |
|---|---|
| 7. The package of claim 1 wherein each of the pins has a notch near the post end upon which the wires from the transformers are wrapped. | ***Renskers Patent***: *Renskers* discloses eight terminal lugs 32 (i.e., pins) that connect the four toroidal transformers 30 to the circuit board (Figs. 1-3, 5, 6). Each terminal lug 30 includes a narrow point 36 adapted for circuit board insertion, a short mounting leg 40, and a lead leg 42 to which the transformer leads are connected (Col. 3, lines 17-23). Lugs 32 extend from, and through, the bottom of the side walls 12, while lead legs 42 include notches 50 which provide a point of wrap for the transformer leads (Col. 3, lines 30-44). |

Claim 8

| | |
|---|---|
| 8. The package of claim 1 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "...the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. Thus, the terminal leads disclosed in *Renskers* are spaced apart by an amount that may be presumed to be sufficient to avoid arcing. |

Claim 9

| | |
|---|---|
| 9. An electronic surface mount package for mounting onto the surface of a printed circuit board comprising: | ***Renskers Patent***: *Renskers* discloses a dual in-line package, for mounting on a circuit board, that has a body with a cavity for housing four toroidal transformers (or other circuit elements) (Figs. 1, 2; Col. 2, line 57 to Col. 3, line 55). It would have been obvious to one skilled in the art prior to August 10, 1994 to configure *Renskers'* device as a surface mount device, as demonstrated by the *Gongin RH-16 and H-16S* references, which depict associated through-hole and surface mount package variations.<br><br>Moreover, language in a preamble is regarded as limiting if it recites essential structure that is important to the invention or necessary to give meaning to the claim. *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1305-06 (Fed. Cir. 2005). Nowhere in the specification or claims of the '785 patent is surface mount technology disclosed or identified as an "essential structure" that is important to the invention. Moreover, there are no limitations in the claims which cannot be understood without reference to the preamble and thus the preamble is not necessary to give meaning to the claim. |
| a side wall and a standoff, the standoff defining a foot seating plane for the surface mount of the package, the side wall having a bottom end with an elevation higher | ***Renskers Patent***: *Renskers* discloses standoffs 24, as well as prior art that includes stand-off provisions ( Figs. 1-3, 5, 6; Col. 1, lines 4-9). The bottom end of *Renskers'* side wall has a higher elevation than his standoff 24 (Figs. 3, 5, 6). |

| | |
|---|---|
| than the standoff so as to be above and beyond the foot seating plane; | |
| a plurality of toroid transformers within the package, the toroid transformers each having wires wrapped thereon, | ***Renskers Patent**: Renskers* discloses a plurality (i.e., four) wire-wrapped toroid transformers within his package (Fig. 2; Col. 3, lines 6-15). |
| a plurality of terminal pins molded within the package, each of the pins having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon, the solder post ends extending beyond the bottom end of the side wall to a position above the foot seating plane. | ***Renskers Patent**: Renskers* discloses eight terminal lugs 32 (i.e., pins) that connect the four toroidal transformers 30 to the circuit board (Figs. 1-3, 5, 6). Each terminal lug 30 includes a narrow point 36 adapted for circuit board insertion, a short mounting leg 40, and a lead leg 42 to which the transformer leads are connected (Col. 3, lines 17-23). Lugs 32 extend from, and through, the bottom of the side walls 12 (Col. 3, lines 30-44).<br><br>Although *Renskers* does not explicitly disclose molding the pins into the package, it would have been obvious to one skilled in the art prior to August 10, 1994 to utilize pins molded within the package and extending through the bottom of the side wall, as was widely known. *See*, e.g., *Tischler*, which discloses surface mount platforms with molded-in terminations (Page 261). |

Claim 10

| | |
|---|---|
| 10. The package of claim 9 wherein each of the pins has a notch near the post end upon which the wires from the transformers are wrapped. | ***Renskers Patent**: Renskers* discloses eight terminal lugs 32 (i.e., pins) that connect the four toroidal transformers 30 to the circuit board (Figs. 1-3, 5, 6). Lugs 32 extend from, and through, the bottom of the side walls 12, while lead legs 42 include notches 50 which provide a point of wrap for the transformer leads (Col. 3, lines 30-44). |

Claim 11

| | |
|---|---|
| 11. The package of claim 9 wherein the construction package is one piece. | ***Renskers Patent**: Renskers* discloses a one piece construction package. (Figs. 2, 3, 5; Col. 3, lines 63-66) |

Claim 12

| | |
|---|---|
| 12. The package of claim 9 wherein the construction package has an open bottom. | ***Renskers Patent**: Renskers* discloses a construction package that has an open bottom. (Figs. 2, 3, 5; Col. 3, lines 63-66) |

Claim 13

| | |
|---|---|
| 13. The package of claim 9 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "…the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. Thus, the terminal leads disclosed in *Renskers* are spaced apart by an amount that may be presumed to be sufficient to avoid arcing. |

Claim 14

| | |
|---|---|
| 14. The package of claim 9 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***Renskers Patent:*** *Renskers* discloses a side wall that defines an inerior space within package 12, and each terminal lug 32 extends from the interior space within package 12 beyond the bottom of the side wall (Fig. 1, 6). |

Claim 15

| | |
|---|---|
| 15. The package of claim 14 wherein each of the post ends extends from within the periphery in a direction parallel to the side wall. | ***Renskers Patent:*** *Renskers* discloses solder post ends (e.g., leg 40 or leg 42) that extend from within the periphery in a direction parallel to the side wall (Fig. 5). |

Claim 16

| | |
|---|---|
| 16. The package of claim 9 wherein the plurality of toroid transformers are within the package and secured by a soft silicone | ***Renskers Patent***: *Renskers* discloses a plurality (i.e., four) wire-wrapped toroid transformers (Fig. 2; Col. 3, lines 6-15) mounted in the cavity of the box containing a "highly yieldable material." (Figs. 2, 3, 5; Col. 3, line 60) |

| material. | |
|---|---|

Claim 17

| | |
|---|---|
| 17. The package of claim 9 wherein the standoff is a pair of end walls with the side wall extending on opposing sides therebetween. | ***Renskers Patent***: *Renskers* discloses standoffs 24 disposed on each end wall, with side walls extending therebetween ( Figs. 1–3, 5, 6; Col. 1, lines 4-9). |

Claim 18

| | |
|---|---|
| 18. An electronic surface mount package for mounting onto the surface of a circuit board, the package comprising: | ***Renskers Patent***: *Renskers* discloses a dual in-line package, for mounting on a circuit board, that has a body with a cavity for housing four toroidal transformers (or other circuit elements) (Figs. 1, 2; Col. 2, line 57 to Col. 3, line 55). It would have been obvious to one skilled in the art prior to August 10, 1994 to configure *Renskers'* device as a surface mount device, as demonstrated by the *Gongin RH-16 and H-16S* references, which depict associated through-hole and surface mount package variations.<br><br>Moreover, language in a preamble is regarded as limiting if it recites essential structure that is important to the invention or necessary to give meaning to the claim. *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1305-06 (Fed. Cir. 2005). Nowhere in the specification or claims of the '785 patent is surface mount technology disclosed or identified as an "essential structure" that is important to the invention. Moreover, there are no limitations in the claims which cannot be understood without reference to the preamble and thus the preamble is not necessary to give meaning to the claim. |
| a side wall having a bottom end; | ***Renskers Patent***: *Renskers* discloses a one piece construction package having a side wall with a bottom end (Figs. 2, 3, 5; Col. 3, lines 63-66). Additionally, the *Gongin H-16S Reference* discloses a side wall with a bottom end. |
| a standoff for surface mounting the package to the circuit board; | ***Renskers Patent***: *Renskers* discloses standoffs 24 for surface mounting package 12 to the circuit board (Figs. 1–3, 5, 6; Col. 1, lines 4-9). |
| a gap between the bottom end of the side wall and the standoff; | ***Renskers Patent***: *Renskers'* provides a gap between his standoffs 24 and the bottom end of his sidewalls (Figs. 1, 3). |
| a plurality of toroid transformers within the | ***Renskers Patent***: *Renskers* discloses a plurality (i.e., four) wire-wrapped toroid transformers within his package (Fig. 2; Col. 3, lines |

