**FLIESLER MEYER LLP**
Martin C. Fliesler (SBN 073768) mcf@fdml.com
Rex Hwang (SBN 063491) rhwang@fdml.com
650 California St., 14th Floor
San Francisco, CA 94108
Telephone: (415) 362-2800

**WOLF BLOCK LLP**
Joshua L. Raskin [*pro hac vice*] JRaskin@WOLFBLOCK.com
250 Park Avenue
New York, NY 10017
Telephone: (212) 986-1116

**Attorneys for Defendant/Counterclaim-Plaintiff,**
BEL FUSE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC.,<br><br>                    Plaintiff,<br><br>      v.<br><br>BEL FUSE INC., ELEC & ELTEK (USA) CORP., WURTH ELECTRONICS MIDCOM, INC., and XFMRS, INC.,<br><br>                    Defendants. | Case No.   5:07-CV-06222-RMW<br><br>**DEFENDANT BEL FUSE, INC.'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant/counterclaim-plaintiff Bel Fuse, Inc. ("Bel Fuse"), by and through its undersigned attorneys, responds to plaintiff/counterclaim-defendant Halo Electronics, Inc.'s ("Halo's") Complaint as follows:

DEFENDANT BEL FUSE, INC.'S
ANSWER AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL
**Case No. 07-06222 RMW**

1

## JURISDICTION AND VENUE

1. Bel Fuse admits only that that this action purports to be an action for patent infringement under the patent laws of the United States under 35 U.S.C. §§ 100 *et seq.* and that this Court has subject matter jurisdiction.

2. To the extent the allegations in this Paragraph pertain to Bel Fuse, Bel Fuse denies the same, and admits only that this Court has personal jurisdiction over Bel Fuse.

3. Bel Fuse denies the allegations in this Paragraph but, in light of the Court's May 5, 2008 Order denying Bel Fuse's motion to dismiss or transfer venue, Bel Fuse does not contest venue.

## INTRADISTRICT ASSIGNMENT

4. Admitted.

## THE PARTIES

5. Bel Fuse admits that Halo is a corporation organized and existing under the laws of the state of Nevada. Bel Fuse lacks sufficient information to form an accurate belief as to the remaining allegations and therefore denies the same.

6. Bel Fuse denies the allegations of this Paragraph, except Bel Fuse admits that its principal place of business is at 206 Van Vorst Street, Jersey City, New Jersey 07302.

7. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

8. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

9. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

# COUNT I
# (Alleged Patent Infringement)

10. Bel Fuse repeats and re-alleges the admissions and denials of the preceding paragraphs.

11. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same, except Bel Fuse admits that, on its face, U.S. Patent No. 5,656,985 (the "'985 patent") purports to have issued on August 12, 1997, that the '985 patent is entitled "Electronic Surface Mount Package" and that Exhibit A appears to be a copy of the '985 patent.

12. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same, except Bel Fuse admits that, on its face, U.S. Patent No. 6,297,720 (the "'720 patent") purports to have issued on October 2, 2001, that the '720 patent is entitled "Electronic Surface Mount Package" and that Exhibit B appears to be a copy of the '720 patent.

13. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same, except Bel Fuse admits that, on its face, U.S. Patent No. 6,297,721 (the "'721 patent") purports to have issued on October 2, 2001, that the '721 patent is entitled "Electronic Surface Mount Package" and that Exhibit C appears to be a copy of the '721 patent.

14. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same, except Bel Fuse admits that, on its face, U.S. Patent No. 6,320,489 (the "'489 patent") purports to have issued on November 20, 2001, that the '489 patent is entitled "Electronic Surface Mount Package" and that Exhibit D appears to be a copy of the '489 patent.

15. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same, except Bel Fuse admits that, on its face, U.S. Patent No. 6,344,785 (the "'785 patent") purports to have issued on February 5, 2002, that the '785 patent is entitled "Electronic Surface Mount Package" and that Exhibit E appears to be a copy of the '785 patent.

16. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same, except Bel Fuse admits that, on its face, U.S. Patent No. 6,662,431 (the "'431 patent") purports to have issued on December 16, 2003, that the '431 patent is entitled "Electronic Surface Mount Package" and that Exhibit F appears to be a copy of the '431 patent.

