Michael J. Kane (*pro hac vice* / kane@fr.com)
William R. Woodford (*pro hac vice* / woodford@fr.com)
FISH & RICHARDSON P.C.
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Attorneys for Plaintiff
**HALO ELECTRONICS, INC.**

Martin G. Raskin (*pro hac vice* / mraskin@cozen.com)
Andrew P. Nemiroff (*pro hac vice* / anemiroff@cozen.com)
COZEN O'CONNOR
250 Park Avenue
New York, NY 10017
Telephone: (212) 986-1116
Facsimile: (212) 509-9492

Attorneys for Defendant/Counterclaim-Plaintiff
**BEL FUSE, INC.**

Kenneth J. Sheehan (*pro hac vice /* ksheehan@bakerlaw.com)
A. Neal Seth (*pro hac vice /* nseth@bakerlaw.com)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. NW
Washington DC 20036

Attorneys for Defendant
**WURTH ELECTRONICS MIDCOM, INC.**

Michael J. Powell (*pro hac vice* / mpowell@bakerdonelson.com)
Kent A. Lambert (*pro hac vice* / klambert@bakerdonelson.com)
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
Monarch Plaza, Suite 1600
3414 Peachtree Road, NE
Atlanta, Georgia 30326
Telephone: (678) 406-8707
Facsimile: (678) 406-8807

Attorneys for Defendant
**ELEC & ELTEK (USA) CORPORATION**

Harold C. Moore (*pro hac vice* / hcmoore@maginot.com)
David M. Lockman (*pro hac vice* / dmlockman@maginot.com)
MAGINOT, MOORE & BECK LLP
Chase Tower
111 Monument Circle, Suite 3250
Indianapolis IN 46204
Telephone: (317) 638-2922
Facsimile (317) 638-2139

Attorneys for Defendant
**XFMRS, INC**

*Additional counsel listed on the signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| HALO ELECTRONICS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELEKTRONIK MIDCOM, INC., and XFMRS, INC.,<br><br>　　　　Defendants, | Civil Case No. 07-6222 RMW<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(MODIFIED BY THE COURT)** |

Plaintiff Halo Electronics, Inc. and Defendants Bel Fuse Inc., Elec & Eltek (USA) Corporation, Wurth Elektronik Midcom, Inc., and XFMRS, Inc. stipulate to the entry of this Protective Order, which shall govern the handling of any information produced or disclosed by any party, including third parties, in the above-captioned litigation. The following procedures shall be adopted for the protection of all confidential information in this action, whether revealed in documents (both in paper and electronic form), depositions, written discovery responses, hearing and/or trial testimony, court filings, or through any similar exchange of information.

## Definitions

1. PROTECTED INFORMATION means any information, document, or thing designated by a party in good faith as confidential because it contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure. PROTECTED INFORMATION does not include information that (1) has been publicly disclosed, (2) becomes available to the public through no act of a receiving party, (3) was already known to the receiving party from legitimate sources (*i.e.*, not obtained by fraud, misappropriation, or in violation of the law), (4) was independently developed by the receiving party, or (5) was received from a third party having the right to make such disclosure and was not required to be held in confidence.

2. DERIVED MATERIAL means any information derived or created from PROTECTED INFORMATION.

## Designation & Marking of Information

3. Any PROTECTED INFORMATION that either a party to this action or a third party wishes to be made subject to this Protective Order, with the exception of deposition transcripts, shall be marked with the designation "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" at the time it is produced to any other party. To facilitate discovery, parties may designate information in any equivalent and appropriate manner to indicate its confidential nature. The "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" designation should be used only for commercially sensitive information, such as financial data,

customer information, current and future business plans, current and future sales and marketing information, technical information that is either a trade secret or currently under development, and the like.

4. To designate information in a deposition transcript, a party may request that the court reporter mark those pages of the transcript containing PROTECTED INFORMATION. Such requests shall be made on the record whenever possible, but any party may designate portions of the transcript as either "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," provided that these designations are made in good faith and such designations are disclosed to the other parties in the action within ten calendar days after receipt of the official transcript. To give each other party an opportunity to review the transcript for PROTECTED INFORMATION, the parties shall not disseminate a deposition transcript or the contents thereof to anyone not permitted to access PROTECTED INFORMATION for a period of fourteen calendar days after the receipt of the official transcript, except that portions of the transcript may be filed with the Court ~~under seal~~ along with a request for sealing under Civil Local Rule 79-5 in connection with this action at any time.

