# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEL FUSE INC., ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., XFMRS, INC., E & E MAGNETIC PRODUCTS LIMITED, <br><br> Defendants. | No. C-07-06222 RMW <br><br> ORDER DENYING XFMRS, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS <br>**[Re Docket No. 178]** |

Defendant XFMRS, Inc. ("XFMRS") moves for leave to file its First Amended Answer and Counterclaims ("FAAC") to add a fourth affirmative defense and counterclaims 2 through 11. For the following reasons, the court denies the motion without prejudice.

## I. BACKGROUND

On December 7, 2007, plaintiff Halo Electronics, Inc. ("Halo") filed its initial complaint for patent infringement. On July 7, 2008, the court stayed the action pending an *ex parte* request for re-examination of the patents-in-suit. On November 20, 2009, the court lifted the stay, and on March 19, 2010, the court granted Halo leave to file a First Amended Complaint ("FAC"). The following patents are at issue in this case: U.S. Patent No. 5,656,985 ("'985 Patent"), U.S. Patent No. 6,297,720

United States District Court
For the Northern District of California

("'720 Patent"), U.S. Patent No. 6,297,721 ("'721 Patent"), U.S. Patent No. 6,344,785 ("'785 Patent"), and U.S. Patent No. 6,662,431 ("'431 Patent"). The '785 and '431 Patent applications were continuation applications of the '985 Patent application. The '720 and '721 Patent applications were continuation-in-part applications of the '985 Patent application. On April 12, 2010, XFMRS filed its answer and counterclaims to Halo's FAC. XFMRS now seeks leave to file its FAAC, adding an additional affirmative defense and ten additional counterclaims, all based on assertions of inequitable conduct.

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Rule 15's "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The party opposing the amendment bears the burden of showing why leave to amend should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986).

Courts commonly consider the following four factors in determining whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Id.* In this case, it is undisputed that there is no bad faith, undue delay, or prejudice that would result from granting leave to amend. Halo opposes amendment solely on the ground of futility. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The court therefore considers whether the affirmative defense and counterclaims that XFMRS seeks to add state colorable claims of inequitable conduct.

To state a claim for inequitable conduct, one must allege facts showing that an individual associated with the filing and prosecution of a patent application knowingly made a material misrepresentation or omission with a specific intent to deceive the Patent and Trademark Office ("PTO"). *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). Because claims of inequitable conduct are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), the circumstances constituting the misrepresentation or

omission must be stated with particularity. *Id.* at 1326. Though Rule 9(b) permits general allegations of knowledge and intent, the pleadings must allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind. *Id.* at 1327.

> In sum, to plead the "circumstances" of inequitable conduct with the requisite "particularity" under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Id.* at 1328-29.

XFMRS' claims of inequitable conduct are based on the following alleged conduct: (1) during prosecution of the '720, '721, and '489 Patents, failure to disclose that Halo "provided at least one company with products embodying the Halo Patents-In-Suit before any of their filing dates," FAAC ¶ 44; (2) during prosecution of the '985 Patent, misrepresenting in the Declaration of James W. Heaton ("Heaton Declaration") that the claimed invention was intended for DC voltages only, *id.* ¶¶ 46-48, 100, 105; (3) during prosecution of the '720, '721, '785, and '431 Patents, failure to disclose the Heaton Declaration and the examiner's rejection of the '985 Patent application's claims in an August 2, 1996 office action, *id.* ¶¶ 46, 49; (4) during prosecution of the '721, '785, and '431 Patents, failure to disclose prior art references that the examiner considered in rejecting the '985 Patent application's claims in the August 2, 1996 office action, *id.* ¶ 50; (5) during prosecution of the '720 and '431 Patents, failure to disclose that Halo sold in the United States products manufactured by the claimed method as early as December 26, 1995, *id.* ¶¶ 60-65, 117-18, 135-36; (6) during reexamination of the '720 and '431 Patents, misrepresenting the state of the prior art and the knowledge of one of ordinary skill in the art, *id.* ¶¶ 68-69, 76-77, 124, 142, 152, 158; (7) during prosecution of the '785 and '720 Patents, failure to disclose various facts relating to a two-piece transformer case that was in the prior art, *id.* ¶¶ 86, 94, 170, 178; and (8) during prosecution of all of the asserted patents, misrepresentations and failure to disclose information regarding inventorship of the claimed invention, *id.* ¶¶ 191-92.

Halo correctly points out that XFMRS has not alleged sufficient facts to state a claim for inequitable conduct. The FAAC fails to specify the who, what, when, where, and how of the material misrepresentations or omissions, as required by Rule 9(b). The FAAC also fails to include sufficient allegations of underlying facts from which one may reasonably infer that there was both: (1) knowledge of the withheld material information or falsity of the material misrepresentation and (2) specific intent to deceive the PTO.

### III. ORDER

For the foregoing reasons, the court denies XFMRS's motion for leave to file its FAAC without prejudice.

DATED: 6/14/10

RONALD M. WHYTE
United States District Judge

ORDER DENYING XFMRS, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS—No. C-07-06222 RMW
CCL     4

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Juanita R. Brooks | brooks@fr.com |
| Limin Zheng | zheng@fr.com |
| John Cameron Adkisson | jca@fr.com |
| Michael J Kane | kane@fr.com |
| Michael J. Pape | pape@fr.com |
| William R. Woodford | woodford@fr.com |

**Counsel for Defendants:**

| | |
|---|---|
| Joshua L. Raskin | jraskin@wolfblock.com |
| Andrew P. Nemiroff | anemiroff@cozen.com |
| Martin C. Fliesler | mcf@fdml.com |
| Martin G. Raskin | mraskin@cozen.com |
| Rex Hwang | rhwang@fdml.com |
| Kent Andrew Lambert | klambert@bakerdonelson.com |
| Michael Joseph Powell | mpowell@bakerdonelson.com |
| Samuel F Miller | smiller@bakerdonelson.com |
| Sarah Katherine Casey | skcasey@bakerdonelson.com |
| Terry John Mollica | tjm@cmlawoffices.com |
| Harold C. Moore | hcmoore@maginot.com |
| Christopher Todd Norris | todd.norris@bullivant.com |
| David Moorman | drmoorman@maginot.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 6/14/10                        CCL
                                                                        **Chambers of Judge Whyte**