*E-FILED 09-03-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC., <br><br> Plaintiff, <br> v. <br><br> BEL FUSE INC., E & E MAGNETIC PRODUCTS LIMITED, ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., WURTH ELEKTRONIK GMBH & CO. KG, and XFMRS, INC., <br><br> Defendants. | No. C07-06222 RMW (HRL) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** <br><br> [Re: Docket No. 270] |

Plaintiff Halo Electronics, Inc. (Halo) moves for an order compelling nonparty Cisco Systems, Inc. (Cisco) to comply with Halo's subpoena seeking the production of documents and a Fed. R. Civ. P. 30(b)(6) deposition. The instant motion presents only a dispute as to the requested deposition. All parties and Cisco have been duly served with the motion. Cisco opposes it. Although the interests of remaining defendants Bel Fuse, Inc. (Bel Fuse) and XFMRS, Inc. (XFMRS) are implicated here, neither opted to file a formal response. Bel Fuse did, however, file a tardy letter brief on behalf of all defendants on August 27, which this court has considered. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

The crux of this discovery dispute is whether Cisco reasonably should be compelled to

appear once—and only once—for deposition by all parties. This court is told that, thus far, Halo is the only party that has subpoenaed Cisco. Cisco agreed to appear for the deposition, provided that it would only be required to appear for a single deposition by all parties at a location and on a date to be agreed upon by everyone. Cisco says that it has already been deposed by Halo in parallel litigation filed by Halo in the United States District Court for the District of Nevada—a lawsuit that reportedly concerns the same patents and the same kinds of products, but with different defendants.[1] Cisco requests an order requiring Cisco to appear only for a single deposition by all parties.

Although Halo does not object to having all parties depose Cisco at one time, defendants Bel Fuse and XFMRS refuse to agree to Cisco's one-deposition proposal. While those defendants do not object to proceeding now with Cisco's deposition in response to Halo's subpoena (and to examine the Cisco witness themselves), both have indicated that they may wish to depose Cisco again, at some later time, on other topics that may include non-infringing alternatives, but which otherwise have yet to be identified. Neither Bel Fuse nor XFMRS agreed to any dates when they might be ready to depose Cisco, and both refused to commit to a date when they would be prepared. Pointing out that the subpoena in question was issued months ago, plaintiff argues that defendants are, in effect, hindering Halo's efforts to obtain discovery from Cisco sooner rather than later. Cisco, on the other hand, says that as a nonparty to this action, it should not have to subject itself to multiple, piecemeal depositions.

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises. FED.R.CIV.P. 45(a)(1)(A)(iii). The scope of discovery through a Fed. R. Civ. P. 45 subpoena is the same as that applicable to Fed. R. Civ. P. 34 and the other discovery rules. FED.R.CIV.P. 45 advisory committee's note (1970). Parties may

---

[1] Cisco originally requested (and Halo apparently did not object) that Cisco's deposition for both the instant lawsuit and the Nevada case occur at one sitting. In view of the deadlines set in the Nevada action, however, Halo reportedly was obliged to proceed with Cisco's deposition in that case earlier this year.

obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense. FED.R.CIV.P. 26(b)(1).

Discovery is not unfettered, however. A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. FED.R.CIV.P. 26(b)(2)(C)(i)-(iii). Where a witness has already been deposed once in the case, and absent stipulation, a court order is required before a party will be permitted to depose that witness again. FED. R. CIV. P. 30(a)(2)(A)(ii).

Halo says it wants to take Cisco's deposition now because it believes that the testimony will spawn additional discovery. Defendants seem to prefer taking other (unspecified) discovery first, then finishing up with Cisco. This court cannot satisfy both sides' desires, although it will delay the deposition a bit longer in an effort to give something to each side. It does think Cisco should—absent very compelling circumstances—be deposed only once. On the record presented, however, the court sees no convincing reason why the parties should not depose Cisco now at a single deposition.

Accordingly, all parties and Cisco shall promptly agree upon two consecutive days during the week of October 18, 2010 for Cisco's deposition. Halo may have up to six hours for its examination. Defendants may have six hours, divided between them equally, unless they agree otherwise. Defendants may also have any time not used by Halo.

SO ORDERED.

Dated: September 3, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  5:07-cv-06222-RMW Notice has been electronically mailed to:

2  A. Neal Seth    nseth@bakerlaw.com, nseth@bakerlaw.com

3  Andrew P. Nemiroff    anemiroff@cozen.com, jcipriani@cozen.com, rbrenner@cozen.com

4  Christopher Todd Norris    todd.norris@bullivant.com, sanfranciscodocketing@bullivant.com

5  David Moorman    drmoorman@maginot.com

6  David James Miclean    DMiclean@MicleanLaw.com

7  Emily Rita Frank    efrank@bakerlaw.com

8  Harold C. Moore    hcmoore@maginot.com, hcmoore@maginot.com

9  Jennifer McGuone Lantz    jennifer.lantz@haynesboone.com, efilesjc@haynesboone.com

10  John Cameron Adkisson    jca@fr.com, mla@fr.com

11  Joshua L. Raskin    JRaskin@WOLFBLOCK.com

12  Juanita R. Brooks    brooks@fr.com, gonzales@fr.com, lrperez@fr.com, srodriguez@fr.com

13  Kent Andrew Lambert    klambert@bakerdonelson.com, lhunter@bakerdonelson.com, psigmon@bakerdonelson.com

14  Limin Zheng    zheng@fr.com, horsley@fr.com

15  Martin C. Fliesler    mcf@fdml.com, cakinselledge@fdml.com, etf@fdml.com, jgeringson@fdml.com, mme@fdml.com

17  Martin G. Raskin    mraskin@cozen.com, jcipriani@cozen.com, rbrenner@cozen.com

18  Michael A. Swift    maswift@maginot.com

19  Michael J Kane    kane@fr.com, skarboe@fr.com, stenen@fr.com

20  Michael J. Pape    pape@fr.com, mla@fr.com

21  Michael Joseph Powell    mpowell@bakerdonelson.com, pburks@bakerdonelson.com

22  Rex Hwang    rhwang@fdml.com, cakinselledge@fdml.com

23  Samuel F Miller    smiller@bakerdonelson.com

24  Sarah Katherine Casey    skcasey@bakerdonelson.com

25  Terry John Mollica    tjm@cmlawoffices.com

26  William R. Woodford    woodford@fr.com, skarboe@fr.com, stenen@fr.com

27  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

28