**E-FILED 09-03-2010**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC., | No. C07-06222 RMW (HRL) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |
| BEL FUSE INC., E & E MAGNETIC PRODUCTS LIMITED, ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., WURTH ELEKTRONIK GMBH & CO. KG, and XFMRS, INC., | **[Re: Docket No. 292]** |
| Defendants. | |

　　　　Plaintiff Halo Electronics, Inc. (Halo) sues for alleged patent infringement. On July 7, 2008, the action was stayed for nearly eighteen months pending an ex parte request for reexamination of the patents-in-suit. After the stay was lifted, Halo served its infringement contentions on December 21, 2009. Defendants served their invalidity contentions several months later on February 4, 2010. Shortly after, Halo dropped 91 of the 119 asserted patent claims. In July 2010, Halo reportedly further narrowed the number of asserted patent claims from 28 to 15. A claim construction hearing is set for October 27, 2010. No discovery deadlines have been set.

　　　　Defendants now jointly move for leave to amend their invalidity contentions to add four additional pieces of claimed prior art: (1) defendant Bel Fuse, Inc.'s Outer Lead Topper

products that were first made, used, sold, imported or offered for sale at least as early as August 31, 1993; (2) defendant XFMRS, Inc.'s Part No. XF10061B with corresponding case p/n H3-0495-16 that were first made, used, sold, imported or offered for sale at least as early as June 30, 1995; (3) Halo's disclosure, offer to sell and/or sale of products that embodied the claimed subject matter to Hewlett Packard at least as early as October 26, 1994; and (4) Halo's disclosure, offer to sell and/or sale of products that embodied the claimed subject matter to Chipcom at least as early as December 12, 1994. (Mot. at 5-6). Halo opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion.

The court's Patent Local Rules were designed to require parties to specify their contentions early in the litigation, to prevent the parties from pursuing a "'shifting sands' approach to claim construction," *see LG Elecs. Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) and "to balance the right to develop new information in discovery with the need for certainty as to the legal theories," *O2 Micro Int'l Limited v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). The parties' ability to amend their contentions therefore is restricted. *See O2 Micro Int'l Limited*, 467 F.3d at 1359-60. "Apart from amendments designed to take account of the district court's claim construction, amendments are permitted only for 'good cause' even though the period allowed for discovery typically will not have expired." *Id.* at 1360. "Good cause" requires a showing of diligence. *Id*. at 1366. "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id*. Nevertheless, judges in this district have recognized that the Patent Local Rules are "not a straitjacket into which litigants are locked from the moment their contentions are served. There is a modest degree of flexibility, at least near the outset." *Comcast Cable Communications Corp., LLC v. Finisar Corp.*, No. C06-04206, 2007 WL 716131 at *2 (N.D. Cal. Mar. 2, 2007); *see also Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C05-4063, 2007 WL 1288199 at *2 (N.D. Cal. Apr. 30, 2007) (considering the timing and impact of amendment on other case deadlines).

Although the instant action was filed in 2007, this matter is still in its relatively early stages. As noted above, the case was stayed for nearly eighteen months until November 20, 2009. While the parties have begun claim construction activities, the court has not yet held a claim construction hearing or set discovery deadlines or a trial date. Halo argues that defendants have only made conclusory assertions of diligence. In their reply brief, however, defendants say that, unlike articles and other such references, the prior art in question here could not be located with a simple prior art search. Defendants state that after the stay was lifted, they had only a few months in which to evaluate hundreds of accused products, as well as the asserted patent claims and prosecution histories—an investigation which reportedly required an assessment of activities that occurred over fifteen years ago, "tantamount to a lifetime in the electronics industry." (Reply at 8). Moreover, plaintiff has not convincingly demonstrated that Halo will suffer serious prejudice, if any, at this stage of these proceedings if amendment is allowed.

On the record presented here, the court concludes that amendment will advance fair resolution of the issues on the merits without serious prejudice to Halo. Accordingly, defendants' motion for leave to amend their invalidity contentions is granted.[1]

SO ORDERED.

Dated: September 3, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants appended a copy of their proposed amended invalidity contentions to their motion, but noted that they "reserve the right to revise the attached Contentions prior to service." (Mot. at 3 n.2). It is not clear exactly what defendants mean by that statement. Suffice to say that the only amendments contemplated here are those concerning the four additional claimed prior art references specified in the motion.

3

5:07-cv-06222-RMW Notice has been electronically mailed to:

A. Neal Seth  nseth@bakerlaw.com, nseth@bakerlaw.com

Andrew P. Nemiroff  anemiroff@cozen.com, jcipriani@cozen.com, rbrenner@cozen.com

Christopher Todd Norris  todd.norris@bullivant.com, sanfranciscodocketing@bullivant.com

David Moorman  drmoorman@maginot.com

David James Miclean  DMiclean@MicleanLaw.com, arceo@fr.com

Emily Rita Frank  efrank@bakerlaw.com

Harold C. Moore  hcmoore@maginot.com, hcmoore@maginot.com

Jennifer McGuone Lantz  jennifer.lantz@haynesboone.com, efilesjc@haynesboone.com

John Cameron Adkisson  jca@fr.com, mla@fr.com

Joshua L. Raskin  JRaskin@WOLFBLOCK.com

Juanita R. Brooks  brooks@fr.com, gonzales@fr.com, lrperez@fr.com, srodriguez@fr.com

Kent Andrew Lambert  klambert@bakerdonelson.com, lhunter@bakerdonelson.com, psigmon@bakerdonelson.com

Limin Zheng  zheng@fr.com, horsley@fr.com

Martin C. Fliesler  mcf@fdml.com, cakinselledge@fdml.com, etf@fdml.com, jgeringson@fdml.com, mme@fdml.com

Martin G. Raskin  mraskin@cozen.com, jcipriani@cozen.com, rbrenner@cozen.com

Michael A. Swift  maswift@maginot.com

Michael J Kane  kane@fr.com, skarboe@fr.com, stenen@fr.com

Michael J. Pape  pape@fr.com, mla@fr.com

Michael Joseph Powell  mpowell@bakerdonelson.com, pburks@bakerdonelson.com

Rex Hwang  rhwang@fdml.com, cakinselledge@fdml.com

Samuel F Miller  smiller@bakerdonelson.com

Sarah Katherine Casey  skcasey@bakerdonelson.com

Terry John Mollica  tjm@cmlawoffices.com

William R. Woodford  woodford@fr.com, skarboe@fr.com, stenen@fr.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.