1

2          **\*E-FILED 11-04-2010\***

3

4

5

6

7                              NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11   HALO ELECTRONICS, INC.,                    No. C07-06222 RMW (HRL)

12              Plaintiff,                       **ORDER GRANTING IN PART AND**
        v.                                       **DENYING IN PART PLAINTIFF'S**
13                                               **MOTION TO COMPEL DISCOVERY**
     BEL FUSE INC., E & E MAGNETIC
14   PRODUCTS LIMITED, ELEC & ELTEK
     (USA) CORPORATION, WURTH                    **[Re:   Docket No. 212]**
15   ELECTRONICS MIDCOM, INC., WURTH
     ELEKTRONIK GMBH & CO. KG, and
16   XFMRS, INC.,

17              Defendants.
                                            /
18

19          This is an action for alleged patent infringement.  Plaintiff Halo Electronics, Inc.

20   ("Halo") moves for an order compelling defendant Bel Fuse, Inc. ("Bel Fuse") to answer

21   interrogatories and produce documents.  Bel Fuse opposes the motion.  The parties were

22   directed to, and did, file supplemental letter briefs.  Upon consideration of the moving and

23   responding papers, as well as the arguments of counsel, this court grants the motion in part and

24   denies it in part as follows:

25          1.     Responsive Paper Files

26          Bel Fuse says that, prior to the filing of the instant motion, it agreed to produce all non-

27   privileged responsive documents that are located in the course of Bel Fuse's forensic computer

28   search of its servers in the U.S. and overseas.  At the motion hearing, Bel Fuse confirmed that it

*United States District Court*
*For the Northern District of California*

United States District Court

For the Northern District of California

1    (a) has also committed to producing responsive paper files and (b) did not intend for its server

2    search to preclude a search of paper files for documents responsive to Halo's requests for

3    production.  At the time the instant motion was heard, Bel Fuse stated that it believed that

4    electronic documents and hard copy documents responsive to plaintiff's requests could be

5    produced within one month of the hearing on the instant motion.  Accordingly, this court

6    expects that this production will already have been completed.  But, to the extent Bel Fuse has

7    not yet done so, it shall produce those documents within 14 days from the date of this order.

8    Halo's motion to compel is otherwise denied as moot.

9            2.    Emails Originating from Third Parties

10   Halo says that Bel Fuse has produced emails from Bel Fuse to various third parties, but

11   has not produced emails from third parties to Bel Fuse.  Plaintiff also asserts that defendant has

12   not produced full email strings or attachments.  Bel Fuse completely disagrees.  This court sees

13   no need to belabor the point.  Based on the discussion at the motion hearing, there does not

14   appear to be controversy that nonprivileged, responsive documents should and will be

15   produced, including hard copy documents and electronic files.  Halo stated that it

16   misunderstood Bel Fuse to have represented that its production was complete; and, Bel Fuse

17   agrees to produce any additional non-privileged responsive documents that it may find.

18   Additionally, at the motion hearing, Bel Fuse confirmed that it would be producing responsive

19   documents pertaining to third-party customers other than Cisco.  To the extent Bel Fuse has not

20   yet done so, it shall produce any additional responsive, nonprivileged documents within 14 days

21   from the date of this order.

22           3.    Searches re Nine Identified Bel Fuse Employees

23   Halo requests an order directing Bel Fuse to search for and produce responsive

24   documents from the paper files and computers of the following Bel Fuse employees:  (a) Jeffrey

25   M. Mead, Bel Fuse's Strategic Account Manager; (b) James Hvidt, Bel Fuse's Strategic

26   Representative/Office Manager; (c) Mark Coggan, Bel Fuse's North American Sales Director;

27   (d) Alan Kwan, Bel Fuse employee in Hong Kong; (e) Daniel Bernstein, Bel Fuse's President,

28   CEO and Director; (f) Kathy Biegay, Bel Fuse's Corporate Customer Service Manager; (g) Joe

United States District Court

For the Northern District of California

1   Berry, Bel Fuse's Engineering Manager; (h) Raymond Cheung, Bel Fuse's Vice President of

2   Asia Operations; and (i) Dennis Ackerman, Bel Fuse's Vice President of Operations.

3         As noted above, Bel Fuse has agreed to produce non-privileged responsive electronic

4   and hard copy documents.  At oral argument, Bel Fuse represented to the court that any use of

5   these individuals' computers is automatically stored on Bel Fuse servers (and which should be

6   captured by the forensic search of those servers).  Although Halo is somewhat skeptical of this

7   representation, it has also not established any facts to the contrary.  Accordingly, defendant will

8   not be required to carry out an additional search of these individuals' computers over and above

9   the server search being conducted by Bel Fuse.

