*E-FILED 11-09-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HALO ELECTRONICS, INC.,<br><br>　　　　Plaintiff,<br>　v.<br><br>BEL FUSE INC., E & E MAGNETIC PRODUCTS LIMITED, ELEC & ELTEK (USA) CORPORATION, WURTH ELECTRONICS MIDCOM, INC., WURTH ELEKTRONIK GMBH & CO. KG, and XFMRS, INC.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C07-06222 RMW (HRL)<br><br>**ORDER DENYING NONPARTY CISCO SYSTEMS, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS; DENYING AS MOOT MOTIONS TO APPEAR BY TELEPHONE**<br><br>[Re:  Docket Nos. 319, 349, 352] |

　　　　Plaintiff Halo Electronics, Inc. (Halo) previously moved for an order compelling nonparty Cisco Systems, Inc. (Cisco) to comply with Halo's subpoena seeking a Fed. R. Civ. P. 30(b)(6) deposition.  Although the subpoena at issue also sought the production of documents, the only question presented was whether Cisco should be compelled to appear once—and only once—for a deposition by all parties.  On this issue, Cisco and Halo appeared to agree that Cisco should be deposed only once by everyone.  Defendants Bel Fuse, Inc. (Bel Fuse) and XFMRS, Inc. (XFMRS), however, proved to be the stumbling blocks because they refused to agree to a one-deposition limit or to any dates when they might be ready to depose Cisco, and refused to commit to a date when they would be prepared.  This court ruled that Cisco would be deposed only once by all parties, permitted each side to depose Cisco for up to six hours, and

1  ordered that the deposition take place during the week of October 18, 2010. (Docket No. 316,
2  September 3, 2010 Order). By all accounts, Cisco's deposition proceeded as ordered.

3  Now before this court is Cisco's motion for an order directing Halo to pay
4  approximately $11,639.00 in fees and costs incurred in opposing the prior motion to compel.
5  The matter is deemed suitable for determination without oral argument. CIV. L.R. 7-1(b). The
6  November 16, 2010 hearing is vacated, and all requests for telephonic appearance are denied as
7  moot. Upon consideration of the moving and responding papers, this court denies the motion.

8  In Cisco's view, Halo's prior motion to compel was wrongheaded and should have been
9  directed to Bel Fuse and XFMRS instead. Halo says that, as a practical matter, it could not
10 have moved to compel defendants' compliance with the underlying subpoena, which was
11 directed only to Cisco. Cisco and Halo seem to agree that defendants are to blame for the
12 fallout over the scheduling of Cisco's deposition. Bel Fuse and XFMRS, however, are largely
13 bystanders to this dispute because they are neither the moving parties nor the motion
14 targets—albeit, at the very end of its reply brief, Cisco says that it will not object if Bel Fuse
15 and XFMRS are made to pay a portion of the requested fees and costs.

16 Halo's prior motion to compel would have been better directed at defendants. The court
17 has wide discretion in setting the terms—including the time, place, and conditions—for any
18 discovery. To the extent Halo felt that defendants were hampering its ability to proceed with
19 Cisco's deposition, plaintiff certainly could have sought an order compelling defendants to
20 agree to a single deposition of Cisco—which essentially is the relief provided by this court's
21 September 3, 2010 ruling. At the same time, however, this court is unconvinced that the time
22 and effort expended by Cisco in reporting its position on the issues would have been
23 significantly different even if Halo had directed its underlying motion at Bel Fuse and XFMRS.
24 Accordingly, Cisco's motion for its fees and costs is denied.

25 SO ORDERED.
26 Dated: November 9, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

5:07-cv-06222-RMW Notice has been electronically mailed to:

A. Neal Seth     nseth@bakerlaw.com, nseth@bakerlaw.com

Andrew P. Nemiroff     anemiroff@cozen.com, jcipriani@cozen.com, rbrenner@cozen.com

Christopher Todd Norris     todd.norris@bullivant.com, sanfranciscodocketing@bullivant.com

David Moorman     drmoorman@maginot.com

David James Miclean     DMiclean@MicleanLaw.com

Emily Rita Frank     efrank@bakerlaw.com

Harold C. Moore     hcmoore@maginot.com, hcmoore@maginot.com

Jennifer McGuone Lantz     jennifer.lantz@haynesboone.com, efilesjc@haynesboone.com

John Cameron Adkisson     jca@fr.com, mla@fr.com

Joshua L. Raskin     JRaskin@WOLFBLOCK.com

Juanita R. Brooks     brooks@fr.com, gonzales@fr.com, lrperez@fr.com

Kent Andrew Lambert     klambert@bakerdonelson.com, lhunter@bakerdonelson.com, psigmon@bakerdonelson.com

Limin Zheng     zheng@fr.com, horsley@fr.com

Martin C. Fliesler     mcf@fdml.com, cakinselledge@fdml.com, etf@fdml.com, jgeringson@fdml.com, jpo@fdml.com, mme@fdml.com

Martin G. Raskin     mraskin@cozen.com, jcipriani@cozen.com, rbrenner@cozen.com

Michael A. Swift     maswift@maginot.com, srogers@maginot.com

Michael J Kane     kane@fr.com, skarboe@fr.com, stenen@fr.com

Michael J. Pape     pape@fr.com, mla@fr.com

Michael Joseph Powell     mpowell@bakerdonelson.com, pburks@bakerdonelson.com

Rex Hwang     rhwang@fdml.com, cakinselledge@fdml.com

Samuel F Miller     smiller@bakerdonelson.com

Sarah Katherine Casey     skcasey@bakerdonelson.com

Terry John Mollica     tjm@cmlawoffices.com

William R. Woodford     woodford@fr.com, aburt@fr.com, skarboe@fr.com, stenen@fr.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.