United States District Court
For the Northern District of California

1
2
3
4                                                          **E-FILED on** _6/15/12_____
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT
9                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                                  SAN JOSE DIVISION
11

| | |
|---|---|
| 12  HALO ELECTRONICS, INC., | No. 07-CV-06222 RMW |
| 13                  Plaintiff, | |
| 14     v. | ORDER GRANTING PLAINTIFF'S MOTION FOR A LIMITED MODIFICATION OF THE PROTECTIVE ORDER |
| 15  XFMRS, INC., | |
| 16                  Defendants. | **[Re Docket No. 399]** |
| 17 | |

18         Plaintiff Halo Electronics, Inc. ("plaintiff") seeks a limited modification of a stipulated

19  protective order to allow the disclosure of certain documents produced during discovery in this

20  action in collateral litigation.  Defendant XFMRS, Inc. ("defendant") opposes.  For the reasons set

21  forth below, the court grant's plaintiff's motion.

22                                  **I. BACKGROUND**

23         The factual background of this dispute was laid out in detail in the court's previous order

24  denying defendant's request for an order of contempt.  *See* Dkt No. 396; *Halo Elecs., Inc. v. XFMRS,*

25  *Inc.*, No. 07-6222 RMW, 2012 U.S. Dist. LEXIS 63878 (N.D. Cal. May 7, 2012).  To summarize,

26  plaintiff filed two separate patent infringement suits in 2007: the instant action and an action against

27  Pulse Electronics, Inc. ("Pulse") in the District of Nevada (the "Nevada Action").  In February 2010,

28  this court issued a blanket protective order restricting the use of all "protected information"

United States District Court
For the Northern District of California

1   produced during discovery "for the purpose of conducting this litigation, and not for any other

2   purpose whatsoever." Dkt. No. 149 ¶ 8 (the "Protective Order"). However, in November 2010, in

3   an effort to avoid duplicative discovery, defendant's counsel sent plaintiff's counsel an email stating

4   that "we will stipulate as necessary that [materials produced in the instant action] can be used in the

5   Nevada litigation so long as they are treated as  attorneys' eyes only documents in that litigation."

6   Dkt. No. 396 at 2.

7        Fact discovery in the Nevada action closed before fact discovery in this case.  In this case,

8   defendant produced emails allegedly showing that T.K. Luk, an employee of defendant's

9   wholly-owned subsidiary XFMRS, Ltd who claimed inventorship of the asserted patent, had forged

10   documents submitted to the court in conjunction with defendant's motion for summary judgment.  In

11   June 2011, plaintiff's counsel showed the emails to defendant's president, Tony Imburgia, during a

12   deposition.  The parties settled the instant action shortly thereafter.

13        Meanwhile, the Nevada action progressed towards trial.  In late 2011, Pulse indicated that it

14   intended to call Mr. Luk as a witness to support its invalidity contentions.  Believing that the

15   materials produced in this action were relevant to Mr. Luk's credibility, plaintiff included Mr.

16   Imburgia's rough deposition transcripts and related email exhibits (the "Disputed Materials") in its

17   pre-trial submissions.  The materials were designated "Attorneys' Eyes Only."

18        On February 23, 2012, defendant moved this court for an order of contempt against plaintiff,

19   claiming that its disclosure of the disputed materials violated the protective order.  The court denied

20   the motion, finding that "plaintiff's conduct, while questionable, does not justify the imposition of an

21   order of contempt." Dkt. No. 396 at 6.  The court explained that the disputed materials did not

22   contain secret or confidential information, and that defendant had been unable to explain why it

23   would be prejudiced by their disclosure.  Further, the court noted that it was reluctant to prohibit the

24   use of the disputed materials where doing so "could deprive plaintiff of an opportunity to

25   meaningfully impeach [Mr. Luk's] testimony." *Id.* at 7.  The court also concluded that plaintiff

26   reasonably understood that the challenged disclosure was allowed under the terms of the email sent

27   by defendant's counsel in November 2010.  However, because the disclosure violated the literal

28   terms of the protective order, the court required plaintiff to move for modification of that order to

the extent that it still sought to use the disputed materials in the Nevada action.[1]  This motion followed.