| | |
|---|---|
| package, the toroid transformers each having wire wrapped thereon, | 6-15). |
| a plurality of terminal pins molded within the package, each of the pins having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon, each of the solder post ends extending into and terminating within the gap. | ***Renskers Patent***: *Renskers* discloses eight terminal lugs 32 (i.e., pins) that connect the four toroidal transformers 30 to the circuit board (Figs. 1-3, 5, 6). Each terminal lug 30 includes a narrow point 36 adapted for circuit board insertion, a short mounting leg 40, and a lead leg 42 to which the transformer leads are connected (Col. 3, lines 17-23). Lugs 32 extend from, and through, the bottom of the side walls 12 (Col. 3, lines 30-44).<br><br>Although *Renskers* does not explicitly disclose molding the pins into the package, it would have been obvious to one skilled in the art prior to August 10, 1994 to utilize pins molded within the package and extending through the bottom of the side wall, as was widely known. *See*, e.g., *Tischler*, which discloses surface mount platforms with molded-in terminations (Page 261). |

Claim 19

| | |
|---|---|
| 19. The package of claim 18 wherein the standoff is a pair of end walls with the side wall extending on opposing sides therebetween. | ***Renskers Patent***: *Renskers* discloses standoffs 24 disposed on each end wall, with side walls extending therebetween (Figs. 1–3, 5, 6; Col. 1, lines 4-9). |

Claim 20

| | |
|---|---|
| 20. The package of claim 18 wherein the construction package is one piece. | ***Renskers Patent***: *Renskers* discloses a one piece construction package. (Figs. 2, 3, 5; Col. 3, lines 63-66) |

Claim 21

| | |
|---|---|
| 21. The package of claim 18 wherein the construction package has an open bottom. | ***Renskers Patent***: *Renskers* discloses a construction package that has an open bottom. (Figs. 2, 3, 5; Col. 3, lines 63-66) |

Claim 22

| | |
|---|---|
| 22. The package of claim 18 wherein the posts are separated from one another | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in |

| | |
|---|---|
| so as to avoid arcing. | accordance with 35 U.S.C § 112 requires that "...the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. Thus, the terminal leads disclosed in *Renskers* are spaced apart by an amount that may be presumed to be sufficient to avoid arcing. |

Claim 23

| | |
|---|---|
| 23. The package of claim 18 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***Renskers Patent:*** *Renskers* discloses a side wall that defines an inerior space within package 12, and each terminal lug 32 extends from the interior space within package 12 beyond the bottom of the side wall (Fig. 1, 6). |

Claim 24

| | |
|---|---|
| 24. The package of claim 23 wherein each of the post ends extends from within the periphery in a direction parallel to the side wall. | ***Renskers Patent:*** *Renskers* discloses solder post ends (e.g., leg 40 or leg 42) that extend from within the periphery in a direction parallel to the side wall (Fig. 5). |

Claim 25

| | |
|---|---|
| 25. The package of claim 18 wherein the plurality of toroid transformers are within the package and secured by a soft silicone material. | ***Renskers Patent***: Renskers discloses a plurality (i.e., four) wire-wrapped toroid transformers (Fig. 2; Col. 3, lines 6-15) mounted in the cavity of the box containing a "highly yieldable material." (Figs. 2, 3, 5; Col. 3, line 60) |

Claim 26

| | |
|---|---|
| 26. An electronic surface mount package for mounting onto the surface of a printed circuit board comprising: | ***Renskers Patent***: *Renskers* discloses a dual in-line package, for mounting on a circuit board, that has a body with a cavity for housing four toroidal transformers (or other circuit elements) (Figs. 1, 2; Col. 2, line 57 to Col. 3, line 55). It would have been obvious to one skilled in the art prior to August 10, 1994 to configure *Renskers'* device as a surface mount device, as demonstrated by the *Gongin RH-16 and H-16S* references, which depict associated through-hole and surface mount package variations.<br><br>Moreover, language in a preamble is regarded as limiting if it recites essential structure that is important to the invention or necessary to give meaning to the claim. *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1305-06 (Fed. Cir. 2005). Nowhere in the specification or claims of the '785 patent is surface mount technology disclosed or identified as an "essential structure" that is important to the invention. Moreover, there are no limitations in the claims which cannot be understood without reference to the preamble and thus the preamble is not necessary to give meaning to the claim. |
| a one piece package having an open bottom and a side wall with a bottom end; | ***Renskers Patent***: *Renskers* discloses a one piece construction package that has an open bottom and a side wall with a bottom end (Figs. 2, 3, 5; Col. 3, lines 63-66). |
| a plurality of toroid transformers each having wires wrapped thereon; | ***Renskers Patent***: *Renskers* discloses a plurality (i.e., four) wire-wrapped toroid transformers within his package (Fig. 2; Col. 3, lines 6-15). |
| means for encapsulating the plurality of toroid transformers within the package; | ***Renskers Patent***: *Renskers* discloses a plurality (i.e., four) wire-wrapped toroid transformers (Fig. 2; Col. 3, lines 6-15) mounted in the cavity of the box containing a "highly yieldable material." (Figs. 2, 3, 5; Col. 3, line 60) |
| a plurality of terminal pins molded within and extending from the bottom of the package, each of the pins extending through the side wall and having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon. | ***Renskers Patent***: *Renskers* discloses eight terminal lugs 32 (i.e., pins) that connect the four toroidal transformers 30 to the circuit board (Figs. 1-3, 5, 6). Each terminal lug 30 includes a narrow point 36 adapted for circuit board insertion, a short mounting leg 40, and a lead leg 42 to which the transformer leads are connected (Col. 3, lines 17-23). Lugs 32 extend from, and through, the bottom of the side walls 12 (Col. 3, lines 30-44).<br><br>Although *Renskers* does not explicitly disclose molding the pins into the package, it would have been obvious to one skilled in the art prior to August 10, 1994 to utilize pins molded within the package and extending through the bottom of the side wall, as was widely known. *See, e.g.*, *Tischler*, which discloses surface mount platforms with molded-in terminations (Page 261). |

Claim 27

| | |
|---|---|
| 27. The package of claim 26 wherein the standoff is a pair of end walls with the side wall extending on opposing sides therebetween. | ***Renskers Patent***: *Renskers* discloses standoffs 24 disposed on each end wall, with side walls extending therebetween (Figs. 1–3, 5, 6; Col. 1, lines 4-9). |

Claim 28

| | |
|---|---|
| 28. The package of claim 26 wherein each of the post ends extends beyond the bottom end of the side wall. | ***Renskers Patent***: *Renskers'* terminal lugs 32 extend beyond the bottom of the side wall (Fig. 1, 6). |

Claim 29

| | |
|---|---|
| 29. The package of claim 26 wherein the carrying means includes encapsulating the plurality of toroid transformers within the package by a soft silicone material. | ***Renskers Patent***: *Renskers* discloses a plurality (i.e., four) wire-wrapped toroid transformers (Fig. 2; Col. 3, lines 6-15) mounted in the cavity of the box containing a "highly yieldable material." (Figs. 2, 3, 5; Col. 3, line 60) |