17. Bel Fuse denies each and every allegation of this Paragraph.

18. Bel Fuse denies each and every allegation of this Paragraph, except Bel Fuse admits to receiving letters in July and August 2002 requesting that Bel Fuse enter into licensing negotiations as to certain Halo patents. In those letters, Halo stated, among other things, that it "ha[d] not yet reached any conclusive determinations as to whether [Bel Fuse's] products are covered by its patents."

19. Bel Fuse denies each and every allegation of this Paragraph.

20. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

21. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

22. Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

23.     Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

24.     Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

25.     Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

26.     Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

27.     Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

28.     Bel Fuse lacks sufficient information to form an accurate belief as to the allegations of this Paragraph and therefore denies the same.

29.     To the extent the allegations in this Paragraph pertain to Bel Fuse, Bel Fuse denies the same.

30.     To the extent the allegations in this Paragraph pertain to Bel Fuse, Bel Fuse denies the same.

## **PRAYER FOR RELIEF**

Paragraphs (1) through (6) of Halo's Complaint for Patent Infringement state Halo's prayer for relief to which no response is required.  However, to the extent that Paragraphs (1) through (6) contain averments, Bel Fuse denies each such averment.  Bel Fuse also denies that Halo is entitled to any of the relief requested in Paragraphs (1) through (6).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31. Bel Fuse repeats and re-alleges the admissions and denials of the preceding paragraphs.

32. Bel Fuse has not infringed and does not infringe either directly, contributorily or by inducement any valid and enforceable claim of the '985, '720, '721, '489, '785 or '431 patents (the "Patents-in-suit").

### Second Affirmative Defense

33. Bel Fuse repeats and re-alleges the admissions and denials of the preceding paragraphs.

34. All or some of the claims of the Patents-in-suit are invalid or unenforceable for failing to comply with one or more conditions and requirements of the patent laws including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115 and 116, and the rules, regulations and laws pertaining to those provisions.

### Third Affirmative Defense

35. Bel Fuse repeats and re-alleges the admissions and denials of the preceding paragraphs.

36. Upon information and belief, Halo is not entitled to any damages for the period before Halo's actual notice to Bel Fuse of its purported infringement, by reason of the failure to properly mark products embodying the claims of the Patents-in-suit as required by 35 U.S.C. § 287.

### Fourth Affirmative Defense

37. Bel Fuse repeats and re-alleges the admissions and denials of the preceding paragraphs.

38. To the extent Halo seeks recovery for alleged use of the subject matter claimed in the Patents-in-suit by Bel Fuse occurring more than six years before the filing of the Complaint, Halo is precluded from any such recovery as set forth in 35 U.S.C. § 286.

### **Fifth Affirmative Defense**

39. Bel Fuse repeats and re-alleges the admissions and denials of the preceding paragraphs.

40. Halo's claims are barred, in full or in part, by the doctrines of waiver, laches, equitable estoppel and/or the doctrine of unclean hands.

### **Sixth Affirmative Defense**

41. Bel Fuse repeats and re-alleges the admissions and denials of the preceding paragraphs.

42. Halo has an adequate remedy at law, and no basis exists for the grant of equitable relief.

43. Bel Fuse maintains its right to seek leave and assert additional defenses that are currently unknown to it.

### **COUNTERCLAIMS**

Defendant/counterclaim-plaintiff Bel Fuse, Inc. ("Bel Fuse") by and through its undersigned attorneys, pleads the following counterclaims against plaintiff/counterclaim-defendant Halo Electronics, Inc. ("Halo").

### **PARTIES**

44. Bel Fuse is a New Jersey corporation having its principal place of business at 206 Van Vorst Street, Jersey City, New Jersey 07302.

45. Upon information and belief, Halo is a corporation existing under the laws of Nevada and has a principal place of business at 1861 Landings Dr., Mountain View, California.

**JURISDICTION AND VENUE**

46. These counterclaims are for a declaratory judgment that the claims of the Patents-in-suit are invalid and not infringed by Bel Fuse's making, using, selling, importing and/or the offering for sale of its products.