5. The parties contemplate making available to another party Electronically Stored Information (ESI), which may contain PROTECTED INFORMATION. For ESI, any confidential designation shall be made on the materials within the electronic media (*e.g.*, on the actual electronic file itself) where possible. Where this is not possible, the confidential designation shall be affixed to the outside of the electronic media, such that all information contained on the electronic media shall be treated as having that designation.

6. In the event a party elects to produce original files and records, including ESI, for inspection by another party, the producing party need not designate these materials in advance of the inspection. For the purposes of the inspection, all documents, things, and ESI shall be considered "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and be treated as such. Thereafter, if any party makes copies of documents, things, and ESI, the producing party shall designate and mark the information consistent with the requirements of this Order before producing copies to any other party.

7. DERIVED MATERIAL shall bear on its face the confidentiality designation of the material from which it was derived.

**Access to Designated Information**

8. PROTECTED INFORMATION shall be maintained in confidence by the party receiving it and may be used solely for the purpose of conducting this litigation, and not for any other purpose whatsoever. For example, and without limitation, PROTECTED INFORMATION shall not be used by any party for any purpose in connection with any reexamination of any of the patents-in-suit in this case or any other litigation involving the same parties without the written consent of the producing party.

9. Access to PROTECTED INFORMATION designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be restricted to (1) the Court and any person the Court employs whose duties require access to the information, including jurors, (2) any other court having jurisdiction over this action and any person the court employs whose duties require access to the information, (3) outside counsel of record of the parties, including their necessary support personnel (including third-party litigation support vendors, such as copying services), (4) officers before whom a deposition or other testimony is taken (including without limitation, stenographic reporters and videographers) and necessary clerical and support personnel who are assisting such officers, and (5) other individuals and business entities as specified in paragraphs 11-14.

10. Access to PROTECTED INFORMATION designated "CONFIDENTIAL" shall be restricted to (1) the Court and any person the Court employs whose duties require access to the information, including jurors, (2) any other court having jurisdiction over this action and any person the court employs whose duties require access to the information, (3) outside counsel of record of the parties, including their necessary support personnel (including third-party litigation support vendors, such as copying services), (4) officers before whom a deposition or other testimony is taken (including without limitation, stenographic reporters and videographers) and necessary clerical and support personnel who are assisting such officers, (5) other individuals and

business entities as specified in paragraphs 11-14, and (6) two employees, agents or fiduciaries of each party as specified in paragraph 15.

11. PROTECTED INFORMATION of the designating party may be disclosed by the designating party at any time. PROTECTED INFORMATION of the designating party may also be used or disclosed by counsel for any party in the examination, at a deposition, hearing, or trial, of any current or former employee of the designating party who is or was involved with the matters to which the information is directed, and a person or entity who authored or was the source of the information or lawfully received the information before its production by the designating party.

12. Counsel for the parties may disclose PROTECTED INFORMATION to only those third parties contemplated by Paragraphs 13-14 below. Such third parties contemplated by Paragraph 13 below should be furnished with a copy of this Protective Order and shall execute a written statement in the form appended hereto as Exhibit A acknowledging that he or she is familiar with the terms of this Order and will abide by them. For a business, the statement shall be signed by a person authorized to bind the business organization, rather than each individual employee of the business who may have access to the PROTECTED INFORMATION. The individual signing for a business shall advise the business's personnel of the obligations imposed by this Order. All executed statements shall be kept by counsel who retained the individual or business.

13. If a third party technical, damages, or other consultant has been retained by or on behalf of a party, the party shall, in addition to complying with paragraph 12, identify that third party to the designating party before any PROTECTED INFORMATION of that party is disclosed to the third party. The identification required by this paragraph only applies where the designating party is a party to this action (*i.e.*, not a third party) and shall include the name, business address, and curriculum vitae/resume of the third party. Upon receiving written identification, the designating party has 10 calendar days to object to the disclosure of its PROTECTED INFORMATION to the third party. Such objection must be made in writing. Should the designating party make an objection to the third party proposed hereunder, the parties shall meet

and confer within 5 calendar days of any such objection.  If the meet and confer is unsuccessful, the designating party objecting to the disclosure will have 21 days from the date of its written objection to file a motion seeking relief from the Court.  No disclosure of the designating party's PROTECTED INFORMATION shall be made until the objection is resolved.  If relief is not sought from the Court within 21 days following the written objection, the objection shall be deemed withdrawn.  In any such proceeding, the designating party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the protected material to its third party consultant.  The disclosure of a third party shall not constitute a disclosure of that person or business as a witness to be called at trial, commit a party to using that person or business as an expert or witness at trial, nor shall it give the designating party the right to depose that person or business or to comment on their absence from trial.