10        4.        Design and Development of Bel Fuse's Products

11        Halo moves to compel answers to Interrogatories 2 and 5 and for the production of

12  documents responsive to Requests for Production 10-18 and 21.  With respect to the accused

13  products (i.e., defendant's inner-lead products), Bel Fuse agrees to produce responsive

14  documents located in its forensic search.  To the extent it has not already done so, Bel Fuse

15  shall also conduct a reasonable inquiry and diligent search and produce engineering drawings,

16  engineering notebooks and other responsive design documents re the accused products that will

17  not be captured by Bel Fuse's forensic computer search.  Bel Fuse shall produce all non-

18  privileged, responsive documents re the accused products within fourteen days from the date of

19  this order.

20        The bigger controversy here is over Halo's request for design and development

21  information for Bel Fuse products which have not been accused of infringement—namely,

22  defendant's outer-lead and L-lead families of "toppers."  Bel Fuse contends that its outer-lead

23  and L-lead products are acceptable noninfringing substitutes.  As such, Halo argues that it needs

24  documents concerning the design, development, manufacturability, marketability, reliability,

25  performance, cost, and automation as to these products.  At the motion hearing, Bel Fuse said

26  that it is willing to provide engineering drawings for its four L-lead products and to provide

27  drawings for a sampling of its outer-lead products.  (And, as to the sampling of products, Bel

28  Fuse further agrees to provide declaration(s) attesting that the sample is representative of all

3

United States District Court

For the Northern District of California

1   other outer-lead toppers).  Pointing out that there are approximately 250 outer-lead drawings,

2   Bel Fuse otherwise maintains that Halo seeks virtually every document in Bel Fuse's business

3   pertaining to products that have not been accused of infringement.  As such, defendant argues

4   that Halo's discovery requests seek information that is unduly burdensome, duplicative, and

5   irrelevant.

6          With respect to relevance, Bel Fuse argues that it need only show that a noninfringing

7   substitute has been designed and is "available."  There being no dispute that Bel Fuse's alleged

8   alternatives are "available" during the relevant time period, defendant contends that engineering

9   drawings for the L-lead products and  a sampling of outer-lead products should suffice.  Halo,

10   however, correctly notes that a noninfringing substitute must also be "acceptable."  *See, e.g.,*

11   *Fonar Corp. v. General Elec. Co*., 107 F.3d 1543, 1553 (Fed. Cir. 1997) (affirming an award of

12   lost profits where substantial evidence showed that the available alternatives would have led to

13   a significant compromise in speed and quality compared to the claimed invention); TWM *Mfg.*

14   *Co., Inc. v. Dura Corp.,* 789 F.2d 895, 901 (Fed. Cir. 1986) ("Mere existence of a competing

15   device does not make that device an acceptable substitute.").  Accordingly, this court agrees

16   that Halo should be permitted some discovery beyond just engineering drawings as to the outer-

17   lead and L-lead toppers.

18          At the same time, however, a court must limit the extent or frequency of discovery if it

19   finds that the discovery sought is unreasonably cumulative or duplicative or can be obtained

20   from a source that is more convenient, less burdensome or less expensive; or where the burden

21   or expense of the discovery sought outweighs its likely benefit, considering the needs of the

22   case, the amount in controversy, the parties' resources, the importance of the issues at stake,

23   and the importance of the discovery in resolving those issues.  FED.R.CIV.P. 26(b)(2)(C)(i),

24   (iii).  Here, the court agrees that some limitation on discovery is required; and, with some

25   modification, this court finds Bel Fuse's previously proposed compromise to be a reasonable

26   one.  So, plaintiff's motion as to the outer-lead and L-lead products is granted as follows:

27          With respect to Bel Fuse's four L-lead toppers, within 14 days from the date of this

28   order, Bel Fuse shall produce the engineering drawings, as well as documents sufficient to show

United States District Court

For the Northern District of California

1  the manufacturability, marketability, reliability, performance, cost, and automation of those

2  products.

3       As for Bel Fuse's outer-lead products, Halo shall promptly choose 10 outer-lead

4  products for discovery.  Within 14 days from Halo's selection, Bel Fuse shall produce

5  documents sufficient to show the design, manufacturability, marketability, reliability,

6  performance, cost, and automation of those products.  Bel Fuse shall also provide an affidavit

7  confirming that the remaining outer-lead toppers are substantially similar to the selected

8  products.

9       5.     Customer Communications and Sales

10       Halo moves to compel documents responsive to Requests for Production 31-37, 42-44

11  and 52-55.  This court is told that Bel Fuse has produced a 237-page summary sales report

12  pertaining to approximately 7,000 transactions.  Bel Fuse contends that Halo is being vague as

13  to what "underlying documents" it now seeks.  Indeed, it was somewhat unclear precisely what

14  further documentation Halo sought.  However, plaintiff confirms that it is not asking for

15  production of underlying invoices.  (*See* Reply at 2 n.2).  Based on the discussion at the motion

16  hearing, it seems that what Halo seeks is Bel Fuse's quarterly sales reports (which Bel Fuse

17  agrees to produce) and any internal documents substantiating the information in those reports

18  and pertaining to Bel Fuse's sales—*e.g.*, documents concerning sales projections, sales

19  strategies, cost information, profit margins, and customer presentations.