## II. ANALYSIS

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citing *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992)). While a motion to modify a protective order should not be granted automatically, "where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted." *Foltz*, 331 F.3d at 1131.

In determining whether to grant a motion to modify a protective order, the court must first consider whether the moving party has demonstrated "the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Id.*  This inquiry turns on "the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Id.* (internal citations omitted).  The court next weighs the "countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.* at 1133.  "Reliance will be less with a blanket [protective] order" because such an order does not require the "good cause" showing required by Rule 26(c) with respect to any particular document. *Id.* (quoting *Beckman*, 966 F.2d at 476).  Where a blanket protective order is at issue, "any legitimate interest . . . in continued secrecy as against the public at large can be accommodated by placing [the collateral litigants] under the same restrictions on use and disclosure contained in the original protective order." *Foltz*, 331 F.3d at 1133 (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990)).

---

[1]      Specifically, plaintiff seeks to produce the June 27 and 28, 2011 deposition transcripts of Tony Imburgia and four emails between Mr. Imburgia, Mr. Luk, and other of defendant's employees, dated September 6-7, 2010. *See* Ex. A-F to Zucchi Decl.

ORDER GRANTING PLAINTIFF'S MOTION FOR A LIMITED MODIFICATION OF THE PROTECTIVE ORDER—No. 07-CV-06222 RMW

EDM

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Defendant does not contest the fact that the disputed materials are relevant as impeachment

2    evidence in the Nevada action.  Rather, defendant argues that because discovery in the Nevada

3    action has closed, disclosure is unlikely to avoid "*any* duplicative discovery," and that plaintiff's

4    motion should thus be denied.  Dkt. No. 402 (emphasis in original).  Defendant reads the applicable

5    precedents too broadly.  It is true that the Ninth Circuit has noted that "the court that entered the

6    protective order should satisfy itself that the protected discovery is sufficiently relevant to the

7    collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying

8    the protective order." *Foltz*, 331 F.3d at 1132.  However, while this statement is motivated in part

9    by the policy of reducing discovery costs, it is clear that *Foltz* also intended the inquiry into whether

10   discovery would be avoided in the collateral litigation to serve as a proxy for relevance. *Id.*  Where,

11   as here, it is undisputed that the materials sought are relevant, the question of whether discovery

12   would *actually* be avoided by modification is less central to the court's analysis.

13   Nor is avoiding duplicative discovery the only policy underlying the Ninth Circuit's generous

14   perspective on motions to modify protective orders.  In *Olympic Refining Co. v. Carter*, 332 F.2d

15   260, 264 (9th Cir. 1964), cited approvingly in *Foltz*, the court emphasized that "pretrial proceedings

16   are ordinarily to be conducted in public" and "the purpose of the federal discovery rules ... is to force

17   a full disclosure."  The *Olympic* court therefore overturned a district court's refusal to modify a

18   protective order without ever considering whether disclosure would avoid discovery in the collateral

19   litigation.  Given these teachings, it is highly unlikely that the Ninth Circuit would discourage the

20   release of clearly relevant, non-confidential materials simply because of the fortuity that discovery

21   in the collateral litigation happened to close before such materials were produced.  Consequently,

22   the court concludes that plaintiff has met its initial burden to show the "general discoverability" of

23   the disputed materials in the Nevada action. *Foltz*, 331 F.3d at 1131.

24   Defendant next contends that plaintiff engaged in misconduct by waiting until the last minute

25   to reveal its intent to use the disputed materials.  According to defendant, modifying the protective

26   order would "usurp the discovery authority of the Nevada ... court[] by allowing [plaintiff] to bring

27   in documents [it] likely forfeited its right to obtain in th[at] forum[] by its dilatory conduct."  Dkt.