Claim 30

| | |
|---|---|
| 30. The package of claim 26 wherein the construction package is one piece. | ***Renskers Patent***: *Renskers* discloses a one piece construction package. (Figs. 2, 3, 5; Col. 3, lines 63-66) |

Claim 31

| | |
|---|---|
| 31. The package of claim 26 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "…the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented |

| | |
|---|---|
| | without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. Thus, the terminal leads disclosed in *Renskers* are spaced apart by an amount that may be presumed to be sufficient to avoid arcing. |

Claim 32

| | |
|---|---|
| 32. The package of claim 26 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***Renskers Patent:*** *Renskers* discloses a side wall that defines an inerior space within package 12, and each terminal lug 32 extends from the interior space within package 12 beyond the bottom of the side wall (Fig. 1, 6). |

Claim 33

| | |
|---|---|
| 33. The package of claim 32 wherein each of the post ends extends from within the periphery in a direction parallel to the side wall. | ***Renskers Patent:*** *Renskers* discloses solder post ends (e.g., leg 40 or leg 42) that extend from within the periphery in a direction parallel to the side wall (Fig. 5). |

Claim 34

| | |
|---|---|
| 34. The package of claim 26 wherein the package includes a standoff defining a foot seating plane for the surface mount of the package, the side wall having a bottom end with an elevation higher than the standoff so as to be above and beyond the foot seating plane, the post ends extending beyond the bottom end of the side wall to a position above the foot seating plane. | ***Renskers Patent***: *Renskers* discloses standoffs 24, as well as prior art that includes stand-off provisions ( Figs. 1-3, 5, 6; Col. 1, lines 4-9). The bottom end of *Renskers'* side wall has a higher elevation than his standoff 24 (Figs. 3, 5, 6). It would have been obvious to one skilled in the art prior to August 10, 1994 to configure *Renskers'* device as a surface mount device, as demonstrated by the *Gongin RH-16 and H-16S* references, such that the ends of his terminal lugs 32 are positioned above the standoffs 24. |

**5. Claims 1-34 Are Anticipated Under 35 U.S.C § 102 by *McCormick*, and/or Rendered Obvious Under § 103 by *McCormick* in View of the Knowledge of Those of Ordinary Skill in the Art**

Claim 1

| | |
|---|---|
| 1. An electronic surface mount package for mounting onto the surface of a printed circuit board comprising: | ***McCormick Reference***: *McCormick* describes an electronic surface mount package, soldered to a printed circuit board (PCB) (Pages 27, 31). |
| a side wall with a bottom end, | ***McCormick Reference***: *McCormick* discloses a construction package ("housing") that has a side wall with a bottom end (Illustration, Page 27). |
| a plurality of toroid transformers within the package, the toroid transformers each having wires wrapped thereon, | ***McCormick Reference***: *McCormick* discloses two fully molded and potted toroids (Illustration, Page 27). |
| a plurality of terminal pins molded within the side wall, each of the pins extending through the side wall and having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon, each of the post ends extending beyond the bottom end of the side wall. | ***McCormick Reference***: *McCormick* discloses magnet wire that forms the windings in a transformer, and molded pins that act as an intermediate connection between the magnet wire and the traces on the printed circuit board and that extend beyond the bottom end of the side wall (Illustration, Page 27). |

Claim 2

| | |
|---|---|
| 2. The package of claim 1 wherein the plurality of toroid transformers are carried within the package by a soft silicone material. | ***McCormick Reference***: *McCormick* discloses a plurality of fully molded and potted toroids (Illustration, Page 27). *McCormick* discloses a molding cup which holds the completed transformer assembly, which is filled with an epoxy or similar material to encapsulate the entire unit (Page 27). The cup is formed from molded thermoset, epoxy/glass thermoplastic, or machined material depending on thermal and other considerations. *McCormick* also shows wire wrapping multiple toroids (Page 27). |

Claim 3

| | |
|---|---|
| 3. The package of claim 1 wherein the side wall has an exterior surface which defines the periphery of the package and each of the solder post ends extends from within the periphery of the package and beyond the bottom of the side wall. | ***McCormick Reference***: *McCormick* describes a side wall that defines the periphery of the package where each of the solder posts extends from within the package beyond the bottom of the side wall (Fig. 3). |

Claim 4

| | |
|---|---|
| 4. The package of claim 1 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***McCormick Reference***: *McCormick* describes a side wall that defines an interior space within his package, where each of the solder post ends extend from within the interior space beyond the bottom of the side wall (Fig. 3). |

Claim 5

| | |
|---|---|
| 5. The package of claim 4 wherein each of the solder post ends extends from within the periphery in a direction parallel to the side wall. | ***McCormick Reference***: *McCormick* describes solder post ends that extend from within the periphery in a direction parallel to the side wall (Fig. 3). |

Claim 6

| | |
|---|---|
| 6. The package of claim 1 wherein the construction package is one piece. | ***McCormick Reference***: *McCormick* discloses a one piece construction package ("housing") (Illustration, Page 27). |

Claim 7

| | |
|---|---|
| 7. The package of claim 1 wherein each of the pins has a notch near the post end upon which the wires from the transformers are | ***McCormick Reference***: *McCormick* discloses magnet wire that forms the windings in a transformer and pins that act as an intermediate connection between the magnet wire and the traces on the printed circuit board (Page 27). Prior to August 10, 1994, it was already known in this art to utilize notched posts to wrap and solder the wire. |

| | |
|---|---|
| wrapped. | Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses lead termination blocks or support members 18, etc., that have notches in the form of spools with opposed shoulders for retaining wound leads (Col. 2, lines 53-62, Fig. 2), or *Renskers*, which discloses terminal lugs 32 that include lead legs 42 with notches 50 that provide a point of wrap for the transformer leads (Col. 3, lines 30-44). |

Claim 8

| | |
|---|---|
| 8. The package of claim 1 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "…the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. Thus, the terminal leads disclosed in *McCormick* are spaced apart by an amount that may be presumed to be sufficient to avoid arcing. |

Claim 9

| | |
|---|---|
| 9. An electronic surface mount package for mounting onto the surface of a printed circuit board comprising: | ***McCormick Reference***: *McCormick* describes an electronic surface mount package, soldered to a printed circuit board (PCB) (Pages 27, 31). |
| a side wall and a standoff, the standoff defining a foot seating plane for the surface mount of the package, the side wall having a bottom end with an elevation higher than the standoff so as to be above and beyond the foot seating plane; | ***McCormick Reference***: *McCormick* discloses a side wall with a bottom end, and it would have been obvious to use a standoff that has a lower elevation than the bottom end of the side wall, as such a standoff was well known in the art prior to August 10, 1994.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses a body member formed with a plurality of downwardly depending feet or support pads which directly engage the surface of a PC board, without the necessity of its resting on (i.e. independent of) the lead terminals (Fig. 3; Col. 3, lines 6-12), *Renskers*, which discloses standoffs 24 as well as prior art that |

| | |
|---|---|
| | includes stand-off provisions ( Figs. 1–3, 5, 6; Col. 1, lines 4-9), and *Yuichi*, which discloses standoffs 2c for maintaining a distance between the bottom of the pins and the printed circuit board (Fig. 4; Section 0017, 0018). |
| a plurality of toroid transformers within the package, the toroid transformers each having wires wrapped thereon, | ***McCormick Reference***: *McCormick* discloses two fully molded and potted toroids (Illustration, Page 27). |
| a plurality of terminal pins molded within the package, each of the pins having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon, the solder post ends extending beyond the bottom end of the side wall to a position above the foot seating plane. | ***McCormick Reference***: *McCormick* discloses magnet wire that forms the windings in a transformer, and molded pins that act as an intermediate connection between the magnet wire and the traces on the printed circuit board and that extend beyond the bottom end of the side wall (Illustration, Page 27). |