47. These counterclaims arise under federal statutory law, including 35 U.S.C. §§ 100 *et seq.,* and jurisdiction is appropriate under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

48. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

49. An actual controversy exists between Bel Fuse and Halo by virtue of the allegations of Halo's Complaint in this action and Bel Fuse's Answer as to whether the Patents-in-suit are invalid, unenforceable and/or not infringed by Bel Fuse's products.

**FIRST COUNTERCLAIM**
**(Declaratory Relief as to the '985 patent)**

50. Bel Fuse has not infringed and does not infringe either directly, contributorily or by inducement any valid and enforceable claim of the '985 patent.

51. The claims of the '985 patent are invalid or unenforceable under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 115 and 116.

**SECOND COUNTERCLAIM**
**(Declaratory Relief as to the '720 patent)**

52. Bel Fuse has not infringed and does not infringe either directly, contributorily or by inducement any valid and enforceable claim of the '720 patent.

53. The claims of the '720 patent are invalid or unenforceable under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 115 and 116.

### THIRD COUNTERCLAIM
### (Declaratory Relief as to the '721 patent)

54. Bel Fuse has not infringed and does not infringe either directly, contributorily or by inducement any valid and enforceable claim of the '721 patent.

55. The claims of the '721 patent are invalid or unenforceable under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 115 and 116.

### FOURTH COUNTERCLAIM
### (Declaratory Relief as to the '489 patent)

56. Bel Fuse has not infringed and does not infringe either directly, contributorily or by inducement any valid and enforceable claim of the '489 patent.

57. The claims of the '489 patent are invalid or unenforceable under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 115 and 116.

### FIFTH COUNTERCLAIM
### (Declaratory Relief as to the '785 patent)

58. Bel Fuse has not infringed and does not infringe either directly, contributorily or by inducement any valid and enforceable claim of the '785 patent.

59. The claims of the '785 patent are invalid or unenforceable under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 115 and 116.

### SIXTH COUNTERCLAIM
### (Declaratory Relief as to the '431 patent)

60. Bel Fuse has not infringed and does not infringe either directly, contributorily or by inducement any valid and enforceable claim of the '431 patent.

61. The claims of the '431 patent are invalid or unenforceable under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 115 and 116.

## PRAYER FOR RELIEF

WHEREFORE, Bel Fuse respectfully requests that the Court:

1. Dismiss Halo's Complaint with prejudice;

2. Declare that each of the Patents-in-suit is invalid or unenforceable;

3. Declare that each of the Patents-in-suit is not infringed by Bel Fuse;

4. Declare that this is an exceptional case under 35 U.S.C. § 285, entitling Bel Fuse to, and that Bel Fuse therefore be awarded, its costs, disbursements and reasonable attorneys' fees; and

5. Such further relief as the Court deems just and equitable.

Dated: May 19, 2008                    Respectfully Submitted,


By:     /s/ Rex Hwang
        Martin C. Fliesler (SBN 073768)
        Rex Hwang (SBN 221079)
        **FLIESLER MEYER LLP**
        650 California St., 14th Floor
        San Francisco, CA 94108
        Telephone:  (415) 362-2800

        Joshua L. Raskin [*pro hac vice*]
        **WOLF BLOCK LLP**
        250 Park Avenue
        New York, NY 10017
        Telephone:  (212) 986-1116

        **Attorneys for
        Defendant/Counterclaim-Plaintiff**
        BEL FUSE, INC.

DEFENDANT BEL FUSE, INC.'S
ANSWER AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL
**Case No. 07-06222 RMW**

10

## JURY DEMAND

Bel Fuse respectfully requests a trial by jury on all issues related to its Counterclaims.

Dated: May 19, 2008                     Respectfully Submitted,


By:     /s/ Rex Hwang
Martin Fliesler (SBN 073768)
Rex Hwang (SBN 221079)
**FLIESLER MEYER LLP**
650 California St., 14th Floor
San Francisco, CA 94108
Telephone: (415) 362-2800

Joshua L. Raskin [*pro hac vice*]
**WOLF BLOCK LLP**
250 Park Avenue
New York, NY 10017
Telephone: (212) 986-1116

**Attorneys for
Defendant/Counterclaim-Plaintiff**
BEL FUSE, INC.