14. Before any disclosure of PROTECTED INFORMATION of another party is made to mock jurors or focus group members, any such person shall execute a confidentiality agreement in the form attached as Exhibit B and such statement shall be kept by counsel for reference and shall be provided to the producing party upon request and only after the full and final conclusion of the litigation.  No documents, physical things, or ESI containing or embodying PROTECTED INFORMATION of another party shall be left in the possession of any such person.  Further, no mock juror or focus group member may be a current or former employee, officer, attorney, agent, or director of any party to this action.

15. Counsel for each party may disclose information designated "CONFIDENTIAL" to the two employees, agents or fiduciaries of the party listed in Exhibit D for the purpose of assisting counsel in the preparation, prosecution, or trial of this action.  These employees, agents or fiduciaries should be furnished with a copy of this Protective Order and shall execute a written statement in the form appended hereto as Exhibit C acknowledging that he or she is familiar with the terms of this Order and will abide by them before receiving access to "CONFIDENTIAL" information.  A copy of all statements executed under this provision shall be provided to the other parties in this action.

1    16.    All documents, things, deposition transcripts, and ESI (or portions thereof) containing PROTECTED INFORMATION that are included with or disclosed in any paper filed with the Court shall be filed in accordance with **Civil Local Rule 79-5.** ~~the Court's rules for filing documents under seal.~~ To the extent consistent with **Civil Local Rule 79-5,** ~~the Court's rules governing the filing of documents under seal,~~ if ~~any~~, this information shall be ~~filed~~ **submitted** in a sealed envelope prominently marked with the caption of this action, the identity of the party filing the envelope, and the following notice:

**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ITS
CONTENTS DISPLAYED, COPIED, OR REVEALED,
EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES**

17.    Promptly upon completion of the litigation, each party shall return or destroy all PROTECTED INFORMATION of another party within 60 days of the final disposition of this action, except that counsel for each party may retain one copy of each document or thing (including electronic documents and files) designated by the other party as containing PROTECTED INFORMATION.  This provision does not apply to court papers, deposition and trial transcripts, or documents containing attorney work-product provided that these materials are maintained in accordance with this Protective Order.

**Challenging the Designation of Information**

18.    In the event of a dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, under this Protective Order, the parties shall make a good-faith effort to resolve the dispute.  If the dispute cannot be resolved within 10 days after a party contests the designation, any party wishing to challenge the designation may thereafter move for an order vacating the designation.  The designating party shall bear the burden of establishing that the information should be so designated.  The information in question shall be treated as it has been designated until the issue has been resolved by the Court or by agreement of the parties.

19. No party shall be obligated to challenge the propriety or correctness of the designation of information, and a failure to do so shall not preclude a subsequent challenge to the designation.

### **Inadvertent Disclosure of Protected Information**

20. If a party inadvertently discloses any document, thing, or electronic media containing PROTECTED INFORMATION without designating it as such, upon discovery of the inadvertent disclosure the disclosing party shall promptly inform the receiving parties in writing of the inadvertent disclosure and the receiving party shall thereafter treat the information according to the confidentiality designation subsequently provided by the producing party. To the extent such information may have been disclosed to persons other than authorized persons described in this Order, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

21. If a party inadvertently discloses information that is privileged or otherwise immune from discovery, the producing party shall advise each receiving party in writing of the inadvertent disclosure and request that the information be returned, or in the case of ESI, all copies deleted within ten calendar days of becoming aware of the inadvertent disclosure. The parties agree that no party to this action shall thereafter assert that such disclosure waived privilege or immunity. The parties also agree that the receiving parties shall return, or in the case of ESI, delete such inadvertently-produced information and all copies within ten calendar days of discovery by the receiving party of the inadvertent disclosure or the receipt of written notice by the producing party, whichever is earliest. By returning such information to the producing party, the receiving party does not waive its right to challenge the disclosing party's assertion of privilege or immunity.

### **Third Parties**

22. This Protective Order applies to all information that a non-party discloses in connection with this litigation. All information that any non-party designates as PROTECTED INFORMATION shall be treated as such in accordance with the terms of this Protective Order,

subject to any party's rights to contest any designation in accordance with Paragraphs 18-19 above.

### Other

23. If any person or entity is subpoenaed, ordered by a court of competent jurisdiction, or otherwise legally required to produce information that another entity designated PROTECTED INFORMATION in this action, the person or entity receiving the request or order shall (a) inform each person or entity that sent such request or order that the information is subject to this Protective Order, (b) immediately notify each designating party of the existence and general substance of each such order or request, (c) promptly furnish each designating party with a copy of the document(s) it received that memorialized the request or order, and (d) not interfere with any designating party's response or objection to any such order or request.