20       Plaintiff's motion as to these requests is granted as follows:   To the extent it has not

21  already done so, Bel Fuse shall produce quarterly sales reports responsive to these requests, as

22  well as customer presentations, and other documents sufficient to show Bel Fuse's sales

23  projections, sales strategies, cost information, and profit margins.  Bel Fuse's production shall

24  be made within 14 days from the date of this order.

25       6.     Promotional and Competitive Information

26       Halo moves to compel documents responsive to Requests for Production 38-41 and 56.

27  At the motion hearing, defendant represented that it has produced everything that exists, save

28  for any additional information that might turn up in Bel Fuse's server search.  To the extent

**United States District Court**
For the Northern District of California

1   there are any non-privileged responsive documents that have not yet been produced, defendant

2   shall produce them within 14 days from the date of this order.

3          7.    Organizational Chart

4         Halo moves to compel an organizational chart in response to Request for Production 49.

5   Bel Fuse has produced some 70 organizational charts pertaining to its Asia and U.S. operations

6   and says that it has produced every organizational chart that it knows of that exists.  Halo's

7   motion is denied as moot because it is not apparent that there is anything to compel.

8          8.    Bel Fuse's Noninfringement Contentions

9         Halo moves to compel Bel Fuse's noninfringement contentions in response to

10  Interrogatory No. 1.  Halo also confirms that it seeks Bel Fuse's contentions only as to the

11  remaining patent claims that are being asserted.  Arguing that the interrogatory is premature,

12  Bel Fuse contends that it should be permitted to wait to make such disclosures until some time

13  after claims construction is complete.  Although it would be unfair to require defendant to

14  answer this interrogatory before Halo complied with its obligation to serve infringement

15  contentions, there is no express basis in the Patent Local Rules for objecting to this

16  interrogatory as premature.  *See Townshend Intellectual Property LLC v. Broadcom Corp.*, No.

17  C06-05118JF (RS), 2007 WL 2462152 at *3 (N.D. Cal., Aug. 29, 2007).  Moreover, Halo's

18  infringement contentions were served nearly one year ago on December 21, 2009.  Accordingly,

19  Halo's motion is granted as follows:   Within fourteen days from the date of this order, Bel Fuse

20  shall provide its noninfringement contentions in response to Interrogatory No. 1 with respect to

21  (a) the representative products identified in Halo's infringement contentions served on

22  December 21, 2009 and (b) whatever remaining asserted patent claims there are in the case.

23        SO ORDERED.

24  Dated:   November 4, 2010

25

26               HOWARD R. LLOYD
             UNITED STATES MAGISTRATE JUDGE

27

28

United States District Court

For the Northern District of California

1  5:07-cv-06222-RMW Notice has been electronically mailed to:

2  A. Neal Seth     nseth@bakerlaw.com, nseth@bakerlaw.com

3  Andrew P. Nemiroff     anemiroff@cozen.com, jcipriani@cozen.com, rbrenner@cozen.com

4  Christopher Todd Norris     todd.norris@bullivant.com, sanfranciscodocketing@bullivant.com

5  David Moorman     drmoorman@maginot.com

6  David James Miclean     DMiclean@MicleanLaw.com

7  Emily Rita Frank     efrank@bakerlaw.com

8  Harold C. Moore     hcmoore@maginot.com, hcmoore@maginot.com

9  Jennifer McGuone Lantz     jennifer.lantz@haynesboone.com, efilesjc@haynesboone.com

10  John Cameron Adkisson     jca@fr.com, mla@fr.com

11  Joshua L. Raskin     JRaskin@WOLFBLOCK.com

12  Juanita R. Brooks     brooks@fr.com, gonzales@fr.com, lrperez@fr.com

13  Kent Andrew Lambert     klambert@bakerdonelson.com, lhunter@bakerdonelson.com,
psigmon@bakerdonelson.com

14

15  Limin Zheng     zheng@fr.com, horsley@fr.com

16  Martin C. Fliesler     mcf@fdml.com, cakinselledge@fdml.com, etf@fdml.com,
jgeringson@fdml.com, jpo@fdml.com, mme@fdml.com

17  Martin G. Raskin     mraskin@cozen.com, jcipriani@cozen.com, rbrenner@cozen.com

18  Michael A. Swift     maswift@maginot.com, srogers@maginot.com

19  Michael J Kane     kane@fr.com, skarboe@fr.com, stenen@fr.com

20  Michael J. Pape     pape@fr.com, mla@fr.com

21  Michael Joseph Powell     mpowell@bakerdonelson.com, pburks@bakerdonelson.com

22  Rex Hwang     rhwang@fdml.com, cakinselledge@fdml.com

23  Samuel F Miller     smiller@bakerdonelson.com

24  Sarah Katherine Casey     skcasey@bakerdonelson.com

25  Terry John Mollica     tjm@cmlawoffices.com

26  William R. Woodford     woodford@fr.com, aburt@fr.com, skarboe@fr.com, stenen@fr.com

27  Counsel are responsible for distributing copies of this document to co-counsel who have not
registered for e-filing under the court's CM/ECF program.

28

7