28   No. 402 at 2-3.  However, in allowing modification of the protective order, this court does not

ORDER GRANTING PLAINTIFF'S MOTION FOR A LIMITED MODIFICATION OF THE PROTECTIVE ORDER—No. 07-CV-
06222 RMW
EDM                                                                4

United States District Court
For the Northern District of California

1  rule–nor could it– that the disputed materials are admissible in the Nevada action.  Indeed, the Ninth

2  Circuit has cautioned that "once the district court has modified its protective order, it must refrain

3  from embroiling itself in the specific discovery disputes applicable only to the collateral suits."

4  *Foltz*, 331 F.3d at 1133.  Plaintiff will obviously have to obtain the Nevada court's permission before

5  using the disputed materials at trial, and if the judge in that forum believes that plaintiff's "dilatory

6  conduct" justifies exclusion, there will be no recourse here.  Defendant's cited authorities are in

7  accord.  *See Del Campo v. Am. Corrective Counseling Servs.*, No. 01-21151 JW (PVT), 2008 U.S.

8  Dist. LEXIS 120046, at *17 (N.D. Cal. Apr. 11, 2008) (granting a motion to modify a protective

9  order but noting that "plaintiffs shall be required to obtain leave of the [collateral] courts ... to

10  re-open discovery in those jurisdictions prior to *using* any discovery obtained from the present

11  action") (emphasis added); *In re Dynamic Random Access Memory Antitrust Litig.*, No. 02-1486

12  PJH, 2008 U.S. Dist. LEXIS 76371 (N.D. Cal. Sept. 10, 2008) (modifying a protective order but

13  noting that access to the protected materials would be conditional on the collateral courts' decision

14  regarding the scope of discovery).

15          Defendant finally argues that it will be prejudiced by any modification of the protective order

16  because it relied on the parties' stipulation in settling the instant action.  However, "reliance on a

17  blanket protective order in granting discovery and settling a case, without more, will not justify a

18  refusal to modify."  *Foltz*, 331 F.3d at 1133.  As noted above, the court has already determined that

19  the disputed materials do not contain secret or confidential information, and defendant has offered

20  no other reason why it will be prejudiced by the modification.  *Compare In re Static Random Access

21  Memory (SRAM) Antitrust Litig.*, No. 07-md-01919 CW, 2011 U.S. Dist. LEXIS 128400, at *45

22  (N.D. Cal. Nov. 1, 2011) (refusing to modify protective order to allow the release of "confidential

23  information" that the court had filed under seal).  In addition, any interest in secrecy as against the

24  public at large can easily be maintained by requiring Halo to designate the disputed materials–as it

25  already has–"Attorneys' Eyes Only" in the Nevada action.  Accordingly, the court grants plaintiff's

26  motion to for a limited modification of the protective order.

27

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III. ORDER**

For the foregoing reasons, the court grants plaintiff's request to modify paragraphs 8 and 9 of the protective order to permit the use of the disputed materials in the Nevada action.[2]  The court understands that the materials have thus far been designated Attorneys' Eyes Only in the Nevada action, but expresses no opinion on whether they should continue to be so designated should the Nevada court or the parties decide otherwise.

DATED:_____June 15, 2012___

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

_____

[2] Paragraphs 8 and 9 currently provide:

**Paragraph 8**: PROTECTED INFORMATION shall be maintained in confidence by the party receiving it and may be used solely for the purpose of conducting this litigation, and not for any other purpose whatsoever. For example, and without limitation, PROTECTED INFORMATION shall not be used by any party for any purpose in connection with any reexamination of any of the patents-in-suit in this case or any other litigation involving the same parties without the written consent of the producing party.

**Paragraph 9**: Access to PROTECTED INFORMATION "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be restricted to (1) the Court and any person the Court employs whose duties require access to the information, including jurors, (2) any other court having jurisdiction over this action and any person the court employs whose duties require access to the information, (3) outside counsel of record of the parties, including their necessary support personnel (including third-party litigation support vendors, such as copying services, (4) officers before whom a deposition or other testimony is taken (including without limitation, stenographic reporters and videographers) and necessary clerical and support personnel who are assisting such officers, and (5) other individuals and business entities as specified.

ORDER GRANTING PLAINTIFF'S MOTION FOR A LIMITED MODIFICATION OF THE PROTECTIVE ORDER—No. 07-CV-06222 RMW
EDM                                                              6