Claim 10

| | |
|---|---|
| 10. The package of claim 9 wherein each of the pins has a notch near the post end upon which the wires from the transformers are wrapped. | ***McCormick Reference***: *McCormick* discloses magnet wire that forms the windings in a transformer and pins that act as an intermediate connection between the magnet wire and the traces on the printed circuit board (Page 27). Prior to August 10, 1994, it was already known in this art to utilize notched posts to wrap and solder the wire.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses lead termination blocks or support members 18, etc., that have notches in the form of spools with opposed shoulders for retaining wound leads (Col. 2, lines 53-62, Fig. 2), or *Renskers*, which discloses terminal lugs 32 that include lead legs 42 with notches 50 that provide a point of wrap for the transformer leads (Col. 3, lines 30-44). |

Claim 11

| | |
|---|---|
| 11. The package of claim 9 wherein the construction package is one piece. | ***McCormick Reference***: *McCormick* discloses a one piece construction package ("housing") (Illustration, Page 27). |

Claim 12

| | |
|---|---|
| 12. The package of claim 9 wherein the construction package has an open bottom. | ***McCormick Reference***: *McCormick* discloses a one piece construction package ("housing") with an open bottom (Illustration, Page 27). |

Claim 13

| | |
|---|---|
| 13. The package of claim 9 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "...the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. Thus, the terminal leads disclosed in *McCormick* are spaced apart by an amount that may be presumed to be sufficient to avoid arcing. |

Claim 14

| | |
|---|---|
| 14. The package of claim 9 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***McCormick Reference***: *McCormick* describes a side wall that defines an interior space within his package, where each of the solder post ends extend from within the interior space beyond the bottom of the side wall (Fig. 3). |

Claim 15

| | |
|---|---|
| 15. The package of claim 14 wherein each of the post ends extends from within the periphery in a direction parallel to the side wall. | ***McCormick Reference***: *McCormick* describes solder post ends that extend from within the periphery in a direction parallel to the side wall (Fig. 3). |

Claim 16

| | |
|---|---|
| 16. The package of claim 9 wherein the plurality of toroid transformers are within the package and secured by a soft silicone material. | ***McCormick Reference***: *McCormick* discloses a plurality of fully molded and potted toroids (Illustration, Page 27). *McCormick* discloses a molding cup which holds the completed transformer assembly, which is filled with an epoxy or similar material to encapsulate the entire unit (Page 27). The cup is formed from molded thermoset, epoxy/glass thermoplastic, or machined material depending on thermal and other considerations. *McCormick* also shows wire wrapping multiple toroids (Page 27). |

Claim 17

| | |
|---|---|
| 17. The package of claim 9 wherein the standoff is a pair of end walls with the side wall extending on opposing sides therebetween. | ***McCormick Reference***: *McCormick* discloses an electronic surface mount package. It would have been obvious to utilize a standoff, consisting of a pair of end walls joined by side walls, in connection with the this package, as the use of such a standoff was well known in the art prior to August 10, 1994.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses a body member formed with a plurality of downwardly depending feet or support pads which directly engage the surface of a PC board, without the necessity of its resting on (i.e. independent of) the lead terminals (Fig. 3; Col. 3, lines 6-12), *Renskers*, which discloses standoffs 24 as well as prior art that includes stand-off provisions ( Figs. 1–3, 5, 6; Col. 1, lines 4-9), and *Yuichi*, which discloses standoffs 2c for maintaining a distance between the bottom of the pins and the printed circuit board (Fig. 4; Section 0017, 0018). |

Claim 18

| | |
|---|---|
| 18. An electronic surface mount package for mounting onto the surface of a circuit board, the package comprising: | ***McCormick Reference***: *McCormick* describes an electronic surface mount package, soldered to a printed circuit board (PCB) (Pages 27, 31). |
| a side wall having a bottom end; | ***McCormick Reference***: *McCormick* describes a side wall with a bottom end (Illustration, Page 27). |
| a standoff for surface mounting the package to the circuit board; | ***McCormick Reference***: *McCormick* discloses a side wall, and it would have been obvious to use a standoff, as these constructs were well known in the art prior to August 10, 1994.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses a body member formed with a plurality of |

| | |
|---|---|
| | downwardly depending feet or support pads which directly engage the surface of a PC board, without the necessity of its resting on (i.e. independent of) the lead terminals (Fig. 3; Col. 3, lines 6-12), *Renskers*, which discloses standoffs 24 as well as prior art that includes stand-off provisions ( Figs. 1-3, 5, 6; Col. 1, lines 4-9), and *Yuichi*, which discloses standoffs 2c for maintaining a distance between the bottom of the pins and the printed circuit board (Fig. 4; Section 0017, 0018). |
| a gap between the bottom end of the side wall and the standoff; | ***McCormick Reference***: *McCormick* discloses a side wall, and it would have been obvious to incorporate a gap between the standoff and the bottom end of the side wall, as this configuration was well known in the art prior to August 10, 1994.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses a body member formed with a plurality of downwardly depending feet or support pads which directly engage the surface of a PC board, without the necessity of its resting on (i.e. independent of) the lead terminals (Fig. 3; Col. 3, lines 6-12), *Renskers*, which discloses standoffs 24 as well as prior art that includes stand-off provisions ( Figs. 1-3, 5, 6; Col. 1, lines 4-9), and *Yuichi*, which discloses standoffs 2c for maintaining a distance between the bottom of the pins and the printed circuit board (Fig. 4; Section 0017, 0018). |
| a plurality of toroid transformers within the package, the toroid transformers each having wire wrapped thereon, | ***McCormick Reference***: *McCormick* discloses two fully molded and potted toroids (Illustration, Page 27). |
| a plurality of terminal pins molded within the package, each of the pins having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon, each of the solder post ends extending into and terminating within the gap. | ***McCormick Reference***: *McCormick* discloses magnet wire that forms the windings in a transformer, and molded pins that act as an intermediate connection between the magnet wire and the traces on the printed circuit board and that extend beyond the bottom end of the side wall (Illustration, Page 27). |

Claim 19

| | |
|---|---|
| 19. The package of claim 18 wherein the standoff is a | ***McCormick Reference***: *McCormick* discloses an electronic surface mount package. It would have been obvious to utilize a standoff, |

| | |
|---|---|
| pair of end walls with the side wall extending on opposing sides therebetween. | consisting of a pair of end walls joined by side walls, in connection with the this package, as the use of such a standoff was well known in the art prior to August 10, 1994.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses a body member formed with a plurality of downwardly depending feet or support pads which directly engage the surface of a PC board, without the necessity of its resting on (i.e. independent of) the lead terminals (Fig. 3; Col. 3, lines 6-12), *Renskers*, which discloses standoffs 24 as well as prior art that includes stand-off provisions ( Figs. 1–3, 5, 6; Col. 1, lines 4-9), and *Yuichi*, which discloses standoffs 2c for maintaining a distance between the bottom of the pins and the printed circuit board (Fig. 4; Section 0017, 0018). |

Claim 20

| | |
|---|---|
| 20. The package of claim 18 wherein the construction package is one piece. | ***McCormick Reference***: *McCormick* discloses a one piece construction package ("housing") (Illustration, Page 27). |

Claim 21

| | |
|---|---|
| 21. The package of claim 18 wherein the construction package has an open bottom. | ***McCormick Reference***: *McCormick* discloses a one piece construction package ("housing") with an open bottom (Illustration, Page 27). |