24. Nothing in this Protective Order requires any person or entity to contest, appeal, or violate a subpoena, legal process, or court order. If the designating party wishes to contest any such request or order, it shall have the burden of doing so. The entity receiving the subpoena, process, or order shall be entitled to comply with it unless (a) it is quashed or modified in a way that does not require such compliance, or (b)(i) it need not be complied with yet and (ii) the entity receives written notice within ten calendar days after it notifies each designating party of the existence of the request or order that an entity has or will contest the request or order.

25. The Court retains the authority to modify this Order after giving the parties notice and an opportunity to be heard.

26. The recipient of any PROTECTED INFORMATION material hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

27. The terms of this Protective Order shall survive the termination of this litigation, and the Court shall retain jurisdiction of this action **for a period of six months** after its final disposition for the purpose of enforcing this Protective Order unless the Court orders otherwise.

8

**STIPULATED** PROTECTIVE ORDER
Civil Case No. 07-6222 RMW

STIPULATED AND AGREED TO BY:

Dated: __02/12/2010_____

By: ____/s/ Michael J. Kane_____
Michael J. Kane (*pro hac vice* / kane@fr.com)
William R. Woodford (*pro hac vice* / woodford@fr.com)
FISH & RICHARDSON P.C.
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Limin Zheng (CA #226875 / zheng@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
HALO ELECTRONICS, INC.

Dated: __02/12/2010_____

By: ____/s/ Michael J. Powell_____
Michael J. Powell (*pro hac vice* / mpowell@bakerdonelson.com)
Kent A. Lambert (*pro hac vice* / klambert@bakerdonelson.com)
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
Monarch Plaza, Suite 1600
3414 Peachtree Road, NE
Atlanta, Georgia 30326
Telephone: (678) 406-8707
Facsimile: (678) 406-8807

Terry J. Mollica (SBN 139816 / tjm@cmlawoffices.com)
CHIARELLI & MOLLICA LLP
2121 North California Blvd., Suite 290
Walnut Creek, California 94596
Telephone: (925) 974-3325
Facsimile: (925) 974-3506

Attorneys for Defendant
ELEC & ELTEK (USA) CORPORATION

Dated: __02/12/2010_____

By: ____/s/ Martin G. Raskin_____
Martin C. Fliesler (SBN 073768
mcf@fdml.com)
Rex Hwang (SBN 063491
rhwang@fdml.com
FLIESLER MEYER LLP
650 California St., 14th Floor
San Francisco, CA 94108
Telephone: (415) 362-2800
Facsimile: (415) 362-2928

Martin G. Raskin (*pro hac vice* / mraskin@cozen.com)
Andrew P. Nemiroff (*pro hac vice* / anemiroff@cozen.com)
COZEN O'CONNOR
250 Park Avenue
New York, NY 10017
Telephone: (212) 986-1116
Facsimile: (212) 509-9492

Attorneys for Defendant/Counterclaim-Plaintiff
BEL FUSE, INC.

Dated: __02/12/2010_____

By: ____/s/ A. Neal Seth_____
Emily R. Frank (SBN 232939 / efrank@bakerlaw.com)
BAKER & HOSTETLER LLP
600 Anton Blvd., Suite 900
Costa Mesa, CA 92626-7221
Telephone: (714) 754-6600
Facsimile: (714) 754-6611

Kenneth J. Sheehan (*pro hac vice* / ksheehan@bakerlaw.com)
A. Neal Seth (*pro hac vice* / nseth@bakerlaw.com)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. NW
Washington DC 20036
Telephone: (202) 861-1500
Facsimile: (202) 861-1783

Attorneys for Defendant
WURTH ELECTRONICS MIDCOM, INC.

Dated: __02/12/2010_____

By: ____*/s/ Harold C. Moore*_____
Harold C. Moore (*pro hac vice* /
hcmoore@maginot.com)
David M. Lockman (*pro hac vice* /
dmlockman@maginot.com)
MAGINOT, MOORE & BECK LLP
Chase Tower
111 Monument Circle, Suite 3250
Indianapolis IN 46204
Telephone: (317) 638-2922
Facsimile (317) 638-2139

Attorneys for Defendant
XFMRS, INC

**PURSUANT TO STIPULATION, AS MODIFIED BY THE COURT,
IT IS SO ORDERED.**

Dated: February 16, 2010

~~Ronald M. Whyte~~  Howard R. Lloyd
United States ~~District~~ Judge
            Magistrate

Pursuant to the Northern District of California Electronic Filing Procedures and General Order No. 45, I attest that concurrence in the filing of this document has been obtained from counsel for the parties, the signatories listed above.