Claim 22

| | |
|---|---|
| 22. The package of claim 18 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "...the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. Thus, the terminal leads disclosed in *McCormick* are spaced apart by an amount that may be presumed to be |

| | |
|---|---|
| | sufficient to avoid arcing. |

Claim 23

| | |
|---|---|
| 23. The package of claim 18 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***McCormick Reference***: *McCormick* describes a side wall that defines an interior space within his package, where each of the solder post ends extend from within the interior space beyond the bottom of the side wall (Fig. 3). |

Claim 24

| | |
|---|---|
| 24. The package of claim 23 wherein each of the post ends extends from within the periphery in a direction parallel to the side wall. | ***McCormick Reference***: *McCormick* describes solder post ends that extend from within the periphery in a direction parallel to the side wall (Fig. 3). |

Claim 25

| | |
|---|---|
| 25. The package of claim 18 wherein the plurality of toroid transformers are within the package and secured by a soft silicone material. | ***McCormick Reference***: *McCormick* discloses a plurality of fully molded and potted toroids (Illustration, Page 27). *McCormick* discloses a molding cup which holds the completed transformer assembly, which is filled with an epoxy or similar material to encapsulate the entire unit (Page 27). The cup is formed from molded thermoset, epoxy/glass thermoplastic, or machined material depending on thermal and other considerations. *McCormick* also shows wire wrapping multiple toroids (Page 27). |

Claim 26

| | |
|---|---|
| 26. An electronic surface mount package for mounting onto the surface of a printed circuit board comprising: | ***McCormick Reference***: *McCormick* describes an electronic surface mount package, soldered to a printed circuit board (PCB) (Pages 27, 31). |
| a one piece package having an open bottom and a side wall with a bottom end; | ***McCormick Reference***: *McCormick* describes a one piece package that has an open bottom and a side wall with a bottom end (Illustration, Page 27). |
| a plurality of toroid transformers each having | ***McCormick Reference***: *McCormick* discloses two fully molded and |

| | |
|---|---|
| wires wrapped thereon; | potted toroids (Illustration, Page 27). |
| means for encapsulating the plurality of toroid transformers within the package; | ***McCormick Reference***: *McCormick* discloses a plurality of fully molded and potted toroids (Illustration, Page 27). *McCormick* discloses a molding cup which holds the completed transformer assembly, which is filled with an epoxy or similar material to encapsulate the entire unit (Page 27). The cup is formed from molded thermoset, epoxy/glass thermoplastic, or machined material depending on thermal and other considerations. *McCormick* also shows wire wrapping multiple toroids (Page 27). |
| a plurality of terminal pins molded within and extending from the bottom of the package, each of the pins extending through the side wall and having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon. | ***McCormick Reference***: *McCormick* discloses magnet wire that forms the windings in a transformer, and molded pins that act as an intermediate connection between the magnet wire and the traces on the printed circuit board (Illustration, Page 27). |

Claim 27

| | |
|---|---|
| 27. The package of claim 26 wherein the standoff is a pair of end walls with the side wall extending on opposing sides therebetween. | ***McCormick Reference***: *McCormick* discloses an electronic surface mount package. It would have been obvious to utilize a standoff, consisting of a pair of end walls joined by side walls, in connection with the this package, as the use of such a standoff was well known in the art prior to August 10, 1994.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses a body member formed with a plurality of downwardly depending feet or support pads which directly engage the surface of a PC board, without the necessity of its resting on (i.e. independent of) the lead terminals (Fig. 3; Col. 3, lines 6-12), *Renskers*, which discloses standoffs 24 as well as prior art that includes stand-off provisions ( Figs. 1–3, 5, 6; Col. 1, lines 4-9), and *Yuichi*, which discloses standoffs 2c for maintaining a distance between the bottom of the pins and the printed circuit board (Fig. 4; Section 0017, 0018). |

Claim 28

| | |
|---|---|
| 28. The package of claim 26 wherein each of the post ends extends beyond the | ***McCormick Reference***: *McCormick* discloses molded pins that act as an intermediate connection between the magnet wire and the traces on the printed circuit board and that extend beyond the bottom end of the |

| bottom end of the side wall. | side wall (Illustration, Page 27). |
|---|---|

Claim 29

| 29. The package of claim 26 wherein the carrying means includes encapsulating the plurality of toroid transformers within the package by a soft silicone material. | ***McCormick Reference***: *McCormick* discloses a plurality of fully molded and potted toroids (Illustration, Page 27). *McCormick* discloses a molding cup which holds the completed transformer assembly, which is filled with an epoxy or similar material to encapsulate the entire unit (Page 27). The cup is formed from molded thermoset, epoxy/glass thermoplastic, or machined material depending on thermal and other considerations. *McCormick* also shows wire wrapping multiple toroids (Page 27). |
|---|---|

Claim 30

| 30. The package of claim 26 wherein the construction package is one piece. | ***McCormick Reference***: *McCormick* discloses a one piece construction package ("housing") (Illustration, Page 27). |
|---|---|

Claim 31

| 31. The package of claim 26 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "...the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. Thus, the terminal leads disclosed in *McCormick* are spaced apart by an amount that may be presumed to be sufficient to avoid arcing. |
|---|---|

Claim 32

| 32. The package of claim 26 wherein the side wall defines an interior space within the package and each | ***McCormick Reference***: *McCormick* describes a side wall that defines an interior space within his package, where each of the solder post ends extend from within the interior space beyond the bottom of the side wall (Fig. 3). |
|---|---|

| | |
|---|---|
| of the post ends extends from the interior space and beyond the bottom of the side wall. | |

Claim 33

| | |
|---|---|
| 33. The package of claim 32 wherein each of the post ends extends from within the periphery in a direction parallel to the side wall. | ***McCormick Reference***: *McCormick* describes solder post ends that extend from within the periphery in a direction parallel to the side wall (Fig. 3). |

Claim 34

| | |
|---|---|
| 34. The package of claim 26 wherein the package includes a standoff defining a foot seating plane for the surface mount of the package, the side wall having a bottom end with an elevation higher than the standoff so as to be above and beyond the foot seating plane, the post ends extending beyond the bottom end of the side wall to a position above the foot seating plane. | ***McCormick Reference***: *McCormick* discloses a side wall with a bottom end, and it would have been obvious to use a standoff that has a lower elevation than the bottom end of the side wall, as such a standoff was well known in the art prior to August 10, 1994.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses a body member formed with a plurality of downwardly depending feet or support pads which directly engage the surface of a PC board, without the necessity of its resting on (i.e. independent of) the lead terminals (Fig. 3; Col. 3, lines 6-12), *Renskers*, which discloses standoffs 24 as well as prior art that includes stand-off provisions ( Figs. 1–3, 5, 6; Col. 1, lines 4-9), and *Yuichi*, which discloses standoffs 2c for maintaining a distance between the bottom of the pins and the printed circuit board (Fig. 4; Section 0017, 0018). |

**6. Claims 1-34 Are Invalid Under 35 U.S.C § 103 Over the *Yuichi* patent in View of the Knowledge of Those of Ordinary Skill in the Art**