Dated: ____2/12/2010_____     FISH & RICHARDSON P.C.

By: */s/ Limin Zheng* _____
Limin Zheng
Attorney for Plaintiff
HALO ELECTRONICS, INC.

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| HALO ELECTRONICS, INC., | Civil Case No. 07-6222 RMW |
| Plaintiff, | **STATEMENT OF** |
| v. | _____ |
| BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELEKTRONIK MIDCOM, INC., and XFMRS, INC., | |
| Defendants, | |

I, _____, declare as follows:

1. I have been requested by counsel for _____ to assist with certain materials which I have been informed contain PROTECTED INFORMATION within the terms of the Protective Order issued by the Court in the above-captioned action.

2. I have read the Protective Order in this action and am familiar with its terms. On behalf of myself and the business organization with which I am employed or affiliated, if one exists, I agree to comply with and be bound by the Protective Order and agree not to disclose any PROTECTED INFORMATION. I also agree to use such PROTECTED INFORMATION to assist counsel only and not for any other purpose whatsoever.

3. I hereby submit myself and my business organization, if one exists, to the jurisdiction of the District Court for the Northern District of California for the limited purpose of any proceeding relating to performance under, compliance with, or violation of the Protective Order.

I declare under penalty of perjury that the above is a true and correct statement.

**EXHIBIT A**

Date: _____
　　　Signed:_____

Subscribed and sworn to before me this _____ day of _____.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Notary Public

2

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
**Civil Case No. 07-6222** RMW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| HALO ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELEKTRONIK MIDCOM, INC., and XFMRS, INC., <br><br> Defendants, | Civil Case No. 07-6222 RMW <br><br> **AGREEMENT TO PROTECT PROTECTED INFORMATION** |

    1.    My name is _____.

    2.    I reside at
_____.

    3.    I understand that I will receive information that is confidential and is not to be disclosed to anyone (including family members) outside the research group I am participating in today.

    4.    I agree not to disclose any information I learn today or to use such information outside the research group that I am participating in today.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____.

                                                                       _____
                                                                        Signature

**EXHIBIT C**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| HALO ELECTRONICS, INC., <br><br>      Plaintiff, <br><br>    v. <br><br>BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELEKTRONIK MIDCOM, INC., and XFMRS, INC., <br><br>      Defendants, | Civil Case No. 07-6222 RMW <br><br>**STATEMENT OF** <br><br>_____ |

    I, _____, declare as follows:

    1.    I am employed by _____ as _____.

    2.    I have read the Protective Order in this action and am familiar with its terms. I agree to comply with and be bound by the Protective Order and agree not to disclose any PROTECTED INFORMATION. I also agree to use such PROTECTED INFORMATION to assist counsel only and not for any other purpose whatsoever.

    3.    I hereby submit myself to the jurisdiction of the District Court for the Northern District of California for the limited purpose of any proceeding relating to performance under, compliance with, or violation of the Protective Order.

    I declare under penalty of perjury that the above is a true and correct statement.

Date: _____
    Signed:_____

Subscribed and sworn to before me this _____ day of _____.

**EXHIBIT C**

_____
Notary Public

# EXHIBIT D

HALO ELECTRONICS, INC.

| Name | Employer | Title |
|---|---|---|
| Jeffrey Heaton | Halo Electronics, Inc. | Vice President |
| James Heaton | Halo Electronics, Inc. | President, CEO |

BEL FUSE INC.

| Name | Employer | Title |
|---|---|---|
| Dennis Ackerman | Bel Fuse Inc. | Vice President, Operations |
| Sejal Parikh-Mukherjee | Bel Fuse Inc. | In-house Counsel |

ELEC & ELTEK (USA) CORPORATION

| Name | Employer | Title |
|---|---|---|
| Darren Simmons | Elec & Eltek (USA) Corporation | Vice President Sales and Marketing |
| | | |

WURTH ELEKTRONIK MIDCOM, INC.

| Name | Employer | Title |
|---|---|---|
| Don Rigdon | Wurth Electronics Midcom Inc. | President |
| Marcos Hsiao | Wurth Electronics Midcom Inc. | West Coast Field Application Engineer |

XFMRS, INC.

| Name | Employer | Title |
|---|---|---|
| Anthony Imburgia | XFMRS, Inc. | President |
| Joe Huff | XFMRS, Inc. | Technical Director |