Claim 1

| | |
|---|---|
| 1. An electronic surface mount package for mounting onto the surface of a printed circuit board comprising: | ***Yuichi Patent***: *Yuichi* discloses a surface mount package for mounting on a printed circuit board ("IC Card") (Sections [0003, 0004]). |
| a side wall with a bottom end, | ***Yuichi Patent***: *Yuichi* depicts a one piece construction package 2 that has a side wall with a bottom end (Figs. 1, 4). |
| a plurality of toroid | ***Yuichi Patent***: *Yuichi* discloses a package containing a toroidal |

| | |
|---|---|
| transformers within the package, the toroid transformers each having wires wrapped thereon, | transformer (Figs. 1, 4; Section [0003]). While *Yuichi's* exemplary package includes a single toroidal transformer, it would have been obvious to include a plurality of toroidal transformers within *Yuichi's* package, as suggested within the Background section of the '720 patent itself ("Electronic surface mount packages are utilized in applications in which one or more individual toroid transformers are embodied within the surface mount package" Col. 1, lines 13-16).<br><br>Numerous examples can also be found in the prior art, such as *Tischler*, which discloses mounting "one or several" (i.e., a plurality of) toroidal transformers in a single package (Page 262, Top), *Renskers*, which discloses four (i.e., a plurality of) wire-wrapped toroid transformers (Fig. 2; Col. 3, lines 6-15), or *McCormick*, which discloses two (i.e., a plurality of) fully molded and potted toroids (Illustration, Page 27). |
| a plurality of terminal pins molded within the side wall, each of the pins extending through the side wall and having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon, each of the post ends extending beyond the bottom end of the side wall. | ***Yuichi Patent:*** *Yuichi* depicts molded, lead terminals 7 extending laterally through and below the bottom of the package side wall (Fig. 2). |

Claim 2

| | |
|---|---|
| 2. The package of claim 1 wherein the plurality of toroid transformers are carried within the package by a soft silicone material. | ***Yuichi Patent:*** *Yuichi* discloses a package containing a toroidal transformer having wires wrapped thereon (Figs. 1, 4; Section [0003]). *Yuichi* discloses adhesives of a silicone system or a urethane system formed between the wall of the package and the peripheries of the winding member (Section [0021]). |

Claim 3

| | |
|---|---|
| 3. The package of claim 1 wherein the side wall has an exterior surface which defines the periphery of the package and each of the solder post ends extends from within the periphery of the package and beyond the | ***Yuichi Patent:*** *Yuichi* discloses a side wall with an exterior surface which defines the periphery of the package (Fig. 2), as well as lead terminals 7 extending from the periphery of the package and beyond the bottom of the side wall. |

| bottom of the side wall. | |
|---|---|

Claim 4

| 4. The package of claim 1 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***Yuichi Patent:*** *Yuichi* discloses a side wall that defines an interior space within his package (Fig. 2), as well as lead terminals 7 extending beyond the bottom of the side wall. |
|---|---|

Claim 5

| 5. The package of claim 4 wherein each of the solder post ends extends from within the periphery in a direction parallel to the side wall. | ***Yuichi Patent:*** *Yuichi* discloses lead terminals 7 that extend from the from the periphery in a direction parallel to the side wall (Fig. 2). |
|---|---|

Claim 6

| 6. The package of claim 1 wherein the construction package is one piece. | ***Yuichi Patent***: *Yuichi* depicts a one piece construction package 2 (Figs. 1, 4). |
|---|---|

Claim 7

| 7. The package of claim 1 wherein each of the pins has a notch near the post end upon which the wires from the transformers are wrapped. | ***Yuichi Patent:*** *Yuichi* depicts molded, lead terminals 7 extending laterally from, and through, the bottom of the package side wall (Fig. 2). Although *Yuichi* does not depict notches in his pins, prior to August 10, 1994, it was already known in this art to utilize notched posts to wrap and solder the wire.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses lead termination blocks or support members 18, etc., that have notches in the form of spools with opposed shoulders for retaining wound leads (Col. 2, lines 53-62, Fig. 2), or *Renskers*, which discloses terminal lugs 32 that include lead legs 42 with notches 50 that provide a point of wrap for the transformer leads (Col. 3, lines 30-44). |
|---|---|

Claim 8

| | |
|---|---|
| 8. The package of claim 1 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "…the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. It is presumed, therefore, that the terminal leads disclosed in the *Yuichi* Patent are spaced apart by an amount sufficient to avoid arcing. |

Claim 9

| | |
|---|---|
| 9. An electronic surface mount package for mounting onto the surface of a printed circuit board comprising: | ***Yuichi Patent***: *Yuichi* discloses a surface mount package for mounting on a printed circuit board ("IC Card") (Sections [0003, 0004]). |
| a side wall and a standoff, the standoff defining a foot seating plane for the surface mount of the package, the side wall having a bottom end with an elevation higher than the standoff so as to be above and beyond the foot seating plane; | ***Yuichi Patent***: *Yuichi's* discloses a standoff 2c that maintains the distance between the bottom of the pins and the printed circuit board; the botton end of the side wall has a higher elevation than standoff 2c (Fig. 3, 4, 5; Section 0017, 0018). |
| a plurality of toroid transformers within the package, the toroid transformers each having wires wrapped thereon, | ***Yuichi Patent***: *Yuichi* discloses a package containing a toroidal transformer (Figs. 1, 4; Section [0003]). While *Yuichi's* exemplary package includes a single toroidal transformer, it would have been obvious to include a plurality of toroidal transformers within *Yuichi's* package, as suggested within the Background section of the '720 patent itself ("Electronic surface mount packages are utilized in applications in which one or more individual toroid transformers are embodied within the surface mount package" Col. 1, lines 13-16). |

| | |
|---|---|
| | Numerous examples can also be found in the prior art, such as *Tischler*, which discloses mounting "one or several" (i.e., a plurality of) toroidal transformers in a single package (Page 262, Top), *Renskers*, which discloses four (i.e., a plurality of) wire-wrapped toroid transformers (Fig. 2; Col. 3, lines 6-15), or *McCormick*, which discloses two (i.e., a plurality of) fully molded and potted toroids (Illustration, Page 27). |
| a plurality of terminal pins molded within the package, each of the pins having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon, the solder post ends extending beyond the bottom end of the side wall to a position above the foot seating plane. | ***Yuichi Patent:*** *Yuichi* depicts molded, lead terminals 7 extending laterally through and below the bottom of the package side wall while remaining above the plane of the standoffs 2c (Figs. 3, 4, 5). |

Claim 10

| | |
|---|---|
| 10. The package of claim 9 wherein each of the pins has a notch near the post end upon which the wires from the transformers are wrapped. | ***Yuichi Patent:*** *Yuichi* depicts molded, lead terminals 7 extending laterally from, and through, the bottom of the package side wall (Fig. 2). Although *Yuichi* does not depict notches in his pins, prior to August 10, 1994, it was already known in this art to utilize notched posts to wrap and solder the wire.<br><br>Numerous examples can be found in the prior art, such as *Gutierrez*, which discloses lead termination blocks or support members 18, etc., that have notches in the form of spools with opposed shoulders for retaining wound leads (Col. 2, lines 53-62, Fig. 2), or *Renskers*, which discloses terminal lugs 32 that include lead legs 42 with notches 50 that provide a point of wrap for the transformer leads (Col. 3, lines 30-44). |

Claim 11

| | |
|---|---|
| 11. The package of claim 9 wherein the construction package is one piece. | ***Yuichi Patent***: *Yuichi* depicts a one piece construction package 2 (Figs. 1, 4). |

Claim 12

| | |
|---|---|
| 12. The package of claim 9 | ***Yuichi Patent***: *Yuichi* depicts a one piece construction package 2 that |

| | |
|---|---|
| wherein the construction package has an open bottom. | has an open bottom (Figs. 1, 4). |

Claim 13

| | |
|---|---|
| 13. The package of claim 9 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "…the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. It is presumed, therefore, that the terminal leads disclosed in the *Yuichi* Patent are spaced apart by an amount sufficient to avoid arcing. |

Claim 14

| | |
|---|---|
| 14. The package of claim 9 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***Yuichi Patent:*** *Yuichi* discloses a side wall that defines an interior space within his package (Fig. 2), as well as lead terminals 7 extending beyond the bottom of the side wall. |

Claim 15

| | |
|---|---|
| 15. The package of claim 14 wherein each of the post ends extends from within the periphery in a direction parallel to the side wall. | ***Yuichi Patent:*** *Yuichi* discloses lead terminals 7 that extend from the from the periphery in a direction parallel to the side wall (Fig. 2). |

Claim 16

| | |
|---|---|
| 16. The package of claim 9 wherein the plurality of toroid transformers are within the package and secured by a soft silicone material. | ***Yuichi Patent***: *Yuichi* discloses a package containing a toroidal transformer having wires wrapped thereon (Figs. 1, 4; Section [0003]). *Yuichi* discloses adhesives of a silicone system or a urethane system formed between the wall of the package and the peripheries of the winding member (Section [0021]). |

Claim 17

| | |
|---|---|
| 17. The package of claim 9 wherein the standoff is a pair of end walls with the side wall extending on opposing sides therebetween. | ***Yuichi Patent***: *Yuichi* discloses a pair of standoffs 2c (top and bottom of transformer 1) that form a pair of end walls with side walls extending therebetween (Fig. 4). |

Claim 18

| | |
|---|---|
| 18. An electronic surface mount package for mounting onto the surface of a circuit board, the package comprising: | ***Yuichi Patent***: *Yuichi* discloses a surface mount package for mounting on a printed circuit board ("IC Card") (Sections [0003, 0004]). |
| a side wall having a bottom end; | ***Yuichi Patent***: *Yuichi* depicts a construction package 2 that has a side wall with a bottom end (Figs. 1, 4). |
| a standoff for surface mounting the package to the circuit board; | ***Yuichi Patent***: *Yuichi's* discloses a standoff 2c that maintains the distance between the bottom of the pins and the printed circuit board (Fig. 3, 4, 5; Section 0017, 0018). |
| a gap between the bottom end of the side wall and the standoff; | ***Yuichi Patent***: *Yuichi's* discloses a grooved portion 8 between standoff 2c and the bottom end of the side wall (Fig. 3, 4, 5; Section 0017, 0018). |
| a plurality of toroid transformers within the package, the toroid transformers each having wire wrapped thereon. | ***Yuichi Patent***: *Yuichi* discloses a package containing a toroidal transformer (Figs. 1, 4; Section [0003]). While *Yuichi's* exemplary package includes a single toroidal transformer, it would have been obvious to include a plurality of toroidal transformers within *Yuichi's* package, as suggested within the Background section of the '720 patent itself ("Electronic surface mount packages are utilized in applications in which one or more individual toroid transformers are embodied within the surface mount package" Col. 1, lines 13-16).<br><br>Numerous examples can also be found in the prior art, such as |

| | |
|---|---|
| | *Tischler*, which discloses mounting "one or several" (i.e., a plurality of) toroidal transformers in a single package (Page 262, Top), *Renskers*, which discloses four (i.e., a plurality of) wire-wrapped toroid transformers (Fig. 2; Col. 3, lines 6-15), or *McCormick*, which discloses two (i.e., a plurality of) fully molded and potted toroids (Illustration, Page 27). |
| a plurality of terminal pins molded within the package, each of the pins having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon, each of the solder post ends extending into and terminating within the gap. | ***Yuichi Patent:*** *Yuichi* depicts molded, lead terminals 7 extending laterally through and below the bottom of the package side wall while remaining above the plane of the standoffs 2c (Figs. 3, 4, 5). |

Claim 19

| | |
|---|---|
| 19. The package of claim 18 wherein the standoff is a pair of end walls with the side wall extending on opposing sides therebetween. | ***Yuichi Patent***: *Yuichi* discloses a pair of standoffs 2c (top and bottom of transformer 1) that form a pair of end walls with side walls extending therebetween (Fig. 4). |

Claim 20

| | |
|---|---|
| 20. The package of claim 18 wherein the construction package is one piece. | ***Yuichi Patent***: *Yuichi* depicts a one piece construction package 2 (Figs. 1, 4). |

Claim 21

| | |
|---|---|
| 21. The package of claim 18 wherein the construction package has an open bottom. | ***Yuichi Patent***: *Yuichi* depicts a one piece construction package 2 that has an open bottom (Figs. 1, 4). |

Claim 22

| | |
|---|---|
| 22. The package of claim 18 wherein the posts are | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications |

| | |
|---|---|
| separated from one another so as to avoid arcing. | regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "…the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. It is presumed, therefore, that the terminal leads disclosed in the *Yuichi* Patent are spaced apart by an amount sufficient to avoid arcing. |

Claim 23

| | |
|---|---|
| 23. The package of claim 18 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***Yuichi Patent:*** *Yuichi* discloses a side wall that defines an interior space within his package (Fig. 2), as well as lead terminals 7 extending beyond the bottom of the side wall. |

Claim 24

| | |
|---|---|
| 24. The package of claim 23 wherein each of the post ends extends from within the periphery in a direction parallel to the side wall. | ***Yuichi Patent:*** *Yuichi* discloses lead terminals 7 that extend from the from the periphery in a direction parallel to the side wall (Fig. 2). |

Claim 25

| | |
|---|---|
| 25. The package of claim 18 wherein the plurality of toroid transformers are within the package and secured by a soft silicone material. | ***Yuichi Patent***: *Yuichi* discloses a package containing a toroidal transformer having wires wrapped thereon (Figs. 1, 4; Section [0003]). *Yuichi* discloses adhesives of a silicone system or a urethane system formed between the wall of the package and the peripheries of the winding member (Section [0021]). |

Claim 26

| | |
|---|---|
| 26. An electronic surface mount package for mounting onto the surface of a printed circuit board comprising: | ***Yuichi Patent***: *Yuichi* discloses a surface mount package for mounting on a printed circuit board ("IC Card") (Sections [0003, 0004]). |
| a one piece package having an open bottom and a side wall with a bottom end; | ***Yuichi Patent***: *Yuichi* discloses a one piece construction package 2 that has an open bottom and a side wall with a bottom end (Figs. 1, 4). |
| a plurality of toroid transformers each having wires wrapped thereon; | ***Yuichi Patent***: *Yuichi* discloses a package containing a toroidal transformer (Figs. 1, 4; Section [0003]). While *Yuichi's* exemplary package includes a single toroidal transformer, it would have been obvious to include a plurality of toroidal transformers within *Yuichi's* package, as suggested within the Background section of the '720 patent itself ("Electronic surface mount packages are utilized in applications in which one or more individual toroid transformers are embodied within the surface mount package" Col. 1, lines 13-16).<br><br>Numerous examples can also be found in the prior art, such as *Tischler*, which discloses mounting "one or several" (i.e., a plurality of) toroidal transformers in a single package (Page 262, Top), *Renskers*, which discloses four (i.e., a plurality of) wire-wrapped toroid transformers (Fig. 2; Col. 3, lines 6-15), or *McCormick*, which discloses two (i.e., a plurality of) fully molded and potted toroids (Illustration, Page 27). |
| means for encapsulating the plurality of toroid transformers within the package; | ***Yuichi Patent***: *Yuichi* discloses a package containing a toroidal transformer having wires wrapped thereon (Figs. 1, 4; Section [0003]). *Yuichi* discloses adhesives of a silicone system or a urethane system formed between the wall of the package and the peripheries of the winding member (Section [0021]). |
| a plurality of terminal pins molded within and extending from the bottom of the package, each of the pins extending through the side wall and having a solder post with an end upon which the wires from the transformers are respectively wrapped and soldered thereon. | ***Yuichi Patent:*** *Yuichi* depicts molded, lead terminals 7 extending laterally through and below the bottom of the package side wall while remaining above the plane of the standoffs 2c (Figs. 3, 4, 5). |

Claim 27

| 27. The package of claim 26 wherein the standoff is a pair of end walls with the side wall extending on opposing sides therebetween. | ***Yuichi Patent***: *Yuichi* discloses a pair of standoffs 2c (top and bottom of transformer 1) that form a pair of end walls with side walls extending therebetween (Fig. 4). |
|---|---|

Claim 28

| 28. The package of claim 26 wherein each of the post ends extends beyond the bottom end of the side wall. | ***Yuichi Patent***: *Yuichi* discloses lead terminals 7 that extend beyond the bottom end of the side wall (Fig. 1, 2, 4). |
|---|---|

Claim 29

| 29. The package of claim 26 wherein the carrying means includes encapsulating the plurality of toroid transformers within the package by a soft silicone material. | ***Yuichi Patent***: *Yuichi* discloses a package containing a toroidal transformer having wires wrapped thereon (Figs. 1, 4; Section [0003]). *Yuichi* discloses adhesives of a silicone system or a urethane system formed between the wall of the package and the peripheries of the winding member (Section [0021]). |
|---|---|

Claim 30

| 30. The package of claim 26 wherein the construction package is one piece. | ***Yuichi Patent***: *Yuichi* depicts a one piece construction package 2 (Figs. 1, 4). |
|---|---|

Claim 31

| 31. The package of claim 26 wherein the posts are separated from one another so as to avoid arcing. | While the claim asserts that terminals should be separated to avoid arcing, the '785 patent provides no guidance or specifications regarding the requirements for such separation. Enablement in accordance with 35 U.S.C § 112 requires that "...the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation'." *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997) (quoting *In re Wright*, 999 F.2d 1557, 1561, 27 U.S.P.Q.2D (BNA) 1510, 1513 (Fed. Cir. 1993)). Thus, it is presumed from this lack of disclosure that the applicant admits that such information was well known to those of ordinary skill in the art at the time of filing, and could be implemented |
|---|---|

| | |
|---|---|
| | without undue experimentation. The problem of arcing in electronics is well known and the principal method of preventing arcing, i.e., spacing, is also well known. It is presumed, therefore, that the terminal leads disclosed in the *Yuichi* Patent are spaced apart by an amount sufficient to avoid arcing. |

Claim 32

| | |
|---|---|
| 32. The package of claim 26 wherein the side wall defines an interior space within the package and each of the post ends extends from the interior space and beyond the bottom of the side wall. | ***Yuichi Patent:*** *Yuichi* discloses a side wall that defines an interior space within his package (Fig. 2), as well as lead terminals 7 extending beyond the bottom of the side wall. |

Claim 33

| | |
|---|---|
| 33. The package of claim 32 wherein each of the post ends extends from within the periphery in a direction parallel to the side wall. | ***Yuichi Patent:*** *Yuichi* discloses lead terminals 7 that extend from the from the periphery in a direction parallel to the side wall (Fig. 2). |

Claim 34

| | |
|---|---|
| 34. The package of claim 26 wherein the package includes a standoff defining a foot seating plane for the surface mount of the package, the side wall having a bottom end with an elevation higher than the standoff so as to be above and beyond the foot seating plane, the post ends extending beyond the bottom end of the side wall to a position above the foot seating plane. | ***Yuichi Patent****:* *Yuichi's* discloses a standoff 2c that maintains the distance between the bottom of the pins and the printed circuit board; the botton end of the side wall has a higher elevation than standoff 2c (Fig. 3, 4, 5; Section 0017, 0018). |

**37 CFR § 1.510(b)(3) - A Copy of Every Patent or Printed Publication Relied Upon or Referred to in Paragraph (b)(1) and (2)**

Copies of every patent or printed publication relied upon or referred to in Paragraph (b)(1) and (2) are attached as Attachments I-V.

**37 C.F.R. § 1.510(b)(4) - Copy of the '785 Patent**

A double-column copy of the subject '785 patent is enclosed as **Attachment A** to this Request for Reexamination.

**37 C.F.R § 1.510(b)(5) - A Certification That a Copy of the Request Filed by a Person Other Than the Patent Owner Has Been Served in its Entirety on the Patent Owner at the Address as Provided for in § 1.33(c)**

A certification that a copy of the request filed has been served to the patent owner at the address as provided for in § 1.33(c) is attached.

**37 C.F.R. § 1.510(f) - Statement of Representative Capacity**

This request for *ex parte* reexamination is made on behalf of Midcom pursuant to 37 C.F.R. § 1.510(a). The undersigned attorney, Adam M. Treiber (Reg. No. 48,000) hereby confirms that he is acting in a representative capacity for Midcom in this matter pursuant to 37 C.F.R. § 1.34.

**CONCLUSION**

The patents and references cited in this request for reexamination present a substantial new question of patentability with respect to claims 1-34 of the '785 patent. Therefore, *ex parte* reexamination of the '785 patent is respectively requested pursuant to 35 U.S.C. §§ 301-307 and 37 C.F.R. § 1.510.

Respectively submitted,

Date: May 5, 2008

By: [signature]

Adam M. Treiber
Registration No. 48,000
Attorney for Requestor

#102246838_2

## INDEX OF "ATTACHMENTS" TO REQUEST FOR REEXAMINATION

| | |
|---|---|
| **Attachment A:** | U.S. Patent Number 6,662,431 (Lu et al.) |
| **Attachment B:** | Plaintiff Halo's Complaint |
| **Attachment C:** | Defendant Midcom's Answer and Counterclaim |
| **Attachment D:** | Defendant Elec & Eltek (USA) Corporation Answer and Counterclaim |
| **Attachment E:** | Defendant XFMRS, Inc.'s Answer and Counterclaim |
| **Attachment F:** | Defendant XFMRS, Inc.'s First Amended Answer and Counterclaim |
| **Attachment G:** | Defendant XFMRS, Inc.'s Second Amended Answer and Counterclaim |
| **Attachment H:** | Civil Action Docket Sheet |
| **Attachment I:** | U.S. Patent Number 5,212,345 (*Gutierrez*) |
| **Attachment J:** | *Tischler* Reference |
| **Attachment K:** | *NPI 10BaseT Catalog Page* |
| **Attachment L:** | *Gongin H-16S* Specification Sheet |
| **Attachment M:** | *Gongin RH-16* Specification Sheet |
| **Attachment N:** | NPI/Xircom Invoice |
| **Attachment O:** | NPI 10BaseT June 1996 Catalog Page |
| **Attachment P:** | *NPI Isolation Transformers Catalog Page* |
| **Attachment Q:** | NPI/Interphase October 28, 1991 Letter |
| **Attachment R:** | U.S. Patent Number 3,721,747 (*Renskers*) |
| **Attachment S:** | *McCormick* Reference |
| **Attachment T:** | *Yuichi* Patent – JP7161535 |
| **Attachment U:** | NP5417 Bill of Materials |
| **Attachment V:** | September 15, 1995 Letter to Chris Nixon of 3Com Limited |

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Request for *Ex Parte* Reexamination was concurrently served by first-class mail on Halo Electronics, Inc., at the address provided for under 37 C.F.R. § 1.33(c):

*Haynes, Mark (30846)*
*Beffel, Ernest Jr (43489)*
*Wolfeld, Warren (31454)*
Haynes Beffel & Wolfeld LLP
P.O. Box 366
Half Moon Bay, CA 94019

Adam M. Treiber
Registration No. 48,000
Baker & Hostetler LLP